# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** : | |
| : | |
| Plaintiff, : | Case No. 6:21-cv-1008-PGB-GJK |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **SOUTHWEST AIRLINES,** *et. al.* : | Magistrate Judge Gregory Kelly |
| : | |
| Defendants. : | |

## (PROPOSED) ORDER

Upon consideration of Plaintiff's Emergency Motion for Temporary Restraining Order Against All Defendants on Count 1 of the Complaint, filed June 15, 2021, the motion is GRANTED. All seven defendants[1] and their officers, agents, employees, and contractors are hereby temporarily RESTRAINED from discriminating against any passenger with a qualifying disability who asks for an exemption under the Federal Transportation Mask Mandate ("FTMM")[2] nationwide until the Court can consider and rule upon plaintiff's forthcoming Motion for Preliminary Injunction.

---

[1] The defendants are Southwest Airlines, Alaska Airlines, Allegiant Air, Delta Air Lines, Frontier Airlines, JetBlue Airways, and Spirit Airlines.

[2] The Federal Transportation Mask Mandate consists of: 1) Executive Order 13998, 86 Fed. Reg. 7205 (Jan. 26, 2021); 2) Department of Homeland Security Determination 21-130 (Jan. 27, 2021); 3) Centers for Disease Control & Prevention Order "Requirement for Persons To Wear Masks While on Conveyances & at Transportation Hubs," 86 Fed. Reg. 8,025 (Feb. 3, 2021); 4) Transportation Security Administration Security Directives 1542-21-01A, 1544-21-02A, and 1582/84-21-01A (May 12, 2021); and 5) TSA Emergency Amendment 1546-21-01A (May 12,2021).

This Order specifically includes the following, applicable to all defendants. They are hereby RESTRAINED from:

1. requiring advance notice from passengers with a qualifying disability who can't wear a mask;
2. requiring a medical certificate from passengers with a qualifying disability who can't wear a mask;
3. requiring a third-party medical consultation for passengers with a qualifying disability who can't wear a mask;
4. requiring a negative COVID-19 test from passengers with a qualifying disability who can't wear a mask unless the defendants apply such requirement to all of their customers;
5. banning mask-exempt passengers from traveling on a flight that is above a certain percentage full;
6. limiting the number of mask-exempt passengers on a flight;
7. forcing mask-exempt passengers to move out of their chosen or pre-assigned seat; and
8. requiring anything other than a self-declaration at check-in from passengers with a qualifying disability who can't wear a mask that they are exempt from the FTMM.

The Court has issued this TRO pursuant to Fed.R.Civ.P. 65. This Order is executed because Plaintiff Lucas Wall has demonstrated: A) a strong likelihood he will

ultimately prevail on the merits of his claims; and B) he suffered irreparable injury by being denied the ability to take a Southwest Airlines flight June 2, 2021, when the company discriminated against him because of his disability in violation of the Air Carrier Access Act (49 USC § 41705). And Mr. Wall faces more irreparable and imminent injury because without this Order, he would be denied the ability to take other flights he has booked in the near future because of the defendants' impermissible discrimination against passengers with disabilities.

The Court finds the injuries to Mr. Wall are substantial whereas there would be no harm that would occur to the defendants as a result of this TRO. Also, the entry of this Order serves the public interest of not discriminating against travelers with a qualifying disability who can't tolerate wearing a face mask. *See* Air Carrier Access Act (49 USC § 41705) and its accompanying regulations (14 CFR Part 382). And this Order further serves the public interest in stimulating the economy by allowing disabled Americans who can't wear face masks to use the country's commercial aviation system.

The Court issues this TRO without notice to the adverse parties because the seven airline defendants have yet to make an appearance in this case, which was just filed June 14. Mr. Wall notified the defendants of his motion, but given that he has several flights booked in the next two weeks, it is not practical for the Court to await arguments from them before issuing this Order.

The Court finds the specific facts presented by Mr. Wall clearly show that immediate and irreparable injury and loss will result to him before the adverse parties

could be heard in opposition. The Court will hear arguments from the defendants upon consideration of a Motion for Preliminary Injunction that Mr. Wall pledges he will file in the coming days.

The Court finds no security is required from Mr. Wall as a condition of obtaining this TRO because the defendants will not suffer any costs or damages as a result of this Order.

SO ORDERED.

Entered this _____ day of June 2021 at _____ a.m./p.m. in Orlando, Florida. This Order expires 14 days from the date of entry pursuant to Fed.R.Civ.P. 65(b)(2).

_____
Paul Byron
United States District Judge