UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LUCAS WALL,**

    **Plaintiff,**                           **Case No. 6:21-cv-1008-PGB-GJK**

**v.**

**SOUTHWEST AIRLINES, et. al.**

    **Defendants.**
_____/

**DEFENDANT JETBLUE AIRWAYS
CORPORATION'S OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendant, JetBlue Airways Corporation ("JetBlue"), by and through its undersigned counsel, files this opposition to Plaintiff's Emergency Motion for Temporary Restraining Order Against All Defendants on Count 1 of the Complaint (Doc. 5) ("Motion for TRO") and respectfully requests that the Motion for TRO be denied[1]. As a preliminary matter, JetBlue has not yet been served with the Complaint or the Motion for TRO[2]. However, because Plaintiff seeks the

---

[1] This Court recently denied a Motion for Temporary Restraining Order filed by this Plaintiff in another case. *See Wall v. Centers for Disease Control & Prevention et al.*, Case No.: 6:21-cv-00975-PGB-DCI, Doc. No. 28 (M.D. Fla. June 15, 2021). While filed under a different statute against different defendants, the motion for temporary restraining order in that case likewise sought to enjoin enforcement of the Federal Transportation Mask Mandate and was based upon the same facts and circumstances as alleged in the instant case.

[2] The Complaint was filed on June 14, 2021 and the Motion for TRO was filed on June 15, 2021. JetBlue has not yet been served with the Complaint and reserves its right to submit a timely response to the Complaint, as well as to any motion for preliminary injunction that Plaintiff files. This Response is being filed without any waiver of all rights available to JetBlue, including but not limited to, JetBlue's rights to contest the validity of service of process, process, personal jurisdiction, venue, compelling arbitration, and all other defenses available to JetBlue.

extraordinary emergency remedy of a temporary restraining order, it is important to advise the Court that Plaintiff's effort to sue JetBlue (and the other airlines) for violation of the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA"), is entirely without merit because there is <u>no private right of action under that statute</u>[3].

## INTRODUCTION

Plaintiff filed a 94-page Complaint on June 14, 2021 against seven separate airline carriers, which purports to allege the following three causes of action: Count 1– Violation of the Air Carrier Access Act based on an alleged illegal discrimination against flyers with disabilities in refusing to provide mask exemptions; Count 2 – Violation of the Air Carrier Access Act based on requiring passengers not known to have a communicable disease to wear a face covering; and Count 3 – Violation of 49 U.S.C. § 44702.  Plaintiff has not effectuated service of process on JetBlue.

In the Complaint, Plaintiff alleges that on May 31, 2021, he booked eight separate airline tickets, on seven different airlines, to travel to over ten different cities between June 2, 2021 and July 15, 2021. (See Comp. ¶¶ 1-10.)  In short, Plaintiff claims the Defendants' mask policy violates an alleged right Plaintiff claims to have under the ACAA.  As explained below, while the ACAA prohibits air carriers from discriminating against "an otherwise qualified individual" because "the individual has a physical or mental impairment that substantially limits one

---

[3] While the Motion for TRO is brought only under Count 1, it is important to note that there is no private right of action either under Count 2, which is also based on an alleged violation of the ACAA, or under Count 3, which is brought under 49 U.S.C. §44702.

or more major life activities" 49 U.S.C. § 41705(a)(1), it does not provide Plaintiff with standing to bring a private cause of action under ACAA. Additionally, Plaintiff cannot meet the other elements necessary for a temporary restraining order.

## APPLICABLE STANDARD

The standard for issuing a temporary restraining order is the same as is required for a preliminary injunction. See *California v. American Stores Co., et al.*, 492 U.S. 1301, 110 S.Ct. 1, 106 L.Ed.2d 616 (1989); *Johnson v. U.S. Dep't of Agriculture*, 734 F.2d 774 (11th Cir. 1984). In order for Plaintiff to obtain a temporary restraining order, he must show: (1) a substantial likelihood of success on the merits; (2) the order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) the order is not adverse to the public interest. *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); s*ee also Madera v. Detzner*, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing *Winter* as the governing standard for a preliminary injunction). A temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)(quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

# **ARGUMENT**

A. <u>The Motion for TRO must be denied because there is no private right of action under the ACAA[4].</u>

This Court should deny the Motion for TRO because, as the Eleventh Circuit has held, there is no private right of action to sue airlines for an alleged violation of the ACAA. *Love v. Delta Air Lines, Inc.*, 310 F.3d 1347 (11th Cir. 2002). In *Love*, a disabled passenger alleged that Delta violated the ACAA by discriminating against her during the flight in that she could not use the aircraft restroom without assistance that the airline allegedly failed to offer. The Eleventh Circuit held that Congress did not create private right of action in federal district court to vindicate prohibition against disability-based discrimination on part of air carriers found in ACAA. The court stated:

> Congress is, of course, free to protect disabled air passengers by virtually any means it chooses. It certainly may provide them with the right to sue in a district court for ACAA violations. Yet the legislature has not done so, and has instead created an elaborate administrative enforcement regime with subsequent, limited judicial review of the DOT's actions. Under these circumstances, the teachings of [the Supreme Court] plainly preclude a federal court from implying such a right of action. (Id. at 1360)

*See also Lopez v. JetBlue Airways*, 662 F.3d 593 (2d Cir. 2011) (private right of

---

[4] As stated above, the ACAA is the statute at issue in Count 1, pursuant to which the Motion for TRO is brought, as well as in Count 2. Neither provides Plaintiff with a private right of action. Plaintiff fares no better under Count 3, alleging a violation of 49 U.S.C. § 44702. As with the ACAA, "49 U.S.C. § 44702, does not establish an implied right of action against other private parties in federal court. Quite the contrary, this statute simply defines the authority of the FAA to issue various types of certificates." *Dougherty v. Advanced Wings, LLC*, 2013 WL 12178609, *6 (M.D. Pa. July 17, 2013), Report and Rec. Adopted by 2013 WL 12180595 (M.D. Pa. Aug. 7, 2013); *see also Spinner v. Verbridge*, 125 F. Supp. 2d 45, 47 (E.D.N.Y. 2000) (certification provisions of FAA create neither an express nor an implied right of action).

