### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUCAS WALL,**

**Plaintiff,**

v.                                                        **Case No: 6:21-cv-1008-PGB-GJK**

**SOUTHWEST AIRLINES,
ALASKA AIRLINES,
ALLEGIANT AIR, DELTA AIR
LINES, FRONTIER AIRLINES,
JETBLUE AIRWAYS and
SPIRIT AIRLINES,**

**Defendants.**
_____/

### <u>ORDER</u>

Plaintiff, appearing *pro se*, moves for the Court to issue an emergency *ex parte* temporary restraining order ("**TRO**") enjoining Defendant airlines from "discriminating against any passenger with a qualifying disability who asks for an exemption under the Federal Transportation Mask Mandate ("**FTMM**")". (Docs. 5, 5-1 (the "**Motion**")). The Motion is due to be denied.

### I.    BACKGROUND

Between June 2 and July 15, 2021, Plaintiff planned to take twelve flights on seven airlines: Orlando to Fort Lauderdale; Fort Lauderdale to Salt Lake City; Salt Lake City to Phoenix; Mesa to Houston; Houston to Dallas; Dallas to Atlanta; Atlanta to Frankfurt, Germany; Frankfurt to Atlanta; Atlanta to Myrtle Beach; Myrtle Beach to Baltimore; Washington, D.C., to Seattle; and Seattle to

Washington. (Doc. 1, pp. 7–8). Unfortunately, the best-laid plans of mice and men often go awry. Plaintiff is currently "stranded" at his mother's house in The Villages. (*Id.* at p. 5).

Plaintiff suffers from Generalized Anxiety Disorder. (*Id.* at p. 10). He claims that he cannot wear a face covering because doing so triggers panic attacks. (*Id.*). However, the FTMM requires those using public conveyances (*i.e.*, airplanes) to wear masks to prevent the transmission of COVID-19. *See* CTR. FOR DISEASE CONTROL & PREVENTION, Order Under Section 361 of the Public Health Service Act: Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs (2021).[1]

The FTMM exempts persons who cannot wear a mask because of a disability, as defined by the Americans with Disabilities Act, 42 U.S.C. 120101 et seq. *Id.* Plaintiff alleges that the Defendant airlines: (1) require advance notice by passengers who cannot wear a mask, (2) require a medical certificate from a passenger's doctor, (3) require a third-party medical consultation, (4) limit the number of maskless passengers on each flight, (5) relocate maskless passengers to the back of the plane, (6) require proof of a negative COVID-19 test. (Doc. 5, pp. 8–20).[2]

Plaintiff filed a three-count Complaint, alleging: (1) violations of the Air Carrier Access Act ("**ACAA**") by discriminating against passengers with

---

[1]   *See* https://www.cdc.gov/quarantine/pdf/Mask-Order-CDC_GMTF_01-29-21-p.pdf.

[2]   Not every allegation pertains to every Defendant.

disabilities; (2) violations of the ACAA by requiring passengers to wear a face covering; and (3) violations of the common-carrier duty to ensure the health and safety of passengers.  (Doc. 1). Plaintiff now moves for a TRO under Count I. (Doc. 5). Specifically, he asks the Court to "restrain Defendants' refusal to grant mask exemptions nationwide (or at least in this judicial district or, at minimum, specific to myself until a preliminary injunction hearing can occur)." (*Id.* at p. 24).

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a district court may issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

To obtain a temporary restraining order, a party must prove "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief

would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted). A temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

## III.   DISCUSSION

The Motion fails to demonstrate a substantial—or any—likelihood of success on the merits. Count I alleges violations of the ACAA, 49 U.S.C. § 41705, and the regulations promulgated thereunder. This is not a viable cause of action.

As the Eleventh Circuit has explained, "It is indisputable that the ACAA does not *expressly* provide a private entitlement to sue in district court." *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002). "Moreover, taken together, the text of the ACAA . . . and the surrounding statutory and regulatory structure create an elaborate and comprehensive enforcement scheme that belies any congressional intent to create a private remedy." *Id.* Accordingly, the *Love* court held that the ACAA does not create an implied private right of action. *Id.* at 1360.[3]

Notwithstanding this binding precedent, Plaintiff argues that the ACAA permits a private right of action when the Department of Transportation ("**DOT**")

---

[3]   Several other circuits have reached the same conclusion. *See, e.g.*, *Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1226 (9th Cir. 2018); *Stokes v. Sw. Airlines*, 887 F.3d 199, 202–03 (5th Cir. 2018); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1270 (10th Cir. 2004).

"abrogates[4] its legal duty to protect the rights of disabled flyers by failing for about nine months to enforce the ACAA and then issuing an enforcement directive to the airlines it regulates that clearly violates the statute." (Doc. 1, p. 2). This argument is meritless because the ACAA expressly provides recourse to private citizens who feel the DOT has abandoned its statutory obligations.

In *Love*, the court explained that the ACAA creates a "limited private right" for individuals with a "substantial interest" in an enforcement action to petition for review of DOT decisions in a United States Court of Appeals. 310 F.3d at 1357 (citing 49 U.S.C. § 46110). The plaintiff argued that private parties cannot challenge a decision *not* to investigate or enforce an ACAA complaint. *Id.* at n.11. The court rejected this argument because the Act "imposes a *mandatory* obligation upon the DOT to investigate every complaint of a violation of the ACAA. The decision whether to investigate is thus *not* discretionary and is subject to judicial review outlined [in § 46110]." *Id.* Accordingly, even if the DOT has abdicated its statutory duties in response to the COVID-19 pandemic, Plaintiff alleges the wrong cause of action in the wrong court.

Thus, Plaintiff is unlikely to succeed on the merits of Count I. As a result, his Motion for a TRO pursuant to Count I must be denied.[5]

---

[4]   The Court assumes Plaintiff means "abdicates" in this context.

[5]   Because Plaintiff has not "clearly established" the first prerequisite for injunctive relief, the Court need not discuss the remaining three factors. *See Siegel*, 234 F.3d at 176.

## IV.   CONCLUSION

For these reasons, it is **ORDERED** and **ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order Against All Defendants On Count 1 of the Complaint (Doc. 5) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties