# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUCAS WALL,**

       **Plaintiff,**

**v.**                                                            **Case No: 6:21-cv-1008-PGB-DCI**

**SOUTHWEST AIRLINES, ALASKA
AIRLINES, ALLEGIANT AIR, DELTA
AIR LINES, FRONTIER AIRLINES,
JETBLUE AIRWAYS and SPIRIT
AIRLINES,**

       **Defendants.**

---

## ORDER

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Disqualify Judge (Doc. No. 22)** |
| **FILED:** | **June 25, 2021** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

    Plaintiff, proceeding *pro se*, has filed a three-count Complaint seeking, in addition to other relief, a permanent injunction prohibiting the Defendant airlines from requiring advance notice, medical certificates, COVID-19 testing, third-party medical consultations, and other illegal actions from any passenger asserting a mask exemption because of a medical condition unless the person is known to have a communicable disease.  Doc. 1.[1]

---

[1] Plaintiff claims that he has Generalized Anxiety Disorder and cannot wear a face covering and Defendants are violating:  (1) the Air Carrier Access Act (ACAA) by discriminating against

Plaintiff has initiated another case, *Wall v. Centers for Disease Control & Prevention, et. al.*, Case No. 6:21-cv-975-PGB-DCI, which includes 23 causes of action related to a Centers for Disease Control and Prevention (CDC)'s requirement that individuals wear masks in relation to air travel due to COVID-19.  Doc. 1.  In that action, by order dated July 22, 2021, the undersigned denied Plaintiff's request to disqualify the undersigned as the judge in that case.  Doc. 98.

Plaintiff has also filed a Motion to Disqualify the undersigned which is pending in the instant case (the Motion).  Doc. 22.  Plaintiff alleges disqualification is appropriate because the undersigned has shown bias against him and violated his Fifth Amendment right to due process. *Id*.  Instead of presenting argument that relates directly with this case, Plaintiff states that the reasons for the Motion are set forth in the motion to disqualify that was filed in Case No. 6:21-cv-975-PGB-DCI.  *Id*.  Plaintiff has attached that motion as an exhibit.  Doc. 22-1.

The Court finds that the Motion has no merit.  The motion to disqualify that is the basis for the Motion has been denied as Plaintiff failed to establish that he was entitled to relief pursuant to 28 U.S.C. § 455(a) or (b).  As more fully discussed in 6:21-cv-975-PGB-DCI, Plaintiff alleged that the undersigned showed bias and violated his right to due process "in recently ruling on the Federal Defendants' motion to strike and extend deadline *ex parte*."  Doc. 98.  Plaintiff contended that he met the standard for disqualification because "there is no doubt that one observing these proceedings would question Magistrate Judge Irick's impartiality after the June 22 *ex parte* decision granting the government, whom he used to work for, everything it desired to stall a decision on my Motions for Preliminary Injunction."  *Id*.  Plaintiff cited to the undersigned's previous service as an Assistant United States Attorney.  *Id*.

---

passengers with disabilities; (2) the ACAA by requiring passengers to wear a face covering; and (3) violating the common-carrier duty to ensure the health and safety of passengers.  Doc. 1.

The Court found that there were no bases for disqualification as Plaintiff "is merely dissatisfied with another of the Court's rulings, which is not a basis for recusal." *Id*., citing *Paylan v. Bondi*, 2017 WL 11553079, at *3 (M.D. Fla. Apr. 6, 2017).  Further, the Court rejected Plaintiff's attempt to assert that the undersigned's prior governmental service with the United States Attorney's Office warranted recusal because the undersigned had no actual participation in that case during that prior service, and because the motion, based on speculation and conjecture, failed to establish that striking the motions displayed bias. *Id*.

The ruling on that motion stands and Plaintiff makes no showing that the arguments raised in that case apply to, or entitle him to, relief in the present action.  Plaintiff's unsupported assertions and dissatisfaction with the Court's rulings do not demonstrate that disqualification is justified under § 455 in Case No. 6:21-cv-975-PGB-DCI or the instant case.

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. 22) is **DENIED**.

**ORDERED** in Orlando, Florida on July 22, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE