UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LUCAS WALL, | ) |
| Plaintiff, | ) ) ) Case No. 6:21-cv-1008-PGB-GJK |
| v. | ) ) ) |
| SOUTHWEST AIRLINES, et. al. | ) ) |
| Defendants. | ) ) ) |

**JOINT MOTION TO DISMISS AND SUPPORTING MEMORANDUM
OF DEFENDANTS SOUTHWEST AIRLINES, ALASKA AIRLINES,
DELTA AIR LINES, AND JET BLUE AIRWAYS**

STINSON LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005
M. Roy Goldberg
Roy.goldberg@stinson.com
Admitted Pro Hac Vice

TORRICELLA LAW PLLC
Town Center One, Suite 2217
8950 Southwest 74th Court
Miami, Florida 33156
Telephone: (305) 677-7644
Roberto A. Torricella, Jr.
Florida Bar No. 907472
Robert@TorricellaLaw.com
Maurice J. Baumgarten
Florida Bar No. 25324
Maurice@TorricellaLaw.com

Counsel for Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc. and JetBlue Airways Corporation

Dated: August 23, 2021

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................... i
TABLE OF AUTHORITIES ............................................................................................. ii
INTRODUCTION ............................................................................................................. 1
STATEMENT OF FACTS ................................................................................................ 2
APPLICABLE STANDARD ............................................................................................. 4
ARGUMENT ..................................................................................................................... 5

I.   COUNTS ONE AND TWO SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO SUE AN AIRLINE FOR VIOLATION OF THE ACAA. ................................................................................................................ 5

II.  COUNT THREE SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO SUE AN AIRLINE FOR VIOLATION OF 49 U.S.C. § 44702 ................................................................................................................. 9

CONCLUSION ................................................................................................................ 10
LOCAL RULE 3.01(g) CERTIFICATION ..................................................................... 11
CERTIFICATE OF SERVICE ........................................................................................ 12

INTRODUCTION ............................................................................................................. 1
STATEMENT OF FACTS ................................................................................................ 2
APPLICABLE STANDARD ............................................................................................. 4
ARGUMENT ..................................................................................................................... 5

I.   COUNTS ONE AND TWO SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO SUE AN AIRLINE FOR VIOLATION OF THE ACAA. ................................................................................................................ 5

II.  COUNT THREE SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO SUE AN AIRLINE FOR VIOLATION OF 49 U.S.C. § 44702 ................................................................................................................. 9

CONCLUSION ................................................................................................................ 10
LOCAL RULE 3.01(g) CERTIFICATION ..................................................................... 11
CERTIFICATE OF SERVICE ........................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Sandoval*,
    532 U.S. 275 (2001)..................................................................................................5, 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................................4

*Boswell v. Skywest Airlines, Inc.*,
    361 F.3d 1263 (10th Cir. 2004)..................................................................................6, 7

*Casas v. Am. Airlines, Inc.*,
    304 F.3d 517 (5th Cir. 2002) .........................................................................................7

*Dougherty v. Advanced Wings, LLC*,
    2013 WL 180595 (M.D. Pa. Aug. 7, 2013) ...................................................................9

*Dougherty v. Advanced Wings, LLC*,
    2013 WL 12178609 (M.D. Pa. July 17, 2013)..............................................................9

*Jackson v. BellSouth Telecomm.*,
    372 F.3d 1250 (11th Cir. 2004) .....................................................................................4

*Lopez v. JetBlue Airways*,
    662 F.3d 593 (2d Cir. 2011).......................................................................................6, 7

*Love v. Delta Air Lines, Inc.*,
    310 F.3d 1347 (11th Cir. 2002) ...........................................................................5, 6, 7

*Moni v. Volusia County*,
    No. 6:16-cv-934-Orl-406JK, 2016 WL 9725412 (M.D. Fla. Dec. 6, 2016)..............5

*Papasan v. Allain*,
    478 U.S. 265 (1986)........................................................................................................5

