UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LUCAS WALL,**

   *Plaintiff,*     No. 6:21-cv-1008-PGB-DCI

v.

**SOUTHWEST AIRLINES,** *et al.***,**

   *Defendants.*

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants FRONTIER AIRLINES, INC. ("Frontier") and ALLEGIANT AIR, LLC ("Allegiant") (collectively "Defendants"), by their undersigned counsel, respectfully request that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of their motion, Defendants state as follows:

### I.   INTRODUCTION

This civil action arises from a 94-page Complaint filed by Plaintiff, Lucas Wall ("Plaintiff"), on June 14, 2021 against seven separate air carriers, including Defendants, alleging violations of the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 *et seq.*, for refusing to provide mask exemptions for disabled passengers (Count I), and requiring passengers not known to have a communicable disease to wear a face covering (Count II); and violations of

the terms of the airlines' respective operator certificates issued by the Federal Aviation Administration ("FAA") under 49 U.S.C. § 44702 (Count III).

Plaintiff alleges that on May 31, 2021, he booked eight separate airline tickets, on seven different airlines, to travel to different cities between June 2, 2021, and July 15, 2021. (*See* Complaint at ¶¶ 1-10). Plaintiff claims that because he suffers from Generalized Anxiety Disorder, he is physically unable to wear a face mask. *Id.* at 22. Thus, according to Plaintiff, he should be exempt from the Federal Mask Mandate and the Defendants' respective mask mandates due to a disability. *Id.* at ¶¶ 413-422. Plaintiff alleges, however, that Defendants' policies do not accommodate disabled passengers who seek exemptions from the mandatory mask requirement, violating the ACAA. *Id.* at ¶¶ 413-422. Plaintiff also claims that Defendants' mask policies endanger the health and safety of passengers, violating the terms of their operator certificates issued by the FAA under 49 USC § 44702.

Plaintiff's claims fail as a matter of law because there is no private right of action under the ACAA (Counts 1 and 2) or 49 U.S.C. § 44702 (Count 3). Accordingly, Plaintiff's complaint should be dismissed with prejudice.

## II.     **LEGAL STANDARD**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of such a motion is to test the legal sufficiency of the complaint. In order to

survive a motion to dismiss, Plaintiffs must plead more than legal conclusions and bare allegations that the "defendant unlawfully harmed [them]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Fed. R. Civ. P. 8 prohibits Plaintiff from relying on speculation and conclusory accusations alone. *Iqbal*, 556 U.S. at 678–79. Instead, Plaintiffs must provide "a short and plain statement of the claim showing the pleader is entitled to relief," and this showing must include sufficient factual allegations to provide both context and plausible support for the legal conclusions. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56, 570. A court "will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient 'to raise a right to relief above the speculative level.'" *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 813 (E.D. Pa. 2016) (quoting *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3rd Cir. 2013) (quoting *Twombly*, 550 U.S. at 555)).

### III. ARGUMENT

**A.   No Private Right of Action Under the ACAA**

This Court should dismiss Counts 1 and 2 of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because there is no private right of action to sue airlines for an alleged violation of the ACAA. *See Love v. Delta Air Lines, Inc.*, 310 F.3d 1347 (11th Cir. 2002). Plaintiff alleges that he is an "individual

3

with a disability" as defined by the ACAA and that Frontier violated the ACAA by failing to accommodate him on a flight from Salt Lake City, Utah to Phoenix, Arizona on June 18, 2021. (*See* Complaint at ¶¶ 5, 97 – 101). Plaintiff similarly claims that Allegiant violated the ACAA by failing to accommodate him on a flight from Mesa, Arizona to Houston, Texas on June 20, 2021. (*See* Complaint at ¶¶ 6, 91-94)[1].

The ACAA provides that "in providing air transportation," an air carrier "may not discriminate against an otherwise qualified individual" if "the individual has a physical or mental impairment that substantially limits one or more major life activities." 49 U.S.C. § 41705(a). Here, Defendants are not factually disputing that Plaintiff may be an individual with an impairment. However, Plaintiff's Complaint fails to state a claim as a matter of law and must be dismissed because the ACAA does not create a private cause of action under which Plaintiff may sue.

Like substantive federal law itself, private rights of action to enforce federal law – like the ACAA – must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S. Ct. 1511, 1519 (2001). Courts have consistently held that "the ACAA yields no congressional intent to create a

---

[1] Plaintiff filed his Complaint prior to the dates of his scheduled flights with Defendants. After filing his Complaint, and prior to the time of his scheduled flights, Plaintiff cancelled such flights and sought refunds from Defendants.

4

private cause of action in a federal district court." *Love*, 310 F.3d at 1360. In *Love*, a disabled passenger alleged that Delta violated the ACAA by discriminating against her during the flight in that she could not use the aircraft restroom without assistance that the airline allegedly failed to offer. *Id.* at 1350. Specifically, she alleged that Delta failed to provide an accessible "call button" with which she could page a flight attendant; that Delta failed to provide an aisle chair to assist her in accessing the restroom facilities; that the restroom was too small to accommodate her; that she was not afforded privacy in the restroom; and that Delta failed to provide adequately trained flight personnel. *See id.* Reversing the judgment of the district court, the Eleventh Circuit held that Congress did not create private right of action in federal district court to vindicate prohibition against disability-based discrimination on the part of air carriers. *Id.* at 1360; *see also*, *Stokes v. Southwest Airlines Co.*, 887 F.3d 199 (5th Cir. 2018) (no private right of action for claim under the ACAA).; *Lopez v. JetBlue Airways*, 662 F.3d 593 (2d Cir. 2011) (same); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263 (10th Cir. 2004) (same).

