**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LUCAS WALL,

    Plaintiff,

v.                                           Case No.: 6:21-cv-01008-PGB-DCI

SOUTHWEST AIRLINES, et al.,

    Defendants.

_____/

**SPIRIT AIRLINES, INC.'S MOTION TO DISMISS**

Defendant, Spirit Airlines, Inc., hereby appears and moves to dismiss Plaintiff Lucas Wall's Complaint [Doc. 1], pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.   INTRODUCTION**

Plaintiff Lucas Wall brings a three-count action against Spirit Airlines, Inc. ("Spirit") and six other commercial air carriers over their implementation of passenger masking standards occasioned by the COVID-19 pandemic and its unprecedented public health emergency. Plaintiff's three articulated claims fall under the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA"), and Section 44702 of the Federal Aviation Act ("FAA"). None of the claims are cognizable in a private

action. As such, for the reasons set forth below, Spirit, through counsel, respectfully requests that the matter be dismissed in its entirety.

## II.  SYNOPSIS OF PLAINTIFF'S COMPLAINT

In the face of surging infections from the delta variant of COVID-19, and breakthrough infections affecting even the vaccinated population, Plaintiff filed a complaint challenging air carriers' face mask requirements and exceptions policies in airline cabins, based in part on opinions contesting the utility of face masks to prevent the spread of COVID-19. Plaintiff chose the wrong forum to mount this challenge.

As far as his legal claims for purposes of this motion are concerned, the extensive narrative in Plaintiff's 94-page complaint, as against Spirit, can be summarized as follows. Plaintiff claims to be an individual with a disability, living with generalized anxiety disorder such that he cannot tolerate wearing a face covering while traveling. Doc. 1, ¶¶ 22-24. He further insists that, in his opinion, he poses no danger of transmitting the virus in an airline cabin because he has been vaccinated. Doc. 1, ¶¶ 2, 21, 184. Moreover, he posits that being required to wear a mask or being "muzzled" (which he opines is ineffective against reducing COVID-19 infections) violates his "civil liberties." *Id*. ¶ 25; *see also* ¶¶ 180, 184, 192, 355. He refuses to wear a mask. *See id*. ¶ 32.

In response to the COVID-19 pandemic, Spirit and many other air carriers began implementing face mask requirements for passengers, employees, and cabin crew in order to help protect against the spread of the Coronavirus.  The Court may take judicial notice from media accounts that, while the overwhelming majority of passengers and airline employees were grateful for these protective measures, some passengers chafed and even disrupted flights over their opposition to the requirement. *See also* Doc. ¶¶ 198-247. As Plaintiff described in his Complaint, federal regulatory authorities later backed the air carriers' safety initiatives through mask mandates.  *See* Doc. 1, fn. 1 and ¶¶ 127-30; 133-34.[1]  As of the filing of this motion, the federal mandates have been extended.

Plaintiff claims that Spirit's policy on passenger masking and for obtaining a disability-based exemption from its mask requirement violates the ACAA, and that he is therefore entitled to the maximum amount of damages or fines permitted under the Act, even though he does not allege that he has actually flown on Spirit, much less that he has been denied service due to his refusal to wear a mask.  Doc. 1, ¶¶ 67,

---

[1] Plaintiff's effort to challenge these federal mask mandates is the subject of a separate legal action before this Court captioned as *Wall v. Centers for Disease Control & Prevention*, No. 6:21-cv-975.  Although Plaintiff devotes numerous pages in his instant Complaint to disputing the need for masks and challenging both the propriety of mask requirements and the Department of Transportation's enforcement of the ACAA, that is a matter (if cognizable at all) between Plaintiff and the relevant federal agencies.

105-13. He further claims (as described below) that some passengers' vitriolic and violent reactions to mask requirements mean that carriers such as Spirit are not adhering to the statutory standard of ensuring passenger safety to the highest degree. Plaintiff appears to seek both damages and declaratory relief as against Spirit. Doc. 1, pp. 6 and 89-92 (Prayer for Relief).

Accepting Plaintiff's *factual* allegations at face value for purposes of this motion, Spirit moves to dismiss the matter because Plaintiff fails to state a claim upon which relief can be granted, as his claims do not belong before this Court.

## III.   LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 679. Dismissal under Rule 12(b)(6) is appropriate where a complaint seeks relief under federal standards and regulations that do not create a private cause of action for a citizen. *See Moni v. Volusia County, Corp.,* 616CV934ORL40GJK, 2016 WL 9725412, at *1 (M.D. Fla. Dec. 6, 2016) (Byron, J.) (granting motion to dismiss

4

under Rule 12(b)(6) where "the federal regulations cited by plaintiff in his complaint do not create a private cause of action for a citizen to sue").

