UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LUCAS WALL, | ) |
| | ) |
| Plaintiff, | ) Case No. 6:21-cv-1008-PGB-GJK |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST AIRLINES, et. al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MOTION FOR EXTENSION OF TIME TO FILE INITIAL
CASE MANAGEMENT REPORT AND FOR STAY OF DISCOVERY
PENDING RULING ON DEFENDANTS' MOTIONS TO DISMISS**

Defendants Southwest Airlines Co. ("Southwest"), Alaska Airlines, Inc. ("Alaska"), Delta Air Lines, Inc. ("Delta"), JetBlue Airways Corporation ("JetBlue"), and Spirit Airlines ("Spirit") (collectively "Defendants"), through undersigned counsel, respectfully request that the deadline for filing an initial Case Management Report under Local Rule 3.02(b)(1) be extended, and that all discovery be stayed, until twenty (20) days after the Court rules on the motions to dismiss the complaint filed by each of the five Defendants, as well as the other two defendants -- Allegiant Air, LLC ("Allegiant"), Frontier Airlines, Inc. ("Frontier") -- on August 23, 2021 (See ECF Nos. 41, 42 and 45), or rules on the motions to dismiss any amended complaint filed by Plaintiff Lucas Wall ("Plaintiff").

As stated, on August 23, 2021, each of the defendants in this case filed a dispositive motion to dismiss all three of the claims that the Plaintiff filed against them for failure to state a claim. Defendants claim that neither of the statutes which Plaintiff claims Defendants have violated -- the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA") nor 49 U.S.C. § 44702 -- provides a private right of action against air carriers.  This Court previously ruled that Plaintiff may not assert a

1

private right of action under the ACAA against any of the Defendant air carriers in denying Plaintiff's motion for a temporary restraining order (See ECF 8, pp. 4-5).[1]

If the motions to dismiss are granted, this entire action will be dismissed. In addition, inasmuch as this case has only recently been filed, Plaintiff will not be harmed by a delay in the filing of a case management order or a delay in discovery. In view thereof, Defendants respectfully submit that the Court should take a "preliminary peek" at the substantive merits of the motions to dismiss (ECF 41, 42 and 45) and stay the filing of the case management report as well as all discovery, pending resolution of the motions to dismiss. *See e.g. David v. United States*, 2020 WL 1862606 (M.D. Fla. April 14, 2020) (where the court, after taking a "preliminary peek" at a pending motion to dismiss for failure to state a claim and lack of subject matter jurisdiction, stayed the filing of the case management report and stayed discovery pending resolution of the motion to dismiss); *Lapinski v. St. Croix Condominium Association, Inc.*, 2017 WL 11507509 (M.D. Fla. Jan. 24, 2017) (where the court, after reviewing the amended complaint and the defendants' motions to dismiss, stayed the filing of the case management report and stayed discovery pending resolution of the motions to dismiss).

**DUTY TO CONFER UNDER LOCAL RULE 3.01**

On August 23, 2021, counsel for certain of the Defendants, in compliance with their obligations to confer in good faith under Local Rule 3.01, contacted Plaintiff to seek his position on the extension of the deadline for the filing of the Case Management Report that Defendants planned to seek in this Motion. That same day, Plaintiff advised that he "would get back to [counsel] in the next day or two." Accordingly, counsel for the Defendants elected to wait to file

---

[1] Because the Plaintiff did not move for a temporary restraining order under Count Three (49 U.S.C. § 44702) the Court, in denying the motion, did not address the issue of a lack of a private right of action under that statute.

their Motion to afford Plaintiff an opportunity to consider the issue. On August 24, 2021, counsel for certain of the Defendants followed up with Plaintiff and advised of Defendants' intention to request a discovery stay pending a ruling on the motions to dismiss. Plaintiff responded by noting that, as previously stated, he would advise Defendants of his position on the relief they planned to seek "after reviewing the local rule on case management reports." Again, the Defendants elected to honor Plaintiff's request and afford Plaintiff an opportunity to consider the issue by deferring the filing of this Motion.

On August 25, 2021 at 1:31AM, Plaintiff e-mailed counsel with whom he had been communicating and stated that he could not consent to the request. After noting that, under his calculation, the deadline for the filing of case management reports had expired on August 18, 2021, he stated: "I have prepared a draft Case Management Report and will shortly send it out to all defendants' counsel. I will also file a Notice with the Court that we are working to complete the report by Sept. 1 given that all defendants just filed a response to the Complaint two days ago." In a subsequent message, Plaintiff advised that he was "open" to discussing a proposed motion to stay discovery as he did not contemplate seeking discovery until briefing of motions to dismiss directed to any potential amended complaint but did not formally take a position on the planned discovery stay that Defendants planned to seek in this Motion. On August 25, 2021 at 1:48AM, Plaintiff circulated a draft Case Management Report to counsel for Defendants.

