# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUCAS WALL,**

      **Plaintiff,**

v.                                                        **Case No: 6:21-cv-1008-PGB-DCI**

**SOUTHWEST AIRLINES, ALASKA AIRLINES, ALLEGIANT AIR, DELTA AIR LINES, FRONTIER AIRLINES, JETBLUE AIRWAYS and SPIRIT AIRLINES,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration of "Plaintiff's Notice or Preparation of Case Management Report" (Doc. 50, the Notice), several Defendants' "Motion for Extension of Time to File Initial Case Management Report and for Stay of Discovery Pending Ruling on Defendants' Motions to Dismiss" filed by (Doc. 52, the Motion to Stay), and the remaining Defendants' "Motion to Join and Adopt Defendants' Joint Motion for Extension of Time to File Initial Case Management Report and for Stay of Discovery" (Doc. 53, the Motion to Join).

In this case, the first Defendant to make an appearance was Delta Air Lines, on July 9, 2021. Doc. 24. Thus, the Case Management Report was due in this case on August 18, 2021. *See* Doc. 10; Local Rule 3.02(b). That deadline passed with no action by the parties.

On August 25, 2021, Plaintiff filed the Notice, in which Plaintiff informed the Court that "the parties" had started to work on the Case Management Report and Plaintiff was striving to get it done by September 3, 2021. Doc. 50. The Notice was not a motion and did not request any relief from the Court.

Later that same day, several of the Defendants filed the Motion to Stay.  Doc. 52.  In sum, Defendants request a stay of the obligation to conduct a case management conference and request a stay of discovery pending a ruling on their motions to dismiss.  *Id*.  In addition, these Defendants make assertions concerning their displeasure with Plaintiff's actions in conferring and filing the Notice.  *Id*.  Right after the Motion to Stay was filed, the remaining Defendants filed the Motion to Join, seeking to join in on the Motion to Stay.  Doc. 53.  The Motion to Join is unopposed, while the Motion to Stay is opposed.  *Id*.

As an initial matter, the parties' failure to file a Case Management Report—or timely request an extension to do so—will often result in an order to show cause against the plaintiff, directing the plaintiff to show cause why the case should not be dismissed for lack of prosecution.  On this record, the Court finds that an order to show cause is not necessary, but that certain rulings are needed to bring this case into compliance with the rules and orders of this Court.

First, the Notice is due to be stricken.  The rules and orders of this Court do not provide for a party giving notice that it intends to disregard the Court's deadline and that the party will attempt to comply with a new deadline of its choosing.  To the extent the Notice could be construed as a request for an extension of time, it fails to comply with Local Rule 3.01.

Second, the Motion to Stay is due to be denied without prejudice.  While the Motion to Stay contains a Local Rule 3.01(g) certification that states that the Motion is opposed, the Court finds that the nature of the conferral is inadequate given the allegations in the Motion concerning the parties' interactions.  *Id*.  Thus, while the time for Plaintiff to respond to the Motion to Stay has not expired, the Court finds that it serves the interests of justice to rule now and deny the Motion to Stay without awaiting a response from Plaintiff, especially because the deadlines at

issue have passed.  *See* Local Rule 1.01(b).  Further, the Motion to Stay fails to comply with Local Rule 1.08(a).

Third, the Motion to Join is denied as moot because the Motion to Stay is denied.  But the Motion to Join is also due to be denied because it runs afoul of Local Rule 3.01 as it contains no memorandum of law supporting the relief it requests, whether that relief is construed as a request to join another party's filing or to stay discovery.  Simply joining the original motion is the most efficient course of action in this situation—otherwise, if a party seeks relief it should file a properly supported motion, not refer to its or another party's filings.  Local Rule 3.01.

Nevertheless, the Court finds it necessary to set new deadlines since the existing ones have passed without compliance and the Court finds that the case should proceed, i.e. no order to show cause concerning dismissal is being issued.  Thus, on or before September 10, 2021, the parties shall conduct the Case Management Conference, and on or before September 24, 2021, the parties shall file a Case Management Report.  These deadlines necessarily include an extension of time, for which the Court finds good cause.  The Court notes that Plaintiff has implicitly agreed to some extension of time by not timely filing the Case Management Report or seeking an extension of the deadline to do so and, instead, by filing the Notice.

To the extent Defendants file a renewed motion to stay discovery, the parties are cautioned that the filing of a motion to stay (or for an extension) does not toll the parties' obligation to comply with existing deadlines.  Thus, Defendants are encouraged to confer with Plaintiff—and must do so in person, via telephone, or via video-teleconference—and, if necessary, file the motion as soon as practicable.

Accordingly, it is **ORDERED** that:

1. The Notice (Doc. 50) is **STRICKEN**;

2. The Motion to Stay (Doc. 52) is **DENIED without prejudice**;

3. The Motion to Join (Doc. 53) is **DENIED**;

4. **On or before September 10, 2021**, the parties shall conduct the Case Management Conference; and

5. **On or before September 24, 2021**, the parties shall file a Case Management Report.

**ORDERED** in Orlando, Florida on August 26, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE