# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| LUCAS WALL, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:21-cv-1008-PGB-GJK |
| ) | |
| v. ) | |
| ) | |
| SOUTHWEST AIRLINES, et. al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## UNOPPPOSED RENEWED MOTION FOR STAY OF DISCOVERY PENDING RULING ON DEFENDANTS' MOTIONS TO DISMISS

Pursuant to Rule 26(c), Fed. R. Civ. P., and the order of August 26, 2021 (ECF 54), Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corporation, Frontier Airlines, Inc., Allegiant Air, LLC and Spirit Airlines, Inc. (collectively "Defendants"), through undersigned counsel, respectfully renew their motion for a stay of discovery until after the Court rules on the motions to dismiss the complaint filed by the Defendants on August 23, 2021 (See ECF Nos. 41, 42 and 45), or rule on motions to dismiss any amended complaint filed by Plaintiff Lucas Wall ("Plaintiff").  As set forth in the Local Rule 3.01 Certificate below, in a telephone conversation with counsel for Defendants on August 27, 2021, Plaintiff consented to the stay requested in this Motion.[1]

---

[1] Plaintiff also stated that he intends to file an amended complaint on or before September 13, 2021.

## STATEMENT OF FACTS

On June 14, 2021, one week after filing a case against the federal Centers for Disease Control and other government defendants in which Plaintiff challenges the legality of federal mask mandates, *Wall v. Centers for Disease Control and Prevention, et al.*, Case No. 6:21-cv-00975-PGB-DCI, Plaintiff initiated this case by filing a complaint against the seven Defendants, which purports to allege the following three causes of action: Count One – Violation of the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA"), based on alleged illegal discrimination against flyers with disabilities in refusing to provide exemptions from the federal mask mandate; Count Two – Violation of the Air Carrier Access Act based on requiring passengers not known to have a communicable disease to wear a face covering; and Count Three – Violation of 49 U.S.C. § 44702.

The Complaint alleges that Defendants "have illegally discriminated against potentially millions of flyers with disabilities by refusing to grant any mask exemptions and/or requiring such an onerous exemption process that travelers such as [Plaintiff] with a medical condition that makes it impossible for them to cover their faces are essentially harmed from using the nation's commercial aviation system." ECF 1, at 2.

On June 16, 2021, the Court denied Plaintiff's motion for a temporary restraining order which would have prevented the Defendant airlines from continuing to enforce the federal mask mandate.

In their motions to dismiss filed on August 23, 2021, the Defendants contend that neither of the statutes which Plaintiff claims Defendants have violated -- the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA") nor 49 U.S.C. § 44702 -- provides a private right of action against air carriers. ECF 41, 42 and 45. Defendants submit that their pending motions to dismiss would dispose of all of the claims asserted by Plaintiff.

**Plaintiff's Proposed Discovery Categories**

In a proposed Case Management Report that Plaintiff shared with Defendants in an email dated August 25, 2021, Plaintiff stated that "Discovery might be needed on these subjects":

> 1)   All communications among the seven airlines as well as between any of the seven airlines and federal regulators and/or the trade group Airlines for America from March 2020 to present concerning implementing rules requiring all passengers wear masks;
>
> 2)   All internal communications plus all communications among the seven airlines as well as between any of the seven airlines and federal regulators and/or the trade group Airlines for America from March 2020 to present concerning procedures passengers must follow to seek a mask exemption and/or developing a policy totally prohibiting issuance of any mask exemptions;
>
> 3)   All internal communications plus communications among the seven airlines as well as between any of the seven airlines and federal

3

regulators and/or the trade group Airlines for America from March 2020 to present concerning requiring the donning of Emergency Use Authorization face coverings by passengers;

4) All communications among the seven airlines as well as between any of the seven airlines and federal regulators and/or the trade group Airlines for America from March 2020 to present concerning sharing reports of passengers who refused to wear masks aboard an airplane or in an airport and/or names of passengers banned from flying as a result;

