# United States District Court
# Middle District Of Florida
# Orlando Division

LUCAS WALL,

        Plaintiff,

v.                                                                 Case No: 6:21-cv-1008-PGB-DCI

SOUTHWEST AIRLINES, ALASKA
AIRLINES, ALLEGIANT AIR, DELTA
AIR LINES, FRONTIER AIRLINES,
JETBLUE AIRWAYS and SPIRIT
AIRLINES,

        Defendants.

---

## Order

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Unopposed Renewed Motion for Stay of Discovery Pending Ruling on Defendants' Motions to Dismiss (Doc. 55)** |
| **FILED:** | **August 30, 2021** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

    Plaintiff, proceeding *pro se*, filed this action on June 14, 2021 against several airlines (collectively, Defendants) alleging claims related to requirements that passengers wear masks during air travel due to COVID-19.  Doc. 1.  On August 23, 2021, Defendants moved to dismiss the Complaint.  Docs. 41; 42; 45.  The parties then moved for an extension of time to conduct the case management conference and submit a case management report, and the Court granted in part that request but set those deadlines in September.  Docs. 52; 54.  The Court also directed that to

the extent the parties sought a stay the parties should confer and file an appropriate motion.  Doc. 54.

Now before the Court is Defendants' Unopposed Renewed Motion for Stay of Discovery Pending Ruling on Defendants' Motions to Dismiss.  Doc. 55 (the Motion).  Because Defendants assert that Plaintiff does not oppose the relief sought in the Motion (i.e., a stay of discovery pending resolution of the motions to dismiss), it is ripe for consideration.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").  A motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)); *see* Middle District Discovery (2015) at (I)(E)(4).  The moving party bears the burden of showing good cause to stay discovery.  *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2015) at (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden.").  In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery.  *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652-53 (internal quotation marks omitted).

Here, there is no doubt that the pending motions to dismiss are entirely case dispositive, if granted.  In the motions to dismiss, in sum, Defendants assert that "that neither of the statutes which Plaintiff claims Defendants have violated – the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA") nor 49 U.S.C. § 44702 -- provides a private right of action against air carriers."  Doc. 55 at 3.  If there is not private right of action, that would appear to resolve this action entirely.  Perhaps because the Motion is unopposed, though, Defendants provide little argument that their motions to dismiss are clearly meritorious.  And, certainly, the Court does not deem Plaintiff's lack of opposition to the requested stay as a concession in this regard.  Thus, the Court must—and has—taken a preliminary peek at the motions to dismiss.  Upon review (and understanding that Plaintiff has not yet had an opportunity to respond to the motions to dismiss and that such a response may dictate a contrary ruling), the Court finds that Defendants' motions to dismiss are clearly meritorious.  As the Court stated in its Order denying Plaintiff's motion for temporary restraining order:

> As the Eleventh Circuit has explained, "It is indisputable that the ACAA does not expressly provide a private entitlement to sue in district court." *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002). "Moreover, taken together, the text of the ACAA . . . and the surrounding statutory and regulatory structure create an elaborate and comprehensive enforcement scheme that belies any congressional intent to create a private remedy." *Id*. Accordingly, the Love court held that the ACAA does not create an implied private right of action. *Id*. at 1360.

Doc. 8 at 4.  Accordingly, taking into consideration that the relief requested in the Motion is unopposed, the Court finds that the Motion is due to be granted and discovery in this case is due to be stayed pending a final ruling on the motions to dismiss.

The Court also notes that Plaintiff's opposition was contingent upon the parties meeting and conducting a case management conference now, submitting a case management report now, and then—if the motions to dismiss are denied—conducting a supplemental case management

conference and submitting a supplemental case management report later. While somewhat unusual, the Court finds this request is due to be granted. Further, the request now before the Court is to stay discovery, not to stay any other deadline that might be at issue in a case management and scheduling order. Thus, the Court finds that the parties should proceed with he case management conference, and recommends that they attempt to take into account this stay in proposing the deadlines required in the case management report.

Accordingly, it is **ORDERED** that the Motion (Doc. 55) is **GRANTED** such that:

1. Discovery is **STAYED**;

2. On or before September 10, 2021, the parties shall conduct the Case Management Conference and, on or before September 24, 2021, the parties shall file a Case Management Report.

3. Within seven days of the issuance of a final ruling by the district judge on the motions to dismiss (or any motions to dismiss later filed if Plaintiff amends the Complaint prior to such a ruling), the parties shall hold a Supplemental Case Management Conference. Within seven days of the Supplemental Case Management Conference, the parties shall submit a Supplemental Case Management Report to the Court.

**ORDERED** in Orlando, Florida on September 1, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE