# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUCAS WALL,**

     **Plaintiff,**

**v.**               **Case No: 6:21-cv-1008-PGB-DCI**

**SOUTHWEST AIRLINES, ALASKA
AIRLINES, ALLEGIANT AIR, DELTA
AIR LINES, FRONTIER AIRLINES,
JETBLUE AIRWAYS and SPIRIT
AIRLINES,**

     **Defendants.**

_____

## ORDER

 Plaintiff, proceeding *pro se*, initiated this action against several airlines challenging their requirements that their passengers wear masks due to the COVID-19 pandemic.  Doc. 1.  Defendants filed motions to dismiss and, within the time permitted for a response to those motions, Plaintiff filed the Amended Complaint.  Doc. 61.  In the Amended Complaint, Plaintiff purports to join a dozen additional individual *pro se* plaintiffs to this case.  *Id.*  In addition, Plaintiff and the other *pro se* plaintiffs purport to bring the Amended Complaint "on behalf of themselves and all others similarly situated"—specifically, a proposed "Disabled Class" defined in the Amended Complaint.  *Id.*

 Likely recognizing his inability to represent any other person in this case—because he is proceeding *pro se* and is not a member of the bar of this Court—Plaintiff filed two notices in conjunction with the Amended Complaint.  In the first, titled "Notice of Lead Plaintiff & Class Representative," Plaintiff and each purported additional *pro se* plaintiff state jointly:

> We understand Mr. Wall is not an attorney and therefore may not represent us. Proceeding pro se, we are responsible for representing ourselves. However, for efficiency and judicial economy, we plan to work collectively as a group and make

decisions by majority vote. But as we are all representing ourselves, we reserve the right to make separate filings should our individual interests diverge from that of the group.

For all filings made by the group, we authorize Mr. Wall to submit documents on our behalf to the Court using the CM/ECF system once we have approved them. For all consultations with the Defendants' counsel, we authorize Mr. Wall to communicate with the lawyers, then submit any preliminary decisions to the group for a vote. Mr. Wall will then relay our determination to the lawyers.

Doc. 64.  In the second notice, titled "Plaintiffs' Waiver of Individual Service," each additional individual plaintiff purports to waive the right to service of any document, stating that:

[W]e waive our right to receive individual service of all filings pursuant to Fed.R.Civ.P. 5(b)(2)(E).

Lucas Wall, whom we have appointed lead plaintiff and class representative, is approved to file and receive service using the Court's CM/ECF system. Doc. 12. Upon receipt of all service of Court orders and the defendants' filings, Mr. Wall will immediately download the documents and forward them by e-mail to all dozen additional plaintiffs. This system will be more efficient for us, and also benefits the Court and all defendants by not making them send us papers all individually by postal mail.

Doc. 65.

It is axiomatic that a *pro se* party cannot represent another party before this Court.  *See Franklin v. Garden State Life, Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("the right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others") (quoting 28 U.S.C. § 1654); *U.S. ex. Rel. Stonstorff v. Blake Med. Ctr.*, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003) ("Axiomatically, a lay person is entitled to represent only himself, not any other person or entity.").  This rule applies equally to named parties and members of a proposed class.  *See In re Taylor Bean, & Whitaker Mortg. Corp.*, 2011 WL 52545420, at *2 (M.D. Fla. Oct. 24, 2011) ("As an initial matter, *pro se* litigants may not represent a class") (citing *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)).

Here, Plaintiff filed an Amended Complaint that purports to include a dozen additional *pro se* plaintiffs and a proposed class. Because amendment as of right is timely, Plaintiff rightly did not seek leave of Court to file the Amended Complaint. But that does not mean it can stand as filed. Nor do Plaintiff's notices purporting to make him "lead plaintiff" solely entitled to service of documents and to allow him to act in that "lead" role with decisions of the thirteen plaintiffs made by "a majority vote" pass muster. Lawyers similarly receive service of a documents in a case and act based on decisions made by their clients; Plaintiff's assurances that he is not acting as a lawyer in this case do nothing if he is, in fact, acting as a lawyer in this case. Plaintiff is further warned that the unauthorized practice of law is not permitted before this Court or in this State. The Court has an independent obligation to manage its docket and the conduct of litigants.

On or before September 30, 2021, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why the Amended Complaint should not be stricken (without prejudice and with leave to re-plead) because: (1) it purports to bring class action claims by a *pro se* plaintiff; and (2) it purports to allow a *pro se* plaintiff to act as "lead plaintiff" for a group of other *pro se* plaintiffs. To the extent Plaintiff asserts that he may proceed through the filing of "notices" or "waivers" by other *pro se* plaintiffs, Plaintiff shall provide legal authority supporting his assertions. In the alternative, Plaintiff may file a second amended complaint on or before September 30, 2021.

Defendants' obligation to respond to the Amended Complaint is tolled pending the Court's decision on this matter, though they each may file a response to Plaintiff's filing seven days after Plaintiff files a response to the Order to Show Cause.

**ORDERED** in Orlando, Florida on September 15, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE