IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUCAS WALL,

    Plaintiff,

v.                                              Case No.: 6:21-cv-01008-PGB-DCI

SOUTHWEST AIRLINES, et al.,

    Defendants.

_____/

### SPIRIT AIRLINES, INC.'S RESPONSE TO PLAINTIFFS' ANSWER TO THE COURT'S ORDER TO SHOW CAUSE

Defendant, Spirit Airlines, Inc., hereby responds to Plaintiff Lucas Wall's mandated Response to the Court's Order to Show Cause [Doc. 72]. Spirit will limit its response to the Plaintiff's effective failure to address the discrete matters contained in the Court's Order to Show Cause [Doc. 67].

**I.   Events Leading Up to The Order to Show Cause.**

While Plaintiff Wall now may be trying to lead a collective of anti-mask activists to engage in civil disobedience onboard flights bound to Washington, D.C.,[1] he cannot lead that same collective in court.

---

[1] *See* Announced Plans for "Operation Freedom to Breathe Flights" on October 25, 2021: https://www.facebook.com/groups/againstmaskmandates/posts/1262040530986017/ The posting explains: "Plaintiffs in Wall v. Southwest Airlines and the upcoming case Wall v. Fauci are seeking

The Court's Order to Show Cause was triggered after Mr. Wall, and other aspiring *pro se* plaintiffs filed an Amended Complaint on behalf of themselves and a proposed "Disabled Class," which these plaintiffs claim is composed of "similarly situated" individuals. [Doc. 61]. Mr. Wall filed two notices in connection with the Amended Complaint. **In the first notice**, titled "*Notice of Lead Plaintiff & Class Representative*," the would-be *pro se* plaintiffs request that Mr. Wall be permitted to submit documents on their behalf and also attempt to appoint Mr. Wall as the lead class "representative."  [Doc. 64]. **In the second notice**, titled "*Plaintiff's Waiver of Individual Service*," each potential plaintiff purports to waive their right of service of any document – based on a distorted reading and interpretation of Federal Rule

---

volunteers to participate in "Operation Freedom to Breathe Flights," in which we hope to get anti-mask-mandate passengers on all seven airlines we have sued to fly into Washington on or about Oct. 25 to join us at the federal courthouse to file the lawsuit against Dr. Fauci and dozens of other federal officials who illegally conspired to put the Federal Transportation Mask Mandate into place.

Logistics are still in the planning phase, but if you participate here's a few things to know: Each protester must be able to contribute a sum in the area of $300-400 to an OFBF fund to cover the cost of plane tickets. This amount will be set by the steering committee soon. You must be free all day on Oct. 25 (or another date nearby that is selected) to fly from your home airport to a hub airport to meet up with other freedom flyers for a connection to Washington. You must be willing on the flight to D.C. to remove your mask when the seatbelt sign is turned off and refuse to put it back on. All flyers will be given legal documents to hand to the flight attendants who come around demanding the muzzles be put back on.

You must be willing to suffer the consequences including likely being placed on that airline's no-fly list and issued a civil fine by TSA (which we all will contest in court together). You absolutely must agree to a SILENT & PEACEFUL in-flight protest."

of Civil Procedure 5(b)(2)(E).² [Doc. 65].

## II. The Limited Issues Mr. Wall was Requested to Address in the Court's Order to Show Cause.

In its Order to Show Cause, the Court expressly cited to binding legal authorities, which stand for the proposition that a *pro se* party **cannot** represent another party in the courts within this Circuit – which is precisely what Mr. Wall is attempting to accomplish. For instance, the Court cited:

- ***Franklin v. Garden State Life Ins***., 462 F. App'x 928 (11th Cir. 2012) ("The right to appear *pro se* . . . is limited to those parties conducting their own cases and does not apply to persons representing the interests of others.").

- ***U.S. ex rel. Stronstorff v. Blake Med. Ctr***., No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. 2003) ("Axiomatically, a lay person is entitled to represent only himself, not any other person or entity.").

There are scores of cases from this Circuit, and from around the country, which stand for the same proposition as *Franklin* and *Stronstorff*. In fact, this principle has been codified in 28 U.S.C. § 1654, which states that "in all courts of the United States the parties may plead ***and conduct their own cases personally or by counsel*** . . . ." *Id*.

