UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUCAS WALL, et al.,

    Plaintiffs,                                            Case No. 6:21-cv-1008-PGB-DCI

v.

SOUTHWEST AIRLINES, et al.,

    Defendants.

_____/

**DEFENDANTS FRONTIER AIRLINES, INC. AND ALLEGIANT AIR, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Defendants FRONTIER AIRLINES, INC. ("Frontier") and ALLEGIANT AIR, LLC ("Allegiant") (collectively "Defendants"), by their undersigned counsel, in Reply to Plaintiff's Response to the Court's Order to Show Cause, state as follows:

## I.    INTRODUCTION

This civil action arises from a 94-page Complaint filed by *pro se* Plaintiff Lucas Wall ("Plaintiff") on June 14, 2021, against seven separate air carriers, including Defendants, stemming from the federal mask mandate as it applies to airline passengers and alleging violations of federal statutes. Frontier and Allegiant moved to dismiss Plaintiff's Complaint as the claims fail as a matter of law because there is no private right of action under the ACAA (Counts 1 and 2) or 49 U.S.C. § 44702 (Count 3).

On September 13, 2021, Plaintiff filed a 227-page Amended Complaint, adding other named *pro se* plaintiffs, new claims and a putative class action. (ECF 61) On

1

September 15, 2021, the Court issued an Order to Show Cause as to why the Amended Complaint should not be stricken because: (1) it purports to bring class action claims by a *pro se* plaintiff; and (2) it purports to allow a *pro se* plaintiff to act as "lead plaintiff" for a group of other *pro se* plaintiffs. (ECF 67) On September 24, 2021, Plaintiff filed a 38-page Response to the Court's Order to Show Cause. Plaintiff's Response fails to establish that the law permits a *pro se* plaintiff to bring a putative class action and serve as "lead plaintiff." (ECF 72) As such, this Court should strike the Amended Complaint.

## II.    ARGUMENT

**A.    Class Actions by *Pro Se* Plaintiffs Are Not Permitted.**

In the Court's Order to Show Cause, it cites to numerous cases that establish that *pro se* plaintiffs cannot bring putative class actions. *See In re Taylor Bean, & Whitaker Mortg. Corp.*, 2011 WL 52545420, at *2 (M.D. Fla. Oct. 24, 2011) ("[a]s an initial matter, *pro se* litigants may not represent a class") (citing *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)). In response, Plaintiff asserts that these cases "bear no relevance to the issue at bar," and "the Court's suggestion does not comport with the requirements of Fed.R.Civ.P. 23." (ECF 72, at 21) In dismissing the Court's reliance on the referenced case law, Plaintiff claims "the Court is confusing the ability of plaintiffs in this case to propose a class action, which does not require representation by counsel, versus their ability to certify a class action, which does require a lawyer." (ECF 72, at 23) Plaintiff does not cite to any case law supporting his position that *pro*

*se* plaintiffs can bring putative class actions. Rather, Plaintiff summarily concludes that "the Court's supposition that a group of nonincarcerated *pro se* plaintiffs may not file a putative class action appears to be without merit." (ECF 72, at 25)

Plaintiff then argues that he "has a constitutionally guaranteed right to assist and advise [] other" *pro se* plaintiffs (ECF 72, at 14), and that he "functions…as a chosen, capable lead plaintiff to help guide the group through the challenges of federal litigation against giant corporations." (ECF 72, at 17). Plaintiff further contends that he has prosecuted this case "in the interest of not just himself, but the tens of millions of Americans negatively affected by the FTMM and the airlines' discriminatory policies." (ECF 72, at 29). In effect, Plaintiff has admitted that he is attempting to act as legal counsel for the other *pro se* plaintiffs and proposed class members, and he believes the Court is wrong in its interpretation of the law. Defendants disagree with Plaintiff's position and agree with the Court that the law does not permit *pro se* plaintiffs to represent proposed class members. Accordingly, this Court should strike Plaintiff's Amended Complaint.

B.   **Plaintiff Cannot Act as "Lead Plaintiff" for a Group of Other *Pro Se* Plaintiffs.**

For the same reasons discussed above, Plaintiff cannot act as the "lead plaintiff" on behalf of other *pro se* plaintiffs. In an attempt to provide authority in support of his position, Plaintiff wrongly interprets the federal and local rules as allowing a *pro se* plaintiff to act on behalf of others. *See* M.D. Fla. Local Rule 2.02(a) (regarding appearances and withdrawals of *lawyers*); Fed. R. Civ. P. 5(b)(2)(E) (regarding service

of court documents). The rules cited by Plaintiff, however, do no such thing. Indeed, Plaintiff's attempt to receive notices and service on behalf of other *pro se* plaintiffs illustrates his disregard for the rules prohibiting the unauthorized practice of law. Plaintiff's attempt to act as counsel for the other plaintiffs should not be permitted, and the Amended Complaint should be stricken. *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Fla. 1991) ("It is well established that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in a federal court") (citing *People ex. Rel. Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978)).

### III.  CONCLUSION

Plaintiff's attempt to act on behalf of other *pro se* plaintiffs and proposed class members is not permitted under the law. Accordingly, Plaintiff's Amended Complaint should be stricken.

Date: September 30, 2021                Respectfully submitted,

**FRONTIER AIRLINES, INC. and ALLEGIANT AIR, LLC**

By: /s/ Brian T. Maye

Brian T. Maye (admitted pro hac vice)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
bmaye@amm-law.com

-And –

4

                    William Boltrek III
                    Kyle C. Dudek
                    HENDERSON FRANKLIN STARNES
                    & HOLT, P.A.
                    1715 Monroe Street
                    Ft. Myers, Florida 33801
                    Phone: (239) 344-1299
                    William.BoltrekIII@henlaw.com
                    Kyle.Dudek@henlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on September 30, 2021, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of Florida using the CM/ECF system.

/s/  Brian T. Maye