# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, | : |
| Plaintiffs, | : Case No. 6:21-cv-1008-PGB-DCI |
| v. | : District Judge Paul Byron |
| **SOUTHWEST AIRLINES** *et al.*, | : Magistrate Judge Daniel Irick |
| Defendants. | : |

### PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSES TO COURT'S SHOW CAUSE ORDER REGARDING AMENDED COMPLAINT

COME NOW plaintiffs, *pro se*, and reply with leave of the Court (Doc. 78) to the defendants' responses in opposition (Docs. 74-76) to our response (Doc. 72) to the Order to Show Cause ("OTSC") (Doc. 67).

### I. ARGUMENT

**A. Defendants made numerous false statements and unsubstantiated arguments in their opposition responses that must be corrected.**

Plaintiffs appreciate the Court's leave to counter the erroneous claims and unsupported arguments all seven Airline Defendants make in their responses to the OTSC, in which they ask the Court to strike our Amended Complaint (Doc. 61). The defendants offer shallow arguments supporting striking because they clearly are afraid of being subjected to a putative class action for their unlawful discrimination against the disabled during the COVID-19 pandemic and their actions prescribing

1

– without a medical license and in violation of the Food, Drug, & Cosmetic Act – all of their tens of millions of customers to use emergency or unauthorized medical devices (face masks).

First, Defendant Spirit claims that plaintiffs did not "address the discrete matters contained in the Court's Order to Show Cause." Doc. 74 at 1. Spirit likewise incorrectly asserts that plaintiffs presented "six different and distinct issues – which [they were] not asked to address." *Id* at 5. Defendants Southwest, Alaska, Delta, and JetBlue made a similar claim. Doc. 75 at 2-3. This is perplexing because the OTSC directed plaintiffs to show cause why the Amended Complaint should not be struck because:

> "(1) it purports to bring class action claims by a *pro se* plaintiff; and (2) it purports to allow a *pro se* plaintiff to act as 'lead plaintiff' for a group of other *pro se* plaintiffs. To the extent Plaintiff asserts that he may proceed through the filing of 'notices' or 'waivers' by other *pro se* plaintiffs, Plaintiff shall provide legal authority supporting his assertions." Doc. 67.

In a subsequent order, the Court clarified that "the OTSC is [also] directed … to Plaintiff's attempt to join additional *pro se* named plaintiffs…" Doc. 69. Contrary to the five defendants' claims, plaintiffs addressed the questions raised in the OTSC and subsequent Endorsed Order at length. Doc. 72 at 2-15 & 19-37. Although not ordered to do so, plaintiffs also argued why Lead Plaintiff & Class Representative Lucas Wall is not engaged in the unauthorized practice of law (*Id*. at 15-19) because the Court expressed concern that "Plaintiff's assurances that he is not acting as a lawyer in this case do nothing if he is, in fact, acting as a lawyer in this case. Plaintiff is further warned that the unauthorized practice of law is not permitted before this

2

Court or in this State." Doc. 67 at 3. The five defendants' contention we did not address all the matters contained in the OTSC and/or invented new questions to answer is plainly wrong.

Second, Defendant Spirit falsely states that plaintiffs made "no attempt to address or distinguish the legal authorities provided by the Court." Doc. 74 at 6. Again this is befuddling because plaintiffs directly addressed the three cases cited by the Court in the OTSC and argued they "bear no relevance to the issue at bar." Doc. 72 at 21-22.

Third, Defendant Spirit erroneously claims that plaintiffs "ignored the local rules by filing a 38-response." Doc. 74 at 6. But there is no Local Rule setting a page limit for a response to an OTSC, nor did the OTSC itself set a maximum.

