**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUCAS WALL, AARON ABADI, KLEANTHIS ANDREADAKIS, ERIC CILA, SHANNON GREER CILA, ANTHONY EADES, URI MARCUS, YVONNE MARCUS, KEVIN LEONARDO MCDONNELL, PETER MENAGE, CONNIE RARRICK, JARED RARRICK and JENNIFER RARRICK,**

      **Plaintiffs,**

v.                                              Case No: 6:21-cv-1008-PGB-DCI

**SOUTHWEST AIRLINES, ALASKA AIRLINES, ALLEGIANT AIR, DELTA AIR LINES, FRONTIER AIRLINES, JETBLUE AIRWAYS, SPIRIT AIRLINES and NUMEROUS UNNAMED EXECUTIVES OF THE 7 AIRLINES,**

      **Defendants.**

**ORDER**

This cause comes before the Court for consideration without oral argument on "Plaintiff Leonardo McDonnell's Unopposed Motion to Redact." Doc. 84 (the Motion).

On September 13, 2021, Plaintiff Lucas Wall electronically filed an Amended Complaint (Doc. 61) that was purportedly brought by several named plaintiffs (including Mr. McDonnell) and on behalf of a purported class. Pages 225, 226, and 227 of that Amended Complaint purport to contain signatures and signature blocks of the named plaintiffs—the signatures being stylized font and not actual signatures. None of those named plaintiffs had permission to file electronically, except Mr. Wall.

On October 20, 2021, Mr. Wall electronically filed a motion purporting to be from Mr. McDonnell, in which it was requested that the Court redact Mr. McDonnell's first name, phone number, and email address from his signature block in the Complaint. Doc. 81. It was asserted in that motion that Mr. McDonnell was a victim of an abusive relationship and feared being stalked, and that he had changed his name such that he removed his first name from his legal name. *Id*. The motion contains no memorandum of legal authority supporting the requested relief.

The Court promptly struck that motion because Mr. Wall has no permission to electronically file documents in this case on behalf of others. Doc. 82.

A few days later, the Court received the same motion, this time not filed electronically via the Court's CM/ECF system by Mr. Wall. Doc. 84 (the Motion). But the Motion contains the same argument and request and electronic signature. Once again, the Motion contains no memorandum of legal authority supporting the requested relief.

This incident raises serious concerns about Mr. Wall's activities in relation to attempting to represent other people before this Court. Indeed, taking the statements in the Motion as true, Mr. Wall may have placed Mr. McDonnell at physical or other risk by publicly exposing his telephone number, and email address in the Amended Complaint.[1] Yet this is just one of the myriad of unanticipated risks that may result from a pro se person (such as Mr. Wall) attempting to represent others (such as Mr. McDonnell) in court.

That said, the Court cannot simply take the Motion at face value, as it contains an improper signature—the same improper signature used on the document filed by Mr. Wall. Thus, the Court has no confidence that this Motion is from Mr. McDonnell. Indeed, Mr. McDonnell is not an

---

[1] The Motion also notes that Mr. McDonnell's name has changed, such that his name in his electronic signature and signature block is not accurate. But there is no indication as to whether his name changed before or after the amended complaint was filed.

approved electronic filer. As such, he may not file with an electronic signature; he must use an original signature. *See* Administrative Procedures for Electronic Filing, U.S. District Court, Middle District of Florida (rev'd Aug. 9, 2021); Fed. R. Civ. P. 5(d)(3).

Further, Mr. McDonnell is cautioned that even if the Court were to redact the Amended Complaint, his personal information (and the personal information of all the named plaintiffs) remains on the public docket of this case. Again, to the extent that the named plaintiffs did not intend this, it is another unintended consequence of allowing a pro se party to file a document in court on their behalf.

Finally, the Court does not lightly redact or seal existing portions of the public record. The Court has a Local Rule concerning sealing and redactions, and the Eleventh Circuit has precedent governing sealing. Neither standard was addressed or met.

Accordingly, the Motion (Doc. 84) is **DENIED**. To assist the Court in determining whether Mr. McDonnell is appropriately identified in this action though, on or before November 8, 2021, Mr. McDonnell is directed to file a notarized affidavit with an original signature stating his correct legal name and the date that his name changed.

Further, it is **ORDERED** that Mr. Wall is prohibited from filing any document on behalf of any other person in this case. While the Court makes no findings on this issue at this time, Mr. Wall is cautioned that the unauthorized practice of law is a felony criminal offense in Florida. *See* Fla. Stat. § 454.23.

Further, it is **ORDERED** that, on or before November 8, 2021, Mr. Wall shall show cause in writing why his electronic filling privileges in all cases before this Court should not be revoked because he abused his permissions by electronically filing documents on behalf of other persons,

including documents that purport to include electronic signatures by persons who are not authorized to file electronically.

      **ORDERED** in Orlando, Florida on October 26, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE