# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUCAS WALL, AARON ABADI,
KLEANTHIS ANDREADAKIS, ERIC
CILA, SHANNON GREER CILA,
ANTHONY EADES, URI MARCUS,
YVONNE MARCUS, KEVIN
LEONARDO MCDONNELL, PETER
MENAGE, CONNIE RARRICK, JARED
RARRICK and JENNIFER RARRICK,**

              **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　**Case No: 6:21-cv-1008-PGB-DCI**

**SOUTHWEST AIRLINES, ALASKA
AIRLINES, ALLEGIANT AIR, DELTA
AIR LINES, FRONTIER AIRLINES,
JETBLUE AIRWAYS, SPIRIT
AIRLINES and NUMEROUS
UNNAMED EXECUTIVES OF THE 7
AIRLINES,**

              **Defendants.**

---

# REPORT AND RECOMMENDATION

Lucas Wall (Plaintiff), proceeding *pro se*, initiated this case against seven defendant airline carriers (Defendants) challenging their requirements that passengers wear masks due to the COVID-19 pandemic. Doc. 1. Defendants filed motions to dismiss and, within the time permitted for a response to the motions, Plaintiff filed an Amended Complaint which names a dozen additional individuals as plaintiffs who are attempting to litigate the case as a class action. Doc. 61.

This matter is before the Court *sua sponte* because the undersigned raised the issue of whether the Amended Complaint can stand as filed.  For the reasons stated in this report, the undersigned recommends that it cannot and that the pleading is due to be stricken.

## I.    Procedural History

Plaintiff and the 12 purported additional named plaintiffs, all proceeding *pro se*, seek to bring the Amended Complaint "on behalf of themselves and all others similarly situated," a group that consists of two proposed classes.  *Id*.  According to the pleading, the "case appears to be the first putative class action in the nation against the Defendants for violating the civil rights of the disabled and violating the FDCA, among many other charges."  *Id*. at 7.  In conjunction with the Amended Complaint, Plaintiff filed a notice wherein the purported *pro se* plaintiffs "appoint" Plaintiff as "lead plaintiff and class representative" but acknowledge that Plaintiff is not an attorney and may not represent them.  Doc. 64.  Plaintiff also filed "Plaintiffs' Waiver of Individual Service," which states that the purported plaintiffs waive their right to service and Plaintiff will immediately download documents and forward them by e-mail upon receipt of Court orders and Defendants' filings.  Doc. 65.

On September 15, 2021, the undersigned entered an Order to Show Cause explaining that "[i]t is axiomatic that a *pro se* party cannot represent another party before this Court."  Doc. 67 at 2.  As such, the undersigned directed Plaintiff to show cause why the Amended Complaint should not be stricken because: (1) it purports to bring class action claims by a *pro se* plaintiff; and (2) it purports to allow a *pro se* plaintiff to act as "lead plaintiff" for a group of other *pro se* plaintiffs.  Doc. 67.   The order also directs Plaintiff to provide legal authority to the extent he asserts that he may proceed through the filing of "notices" and "waivers" by other *pro se* plaintiffs.  *Id*. at 3.  Alternatively, the undersigned gave Plaintiff permission to file a second amended complaint.  *Id*.

Notably, the undersigned added that Plaintiff's assurances that he is not acting as a lawyer amount to nothing if he is in fact acting as a lawyer in this case and warned that the unauthorized practice of law is not permitted before the Court or in this State. *Id.*

On September 24, 2021, Plaintiff filed a Response to the Order to Show Cause identifying himself as "lead plaintiff and class representative." Doc. 72 (the Response).[1] The Response includes the purported electronic signatures of the 12 *pro se* plaintiffs named in the pleading. Defendants filed Replies to the Response collectively arguing that the Response is inadequate, asserting that Plaintiff's attempt to act on behalf of other *pro se* plaintiffs and proposed class members is not permitted by law, and requesting that the Amended Complaint be stricken. Docs. 74, 75, 76. With leave of Court, Plaintiff filed his own Reply as "lead plaintiff and class representative," which is again purportedly joined in by the 12 *pro se* plaintiffs named in the Amended Complaint. Doc. 79.

The undersigned has reviewed the filings and recommends that the issues addressed in the Order to Show Cause are fatal to Plaintiff's pleading here.

## II.  Discussion

While the Order to Show Cause directs Plaintiff to respond to two concise questions as to why the Amended Complaint should not be stricken, Plaintiff interpreted the directive to require a response to the following:

(1) Are the 12 additional plaintiffs properly joined?;

(2) May the plaintiffs determine how they will associate and organize to collectively prosecute their claims?;

---

[1] Plaintiff currently has permission to filed via CM/ECF to litigate this matter. Doc. 12. The 12 purported *pro se* plaintiffs named in the Amended Complaint do not have permission.

(3) May a group of plaintiffs select a lead plaintiff and class representative?;

(4) Is Lead Plaintiff & Class Representative Lucas Wall engaging in the unauthorized practice of law?;

(5) May each plaintiff waive individual service?; and

(6) May a group of nonprisoner *pro se* plaintiffs file a putative class action?

