# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 6:21-cv-1008-PGB-DCI |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **SOUTHWEST AIRLINES** *et al.*, : | Magistrate Judge Daniel Irick |
| : | |
| Defendants. : | |

## LEAD PLAINTIFF LUCAS WALL'S RESPONSE TO 4 DEFENDANTS' RESPONSE TO PLAINTIFF LEONARDO McDONNELL'S OBJECTIONS TO OCT. 26 ORDER

COMES NOW lead plaintiff and class representative Lucas Wall, *pro se*, and responds to the false accusations lodged by Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways. Doc. 88. Rather than consult with me regarding their concerns, defense counsel Roy Goldberg and Maurice Baumgarten filed an inappropriate document with the Court full of conjecture. *Id*. Mr. Goldberg and Mr. Baumgarten's action is not well taken. The Court should discourage counsel from this sort of scandalous filing.

1. It's unclear under what authority the four defendants filed this response. I suggest the Court should *sua sponte* consider striking it from the docket. Mr. McDonnell's objections (Doc. 87) were directed to the Court's Order of Oct. 26

1

denying his Motion to Redact (Doc. 85), not to the magistrate's Report & Recommendation (Doc. 86). Although the rules allow an opposing party to respond to objections to an R&R, I'm not aware of any rule permitting a party, without leave of the Court, to file a response to an objection lodged against an Order.

2. The four defendants falsely claim "Plaintiff Lucas Wall electronically file[d] the Objections on behalf of another party…" Doc. 88 at 1. In fact, Mr. McDonnell filed the objections using the Court's *pro se* webform. Doc. 89. The clerk's office incorrectly logged the filing as having come from me, which I have already filed a notice to correct. *Id*. Defense counsel should have observed this mistake as the filing by Mr. McDonnell did not come from my ECF account. A check of the Notice of Electronic Filing reveals this. The NEF was generated by the clerk's office, not my ECF account.

3. The four defendants then make an assumption "according to the metadata in the Objections, Mr. Wall is the 'Author' of the Objections." Doc. 88 at 1. They proceed to copy and paste the metadata into their response. *Id*. at 1-2. A simple e-mail or phone call from defense counsel to myself would have cleared this up. Mr. McDonnell doesn't have software to convert a Microsoft Word document into a PDF, which is required to submit a document for filing using the Court's *pro se* webform. Mr. McDonnell sent me the Word file and I created a PDF for him, thus resulting in my name listed in the "Author" field of the PDF.

4. The four defendants further stick their noses where they don't belong by stating "the file[d] document contains an electronic signature for Mr. McDonnell and

Defendants are not aware that this Court has extended electronic filing privileges to Mr. McDonnell." *Id.* at 2. First, the manner in which plaintiffs sign filings is not of concern to the defendants. Second, had defense counsel actually read Mr. McDonnell's objections, they would have understood his position that "Court rules permit the use of electronic signatures for documents submitted electronically. My motion was submitted electronically using the *pro se* form on the Court's website. Therefore, an ink signature is not needed as the paper documents were not mailed to the Court." Doc. 87 at 6.

Defense counsel should focus their energy on getting their clients to respond to the dozens of complaints lodged against them last month – none of which to my knowledge have been addressed by counsel or the airlines' management[1] – by plaintiffs and others for illegally denying mask exemptions, canceling tickets purchased by the disabled who demand exemptions, and placing some of us on their no-fly lists. All of this conduct represents illegal retaliation against the disabled for asserting our rights to be free from discrimination by airlines. "You must not take any adverse action against an individual (e.g., refusing to provide transportation) because the individual asserts, on his or her own behalf or through or on behalf of others, rights protected by this part or the Air Carrier Access Act." 14 CFR §

---

[1] All defendants are in violation of the federal regulation requiring airlines to quickly respond to complaints of denied boarding of disabled passengers. "If you refuse to provide transportation to a passenger on his or her originally-scheduled flight on a basis relating to the individual's disability, you must provide to the person a written statement of the reason for the refusal. This statement must include the specific basis for the carrier's opinion that the refusal meets the standards of paragraph (c) of this section or is otherwise specifically permitted by this part. You must provide this written statement to the person **within 10 calendar days** of the refusal of transportation." 14 CFR § 382.19(d) (emphasis added).

3

382.11(a)(4). Plaintiffs plan to soon seek a preliminary injunction from the Court to halt this illicit behavior of the seven Airline Defendants.

Respectfully submitted this 1st day of November 2021.

*Lucas Wall*

Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com