# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, | : |
| Plaintiffs, | : Case No. 6:21-cv-1008-PGB-DCI |
| v. | : District Judge Paul Byron |
| **SOUTHWEST AIRLINES** *et al.*, | : Magistrate Judge Daniel Irick |
| Defendants. | : |

### PLAINTIFFS' MOTION TO COMPEL CLERK TO CORRECT DOCKET ENTRY 87 PLUS OTHER ERRORS & OMISSIONS

COME NOW plaintiffs, *pro se*, and move for an order compelling the Clerk to correct Docket Entry 87, Plaintiff Leonardo McDonnell's Objections to Oct. 26 Order, and other errors and omissions on the docket. Three notices (Docs. 89 & 92-93) and multiple phone calls to the clerk's office have not resulted in these corrections being made, therefore we require the Court's intervention to compel the Clerk to make these corrections.

1. Docket Entry 87 still indicates that Lead Plaintiff & Class Representative Lucas Wall filed the objections. Incorrect. Plaintiff Leonardo McDonnell filed the objections using the Court's *pro se* webform. Mr. Wall did NOT file Doc. 87. The Clerk should be compelled to correct the docket entry to reflect Mr. McDonnell as the filer. This is especially important given the Order "that Mr. Wall is prohibited from filing any document on behalf of any other person in this case." Doc. 85. We do not

1

want the magistrate believing that Mr. Wall violated the order due to the Clerk's error.

Doc. 87 was corrected Nov. 2 by clerk KNC only to link to the proper Order; KNC did not change the name of the filer from Lucas Wall to Leonardo McDonnell). Doc. 93 & Ex. 1.

2. The "Demand" field hasn't been updated since the Amended Complaint was filed Sept. 14. Doc. 61. Plaintiffs demand $100,000 in damages from each of the seven Airline Defendants plus $10,000 from each to-be-named Individual Defendant, for a minimum total of $700,000 each (plus more compensation from the numerous executives whose names will be determined during discovery). Ex. 1 & Docs. 92 & 93. Although the magistrate has recommended dismissing the Amended Complaint with leave to replead, it still remains on the docket and is the operative pleading until and unless the district judge adopts the Report & Recommendation.

3. The "Cause" field contains the wrong statute under which the first count of the Amended Complaint is based. We have never asserted 42 USC § 1983 as a cause of action since that statute applies only to state officials. The correct primary "Cause" should be listed as 42 USC § 1985 Conspiracy to Interfere with Civil Rights. *Id.*

4. The other 12 plaintiffs in this case have not been restored to the docket after mysteriously disappearing the other day. Ex. 1. *Compare* with Oct. 22 docket version. Doc. 92. Plaintiff Uri Marcus called the clerk's office several times during

business hours Nov. 2 to inquire about this oddity. He was strangely unable to reach anybody despite it being a workday. He called again Nov. 3 and spoke to a clerk, who was unable to explain why the 12 additional plaintiffs were removed from the docket.

Notably the magistrate's R&R lists all 13 plaintiffs in the caption, yet the docket does not match. Doc. 86.

WHEREFORE, we request that the Court compel the Clerk to enter the docket corrections as stated above.

Respectfully submitted this 9th day of November 2021.

*Lucas Wall*

Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

_____
Aaron Abadi, plaintiff

_____
Kleanthis Andreadakis, plaintiff

_____
Eric Cila, plaintiff

_____
Shannon Greer Cila, plaintiff

_____
Anthony Eades, plaintiff

_____
Uri Marcus, plaintiff

3

_____
Yvonne Marcus, plaintiff

_____
Leonardo McDonnell, plaintiff

_____
Peter Menage, plaintiff

_____
Connie Rarrick, plaintiff

_____
Jared Rarrick, plaintiff

_____
Jennifer Rarrick, plaintiff

4

**Local Rule 3.01(g) Certification**
We hereby certify that on Nov. 4 & 5, 2021, we attempted to confer by e-mail with Roy Goldberg and Roberto Torricella, Jr., counsel for Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways. Counsel have not respond to our consultation, therefore we are unable to report these four defendants' position.

We hereby certify that on Nov. 4 & 5, 2021, we attempted to confer by e-mail with Brian Maye, counsel for Defendants Allegiant Air and Frontier Airlines. Mr. Maye has not respond to our consultation, therefore we are unable to report these two defendants' position.

We hereby certify that on Nov. 4 & 5, 2021, we attempted to confer by e-mail with Miguel Morel, counsel for Defendant Sprit Airlines. Mr. Morel has not respond to our consultation, therefore we are unable to report Spirit's position.

All defense counsel have completely ceased all communication with plaintiffs since Nov. 1. Plaintiffs suggest the Court may need to impose sanctions to remedy this problem. "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g)(3).