UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 6:21-cv-1008-PGB-DCI |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **SOUTHWEST AIRLINES** *et al.*, : | Magistrate Judge Daniel Irick |
| : | |
| Defendants. : | |

## <u>12 PLAINTIFFS' MOTION FOR LEAVE TO FILE ELECTRONICALLY</u>

COME NOW plaintiffs Aaron Abadi, Kleanthis Andreadakis, Eric Cila, Shannon Greer Cila, Anthony Eades, Uri Marcus, Yvonne Marcus, Leonardo McDonnell, Peter Menage, Connie Rarrick, Jared Rarrick, and Jennifer Rarrick, *pro se*, and move for an order granting us leave to file electronically using the Court's CM/ECF system. "Absent a court order, NextGen CM/ECF is unavailable to non-lawyers."[1]

The Court recently raised concerns about our ability to select a lead plaintiff (Lucas Wall) to make filings on our behalf. We strongly disagree with the Court's Report & Recommendation (Doc. 86), but to erase hurdles moving forward, we seek permission to use the CM/ECF system since Mr. Wall is being banned from submitting documents on our behalf even though we are working collectively as a

---

[1] https://www.flmd.uscourts.gov/cmecf (visited Nov. 4, 2021)

1

group. Being granted CM/ECF access will also address the Court's concern that we all need to receive service individually. "[P]laintiffs' intention to work as a group or to waive of [sic] service do not bypass this restriction. … others seeking to join must sign the pleadings on their own behalf." Doc. 86 at 5-6.

The Court went on to note "Federal Rule of Civil Procedure 11(a) requires that all pleadings either be signed by an attorney or the party personally if they are proceeding without an attorney. Because [Lead] Plaintiff [Lucas Wall] is not an attorney, he may only sign for himself, and cannot submit pleadings electronically for any other person in this case." *Id.* at 9.

This recommendation will result in absurd results: Every motion, response, reply, objection, and other papers filed by plaintiffs as a group will have to be e-filed 13 times (once by each plaintiff using our own PACER account). This will create extra work for us having to separately submit the same documents as well as for the Court, its clerks, and the defense attorneys, who will be bombarded with the same version of every filing 13 times. However misguided, this is the direction the Court gave us, so we must apply for individual CM/ECF permission to comply. Approval of e-filing for all of us will benefit everyone while addressing the Court's concerns about receiving individual service and e-signing all documents. Because submission of a paper from a party's CM/ECF account constitutes that person's signature, the Court's worry that we are not all reviewing and approving documents will be put to rest.

We hereby attest:

- We all have a PACER account or will set one up;
- Mr. Abadi has been granted CM/ECF filing access by the U.S. Court of Appeals for the Second Circuit, so he is familiar with how to file documents electronically;
- Mr. Andreadakis has been granted CM/ECF filing access by the U.S. Court of Appeals for the Fourth Circuit, so he is familiar with how to file documents electronically;
- Mr. Marcus has been granted CM/ECF filing access by the U.S. Court of Appeals for the Fifth Circuit, so he is familiar with how to file documents electronically;
- Mr. Eades has been granted CM/ECF filing access by the U.S. Court of Appeals for the Eighth Circuit, so he is familiar with how to file documents electronically;
- Those who do not yet have CM/ECF access will read the training information provided on the Court's website and will also be trained by the plaintiffs who have used CM/ECF;
- We all have reliable access to the Internet;
- We all possess the capacity to file documents and receive filings electronically on a regular basis; and
- We all prefer to file and receive service electronically.

WHEREFORE, we request that this Court enter an order granting all 12 of us leave to file electronically in this case.

**Local Rule 3.01(g) Certification**

We hereby certify that on Nov. 2, 4, and 5, 2021, we attempted to confer by e-mail with Roy Goldberg and Roberto Torricella, Jr., counsel for Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways. Counsel have not respond to our consultation, therefore we are unable to report these four defendants' position.

We hereby certify that on Nov. 2, 4, and 5, 2021, we attempted to confer by e-mail with Brian Maye, counsel for Defendants Allegiant Air and Frontier Airlines. Mr. Maye has not respond to our consultation, therefore we are unable to report these two defendants' position.

We hereby certify that on Nov. 2, 4, and 5, 2021, we attempted to confer by e-mail with Miguel Morel, counsel for Defendant Sprit Airlines. Mr. Morel has not respond to our consultation, therefore we are unable to report Spirit's position.

All defense counsel have completely ceased all communication with plaintiffs since Nov. 1. Plaintiffs suggest the Court may need to impose sanctions to remedy this problem. "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g)(3).

Respectfully submitted this 9th day of November 2021.

_____
Aaron Abadi, plaintiff

_____
Kleanthis Andreadakis, plaintiff

_____
Eric Cila, plaintiff

_____
Shannon Greer Cila, plaintiff

_____
Anthony Eades, plaintiff

_____
Uri Marcus, plaintiff

5

_____
Yvonne Marcus, plaintiff

_____
Leonardo McDonnell, plaintiff

_____
Peter Menage, plaintiff

_____
Connie Rarrick, plaintiff

_____
Jared Rarrick, plaintiff

_____
Jennifer Rarrick, plaintiff