# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| **LUCAS WALL *et al.*,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 6:21-cv-1008-PGB-DCI |
| | : | |
| v. | : | District Judge Paul Byron |
| | : | |
| **SOUTHWEST AIRLINES *et al.*,** | : | Magistrate Judge Daniel Irick |
| | : | |
| Defendants. | : | |

### PLAINTIFFS' OBJECTIONS TO MAGISTRATE
### JUDGE'S REPORT & RECOMMENDATION

COME NOW plaintiffs, *pro se*, and submit six objections to the Report & Recommendation ("R&R") filed Oct. 28, 2021, by Magistrate Judge Daniel Irick. Doc. 86.

> "Within 14 days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 USC § 636(b)(1)(c).

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3).

1

## I. PROCEDURAL HISTORY

Lucas Wall filed a three-count Complaint (Doc. 1) on June 14, 2021, charging seven airlines with violating the Air Carrier Access Act ("ACAA") for their illegal procedures for passengers with disabilities to obtain mask exemptions as well as requiring passengers not known to have a communicable disease to wear a face covering, and for endangering the health and safety of their passengers by illegally mandating masks that cause harm to human health in violation of the terms of their operator certificate issued by the Federal Aviation Administration under 49 USC § 44702.

Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways filed a joint Motion to Dismiss on Aug. 23. Doc. 41. Defendants Allegiant Air and Frontier Airlines filed a similar motion Aug. 23. Doc. 42. As did Defendant Spirit Airlines. Doc. 45. All seven defendants argued there is no private right of action under the ACAA or the Federal Aviation Act.

Responding to those contentions, Mr. Wall filed an Amended Complaint as of right Sept. 13 (Doc. 61) adding 12 new plaintiffs, deleting the cause of action on 49 USC § 44702, adding 28 new charges, and proposing a class action on behalf of the Disabled and Nondisabled classes. Plaintiffs filed 525 exhibits attached to the Amended Complaint on Sept. 14 after an error with the Court's e-file system prevented us from submitting them together with the Amended Complaint. Doc. 62.

Also Sept. 14, all 13 plaintiffs filed a notice appointing Mr. Wall as lead plaintiff and class representative. Doc. 64. We also the same day filed a Notice of Waiver of Individual Service. Doc. 65.

Magistrate Judge Irick issued an Order to Show Cause to plaintiffs Sept. 15 to argue, *inter alia*, why the Amended Complaint should not be stricken because it contains a putative class action filed by a group of *pro se* plaintiffs. Doc. 67. The Order also required plaintiffs to respond to the magistrate's concerns about appointing a lead plaintiff and class representative as well as waiving individual service.

Plaintiffs filed a joint response to the Order on Sept. 24 arguing that the Amended Complaint should not be struck. Doc. 72. All seven defendants filed responses urging the Court to strike the Amended Complaint for the reasons raised by the magistrate. Docs. 74-76. Plaintiffs filed a reply Oct. 6 (Doc. 77), after which the magistrate issued the R&R Oct. 28 recommending the Amended Complaint be dismissed with leave to replead without the proposed class action or lead-plaintiff selection. Doc. 86.

## II. OBJECTIONS TO THE R&R's CONCLUSIONS OF LAW & RECOMMENDED DISPOSITION

All plaintiffs object to the R&R's recommendation that "the pleading is due to be stricken." Doc. 86 at 2.

3

**1. The magistrate's constant use of the word "purported" is insulting and wrong.**

Throughout the R&R, the magistrate endlessly uses the word "purported" to describe the 12 additional plaintiffs who joined the Amended Complaint and have been active participants in this prosecution ever since. We object to this terminology. We feel insulted and degraded by this never-ending reference to us as "purported," as if we are not real human beings who have suffered legal wrongs by the defendants. Throughout this proceeding, the magistrate has acted with animus toward all of us. The 12 joined plaintiffs were mysteriously removed from the docket in late October without any order or explanation, and then (as of today) put back on the docket as "movants," not as "plaintiffs."

Notably the magistrate addresses the issue of joinder of plaintiffs in the R&R, noting our argument that all plaintiffs are properly joined under Fed.R.Civ.P. 15(a) and 20(a). But he does not recommend dismissing the 12 added plaintiffs or advise the district judge that joinder is not appropriate. *Id.* at 4.

The magistrate's continual reference to the dozen added plaintiffs as "purported" humans is also bizarre because – in addition to not issuing any recommendation that the 13 plaintiffs are not properly joined – in the caption of the R&R itself he lists all 13 of us as plaintiffs. The district judge should advise the magistrate to treat all 13 plaintiffs with dignity and respect. Legally we are all named as plaintiffs on the Amended Complaint and are full participants in this case unless and until the district judge orders otherwise.

## 2. None of the plaintiffs are representing another.

We object to the R&R's conclusion that "The law is clear: 28 USC § 1654 authorizes a person to proceed *pro se* in federal court, but it does not allow a *pro se* litigant to represent others." *Id*. at 4. But no plaintiff in this case is representing anyone else. We are working collectively as a group in our prosecution because we share the common interest of obtaining a judgment ordering the defendants to obey the law and stop refusing mask exemptions to the disabled. There is nothing in the statute that prevents multiple *pro se* plaintiffs from suing common defendants over common claims in the same lawsuit.

