# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LUCAS WALL,

        Plaintiff,

v.                                              Case No: 6:21-cv-1008-PGB-DCI

SOUTHWEST AIRLINES, ALASKA
AIRLINES, ALLEGIANT AIR,
FRONTIER AIRLINES, JETBLUE
AIRWAYS, SPIRIT AIRLINES,
NUMEROUS UNNAMED
EXECUTIVES OF THE 7 AIRLINES
and DELTA AIR LINES,

        Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | Motions to Compel Clerk to Correct Docket Entry 87 Plus Other Errors & Omissions (Docs. 94-99, 105-107, 109, 111, 112, 118) |
| **FILED:** | November 9-12, 2021 |
| **MOTION:** | Motions to Electronically File Through CM/ECF (Docs. 100-104, 108, 110, 113-117) |
| **FILED:** | November 9-12, 2021 |

**THEREON** it is **RECOMMENDED** the Motions to Correct (Docs. 94-99, 105-107, 109, 111, 112, 118) be **DENIED**; Plaintiff Wall's electronic filing privileges be **REVOKED**; and the Motions to Electronically File through CM/ECF (Docs. 100-104, 108, 110, 113-117) be **DENIED**.

On October 28, 2021, the undersigned recommended to the Court that Plaintiff Lucas Wall (Plaintiff Wall), who is proceeding *pro se*, cannot represent the interests of others – including the 12 individuals named as plaintiffs in the Amended Complaint (the 12 individuals) and the proposed classes – and, as such, the Amended Complaint is due to be stricken with leave of Court to file an amended pleading to cure the deficiencies within a set time period.  Doc. 86.  Plaintiff Wall and the 12 individuals have filed Objections to the Report and Recommendation, which remains pending for the Court's consideration.  Docs. 119-127.

Pending before the undersigned is Plaintiff Wall's and the 12 individuals' respective Motions to Compel Clerk to Correct Docket Entry 87 Plus Other Errors & Omissions, which appears to be the same document filed 13 separate times.  Docs. 94-99, 105-107, 109, 111, 112, 118 (collectively the Motions to Correct).  Each of the 12 individuals has also filed a Motion to Electronically File through CM/ECF.  Docs. 100-104, 108, 110, 113-117 (collectively the Motions to Electronically File).  Again, it appears that the same document was filed 12 separate times.  *See id*.  All these motions are referred to the undersigned for consideration.

For the reasons stated herein, the undersigned recommends that the Motions to Correct and the Motions to Electronically File be denied and that Plaintiff Wall's electronic filing privileges be revoked.

**I.     Motions to Correct**

Plaintiff Wall and the 12 individuals seek an order compelling the Clerk to correct Docket Entry 87—described as Plaintiff Leonardo McDonnell's Objections to Oct. 26 Order—and to correct "other errors and omissions on the docket."  Docs. 94-99, 105-107, 109, 111, 112, 118 at 1.  According to the Motions to Correct, three notices have been filed and multiple calls to the Clerk's office have been made but no correction to the docket has resulted.  *Id*.

The undersigned recommends that the Motions to Correct be denied because they are legally insufficient. Namely, in violation of Local Rule 3.01(a), none of the Motions to Correct include a memorandum of legal authority supporting the requested relief. Indeed, the Motions to Correct do not include a citation to a single case or rule of procedure that would warrant an order from the Court compelling the Clerk to make the corrections to the docket as requested.

As a separate and independent basis for denial of the Motions to Correct, Plaintiff Wall and the 12 individuals have not complied with Local Rule 3.01(g). The Motions to Correct each include a representation to the Court that the movants attempted to confer by e-mail with counsel for Defendants, but no response was received and "[a]ll defense counsel have completely ceased all communications with plaintiffs since Nov. 1." Docs. 94-99, 105-107, 109, 111, 112, 118 at 5. Despite that, Plaintiff Wall and the 12 individuals have not supplemented the Motions to Correct in accordance with Local Rule 3.01(g)(3) which states:

> Unavailability. If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for three days to contact the opposing party. Promptly after either contact or expiration of the three days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in a sanction.

*Id*. Since neither Plaintiff Wall nor the 12 individuals filed the required supplements and the time for doing so has elapsed, the undersigned finds that the Motions to Correct are due to be denied.

Finally, the portions of the docket that Plaintiff Wall and the 12 individuals take issue with do not concern the substance of this action and instead relate to the Court's internal administration. As the Court found in another case filed by Plaintiff Wall in the Orlando Division, "the administration of the court is not Plaintiff's concern." *See Wall v. Centers for Disease Control & Prevention*, Case No. 6:21-cv-975-PGB-DCI (June 21, 2021) (Doc. 47); *see also*, *Wall*, Case No.

6:21-cv-975-PGB-DCI (Nov. 4, 2021) (Doc. 168) (finding that the Court has the authority to strike Plaintiff Wall's objections as incident to its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants") (citations omitted). As it is within the inherent power of the Court to manage its docket, the undersigned recommends that there is no basis for the requested relief. Moreover, the undersigned notes that many of the concerns regarding the docket expressed by Plaintiff Wall and the 12 individuals have been resolved in due course, including the concerns expressed about docket entry 87.