#84948374_v2

action did not exist for violation of the ACAA); *Stokes v. Southwest Airlines Co.*, 887 F.3d 199 (5th Cir. 2018) (no private right of action for claim under the ACAA).

Indeed, the U.S. Department of Transportation is the exclusive authority charged with investigation and enforcement of the ACAA regulations, including disability discrimination claims relating to airline face mask policies. *See* Notice of Enforcement Policy: Accommodation By Carriers of Persons with Disabilities Who Are Unable to Safely Wear Masks While on Commercial Aircraft, at 5 (ensuring airline compliance with the ACAA lies with the Office of Aviation Consumer Protection, a unit within the DOT))[5]. To allow a "separate and distinct method for addressing an airline carrier's discrimination on the basis of disability, one that allows for an individual to bring a private lawsuit in a district court," would undermine the elaborate and comprehensive enforcement scheme created by Congress under the ACAA. *See Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1337 (11th Cir. 2005).

Consequently, because Plaintiff has no right to bring this action under the ACAA, there clearly is no substantial likelihood that Plaintiff could prevail on the merits of his claim against JetBlue and the other airlines for violation of the ACAA. As a result, the Motion for TRO should be denied. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005) ("[c]ontrolling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the

---

[5] https://www.transportation.gov/sites/dot.gov/files/2021-02/Mask%20Notice%20Issued%20on%20Feb%205.pdf.

#84948374_v2

substantial likelihood of success criterion") (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

B.  <u>This Court should deny the Motion for TRO because Plaintiff cannot demonstrate irreparable harm or the absence of harm to the public interest.</u>

In addition to being unable to prove that he has a substantial likelihood of success on the merits, Plaintiff cannot meet the other elements necessary for a temporary restraining order. As a result, the Motion for TRO should be denied.

Specifically, with respect to irreparable harm, merely stating that irreparable harm will occur does not make it so. In the instant case, Plaintiff has failed to demonstrate such irreparable harm as his allegations suggest that, even if he could somehow win on the merits (which he cannot), he would have a monetary remedy if his airfare in nonrefundable. Moreover, Plaintiff can still travel by plane in compliance with the FTMM or he could travel via some other form of transportation.

Additionally, the harm to the airlines and the traveling public from a temporary restraining order against enforcement of the TSA mask mandate would be clear and compelling. Among other things, the relief sought by plaintiff – including an order "requiring anything other than a self-declaration at check-in from passengers with a qualifying disability who can't wear a mask that they are exempt from the FTMM" would throw into disarray the current system of airlines abiding by the TSA mask mandate. By the same analysis, the public interest would not be served by the TRO sought by plaintiff, which would interfere significantly

with airline efforts to comply with the TSA requirement that passengers wear masks onboard aircraft.

Finally, Plaintiff's assertion that he should be entitled to the temporary restraining order he seeks without the security required by Rule 65, Fed. R. Civ. P. and M.D. Loc. R. 6.01 is entirely baseless. If the temporary restraining order he requests were to be entered, it would impose significant expenses on the airlines, for which the plaintiff ultimately should be held liable, given the lack of any merit to his claim.

C. The Motion for TRO should be denied because there is no emergency requiring such extraordinary relief.

In addition to the numerous substantive reasons why the Motion for TRO fails, Plaintiff has failed to demonstrate an emergency warranting such extraordinary and drastic relief without notice to all defendants and the opportunity to be heard. Specifically, Plaintiff claims he booked eight separate airline tickets on May 31, 2021 to travel for non-emergent reasons, such as to "visit several National Park Service Units." *See* Mtn, p.3. Plaintiff then waited until the day before a flight scheduled for June 16, 2021 to file his "emergency" motion. Worse, as further basis for his "emergency," Plaintiff cites that he needs emergency relief from this Court because, otherwise, he will be "stranded at [his] mother's house in the Villages." See Mtn p.4, 21. Plaintiff's procrastination is not an emergency. As a result, the emergency Motion for TRO should be denied.

7

## CONCLUSION

Accordingly, JetBlue asks that the Court deny the motion for TRO without any further process, and award all other relief as necessary and equitable.

| | |
|---|---|
| Date: June 16, 2021 | Respectfully submitted,<br>**HOLLAND & KNIGHT LLP**<br><br>/s/*Suzanne E. Gilbert*<br>Suzanne E. Gilbert, Esq.<br>Florida Bar No. 094048<br>suzanne.gilbert@hklaw.com<br>HOLLAND & KNIGHT LLP<br>200 S. Orange Avenue, Suite 2600<br>P. O. Box 1526 (ZIP: 32802-1526)<br>Orlando, Florida 32801<br>Telephone: (407) 425-8500<br>Facsimile: (407) 244-5288<br>*Attorneys for Defendant, JetBlue Airways Corporation* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2021, a true and correct copy of the foregoing Defendant's Opposition to Emergency Motion for Temporary Restraining Order was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record and by email to Plaintiff at Lucas.Wall@yahoo.com.

/s/ *Suzanne E. Gilbert*

#84948374_v2