*Shotz v. Am. Airlines, Inc.*,
    420 F.3d 1332 (11th Cir. 2005) .....................................................................................8

*Southwest Airlines Co. v. Segalman*,
    895 F.3d 1219 (9th Cir. 2018) .......................................................................................6

*Spinner v. Verbridge*,
    125 F. Supp. 2d 45 (E.D.N.Y. 2000) ............................................................................9

CORE/9991000.7551/168936684.1

*Stokes v. Southwest Airlines Co.*,
  887 F.3d 199 (5th Cir. 2018) ..................................................................................................6

*Touche Ross & Co. v. Redington*,
  442 U.S. 560 (1979)................................................................................................................5

*Wall v. Centers for Disease Control and Prevention, et al.*,
  Case No. 6:21-cv-00975-PGB-DCI..........................................................................................1

**Statutes**

49 U.S.C. §§ 40101–46507 .............................................................................................................6

49 U.S.C. § 41110(a)(2)(B) ............................................................................................................6

49 U.S.C. § 41705 ..........................................................................................................................6

49 U.S.C. § 41705(a)(1) .................................................................................................................4

49 U.S.C. § 41705(b) .....................................................................................................................6

49 U.S.C. § 41705(c)(1) .................................................................................................................6

49 U.S.C. § 41705(c)(2) .................................................................................................................6

49 U.S.C. § 41705(c)(3) .................................................................................................................6

49 U.S.C. § 44702 ......................................................................................................................2, 9

49 U.S.C. § 44702(a) .....................................................................................................................9

49 U.S.C. § 44702(b) .....................................................................................................................9

49 U.S.C. § 46101(a) .....................................................................................................................6

49 U.S.C. § 46101(a)(4) .................................................................................................................6

49 U.S.C. § 46106 ..........................................................................................................................6

49 U.S.C. § 46107(b)(1)(A) ...........................................................................................................6

49 U.S.C. § 46110 .......................................................................................................................6, 8

49 U.S.C. §46301(a)(1)(A) ............................................................................................................6

49 U.S.C. §46301(c) (1)(A) ...........................................................................................................6

**Other Authorities**

CDC, *Order Under Section 361 of the Public Health Service Act*, *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021) ................................................................................. 2, 3

Exec. Order 13998, *Promoting COVID-19 Safety in Domestic and International Travel*, 86 Fed. Reg. 7205 (Jan. 21, 2021) ............................................................................... 2

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................................ 1, 4

Local Rule 3.01(g) ................................................................................................................. 11

CORE/9991000.7551/168936684.1

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendants Southwest Airlines Co. ("Southwest"), Alaska Airlines, Inc. ("Alaska"), Delta Air Lines, Inc. ("Delta"), and JetBlue Airways Corporation ("JetBlue") (collectively "Defendants"), through undersigned counsel, jointly move to dismiss the Complaint, with prejudice, for failure to state a claim which can be granted. As set forth below, there is no private right of action to enforce the statutory violations claimed by Plaintiff in Counts One, Two and Three of the Complaint.

## **INTRODUCTION**

In June of this year, Plaintiff Lucas Wall ("Plaintiff" or "Wall") filed two lawsuits in this Court to challenge the federal government's requirement that airline passengers in the United States adhere to the government's mask mandate during the continuing COVID-19 pandemic in this country. On June 7, 2021, in the case of *Wall v. Centers for Disease Control and Prevention, et al.,* Case No. 6:21-cv-00975-PGB-DCI ("*Wall v. CDC*"), Plaintiff filed a 205-page complaint against various federal government agencies (including the U.S. Department of Transportation ("DOT") and Transportation Security Administration ("TSA")), local Florida government agencies and the President of the United States, alleging, among other things, that the federal government's mandate for travelers to wear masks while on airplanes and at airports is "contrary to statute and unconstitutional . . . ." *See Wall v. CDC*, ECF 1, at page 202. The complaint in *Wall v. CDC* is the subject of pending dispositive motions by the defendants.