As the Eleventh Circuit explained in *Love*, "Congress is, of course, free to protect disabled air passengers by virtually any means it chooses. It certainly may provide them with the right to sue in a district court for ACAA violations. Yet the legislature has not done so and has instead created an elaborate administrative enforcement regime with subsequent, limited judicial

5

review of the DOT's actions." *Id*. Consequently, Congress has delegated broad authority to the Department of Transportation ("DOT") to enforce the ACAA. *See* 49 U.S.C. § 41705; *Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1226 (9th Cir. 2018). In doing so, Congress "created an elaborate and comprehensive enforcement scheme" to prohibit discrimination by airline carriers on the basis of disability. *See Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1337 (11th Cir. 2005) (quoting *Love*, 310 F.3d at 1354-58).

To accept Plaintiff's contention here, one would have to believe that Congress "intended to undermine the ACAA by providing a separate and distinct method for addressing an airline carrier's discrimination on the basis of disability, one that allows for an individual to bring a private lawsuit in a district court – something not available under the ACAA." *Shotz*, 420 F.3d at 1337; *see also*, 49 U.S.C. § 41705 *et seq*. Federal courts "simply cannot create by implication a private right of action, no matter how socially desirable or otherwise warranted the result may be." *See Love*, 310 F.3d at 1360. Because no such private right of action exists under the ACAA, Counts 1 and 2 of Plaintiff's Complaint should be dismissed with prejudice[2].

---

[2] On June 16, 2021, the Court denied Plaintiff's Motion for Temporary Restraining Order, concluding that Plaintiff's claims under the ACAA are meritless. (See Doc. # 8).

## B.     No Private Right of Action Under the FAA

Similarly, Plaintiff's claim that Defendants' mask policies violate their operator certificates issued by the FAA under 49 U.S.C. § 44702(b)(1)(a) by "endangering the health and safety of their passengers" has no merit. Like the ACAA, "49 U.S.C. § 44702 does not establish an implied private right of action against other private parties in federal court." *Dougherty v. Advanced Wings, LLC*, No. 1:13-CV-447, 2013 U.S. Dist. LEXIS 111334, at *17 (M.D. Pa. July 17, 2013). "Quite the contrary, this statute simply defines the authority of the FAA to issue various types of certificates." *Id.* Further, in creating the Federal Aviation Act, Congress intended public, not private, enforcement, and "neither the Act nor the regulations create implied private rights of action." *Bonano v. E. Caribbean Airline Corp.*, 365 F.3d 81, 86 (1st Cir. 2004). In fact, "the scheme of enforcement actually spelled out in the Act counsels persuasively against implying a private right of action." *Id.* at 85; *see also*, *Lucia v. Teledyne Cont'l Motors*, 173 F. Supp. 2d 1253, 1265 (S.D. Ala. 2001) ("Because of the Act's emphasis on administrative regulation and enforcement, we conclude that it is highly improbable that Congress absentmindedly forgot to mention an intended private action.") (internal citations omitted). Because no such private right of action exists under the FAA, Count 3 of Plaintiff's Complaint should be dismissed with prejudice.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and must be dismissed given there is no private right of action under the ACAA or FAA.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. and ALLEGIANT AIR, LLC pray that this Honorable Court enter an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and for such further relief as this Court deems just and reasonable.

### CERTIFICATE PURSUANT TO LOCAL RULE 3.01(G)

I hereby certify that counsel for Defendants conferred with Plaintiff, Lucas Wall, regarding the relief requested herein via correspondence on August 20, 2021. Plaintiff opposes the relief requested by this Motion.

Date: August 23, 2021

Respectfully submitted,

**FRONTIER AIRLINES, INC. and ALLEGIANT AIR, LLC**

By: /s/ Kyle C. Dudek
Kyle C. Dudek
William Boltrek III
Florida Bar Number:
HENDERSON FRANKLIN STARNES & HOLT, P.A.
1715 Monroe Street
Ft. Myers, Florida 33801
Phone:    (239) 344-1299
Kyle.Dudek@henlaw.com
William.BoltrekIII@henlaw.com

– And –
Brian T. Maye
(*pro hac vice* to be filed)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com

# CERTIFICATE OF SERVICE

I certify that on August 23, 2021, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of Florida using the CM/ECF system

By: /s/ Kyle C. Dudek
Kyle C. Dudek
William Boltrek III
Defendants Frontier Airlines, Inc. & Allegiant Air
HENDERSON FRANKLIN STARNES & HOLT, P.A.
1715 Monroe Street
Ft. Myers, Florida 33801
Phone: (239) 344-1299
William.BoltrekIII@henlaw.com
Kyle.Dudek@henlaw.com