IV.  **ARGUMENT**

    A.    **There is No Private Cause of Action Under or Derivative from Either Statute.**

        1.    **Counts 1 and 2**

For purposes of the pending motion only, Spirit does not challenge Plaintiff's assertion that he is an individual with a disability or that he has difficulty wearing a face covering. Although Plaintiff acknowledges the legal hurdle stemming from decisions declining to recognize a private right of action under the ACAA (Doc. 1, p. 2), he argues that he is nonetheless entitled to proceed under the ACAA. As a matter of law, however, Plaintiff cannot proceed with his private action, as this Court has already recognized. *See* Doc. 8.

The Eleventh Circuit has explained: "It is indisputable that the ACAA does not expressly provide a private entitlement to sue in district court." *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002) (following *Alexander v. Sandoval*, 532 U.S. 275, 288-89 (2001)). The Eleventh Circuit explained that "taken together, the text of the ACAA . . . and the surrounding statutory and regulatory structure create an elaborate and comprehensive enforcement scheme that belies any congressional intent to create a private remedy." *Id*. Accordingly, the *Love* court held conclusively

that the ACAA does not create an implied private right of action to sue in a federal district court. *Id*. at 1360. As this Court noted in denying Plaintiff's motion for temporary injunctive relief, other courts of appeal have also recognized that the ACAA does not provide for a private right of action. Doc. 8 (*citing Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1226, 1227 (9th Cir. 2018) ("[i]n light of the multiple methods expressly provided for enforcing the ACAA's prohibition against disability discrimination, we must infer that Congress intended to preclude a private cause of action"); *Stokes v. Sw. Airlines*, 887 F.3d 199, 202-03 (5th Cir. 2018); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1270 (10th Cir. 2004)).[2]

Plaintiff also notes that Congress has declined to amend the ACAA. Doc. 1, ¶ 114. To this point, bills in Congress have proposed creating a private right of action under ACAA, but these bills have never passed. *See Segalman v. Sw. Airlines Co.*, 895 F.3d at 1229, fn. 14.[3] As such, Counts 1 and 2 of Plaintiff's Complaint should be dismissed.

### 2. Count 3

Plaintiff further argues that he can base or derive a cause of action under §

---

[2] *See Stokes v. Sw. Airlines*, 887 F.3d at 202, fn. 1 (summarizing district court opinions also holding no private right of action under ACAA).

[3] Other bills, HR 1696 and S 642, were introduced in 2021 but have not become law.

44702 of the Federal Aviation Act because requiring face masks designed to guard against COVID-19 transmission, in Plaintiff's view, violates air carriers' duty to provide air service to the highest degree of safety.  Doc. 1, p. 2 and ¶¶ 356, 423-24.  He adds that the safety threat stems in part from recalcitrant passengers inciting violence over their opposition to masking.  *Id*. and ¶ 198-99.  He blames the airlines and mask mandates – not the unruly passengers -- for passengers' rage and violent behavior.  *Id*. ¶¶ 199, 203.  He  advances this "safety duty" theory (that requiring masks breaches carriers' duty to provide service to the highest possible degree of safety) even though he also alleges that Spirit was *following* the very same federal safety standards that Plaintiff is challenging in a separate lawsuit against the federal agencies.  *See id*. at ¶¶ 206-07.

    Setting aside the questionable reasoning underlying Plaintiff's contentions, Plaintiff also lacks a private cause of action under this vehicle.  Consistent with courts' treatment of the ACAA, "49 U.S.C. § 44702, does not establish an implied right of action against other private parties in federal court. Quite the contrary, this statute simply defines the authority of the FAA [Federal Aviation Administration] to issue various types of certificates." *Dougherty v. Advanced Wings, LLC*, 2013 WL 12178609, *6 (M.D. Pa. July 17, 2013) (applying *Sandoval* analysis also followed in *Love, supra*), report and rec. adopted by 2013 WL 12180595 (M.D. Pa. Aug. 7,

2013);[4] *see also Buck v. American Airlines, Inc.,* 476 F.3d 29, 33-34 (1st Cir. 2007) (affirming dismissal; no implied private right of action under Federal Aviation Act or regulations for aggrieved passengers); *Bonano v. E. Caribbean Airline Corp.,* 365 F.3d 81, 86 (1st Cir. 2004) (no private right of action under Federal Aviation Act or FAA regulations); *G.S. Rasmussen & Assocs. v. Kalitta Flying Serv.*, 958 F.2d 896, 901-02 (9th Cir. 1992), *cert. denied* 508 U.S. 959 (1993) (no implied private right of action – in intellectual property context -- under the Federal Aviation Act); *Montauk-Caribbean Airways, Inc. v. Hope*, 784 F.2d 91, 97 (2d Cir. 1986), *cert. denied*, 479 U.S. 872 (1986) (no implied private right of action generally under Federal Aviation Act or under § 1349(a)); *Wolf v. Trans World Airlines*, 544 F.2d 134, 136-38 (3d Cir. 1976), *cert. denied*, U.S. 915 (1977) (no implied right of private action under Federal Aviation Act on consumer claims); *Lynda v. Jetblue Airways Corp.*, 2020 U.S. Dist. LEXIS 102575 *5 (E.D.N.Y. June 11, 2020) (no implied private right of action under Federal Aviation Act for passenger; granted motion to dismiss claim under Rule 12(b)(6)); *Conservation Force v. Delta Air Lines, Inc.*, 190