On August 25, 2021 at 2:12AM, without consultation with Defendants and without any indication that anyone had seen any of his communications of the prior 45 minutes, Plaintiff then unilaterally filed a document with the Court that Plaintiff characterized as a "Notice," wherein Plaintiff: (1) did not disclose to the Court the prior communications among the parties regarding the extension of the deadline for the filing of the Case Management Report or stay of discovery;

(2) inaccurately represented to the Court "the parties" have started work on preparing the Case Management Report while knowing that Defendants had not "started work" on, and likely had not yet seen a draft of, such a document and, instead, intended to seek an extension of the deadline to file a Case Management Report; and (3) appears to unilaterally afford himself an extension until September 3, 2021 to file the Case Management Report that he advised the Court was due on August 18, 2021. ECF 50.

In fact, the "Notice" appears to be nothing more than a veiled motion for extension of time without conferring with counsel for Defendants in violation of Local Rule 3.01. In addition, the Notice fails to accurately portray facts out of what appears to be a misguided effort by Plaintiff to try to procure a tactical advantage of some sort. This Court should not condone Plaintiff's gamesmanship.

In the Notice, however, Plaintiff perhaps unwittingly communicates his agreement to the parties' need for an extension of the deadline for the filing of the Case Management Report, although rather than ask the Court to extend the deadline to September 3, 2021, Plaintiff simply notified the Court that he unilaterally intended to comply with the filing obligation by that date. ECF 50. Therefore, given Plaintiff's agreement to the need for an extension, Defendants interpret the Notice as an indication by Plaintiff that he fundamentally agrees with Defendants' request for an extension and disagrees only with the length of the extension sought by Defendants. Moreover, as Plaintiff has advised that he does not intend to seek discovery in the immediate future due to the planned filing of an amended pleading and anticipated briefing on it, Defendants understand that Plaintiff does not oppose a discovery stay but has not yet communicated a formal position on the length of such a stay to which he is amenable.

## **CONCLUSION**

Based on the above reasoning and authorities, Defendants respectfully request that the Court grant this Motion and issue an order which extends the deadline for filing the initial Case Management Report and stays all discovery, until twenty (20) days after the Court rules on the pending motions to dismiss the complaint filed by Defendants, or rules on motions to dismiss the amended complaint if Plaintiff files an amended complaint.

Date: August 25, 2021

Respectfully submitted,

STINSON LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005

By: /s/ Roy Goldberg
M. Roy Goldberg
Roy.goldberg@stinson.com
(Admitted *Pro Hac Vice*)

TORRICELLA LAW PLLC
Town Center One, Suite 2217
8950 Southwest 74th Court
Miami, Florida 33156
Telephone: (305) 677-7644

By: /s/ Maurice J. Baumgarten
Roberto A. Torricella, Jr.
Florida Bar No. 907472
Robert@TorricellaLaw.com
Maurice J. Baumgarten
Florida Bar No. 25324
Maurice@TorricellaLaw.com

Counsel for Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc. and JetBlue Airways Corporation

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

By: /s/ Miguel A. Morel
Miguel A. Morel
Florida Bar No. 89163
Email: mamorel@littler.com

Counsel for Defendant Spirit Airlines, Inc.

5

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that on August 23, 2021 and August 24, 2021 counsel for Defendants conferred with Plaintiff Lucas Wall by email to ascertain whether he would consent to the extension of the CMR filing and stay of discovery sought by Defendants in the above Motion. Plaintiff's position on this Motion is set forth above.  In addition, as of the filing of the Motion, defendants Frontier Airlines, Inc. and Allegiant Air, LLC had not yet informed Defendants whether they intend to join in the above Motion.

/s Maurice J. Baumgarten  
Maurice J. Baumgarten

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2021, a true and correct copy of the foregoing MOTION FOR EXTENSION OF TIME TO FILE INITIAL CASE MANAGEMENT REPORT AND FOR STAY OF DISCOVERY PENDING RULING ON DEFENDANTS' MOTIONS TO DISMISS was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record.

/s Maurice J. Baumgarten
Maurice J. Baumgarten