5) All internal communications among each of the seven airlines from March 2020 to present regarding imposing mask requirements, how to deal with mask exemptions, decisions to forbid any mask exemptions, OSHA-required training and medical evaluations for employees and customers forced to wear masks, and discussion of forcing passengers and employees to wear masks designated as Emergency Use Authorization medical devices by the Food & Drug Administration;

6) All communications among the seven airlines as well as between any of the seven airlines and federal regulators and/or the trade group Airlines for America from March 2020 to present concerning asking the federal government to impose and enforce a Federal Transportation Mask Mandate, including but not limited to any discussions about creating numerous hurdles to obtain a mask exemption such that being granted such a waiver is nearly impossible;

7) Reports from each airline from March 2020 to present regarding every passenger who requested a mask exemption and the disposition of such request;

8) Names of all passengers placed on each airline's "No-Fly List" from March 2020 to present due to refusal to wear a mask;

9) All complaints submitted to each airline – either directly or from DOT – from March 2020 to present from passengers denied medical exemptions to mask rules and/or prohibited from flying for not being able to tolerate wearing a face covering; and

    10) The resolution of all complaints listed in #9.[2]

In its order dated August 26, 2021 (ECF 54, at 4), the Court denied the Defendants' motion for stay "without prejudice" and stated that "[t]o the extent Defendants file a renewed motion to stay discovery, . . . Defendants are encouraged to confer with Plaintiff – and must do so in person, via telephone, or via video-teleconference – and, if necessary, file the motion as soon as practicable." *Id*. at 3-4.  As noted above, Defendants conferred with Plaintiff via telephone on August 27, 2021 and during that call Plaintiff agreed to the stay requested in this Motion.

## APPLICABLE STANDARD

The Court has the authority to stay discovery pursuant to FED. R. CIV. P. 26(c). *Zarnesky v. Adidas America, Inc.*, No. 6:21-cv-540-PGB-GJK, 2021 WL 3729230, *1 (M.D. Fl. June 10, 2021); *Handbook on Civil Discovery Practice*, U.S. District Court for the Middle District of Fl. (Feb. 1, 2021), § 4(a).  Although good cause is the standard under Rule 26(c) for staying discovery, courts in the Eleventh Circuit "have superimposed a somewhat more demanding balancing of interests approach . . . ." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *cf. Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (citing *McCarty v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989)). "This

---

[2] Email from Plaintiff dated August 25, 2021.

requires the court to balance the parties' interests when deciding whether discovery should be stayed." *Zarnesky, supra* 2021 WL 3729230, *1. "In addition, the Court has the inherent power to control its docket and manage its cases. This power gives the Court authority to stay discovery." *Id.*; *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002); *The Andersons, Inc. v. Enviro Granulation, LLC*, Case No. 8:13-cv-3004-VMCMAP, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014).  The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice."  *Perez*, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas v. The Bank of New York Melon*, 676 App'x 926, 932 (11th Cir. 2017); *United States ex. Rel. Zafirov v. Florida Medical Associates, LLC*, No. 8:19-cv-1236, 2021 WL 2401937, *1 (M.D. Fla. June 11, 2021) ("Before allowing discovery to begin, district courts should attempt to resolve motions to dismiss to avoid unnecessary costs to litigants and the court") (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997)); *see also Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

Defendants submit that good cause exists for granting this stay request because it is unopposed by Plaintiff, and Defendants believe that the case can be disposed of on motions to dismiss without the necessity of engaging in the discovery process. Plaintiff does not agree with the relief sought by Defendants in their motions to dismiss but consents to the stay of discovery as set forth herein.