---

² Fed. R. Civ. P. 5(b)(2)(E) ("A paper is served under this rule by: sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing-in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served . . .")

3

For this reason, the Court appropriately warned Mr. Wall that his proposed plan will necessarily put him in a position where he will be engaged in the unauthorized practice of law – irrespective of Mr. Wall's arguments to the contrary and self-praise for his acumen. And while Mr. Wall is perhaps a stronger writer and advocate than some bar members, the fact remains that he is not licensed to practice in any court of law – let alone before this Court.

Given these concerns, the Court Ordered Mr. Wall to Show Cause why the Amended Complaint should not be stricken based on the following two reasons:

>    ***First***, because it purports to bring class action claims by a *pro se* plaintiff;
>
>    ***Second***, because it purports to allow a *pro se* plaintiff to act as lead plaintiff for a group of other *pro se* plaintiffs.

To the extent Mr. Wall believes he may proceed through the filing of "notices" and "waivers" by other *pro se* plaintiffs, the Court also requested Mr. Wall to provide legal authorities in support of his position. [Doc. 67 at 3].

Though these two issues are fairly limited, Mr. Wall bypassed the Court's directives and proceeded to file a 38-page response. And while the other potential *pro se* plaintiffs were not invited to file a response to the Order to Show Cause, these individuals (according to Mr. Wall) proceeded to join him in responding to the Show Cause Order without leave of Court. Indeed, Mr. Wall signed the Response as "lead plaintiff and class representative," and the remaining would-be plaintiffs followed.

### III. Mr. Wall Takes the Liberty to Reframe the Issues and Submits a Tome Addressing Myriad Issues Aside From Those He Was Directed to Address in the Court's Order to Show Cause.

Mr. Wall reframed the two issues in the Court's Order to Show Cause and morphed them into *six different and distinct issues* – which he was not asked to address. Specifically, Mr. Wall boldly states as follows: "the Court issued a Show Cause Order directing *plaintiffs* to address these questions:

**(1)** Are the 12 additional plaintiffs properly joined?

**(2)** May the plaintiffs determine how they will associate and organize to collectively prosecute their claims?

**(3)** May a group of plaintiffs select a lead plaintiff and class representative?

**(4)** Is Lead Plaintiff & Class Representative Lucas Wall engaging in the unauthorized practice of law?

**(5)** May each plaintiff waive individual service? and

**(6)** May a group of nonprisoner *pro se* plaintiffs file a putative class action?" [Doc. 72 at 2].

So consumed was Mr. Wall in addressing his self-imposed questions, he failed to effectively address the two questions contained in the Court's Order to Show Cause in his 38-page response (*i.e.*, whether the Amended Complaint should be stricken because (1) it purports to bring class action claims by a *pro se* plaintiff or (2) because it purports to allow a *pro se* plaintiff to act as lead plaintiff for a group

of other *pro se* plaintiffs). Notably, Mr. Wall makes no attempt to address or distinguish the legal authorities provided by the Court -- and, with good reason. The binding and governing law of this Circuit prohibits a *pro se* plaintiff like Mr. Wall to serve as a lead class representative purportedly to represent the interests of others.

## CONCLUSION

Setting aside the fact that Mr. Wall has ignored the local rules by filing a 38-response without leave of Court, Mr. Wall has failed to provide an adequate and direct response to this Court's Order to Show Cause. As a result, Mr. Wall's Amended Complaint should be stricken.

Dated: September 30, 2021　　　　　　　　Respectfully submitted,

**LITTLER MENDELSON, P.C**.

/s/ *Miguel A. Morel*
Miguel A. Morel
Florida Bar No. 89163
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel. 305.400.7500
Email:  mamorel@littler.com

***Counsel for Defendant,***
***Spirit Airlines, Inc.***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 30th day of September 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a notice of electronic filing to all parties of record and by email to Plaintiff at Lucas.Wall@yahoo.com.

                                     BY:  */s/ Miguel Morel*
                                                     Miguel A. Morel