Fourth, Defendants Southwest, Alaska, Delta, and JetBlue incorrectly assert "that Mr. Wall is attempting to act as class counsel." Doc. 75 at 1. Defendants Allegiant and Frontier likewise wrongly claim Mr. Wall is "attempt[ing] to act as counsel for the other plaintiffs." Doc. 76 at 4. These are serious allegations levied against Mr. Wall as practicing law without a license is third-degree felony in this state, the Florida Bar may prosecute violations civilly before the Florida Supreme Court, and such conduct is also subject to sanctions by this Court. These six defendants libel Mr. Wall by accusing him – with absolutely no proof – of a crime, and appear to allege Mr. Wall has made up a dozen fictitious people to serve as coplaintiffs. Whereas plaintiffs have extensive proof Mr. Wall is not acting as an attorney for the joined plaintiffs (and is complying with Fed.R.Civ.P. 5(b)(2)(E) regarding the

3

right to waiver of individual service). Exs. 1-3.[1] *See also* declarations of the 12 added plaintiffs made under penalty of perjury describing their claims against the defendants, most with supporting documentation attached. Doc. 62 at Exs. 19-30.

Finally, Defendants Allegiant and Frontier incorrectly argue that plaintiffs do "not cite to any case law supporting [their] position that *pro se* plaintiffs can bring putative class actions." Doc. 76. Yet we cited at least eight cases showing courts have held the restriction on *pro se* plaintiffs not being able to file a putative class action only applies to prisoners and others proceeding *in forma pauperis* ("IFP"). Doc. 72 at 24-25.

It's notable that not a single defendant cited a single case holding that nonincarcerated, non-IFP plaintiffs may not file a proposed class action (whereas plaintiffs cited caselaw and Fed.R.Civ.P. 23 showing counsel is only needed when a motion to certify the class is submitted). Spirit contends "There are scores of cases from this Circuit, and from around the country" holding that nonprisoner/IFPs can't file a class action, but it cites zero. Doc. 74 at 3. Defendants Allegiant and Frontier cite only one case, and it was previously noted in the OTSC and rebutted by plaintiffs: *In re Taylor Bean, & Whitaker Mortg. Corp.*, 2011 WL 52545420, at *2 (M.D. Fla. Oct. 24, 2011), which plaintiffs are unable to locate. But that case

---

[1] Plaintiffs submit these records as evidence contradicting the six defendants' libelous accusations that Mr. Wall is engaged in criminal behavior and to assure the Court all plaintiffs are actively participating in this prosecution. Although plaintiffs' correspondence are not covered by attorney/client privilege since we are *pro se*, we have redacted portions of these records that involve collaboration on our legal strategy and other discussions not appropriate for disclosure to the defendants.

4

relies on *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005), which applies only to prisoners. Doc. 72 at 22. These defendants offer no caselaw whatsoever pertaining to nonprisoners/IFPs. Therefore, the Amended Complaint should not be struck.

### B. The Court should ignore irrelevant statements made by five defendants. But if the Court considers them, it must also look at a key factual omission that all five support the right to fly maskless.

Defendants Southwest, Alaska, Delta, JetBlue and Spirit attempt to muddy the waters by informing the Court of irrelevant material outside the scope of the OTSC (Docs. 74 & 75): plaintiffs' and their supporters' preliminary "Freedom to Breathe Flights" plan to engage in silent and peaceful mask-free "sit-ins" aboard aircraft heading to Washington, D.C., to: A) protest the defendants' unlawful discrimination against the disabled and illegal prescribing without a license of forced use of emergency medical devices; B) petition the government for a redress of grievances by filing a lawsuit in the U.S. District Court for the District of Columbia against dozens of federal officials who illegally conspired to put into place the unlawful and unconstitutional Federal Transportation Mask Mandate ("FTMM"); and C) exercise our First Amendment rights to hold protests outside the federal courthouse in the nation's capital and at numerous airports around the nation to condemn the defendants' and federal officials' illegal and unconstitutional actions.

Plaintiffs' tentative plans to collaborate with others to stage sit-in protests against illegal mask mandates are beyond the scope of the OTSC and this entire

5

litigation (although plaintiffs have a right to continue to test whether the defendants are still illegally discriminating against the disabled, etc.) The Court should ignore these defendants' irrelevant statements, made only in an effort to inflame the Court. Furthermore, plaintiffs' and supporters' proposed actions would not constitute "unlawful defiance of the mask requirement." Doc. 75 at 2. As there is no law passed by Congress mandating face coverings in the transportation sector and defendants have no license to practice medicine by prescribing the use of emergency or unauthorized medical devices to passengers, plaintiffs' sit-ins, if carried out, would be entirely lawful.