Doc. 72.

Based on these questions, Plaintiff spends much of the Response arguing that the 12 purported plaintiffs are properly joined under Federal Rules of Civil Procedure 15(a) and 20(a). Doc. 72.  Plaintiff claims that the joinder is appropriate because they are all asserting the same right to relief and the 30 causes of action found in the Amended Complaint involve the same questions of law and many facts common to all plaintiffs.  *Id*. at 4-5.  It is Plaintiff's position that adding parties through amendment is permitted under the Rules and it promotes judicial economy because the "new plaintiffs" would otherwise seek joinder, intervention, or file their own complaints in other districts.  *Id*. 6-8.  Plaintiff asserts these individuals have a Constitutional right to assemble, are allowed to select Plaintiff as the lead and class representative, and the "Court's suggestion that an Amended Complaint is not the proper vehicle to add plaintiffs is not supported by any authority."  *Id*. at 8, 11, 12, 13.

But Plaintiff's arguments miss the mark.  The law is clear: 28 U.S.C. § 1654 authorizes a person to proceed *pro se* in federal court, but it does not allow a *pro se* litigant to represent others.  *See Timson v. Samson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (the right to proceed *pro se* in federal court under § 1654 is "a personal right that does not extend to the representation of the interest of others"); *U.S. ex. rel. Stonstorff v. Blake Medical Center*, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003) ("Axiomatically, a lay person is entitled to represent only himself, not any other

person or entity") (citing 28 U.S.C. § 1654); *Franklin v. Garden State Life Ins.*, 462 Fed. App'x 928, 930 (11th Cir. 2012) ("Section 1654 authorizes parties in federal cases to 'plead and conduct their own cases personally or by counsel") (citations omitted); *CFTC v. Alista Grp., LLC*, 2020 WL 8617560, at *1 (M.D. Fla. Dec. 28, 2020) ("Under 28 U.S.C. § 1654, a party may appear and conduct their own cases personally.  But a lay person cannot represent any other person or entity") (citations omitted).

This prohibition specifically applies in the context of class actions and extends to Plaintiff's attempt to act as a class representative without counsel.  He may not do so.  *See Holly v. Hardee's Food Sys.*, 2018 U.S. Dist. LEXIS 171067, at *2 (M.D. Fla. Sept.7, 2018) (finding that the amended class action complaint could not proceed because a *pro se* party cannot represent a class or any other individual in federal court), *report and recommendation adopted by* 2018 U.S. Dist. LEXIS 170050 (M.D. Fla. Oct. 2, 2018) (citations omitted); *Real v. Mission*, 2015 WL 4935627, at *5 (M.D. Fla. Aug. 08, 2015) ("Most significantly, a *pro se* litigant cannot prosecute a class action in this Court") (citations omitted); *Tamayo v. Ssa*, 2021 U.S. Dist. LEXIS 18276,at *2-3 (S.D. Fla. Jan. 8, 2021) ("Plaintiffs cannot bring a *pro se* class action.  Claims on behalf of others and class action claims must be filed by counsel"), *report and recommendation adopted by* 2021 U.S. Dist. LEXIS 18959 (S.D. Fla. Jan. 29, 2021) (citing *Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 810 (11th Cir. 2015)); *Prunty v. Agency for Healthcare Admin.*, 2017 WL 3782790 (M.D. Fla. Aug. 31, 2017) (finding that the inability to litigate on behalf of others "necessarily extends to a *pro se* plaintiff's ability to act as an adequate class representative.").

Moreover, the undersigned finds that Plaintiff's notices filed along with the Amended Complaint expressing the purported plaintiffs' intention to work as a group or to waive of service do not bypass this restriction.  Plaintiff certainly offers no legal authority for his position to the

contrary.  The rules regarding joinder aside, none of these plaintiffs proceeding *pro se* may litigate this matter on behalf of others, and the undersigned recommends that the Amended Complaint purporting to bring a class action cannot stand as the operative pleading.  *See Schatzel v. Duvel Cty. Sch. Bd.*, 2019 WL 3503011, at *1 (M.D. Fla. Aug. 1, 2019) (*sua sponte* striking the complaint in part because the plaintiff named additional plaintiffs "parens Patraie" without the right to represent the interest of others, and finding that in the amended complaint the plaintiff must assert only his claims and others seeking to join must sign the pleadings on their own behalf.).