The magistrate cites several cases finding that the right to proceed *pro se* in federal court is "a personal right that does not extend to the representation of the interest of others." *Id*. at 4. But his point misses the mark. Nowhere does the R&R point to any evidence that any plaintiff is representing anyone other than him- or herself. As we have explained to the magistrate in our filings, each plaintiff reviews and approves every document before they are submitted to the Court. His allegation that any plaintiff is representing others, insinuating that some plaintiffs are not actually participating in the case, lacks foundation.

In this case, all plaintiffs comply with the requirement that "a party may appear and conduct their own cases personally. But a lay person cannot represent any other person or entity." *Id*. at 5.

5

### 3. We may file a putative class action without being represented by counsel. A lawyer is only required at the class certification stage.

We object to the R&R's determination that we may not initiate a proposed class action without being represented by an attorney. "The rules regarding joinder aside, none of these plaintiffs proceeding *pro se* may litigate this matter on behalf of others, and the undersigned recommends that the Amended Complaint purporting to bring a class action cannot stand as the operative pleading." *Id.* at 6. The magistrate cites caselaw that only applies to prisoners and others proceeding *in forma pauperis*. We refer the Court to our extensive argument on this issue. Doc. 72 at 21-37.

### 4. The rights of a group of *pro se* plaintiffs to prosecute a case together include the ability to select a class representative and lead plaintiff.

We object to the R&R's findings that "This prohibition specifically applies in the context of class actions and extends to Plaintiff [Wall]'s attempt to act as a class representative without counsel. He may not do so." Doc. 86 at 5. We again refer the Court to our arguments on the class-action issue (Doc. 72 at 21-37) and specifically the representative subject. *Id.* at 12-15.

We also object to the determination that we may not select a lead plaintiff. We have a constitutional right to determine how we will associate and organize to collectively prosecute our claims, including the decision to select a lead plaintiff to coordinate consultations with defense counsel and electronically file all joint doc-

6

uments on behalf of the group. Serving as lead plaintiff means Mr. Wall is the "captain" of our prosecution. But it does not mean he is representing anyone with a law license. All plaintiffs are well aware Mr. Wall is not an attorney and may not represent anyone. We are all representing ourselves and have spent numerous hours working on this case together. We refer the Court to our arguments on this issue. Doc. *Id.* at 10-15.

**5. Plaintiffs have the right to waive individual service.**

We object to the R&R's finding that "plaintiffs' intention to work as a group or to waive to [sic] of service do not bypass this restriction." Doc. 86 at 5. We refer the Court to our argument on this issue. Doc. 72 at 19-21.[1]

**6. We have the right to authorize our lead plaintiff to file once on behalf of the entire group a document that everyone has approved.**

We object to the R&R's finding that Lead Plaintiff Wall "may only sign for himself, and cannot submit pleadings electronically for any other person in this case." Doc. 86 at 9. The magistrate's orders have led to the absurd result that all 13 plaintiffs must file every document individually, even when all 13 of us approve the paper and authorize its filing once by the lead plaintiff.

---

[1] Although plaintiffs assert our right to waive individual service, we have all applied for permission to file electronically via the Court's Electronic Case Filing system, which would allow us to receive service of all filings by e-mail. Docs. 100-104, 108, 110, 113-117.

Although we object, we have already started this practice to show the Court how ridiculous this is. Just today the Clerk docketed 24 documents filed by the 12 additional plaintiffs. Docs. 95-118. But these are the exact same copies of two motions signed by all plaintiffs (except the Motion for Leave to File Electronically, which Mr. Wall did not sign because he already has e-file status, which the magistrate has proposed revoking for "abuse" even though Mr. Wall has never filed any paper not approved and authorized by his coplaintiffs. Doc. 85.) Mr. Wall also submitted the Motion to Compel the Clerk to Correct Docket. Doc. 94. So instead of having two docket entries for these two motions, there are 25.

This docket clogging will continue if the magistrate's position that we may not appoint a lead plaintiff and authorize him to file electronically on our behalf is allowed to stand. It will not only burden the Court and its clerks but also defense counsel, who have now each received 25 ECF filing alerts for these motions instead of two e-mails. We are concerned this requirement for each plaintiff to file the same document individually will result in chaos on the docket and a massive slowdown of our prosecution of this case as the Court wades through all the filings to verify they are indeed the same. This burden to the Court, its clerks, and defense counsel is completely self-inflicted and unnecessary.

### III. CONCLUSION

WHEREFORE, we request the Court enter an order rejecting the R&R and allowing all 13 plaintiffs to prosecute the Amended Complaint. The magistrate's handling of this matter has created a massive delay (tomorrow marks two months since the Amended Complaint was filed) in our efforts to obtain justice from the defendants, who have illegally conspired to deprive us as disabled Americans of our civil rights guaranteed by the Constitution, laws, regulations, and treaties. Just because we are representing ourselves does not mean we lack the same rights as plaintiffs wealthy enough to afford counsel.

Respectfully submitted this 12th day of November 2021.

_____
Uri Marcus, plaintiff


_____
Yvonne Marcus, plaintiff

P.O. Box 126
Ojai, CA  93024
Telephone: 909-833-0065