Accordingly, the undersigned recommends that the Court deny the Motions to Correct.

## II.     Revocation of Plaintiff Wall's Electronic Filing Privileges

The undersigned also recommends that Plaintiff Wall's electronic filing privileges through CM/ECF be revoked in this case because his Motion to Correct (Doc. 94) violates the Court's previous Order. In an Order dated October 26, 2021, the Court prohibited Plaintiff Wall from filing any document on behalf of any other person in this case and directed Plaintiff Wall to show cause in writing why his electronic filing privileges in all cases before the Court should not be revoked because he abused his permission by electronically filing documents on behalf of other persons, including documents that purport to include electronic signatures by persons who are not authorized to file electronically. Doc. 85 at 3-4. Plaintiff Wall filed a response in which he states that the Order ignores a notice filed by Plaintiff Wall and the 12 individuals authorizing Plaintiff Wall to submit documents to the Court on behalf of the 12 individuals through the CM/ECF system once these individuals "approved them." Doc. 91 at 5. Plaintiff Wall states that the notice has not been stricken and, therefore, "everyone's approval for [Plaintiff] to submit documents on their behalf using ECF remains in effect." *Id*.

Despite any agreement between Plaintiff Wall and the 12 individuals, the Court has only granted Plaintiff Wall's request to register for and use CM/ECF for the prosecution of his case and has prohibited him from filing on behalf of any other person, including the 12 individuals. *See* Doc. 12, 85. Plaintiff Wall has now violated that Order by filing his Motion to Correct. Doc. 94. Specifically, Plaintiff Wall electronically filed the Motion via CM/ECF and, in that Motion to Correct—titled, in relevant part, as "Plaintiffs' Motion to Compel"— "plaintiffs . . . move for an order" compelling the Clerk to take certain action. Doc. 94. Further, in that Motion to Correct, Plaintiff Wall identifies himself as "lead plaintiff and class representative" and includes his signature along with the signatures of the 12 individuals named as plaintiffs in the Amended Complaint. Doc. 94 at 3-4. Plaintiff Wall's Motion to Correct concludes with: "WHEREFORE, *we* request that the Court compel the Clerk to enter the docket corrections as stated above." *Id*. at 3 (emphasis added). Also, with respect the Local Rule 3.01(g) certification, Plaintiff Wall repeatedly states, "*we* hereby certify" and "*we* attempted to confer." *Id*. at 5 (emphasis added).

Based on the foregoing, Plaintiff Wall's Motion to Correct violates the Court's prohibition against filing on behalf of others in this case and the undersigned finds that the filing is an abuse of that privilege. The Court granted Plaintiff Wall's request for CM/ECF privileges provided he did not abuse that privilege (Doc. 12 at 2) and, therefore, the undersigned recommends that revocation is appropriate.

### III. Motions to Electronically File

The 12 individuals seek leave to file electronically using the Court's CM/ECF system. Docs. 100-104, 108, 110, 113-117. The Motions to Electronically File state that, given the Court's recent concerns regarding the 12 individuals' ability to select Plaintiff Wall as a lead plaintiff to file on their behalf, permission is sought to electronically file to "erase hurdles moving forward."

*Id*. at 1. Also, the 12 individuals state that access to the system will address the Court's concern regarding individual service and the electronic signatures and will alleviate the need to submit individual filings. *Id*. at 1-2.

As an initial matter, the undersigned recommends that the Motions to Electronically File also fail to comply with Local Rule 3.01(a) and Local Rule 3.01(g)(3) as they do not include memoranda of authority in support of the requested relief and the certificates regarding conferral have not been timely supplemented.

Regarding the merits of the requests, "[a] *pro se* litigant . . . is not permitted to file electronically, absent authorization by the Court." *United States District Court Middle District of Florida, Administrative Procedures for Electronic Filing*, at (II)(A)(2) (June 5, 2015). A *pro se* party seeking access to CM/ECF must demonstrate that access thereto is necessary to avoid unreasonable burdens and to promote access to information. *See Ogilvie v. Millsaps*, Case No. 8:15-cv-2477-T-36JSS, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015).

Given that the undersigned has recommended that the Amended Complaint naming the 12 individuals be stricken, the undersigned finds it unnecessary to grant the desired access at this time. Further, the 12 individuals have demonstrated that even without CM/ECF filing privileges they can adequately file motions, make objections, and seek relief. Accordingly, the undersigned recommends that the Motions to Electronically File be denied.

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. the Motions to Compel Clerk to Correct Docket Entry 87 Plus Other Errors & Omissions (Docs. 94-99, 105-107, 109, 111, 112, 118) be **DENIED**;

2. the Motions to Electronically File (Docs. 100-104, 108, 110, 113-117) be **DENIED**; and

3. Plaintiff Wall's electronic filing privileges be immediately **REVOKED** in this case for violation of the Court's Order and abuse of the privilege.[1]

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 16, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] The undersigned notes that Plaintiff Wall has electronic filing privileges in Case No. 6:21-cv-975-PGB-DCI. At this time, the undersigned is not recommending that Plaintiff Wall's CM/ECF fling privileges be revoked in that case.