One week later, on June 14, 2021, Plaintiff initiated this case by filing a 94-page Complaint against seven separate airline carriers (including the four Defendants), which purports to allege the following three causes of action: Count One – Violation of the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA"), based on alleged illegal discrimination against flyers with disabilities in refusing to provide exemptions from the federal mask mandate; Count Two – Violation of the Air Carrier Access Act based on requiring passengers not known to have a

1

communicable disease to wear a face covering; and Count Three – Violation of 49 U.S.C. § 44702.

Plaintiff's effort to sue Defendants for violation of the ACAA is entirely without merit because, as this Court has previously ruled in denying Plaintiff's motion for a temporary restraining order, there is no private right of action to sue airlines for violation of the ACAA. *See* Order dated June 16, 2021, ECF 8, at 4-5 (Plaintiff's claims alleging violations of the ACAA are "not a viable cause of action" because of the lack of a private right of action). There is equally no private right of action under 49 U.S.C. § 44702, which is the statute referenced in Count Three of the Complaint. Accordingly, the Complaint and this action should be dismissed as to Defendants with prejudice.

## STATEMENT OF FACTS

### The Federal Mask Mandate

On January 21, 2021, President Biden issued an Executive Order explaining that public-health experts "have concluded that mask-wearing, physical distancing, appropriate ventilation, and timely testing can mitigate the risk of travelers spreading COVID-19." Exec. Order 13998, *Promoting COVID-19 Safety in Domestic and International Travel*, 86 Fed. Reg. 7205 (Jan. 21, 2021). "Accordingly, to save lives and allow all Americans, including the millions of people employed by the transportation industry, to travel and work safely," the President called on all relevant government agencies to "immediately take action, to the extent appropriate and consistent with applicable law, to require masks to be worn in compliance with CDC guidelines" on public transportation systems. *Id*.

A few weeks later, the CDC issued the transportation mask order. CDC, *Order Under Section 361 of the Public Health Service Act*, *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021) (cited in Complaint

2

at 1, n. 1). Generally, the transportation mask order requires persons to "wear masks over the mouth and nose when traveling on conveyances into and within the United States" and "at transportation hubs." *Id*. at 8026. The order's objectives are:

- Preservation of human life;

- Maintaining a safe and secure operating transportation system;

- Mitigating the further introduction, transmission, and spread of COVID-19 into the United States and from one state or territory into any other state or territory; and

- Supporting response efforts to COVID-19 at the Federal, state, local, territorial, and tribal levels.

*Id*. at 8027. In addition, the order states that "[r]equiring masks will help us control this pandemic and aid in re-opening America's economy." *Id*. at 8029.

The CDC order also explains why mask-wearing is especially important on public transportation and in commercial air travel: "Traveling on multi-person conveyances increases a person's risk of getting and spreading COVID-19 by bringing persons in close contact with others, often for prolonged periods." *Id*.

On January 27, 2021, the Acting Secretary of Homeland Security issued a Determination of a National Emergency that involved his emergency powers and directed the TSA to support "the CDC in the enforcement of any orders or other requirements necessary to . . . mitigate the spread of COVID-19 through the transportation system." The TSA then issued a series of directives to implement and support enforcement of the CDC's mask order. *See* Complaint, at 1, n. 1.

**Plaintiff's Allegations**

The Complaint alleges that Defendants "have illegally discriminated against potentially millions of flyers with disabilities by refusing to grant any mask exemptions and/or requiring such an onerous exemption process that travelers such as [Plaintiff] with a medical condition that makes it impossible for them to cover their faces are essentially harmed from using the nation's commercial aviation system." ECF 1, at 2. Despite Plaintiff's reference to airline passengers other than himself, Plaintiff does not purport to bring his case as a putative class action.

As for himself, Plaintiff alleges in his Complaint that on May 31, 2021 he booked eight separate airline tickets, on seven different airlines, to travel to over ten different cities between June 2, 2021 and July 15, 2021. *See* Comp. ¶¶ 2-10. In short, Plaintiff claims Defendants' mask policies – which are necessary to comply with the federal mask mandate – violate alleged rights Plaintiff claims to have under the ACAA to not be discriminated against by airlines because of his alleged disability. As explained below, while the ACAA prohibits air carriers from discriminating against "an otherwise qualified individual" because "the individual has a physical or mental impairment that substantially limits one or more major life activities," 49 U.S.C. § 41705(a)(1), it does not provide individuals, including Plaintiff, with the right to bring a private cause of action under the ACAA. The Complaint does not allege that Plaintiff filed an administrative complaint with the DOT to investigate alleged discrimination by the Defendants in violation of the ACAA.

## APPLICABLE STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court accepts as true the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1262 (11th Cir. 2004). However, the Supreme Court has explained that: "While a complaint attacked by a Rule 12(b)(6) motion to

4

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Furthermore, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Moni v. Volusia County*, No. 6:16-cv-934-Orl-406JK, 2016 WL 9725412, *1 (M.D. Fla. Dec. 6, 2016).

## ARGUMENT

**I.   COUNTS ONE AND TWO SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO SUE AN AIRLINE FOR VIOLATION OF THE ACAA.**

Counts One and Two of the Complaint, which purport to allege violations of the Air Carrier Access Act, should be dismissed because of the lack of a private right of action for litigants such as Plaintiff to enforce the ACAA.  "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)). "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Alexander*, 532 U.S. at 286.

As the Eleventh Circuit held in *Love v. Delta Air Lines, Inc.*, 310 F.3d 1347 (11th Cir. 2002), and this Court reiterated in denying Plaintiff's motion for a temporary restraining order, Congress did not create a private right of action to sue airlines for an alleged violation of the ACAA.  In *Love*, a disabled passenger alleged that Delta violated the ACAA by discriminating against her during the flight in that she could not use the aircraft restroom without assistance that the airline allegedly failed to offer.  The Eleventh Circuit held that Congress did not create a

5

private right of action against an air carrier to vindicate the prohibition against disability-based discrimination on the part of air carriers found in the ACAA. The court stated:

> Congress is, of course, free to protect disabled air passengers by virtually any means it chooses. It certainly may provide them with the right to sue in a district court for ACAA violations. Yet the legislature has not done so, and has instead created an elaborate administrative enforcement regime with subsequent, limited judicial review of the DOT's actions. Under these circumstances, the teachings of [the Supreme Court] plainly preclude a federal court from implying such a right of action. (*Id*. at 1360)

*See also Lopez v. JetBlue Airways*, 662 F.3d 593 (2d Cir. 2011) (private right of action did not exist for violation of the ACAA); *Stokes v. Southwest Airlines Co.*, 887 F.3d 199 (5th Cir. 2018) (no private right of action for a claim under the ACAA); *Southwest Airlines Co. v. Segalman*, 895 F.3d 1219, 1229 (9th Cir. 2018) (the ACAA did not create an implied private right of action); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263 (10th Cir. 2004) (no private right of action under the ACAA).

Although the ACAA prohibits airlines from discriminating on the basis of disability, it "does not expressly provide a right to sue the air carrier." *Lopez*, 662 F.3d at 597 (construing 49 U.S.C. § 41705). To the contrary, the ACAA combines with other federal aviation statutes to form a comprehensive *administrative* scheme "designed to vindicate fully the rights of disabled persons." *Id. See generally* 49 U.S.C. subtit. VII, pt. A (§§ 40101–46507):

- Rather than suing airlines directly, aggrieved passengers are to notify the DOT, 49 U.S.C. § 46101(a), which "shall investigate each [ACAA] complaint," *id.* § 41705(c)(1).

- If, after an investigation and hearing, the DOT finds an ACAA violation, it *must* issue an order compelling compliance, *id.* § 46101(a)(4), and may further revoke the airline's air carrier certificate, *id.* § 41110(a)(2)(B), or impose civil penalties of up to $25,000 for each act of discrimination, *id.* §§ 41705(b), 46301(a)(1)(A) & (c) (1)(A).

- The DOT may then enforce these orders by filing *its own* civil action in district court, *id.* § 46106, or by requesting that the Department of Justice do the same, *id.* § 46107(b)(1)(A).

6

- The DOT must also "publish disability-related complaint data" and "report annually to Congress" on "all complaints received." *Id.* § 41705(c)(2)–(3).

- Finally, persons with a "substantial interest" in a DOT enforcement order may seek judicial review by petitioning a federal *court of appeals*, *see id.* § 46110, arguably allowing aggrieved passengers to compel DOT investigations, *see Love*, 310 F.3d at 1356 n.11.   (*See Stokes, supra*, 887 F.3d at 202-03)

"Notably absent from th[is] scheme," however, "is a private right to sue in a federal district court."  *Love*, at 1354; *accord Boswell*, 361 F.3d at 1265 ("[The] ACAA establishes certain administrative remedies but not a private right of action.").  This detailed statutory structure evinces none of the requisite "affirmative" intent needed to create a private right of action. *See Sandoval*, 532 U.S. at 289–91, 293 n.8. Quite the opposite: "Congress's creation of specific means of enforcing the statute indicates that it did *not* intend to allow an additional remedy—a private right of action—that it did not expressly mention at all." *Boswell*, 361 F.3d at 1270 (emphasis added); *see also Sandoval*, 532 U.S. at 290 ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others."); *Lopez*, 662 F.3d at 598 ("[T]he text and structure of the [ACAA] show that Congress chose to accomplish [its] goal through means other than private enforcement actions in the district courts."); *Love*, 310 F.3d at 1354 ("[T]he text of the ACAA ... and the surrounding statutory structure . . . belie[ ] any congressional intent to create a private remedy."); *cf. Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 522-23 (5th Cir. 2002) (holding that this same administrative scheme precludes a private right to enforce a similar aviation statute). The ACAA confers no private right to sue an air carrier.

The DOT is the exclusive authority charged with enforcement of the ACAA regulations, including the mask mandate. *See* Notice of Enforcement Policy: Accommodation By Carriers of Persons with Disabilities Who Are Unable to Wear Safely Wear Masks While on Commercial Aircraft, at 5 (ensuring airline compliance with the ACAA lies with the Office of Aviation

7

Consumer Protection, a unit within the DOT))[1]. To allow a "separate and distinct method for addressing an airline carrier's alleged discrimination on the basis of disability, one that allows for an individual to bring a private lawsuit in a district court," would undermine the elaborate and comprehensive enforcement scheme created by Congress under the ACAA. *See Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1337 (11th Cir. 2005).

Plaintiff asserts that he should have a private right of action to enforce the ACAA because the DOT has failed to enforce the ACAA. Complaint, at p. 2, and ¶ 138 ("[t]here is no evidence DOT has taken any enforcement action against the seven airline defendants for violating the ACAA"); ¶ 114. However, there is no exception to the requirement that a statute provide a private right of action merely because a federal agency charged with implementing that statute allegedly does not enforce the law in the manner or to the extent the private litigant prefers. As this Court stated in denying Plaintiff's motion for a temporary restraining order, Plaintiff's "argument is meritless because the ACAA expressly provides recourse to private citizens who feel the DOT has abandoned its statutory obligations." ECF 8, at 5.

Moreover, missing from the Complaint is any allegation that Plaintiff himself filed a complaint with the DOT against any of the Defendants which the DOT then failed to pursue. Had Plaintiff filed an administrative complaint with the DOT and the DOT failed to act on his complaint, he might have been able to file a challenge to the DOT inaction pursuant to 49 U.S.C. § 46110 (in the appropriate appellate court). Yet Plaintiff chose not to pursue that path to judicial review. Plaintiff's decision not to pursue a possible remedy by filing an administrative complaint with the DOT obviously cannot be used by Plaintiff to create a private right of action

---

[1]     https://www.transportation.gov/sites/dot.gov/files/2021-02/Mask%20Notice%20Issued%20on%20Feb%205.pdf.

that Congress and the courts, including the Eleventh Circuit and this Court, have determined Congress did not create.

II. **COUNT THREE SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO SUE AN AIRLINE FOR VIOLATION OF 49 U.S.C. § 44702.**

Count Three of the Complaint also should be dismissed for lack of a private right of action. Count Three of the Complaint purports to assert that, by following the federal mask mandate Defendants have violated 49 U.S.C. § 44702. That statute provides:

> The Administrator of the Federal Aviation Administration may issue airman certificates, design organization certificates, type certificates, production certificates, airworthiness certificates, air carrier operating certificates, airport operating certificates, air agency certificates, and air navigation facility certificates under this chapter. . . . When issuing a certificate under this chapter, the Administrator shall (1) consider – (A) the duty of an air carrier to provide service with the highest possible degree of safety in the public interest; and (B) differences between air transportation and other air commerce . . . .

49 U.S.C. § 44702(a), (b). However, as with the ACAA, "49 U.S.C. § 44702, does not establish an implied right of action against other private parties in federal court." *Dougherty v. Advanced Wings, LLC*, 2013 WL 12178609, *6 (M.D. Pa. July 17, 2013), report and recommendation adopted, 2013 WL 180595 (M.D. Pa. Aug. 7, 2013) (plaintiff's "efforts to make a federal case out of this dispute fail for yet another reason: the sole federal statute cited by [Plaintiff], 49 U.S.C. § 44702, does not establish an implied right of action against other private parties in federal court. Quite the contrary, this statute simply defines the authority of the FAA to issue various types of certificates"); *see also Spinner v. Verbridge*, 125 F. Supp. 2d 45, 47 (E.D.N.Y. 2000) (certification provisions of the FAA create neither an express nor an implied right of action). Accordingly, Count Three should be dismissed as well for lack of a private right of action.

## **CONCLUSION**

For the reasons set forth above, Defendants request that the Court grant Defendants' Joint Motion to Dismiss, and that the Court dismiss the Complaint and action with prejudice.

Date: August 23, 2021                                                          Respectfully submitted,

| | |
|---|---|
| STINSON LLP | TORRICELLA LAW PLLC |
| 1775 Pennsylvania Avenue, N.W. | Town Center One, Suite 2217 |
| Suite 800 | 8950 Southwest 74th Court |
| Washington, D.C. 20006 | Miami, Florida 33156 |
| Telephone: (202) 728-3005 | Telephone: (305) 677-7644 |
| | |
| By: /s Roy Goldberg | By: /s Maurice J. Baumgarten |
| M. Roy Goldberg | Roberto A. Torricella, Jr. |
| Roy.goldberg@stinson.com | Florida Bar No. 907472 |
| Admitted Pro Hac Vice | Robert@TorricellaLaw.com |
| | Maurice J. Baumgarten |
| | Florida Bar No. 25324 |
| | Maurice@TorricellaLaw.com |

Counsel for Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc. and JetBlue Airways Corporation

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for the moving Defendants conferred with Plaintiff Lucas Wall by phone and email, and with counsel for the other defendants who are represented by separate counsel by email, regarding the relief requested in this Motion.

Plaintiff has advised that he opposes the motion to dismiss. The other defendants have advised that they support the motion to dismiss.

/s Maurice J. Baumgarten
Maurice J. Baumgarten

CORE/9991000.7551/168936684.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2021, a true and correct copy of the foregoing Joint Motion to Dismiss and Supporting Memorandum was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record.

/s Maurice J. Baumgarten<br>
Maurice J. Baumgarten