---

[4] As the court in *Dougherty* observed, "private rights of action should rarely be implied where a statute's core function is to furnish directives to a federal agency." *Id*. at *6. "Moreover, the [Federal Aviation] Act, fairly read, comprises a general regulation of activities and does not focus on a benefited class. Such a regime is precisely 'the kind of general ban which carries with it no implication of an intent to confer rights on a particular class of persons.'" *Id*. (*quoting California v. Sierra Club*, 451 U.S. 287, 294 (1981)).

8

F. Supp.3d 606, 617-18 (N.D. Tex. 2016), *aff'd* 682 Fed. Appx. 310 (5th Cir. 2017) (dismissing passenger suit challenging airline policy, holding no private right of action under Federal Aviation Act); *Spinner v. Verbridge*, 125 F. Supp. 2d 45, 47 (E.D.N.Y. 2000) (certification provisions of FAA create neither an express nor an implied right of action).

## V.   CONCLUSION

Accordingly, Spirit Airlines, respectfully request that Plaintiff's Complaint be dismissed in its entirety and award all other relief as necessary and equitable.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Spirit Airlines, Inc., Miguel A. Morel, certifies that on August 20, 2021, he conferred with Plaintiff, Lucas Wall, and with counsel for the other defendants via telephone and email. Mr. Wall objects to the relief requested in this Motion. The other defendants advised that they support the relief requested in this Motion.

Dated: August 23, 2021

Respectfully submitted,

**LITTLER MENDELSON, P.C**.

/s/ *Miguel A. Morel*
Miguel A. Morel
Florida Bar No. 89163
Email: mamorel@littler.com
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552
*Counsel for Defendant,
Spirit Airlines, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of August 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a notice of electronic filing to all parties of record.

BY:  /s/ *Miguel Morel*
      Miguel Morel

**SERVICE LIST**

| *Plaintiff, Pro Se*<br>Lucas Wall<br>435 10th St NE<br>Washington, DC 20002<br>Tel. 202-351-1735<br>Email: lucas.wall@yahoo.com | *Counsel for Defendant,*<br>*Spirit Airlines*<br>Miguel A. Morel, Esq.<br>**LITTLER MENDELSON, P.C.**<br>Wells Fargo Center<br>333 S.E. 2nd Avenue, Suite 2700<br>Miami, Florida 33131-2187<br>Tel. 305.400.7500<br>Email: mamorel@littler.com |
|---|---|
| *Counsel for Defendants,*<br>*Frontier Airlines and Allegiant Air*<br>Kyle Dudek, Esq.<br>William Boltrek, III, Esq.<br>**HENDERSON, FRANKLIN,**<br>**STARNES & HOLT, PA**<br>1715 Monroe St<br>PO Box 280<br>Ft. Myers, FL 33902<br>Tel: 239.344.1237<br>Email: kyle.dudek@henlaw.com<br>          William.BoltrekIII@henlaw.com<br><br>Brian T. Maye, Esq.<br>*(Pro Hac Vice Admission Pending)*<br>**ADLER MURPHY &**<br>**MCQUILLEN LLP**<br>20 S. Clark Street, Suite 2500<br>Chicago, Illinois 60603<br>Tel. 312.345.0700<br>Email: bmaye@amm-law.com | *Counsel for Defendants,*<br>*Alaska Airlines, Delta Air Lines,*<br>*JetBlue Airways and Southwest*<br>Maurice J. Baumgarten, Esq.<br>Roberto A. Torricella, Jr., Esq.<br>**TORRICELLA LAW, PLLC**<br>4551 Ponce de Leon Blvd<br>Coral Gables, FL 33134<br>Tel. 305.904.4982<br>Email: maurice@torricellalaw.com<br>          robert@torricellalaw.com<br><br>Milton Roy Goldberg, Esq.<br>*(Admitted Pro Hac Vice)*<br>**STINSON LLP**<br>1775 Pennsylvania Avenue NW,<br>Suite 800<br>Washington, DC 20006<br>Tel. 202.728.3005<br>Email: roy.goldberg@stinson.com |

|  | *Counsel for Defendant,*<br>*JetBlue Airways*<br>Suzanne E. Gilbert<br>**HOLLAND & KNIGHT, LLP**<br>200 S Orange Ave - Ste 2600<br>Orlando, FL 32801<br>Tel. 407.425.8500<br>Email: suzanne.gilbert@hklaw.com |
|---|---|