## CONCLUSION

Based on the above reasoning and authorities, Defendants respectfully request that the Court grant this Motion and stay all discovery until after the Court rules on the pending motions to dismiss the complaint filed by Defendants, or rules on motions to dismiss any amended complaint that Plaintiff has indicated he intends to file. To provide for the continued efficient management of this case, the parties respectfully suggest that the order granting the motion for stay of discovery provide that:

1)      Within seven days of the issuance of a ruling on the motions to dismiss, the parties shall hold a supplemental Case Management Conference; and

2)      Within seven days of the supplemental Case Management Conference, the parties shall submit a supplemental Case Management Report to the Court.[3]

Date: August 30, 2021                              Respectfully submitted,

---

[3] *See, e.g. Zafirov, supra,* 2021 WL 2401937, at *1 (providing for a 10 and five day period for supplemental meeting and report following termination of a discovery stay).

| | |
|---|---|
| STINSON LLP<br>1775 Pennsylvania Avenue, N.W.<br>Suite 800<br>Washington, D.C. 20006<br>Telephone: (202) 728-3005 | TORRICELLA LAW PLLC<br>Town Center One, Suite 2217<br>8950 Southwest 74th Court<br>Miami, Florida 33156<br>Telephone: (305) 677-7644 |
| By: /s/ Roy Goldberg<br>M. Roy Goldberg<br>Roy.goldberg@stinson.com<br>(Admitted *Pro Hac Vice*) | By: /s/ Maurice J. Baumgarten<br>Roberto A. Torricella, Jr.<br>Florida Bar No. 907472<br>Robert@TorricellaLaw.com<br>Maurice J. Baumgarten<br>Florida Bar No. 25324<br>Maurice@TorricellaLaw.com |

Counsel for Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc. and JetBlue Airways Corporation

| | |
|---|---|
| HENDERSON FRANKLIN STARNES & HOLT, P.A.<br>1715 Monroe Street<br>Ft. Myers, Florida 33801<br>Phone: (239) 344-1299<br>William Boltrek III<br>Kyle C. Dudek<br>Email: William.BoltrekIII@henlaw.com<br>Kyle.Dudek@henlaw.com | ADLER MURPHY & McQUILLEN LLP<br>20 South Clark Street, Suite 2500<br>Chicago, Illinois 60603<br>Phone: (312) 345-0700<br><br>By: /s/ Brian T. Maye<br>Brian T. Maye<br>(admitted *pro hac vice*)<br>Email: bmaye@amm-law.com |

Counsel for Defendants Frontier Airlines, Inc. and Allegiant Air, LLC

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

By:  /s/ Miguel A. Morel
Miguel A. Morel
Florida Bar No. 89163
Email: mamorel@littler.com

Counsel for Defendant Spirit Airlines, Inc.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that on August 27, 2021 the undersigned counsel for Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc. and JetBlue Airways Corporation, engaged in a telephone conversation with Plaintiff Lucas Wall, as well as exchange preliminary emails and follow-up conformation emails, regarding the Defendants' request for a stay of discovery pending the resolution of motions to dismiss the current complaint or an amended complaint. The parties reached agreement on seeking a stay of discovery with the proviso that:

1.  The parties would, as directed by the Court, hold a case management conference on or before September 10, 2021, and submit a case management report to the Court on or before September 24, 2021;

2.  The parties would discuss a tentative "discovery plan" under Section 9 of the Uniform Case Management Report with the understanding that no actual discovery would be issued prior to the termination of the discovery stay; and

3.  The Unopposed Renewed Motion for Stay would suggest that the Court order the parties to hold a supplemental Case Management Conference within seven days of issuance of the ruling on the motions to

dismiss, and submit to the Court a supplemental Case Management Report within seven days of the supplemental Case Management Conference.

/s M. Roy Goldberg
M. Roy Goldberg

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 30, 2021, a true and correct copy of the foregoing UNOPPOSED RENEWED MOTION FOR STAY OF DISCOVERY PENDING RULING ON DEFENDANTS' MOTIONS TO DISMISS was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record.

/s Maurice J. Baumgarten
Maurice J. Baumgarten