Plaintiffs have a legal right to stage anti-discrimination protests in places of public accommodation such as commercial aircraft operated by common carriers. The Air Carrier Access Act and Rehabilitation Act, like the Civil Rights Act,

> "forbid[] discrimination in places of public accommodation and remove[] peaceful attempts to be served on an equal basis from the category of punishable activities. … nonforcible attempts to gain admittance to or remain in establishments covered by the Act, are immunized from prosecution… the public policy of our country is to prohibit discrimination in public accommodations…" *Hamm v. Rock Hill*, 79 U.S. 306 (1964).

Acts of Congress forbidding the defendants from excluding the disabled from flying make clear that the law "protects those who refuse to obey such an order not only from conviction in state courts, but from prosecution in those courts." *Georgia v. Rachel*, 384 U.S. 780 (1966). "Congress, in other words, gave these [protesters] the right to enter the restaurants in question, to sit there, and to be served – a right that was construed by this Court to include immunity from prosecution…" *Id*. (Douglas, Brennan, & Fortas, JJ.; & Warren, C.J., concurring).

6

Defendants Southwest and Spirit, while pointing the Court to a Facebook post outside the record, conveniently fail to advise the Court of relevant evidence that has been filed: Their top executives – as well as Airlines for America, which represents Defendants Southwest, Alaska, Delta, and JetBlue – oppose the FTMM and support flyers' right to breathe freely. Doc. 62 at Exs. 122-124 & 143. These airlines' defense of this case is bewildering considering they have made public statements supporting what the plaintiffs want: equal opportunity to use the nation's commercial aviation system free of discrimination and unlawful mandates to use medical devices unapproved by the Food & Drug Administration.

## II. CONCLUSION

The Amended Complaint charges the defendants with 30 counts of violating the Constitution, federal laws and regulations, tort laws, and treaties. Their responses to the OTSC are sloppily written, contain numerous errors of fact, cite no authority or evidence to sustain their arguments, and try to stir the pot by including extraneous material about plaintiffs' potential lawful protests but excluding their own admissions that they oppose the FTMM and support the plaintiffs' ability to fly without obstructing our breathing. The Court must not allow them to dodge liability for the harms they have caused plaintiffs and tens of millions of other flyers.

WHEREFORE, plaintiffs request the Court allow to stand as is the Amended Complaint and all Notices because they do not violate any statute, the Federal Rules of Civil Procedure, or the Local Rules.

All plaintiffs have reviewed and approved this reply.[2]

Respectfully submitted this 6th day of October 2021.

*Lucas Wall*
Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

*Aaron Abadi*          *Kleanthis Andreadakis*
Aaron Abadi, plaintiff    Kleanthis Andreadakis, plaintiff

*Eric Cila*            *Shannon Greer Cila*
Eric Cila, plaintiff      Shannon Greer Cila, plaintiff

*Anthony Eades*        *Uri Marcus*
Anthony Eades, plaintiff   Uri Marcus, plaintiff

*Yvonne Marcus*        *Kevin Leonardo McDonnell*
Yvonne Marcus, plaintiff   Kevin Leonardo McDonnell, plaintiff

*Peter Menage*         *Connie Rarrick*
Peter Menage, plaintiff    Connie Rarrick, plaintiff

*Jared Rarrick*        *Jennifer Rarrick*
Jared Rarrick, plaintiff   Jennifer Rarrick, plaintiff

---

[2] The Court granted plaintiffs leave to file a reply not exceeding seven pages. Doc. 78. In accordance with this Court's practice, plaintiffs do not count this signature page as part of the seven pages allowed for argument. *See Wall v. CDC* (Doc. 125: Federal Defendants granted leave to file 70-page combined brief – brief contained 70 pages of argument plus 18 pages of additional sections; and Doc. 147: Federal Defendants granted leave to file 14-page reply brief – brief contained 14 pages of argument plus nine pages of additional sections). *See also Wall v. CDC* Doc. 34, Magistrate Judge Daniel Irick's Order on Discovery Motions: "Neither the Motion nor any response thereto shall exceed 500 words, exclusive of caption, signature block, and certifications." Although this Order hasn't yet been filed in this case, plaintiffs assert it shows the Court's practice of excluding signatures from the words/pages allotted.