Plaintiff's remaining arguments seem to concede that *pro se* litigants are restricted in their ability to assert claims on behalf of others in some circumstances, yet he still concludes that the prohibition does not apply to him or the 12 purported plaintiffs at this stage of the litigation. Specifically, Plaintiff argues that the restriction against *pro se* plaintiffs filing a putative class action only applies to prisoners and other proceedings *in forma pauperis*.  Doc. 72 at 22-24. Plaintiff contends that courts have determined that prisoners and individuals proceeding as paupers "are not equipped to adequately represent the interest of others because, *inter alia*, they often lack the intellectual capacity and financial resources to serve as a tentative class representative." *Id*. at 23.  Even so, Plaintiff asserts that the practical issues with prisoner litigation are not present here. *Id*.  With respect to the procedural posture of this case, Plaintiff adds that the Court is confusing the ability of plaintiffs to propose a class action (which Plaintiff asserts does not require representation by legal counsel) with their ability to certify a class action (which Plaintiff concedes does require a lawyer).  *Id*.  It seems that Plaintiff claims that the Court's confusion leads it to improperly believe that it may strike the pleading before the issue of certification is before it. Plaintiff then states that under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, a district court is required to review prisoners and other individuals proceeding *in forma pauperis* to determine if dismissal

is appropriate through an initial screening process.  Doc. 72 at 23.  Plaintiff asserts that the screening process does not apply in this case because the filing fee has been paid and plaintiffs are not in prison.  *Id.* at 24.  Accordingly, Plaintiff asserts that the case may proceed on the Amended Complaint.  *See id.*

First, the undersigned is not aware of any binding authority that explicitly limits the restriction against *pro se* representation of others to prisoners or individuals proceeding *in forma pauperis*.  Despite Plaintiff's assertion to the contrary, Plaintiff cites to no such law.  Likewise, Plaintiff does not include any law to support his position that "a group of nonprisoner *pro se* plaintiffs may file a putative class action" because they are only required to hire counsel if they move to certify the class.  *See* Doc. 72 at 21-25.  The undersigned finds that the prohibition against *pro se* litigants representing the interest of others applies before a court addresses certification.  *See e.g.*, *In re Taylor, Bean & Whitaker Mortg. Corp.*, 2011 WL 5245420, at *2) (Bankr. M.D. Fla. Oct. 24, 2011) (finding upon consideration of the defendant's motion to dismiss the plaintiffs' *pro se* class action complaint under Fed.R.Civ.P. 12(b) that the *pro se* litigants could not represent a class) (citing *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)).

Second, § 1915(e)(2)(B)(i), provides that notwithstanding any filing fee that may have been paid, the court shall dismiss a case at any time if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  Accordingly, to the extent that Plaintiff is under the misguided notation that the Court may not screen a pleading under section 1915 because he paid the fee, he is simply wrong.

Third, and more to the point, standing is a jurisdictional requirement that a Court must address *sua sponte*.  *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359-60 (11th Cir. 2007) (holding that standing is a jurisdictional requirement, a court is

obligated to consider this issue *sua sponte*); *see also Boggs v. United States*, 2016 U.S. Dist. LEXIS 66023, at *3 (D. S.C. Apr. 29, 2016) (finding that even though the plaintiff paid the filing fee, the court possesses the inherent authority to ensure that the plaintiff has standing, federal jurisdiction exists, and the case is not frivolous), *report and recommendation adopted by* 2016 U.S. Dist. LEXIS 65796 (D. SC. May 18, 2016) (citations omitted).  So, regardless of Plaintiff's payment of the fee or whether the case is at the pleading or certification stage, it is appropriate to inquire as to the presence of standing.  Since Plaintiff and the 12 purported plaintiffs are proceeding *pro se* and they may not litigate in this capacity on behalf of others, they cannot bring the purported Amended Complaint as a class action.  They lack the ability to do so even at this juncture of the case.  *See Green v. Volunteers of Am. of Fla., Inc.*, 2014 WL 5591003, at *1 (M.D. Fla. Nov. 3, 2014) ("Moreover, Plaintiff may not bring claims on behalf of other individuals unless he can establish he has standing to do so.  Because Plaintiff is proceeding *pro se*, he cannot prosecute any claims in federal court on behalf of other persons") (citations omitted).

Finally, with respect to the undersigned's concern related to Plaintiff acting as legal counsel, Plaintiff maintains that he is not engaged in the unauthorized practice of law and the purported plaintiffs are attempting to prosecute this case collectively with him in his role as "lead plaintiff." Docs. 72, 79.  As discussed in the Order to Show Cause and this report, two notices were filed seeking to identify Plaintiff as "lead plaintiff and class representative" and to notify the Court that the purported plaintiffs waive individual service. Doc. 67 at 1-2.  Plaintiff specifies in the Response that the notices "were not submitted only by Mr. Wall; they were appropriately e-signed by all 13 plaintiffs, who reviewed and approved the documents for submission via the Court's CM/ECF system." Doc. 72 at 20.

The undersigned notes that Federal Rule of Civil Procedure 11(a) requires that all pleadings either be signed by an attorney or the party personally if they are proceeding without an attorney. Because Plaintiff is not an attorney, he may only sign for himself, and cannot submit pleadings electronically for any other person in this case. *See also* Doc. 85.

### III.    Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff Lucas Wall, who is proceeding *pro se*, cannot represent the interest of others—including neither the 12 named plaintiffs, nor the proposed classes— in this action and, as such, the Amended Complaint is due to be **STRICKEN** with leave of Court to file an amended pleading to cure the deficiencies within a set time period.

### NOTICE

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on October 28, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE