## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| **LUCAS WALL** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 6:21-cv-1008-PGB-DCI |
| | : | |
| v. | : | District Judge Paul Byron |
| | : | |
| **SOUTHWEST AIRLINES** *et al.*, | : | Magistrate Judge Daniel Irick |
| | : | |
| Defendants. | : | |

### PLAINTIFFS' MOTION TO COMPEL ALL DEFENSE COUNSEL
### TO CONFER WITH ALL PLAINTIFFS ON ALL MOTIONS

COME NOW plaintiffs, *pro se*, and jointly move for an order compelling all de-
fense attorneys to confer with all 13 named plaintiffs concerning all motions both
sides plan to submit pursuant to Local Rule 3.01(g). We have attempted to resolve
this issue with counsel for all defendants, however this has proven futile. The
Court's intervention is now required.

All 13 plaintiffs submitted an Amended Complaint on Sept. 13 against all de-
fendants. Doc. 61. All 13 named plaintiffs are clearly stated in the caption at the top
of Page 1 and all 13 of us electronically signed the pleading at the end. *Id.* The mag-
istrate judge assigned to this case issued a Report & Recommendation ("R&R")
Oct. 28 (Doc. 86) *advising* the district judge overseeing this litigation that the
Amended Complaint *should* be dismissed because it brings a class action by a
group of *pro se* plaintiffs and includes in subsequent notices the designation of a

lead plaintiff and class representative as well as a waiver of individual service. Docs. 64-65. Notably the R&R does *not* recommend dismissing the 12 plaintiffs who joined this lawsuit in the Amended Complaint and advises that all plaintiffs be given leave to file a Second Amended Complaint removing the class action.

As the Court is well aware, an R&R is not a binding decision on the parties because a magistrate judge lacks statutory authority to determine various motions, including one made *sua sponte* to dismiss a pleading. However, all defense attorneys have perplexingly taken the position that an R&R is a binding order and furthermore that even though the R&R makes no mention of dismissing any plaintiff, the report gives them permission to ignore all of the plaintiffs in this case (despite all 13 plaintiffs being listed in the R&R's caption).

We attempted multiple times in early November to confer with the lead counsel designated by the defendants (Roy Goldberg, Robert Torricella, Brian Maye, and Miguel Morel) regarding two motions we have since filed: Motion to Compel Clerk to Correct Docket Entry 87 Plus Other Errors & Omissions and 12 Plaintiffs' Motion for Leave to File Electronically. The second motion notably responds directly to concerns raised by the magistrate in the R&R that plaintiffs should each receive individual service.

**Motion for Leave to E-File:** As lead plaintiff – a role the magistrate *recommends* the district judge *should* find impermissible but that the Court has yet to adopt in an order – Mr. Wall sent the first conferral e-mail on the Motion to E-File Nov. 2, as approved by all plaintiffs. Ex. 1. All dozen additional named plaintiffs

were copied on the message. For a streamlined conferral process on a simple motion that should not be controversial, Mr. Wall asked defense counsel to "reply all" with their clients' position. *Id.* No counsel responded.

Mr. Wall sent all defense counsel a follow-up e-mail Nov 4. *Id.* Again all plaintiffs were copied. No counsel responded. Mr. Wall sent a third and final message attempting to confer on the Motion for Leave to File Electronically. *Id.* He noted, "We have not heard from any of you. We'll report to the court you did not comply with Local Rule 3.01(g) in advising on your clients' position on this motion." *Id.* Again all plaintiffs were copied, and again no counsel responded.

Plaintiffs then filed our motions to e-file and noted "All defense counsel have completely ceased all communication with plaintiffs since Nov. 1. Plaintiffs suggest the Court may need to impose sanctions to remedy this problem. 'The purposeful evasion of a communication under this rule can result in a sanction.' Local Rule 3.01(g)(3)." Docs. 100-104, 108, 110, & 113-117.

**Motion to Compel Clerk to Correct Docket:** The same process repeated with the Motion to Compel Clerk. Mr. Wall first sent a consultation e-mail Nov. 4. All plaintiffs were copied. Ex. 1. No counsel responded to any of the 13 plaintiffs, including Mr. Wall, who counsel at times appears to recognize as a real plaintiff when convenient while at other times, they simply ignore him. A follow-up message Mr. Wall sent Nov. 5 also went unanswered. *Id.*

Plaintiffs then filed our motion to compel and noted again: "All defense counsel have completely ceased all communication with plaintiffs since Nov. 1. Plaintiffs

suggest the Court may need to impose sanctions to remedy this problem. 'The pur-poseful evasion of a communication under this rule can result in a sanction.' Local Rule 3.01(g)(3)." Docs. 94-99, 105-107, 109, 111-112, & 118.

**Motion to Compel Clerk to Accept Filings:** Of the 25 motion filings, 24 were made using the Court's online form known as the "CM/ECF portal" for liti-gants who don't have e-file access. Most of these were filed early Nov. 9. None were docketed by the clerk's office that day. Plaintiffs thought the clerk's office was re-fusing to docket any motions filed by the 12 joined plaintiffs due to the bewildering, changing status of these plaintiffs on the docket. Plaintiffs decided late Nov. 9 they would possibly require a motion to compel the clerk to accept filings from all plain-tiffs to ensure the filings were properly docketed.

Early Nov. 10, Mr. Wall again reached out to all defense counsel concerning this potential motion pursuant to the "duty to confer" requirements of Local Rule 3.01(g). "I expect to file about noon today a motion asking the court to compel the clerk to accept and docket filings from the additional 12 plaintiffs in this case," Mr. Wall wrote. Ex. 1. Because it appeared at the time the clerk's office was refusing to docket any motions from the dozen joined plaintiffs, Mr. Wall informed defense counsel he would be filing the motion to ensure it would be heard. Mr. Wall noted he expected to file the motion about noon and if he did not hear from any defense attorneys, he would telephone them to ascertain their position.

The morning and early afternoon having passed, Mr. Wall called all four lead defense counsel from 1:50 to 2:09 p.m. Nov. 10, leaving messages for Mr. Goldberg,

Mr. Torricella, and Mr. Maye. No one answered Mr. Morel's office number. *Id*. Mr. Wall followed up with another e-mail at 2:14 p.m., noting he would defer filing the motion until the next day to see if the clerk would indeed docket the filed motions. *Id*.

A few minutes later, other plaintiffs began e-mailing defense counsel asking for their position on the tentative motion. Plaintiff Aaron Abadi, for example, wrote at 2:21 p.m. Nov. 10: "As additional plaintiff in Wall v. Southwest Airlines. You have not responded to our last three consultations on motions. Please advise as to your position on the motion to compel clerk to accept filings from all plaintiffs that we plan to file tomorrow morning. And I'd appreciate an explanation regarding why you did not respond to our last two consultations. I'm sure you're aware that Local Rule 3.01(g) requires counsel to promptly respond to any conferral." *Id*. Similar messages were sent by several other plaintiffs. *Id*.

Counsel then began awakening from their slumber. After receiving the phone messages, Mr. Goldberg reported to Mr. Wall at 3:26 p.m. Nov. 10 that "You have been requesting to meet and confer with regard to issues involving various persons who are not parties to this lawsuit and, as the Court has made clear, on whose behalf you are not permitted to act. Furthermore, if other persons become parties to this lawsuit, the Court has made clear that you are not authorized to represent them. In light of the Court's guidance on this issue and the strict rules against the unauthorized practice of law, Defendants will not participate in activities where you purport to act on behalf of others." *Id*. Notably Mr. Goldberg attached a copy

of the Notice of Electronic Filing of a court order Oct. 26 that clearly lists all 13 plaintiffs as parties to the case who must receive service, contradicting his position that all plaintiffs are not parties to this action. *Id.*

The Court's own NEF confirms to defense counsel that the dozen joined plaintiffs are in fact parties to this lawsuit, yet defense counsel overlook this.  Also, Mr. Wall is not representing any of us. For efficiency, he sent one conferral e-mail advising defense counsel of planned motions and asked they hit "reply all" to state their clients' position to all 13 plaintiffs simultaneously. Instead of following this common-sense procedure designed to save time and unneeded repetition for plaintiffs and defense counsel alike, counsel first ignored the conferral altogether and then began falsely attacking all plaintiffs as not being part of the case and once again concocting lies that Mr. Wall, in his role as lead plaintiff, was trying to represent other people, who are in truth all representing ourselves.

Shortly thereafter, Mr. Maye, who represents Defendants Allegiant and Frontier, wrote Mr. Wall – essentially cutting and pasting Mr. Goldberg's message, that "You have been requesting to meet and confer with regard to issues involving various persons who are not parties to this lawsuit and, as the Court has made clear, on whose behalf you are not permitted to act. Furthermore, if other persons become parties to this lawsuit, the Court has made clear that you are not authorized to represent them. In light of the Court's guidance on this issue and the strict rules against the unauthorized practice of law, Allegiant and Frontier will not participate in activities where you purport to act on behalf of others." *Id.* We again point out

the inaccuracies of Mr. Maye's comments, namely that all 13 plaintiffs are parties to this lawsuit and which falsely assert that Mr. Wall is representing others besides himself. Mr. Wall is simply coordinating the group actions of all plaintiffs, who have a constitutional right to assemble and determine the joint prosecution of our claims, which all relate to the defendants' unlawful policies depriving the disabled who can't wear masks from using the nation's commercial aviation and transportation system.

Mr. Morel then e-mailed Mr. Wall that "Spirit joins the position taken by Allegiant and Frontier." *Id*.

Mr. Morel next wrote Plaintiff Yvonne Marcus at 4:31 p.m. Nov. 10 that "Given the current court orders and procedural posture of this case, neither you nor your husband are parties to this action. Until such time, we are not required to confer or consult with you regarding matters pertaining to this action." *Id*. Mr. Morel cited no court order stating that Yvonne and Uri Marcus are not plaintiffs, nor did Mr. Morel resolve how his position was possible given that 13 plaintiffs' names appeared on the caption in the R&R. Mr. Morel sent similar messages to other plaintiffs refusing to acknowledge their existence. *Id*.

Nov. 11 being Veterans Day, a federal holiday, plaintiffs decided not to file the Motion to Compel Clerk to Accept Filings. Some plaintiffs had phoned the clerk's office as well as chambers for Magistrate Judge Irick and District Judge Byron on Nov. 10 and been provided with a mixture of explanations as to why none of the motions submitted online Nov. 9 had been docketed. Some said "none of you are

listed as plaintiffs on the docket, so I doubt any motions can be filed," while others heard "we in the clerk's office are given up to 48 hours to docket filings made using the portal." As required by Local Rule 3.01(g), continual efforts were made to confer with defense counsel so we could report their clients' position on the proposed motion.

Mr. Goldberg (representing Defendants Southwest, Alaska, Delta, and JetBlue) wrote Plaintiff Shannon Greer Cila on Nov. 11 that "The attached Report and Recommendation from October 28, 2021 states, among other things, that the Amended Complaint 'is due to be stricken.' That is the current status and as such neither you nor your colleagues are parties to the case. There is no meet and confer or other obligation that exists." *Id*. Mr. Goldberg failed to explain to Mrs. Cila how a magistrate's R&R had magically turned into a court order. He also failed to provide any other authority to sustain his position that Mrs. Cila, her husband Eric, and the other 10 joined plaintiffs were not litigants in this case to which Local Rule 3.01(g)'s "duty to confer" applies.

As plaintiffs were preparing Nov. 12 to file the motion to compel the clerk to accept and docket all filings from all 13 of us, a flurry of e-mails began arriving into Mr. Wall's inbox from the Court's CM/ECF system stating the motions were now being docketed. Oddly the 12 joined plaintiffs reappeared on the docket but as "movants" rather than actual "plaintiffs." With the clerk's office action to docket these motions three days later (two days not counting the holiday Nov. 11), plaintiffs no longer saw a need to file the motion to compel.

8

**The Instant Motion:** As numerous messages from defense counsel arrived in plaintiffs' inboxes Nov. 10-11 stating they had no duty to confer because we are not litigants in this case, it became clear that we would need to file this motion to compel all defense counsel to confer with all 13 plaintiffs on all motions pursuant to Local Rule 3.01(g). Mr. Wall first notified counsel of the instant motion the afternoon of Nov. 11. *Id*. He also informed them that "If this misconduct continues whereby you refuse to consult with all plaintiffs as required by Local Rule 3.01(g), all 13 plaintiffs will have no choice but to file ethics complaints with the state bar associations and/or supreme courts where you licensed. We will also move for sanctions in the Middle District of Florida."[1] *Id*.

Nov. 12 passed without a response from defense counsel. After the weekend, plaintiffs began following up Nov. 15 with counsel regarding this motion in an attempt to determine their clients' stance. Mr. Abadi sent an e-mail at 12:14 p.m. Mr. Wall sent a follow-up message at 12:19 p.m.: "As you know, defense counsel are refusing to consult with all plaintiffs on motions as required. I must therefore seek the court's intervention to remedy this problem. ... I make this consultation on behalf of myself as I will be filing the motion on behalf of myself. I understand other plaintiffs will also be contacting you about the similar motion they plan to file." Ex. 2.

---

[1] Plaintiffs opt not to move for sanctions at this time, hoping a Court order compelling all defense counsel to confer with all 13 plaintiffs regarding all motions will suffice to bring these attorneys into compliance with the Local Rules.

Mr. Goldberg responded to Mr. Wall that "the position of Delta, Southwest, Alaska and JetBlue remains that we will meet and confer with you regarding motions that you plan to file solely on behalf of yourself." *Id*. But Mr. Wall indicated he would be filing the instant motion on behalf of himself, in a joint filing with all other 12 plaintiffs, seeking a Court order compelling all defense counsel to confer as required with all plaintiffs in this case. Mr. Goldberg's position is disingenuous because he is well aware all 13 plaintiffs are operating as a group and have filed nearly every single motion and other documents jointly. There are very few motions that Mr. Wall – or any other plaintiff – "file solely behalf of yourself" because this is a coordinated joint prosecution of similar claims regarding illegal discrimination against the disabled. We are not 13 people prosecuting separate claims against the defendants. That would make no sense and likely doesn't comply with the rules regarding joinder. We are a *group* of 13 plaintiffs *united* in pursuing justice for all of us and working collectively as a team to do so.

Mr. Goldberg goes on to state, without any authority, that "In any case, your attempting to add new parties via the Amended Complaint was not valid in the first instance." *Id*. Yet no court order has declared this nor does the R&R even suggest that adding new parties in an Amended Complaint is not a proper joinder of claims under the Federal Rules of Civil Procedure. Mr. Goldberg then copies the magistrate's insulting labeling of the dozen properly joined plaintiffs as "purported" when in fact they are real litigants.

Mr. Morel wrote Mr. Wall similar false information. *Id*. Mr. Wall responded that he has a right to join with other plaintiffs in all motions seeking joint relief. *Id*.

The situation we present to the Court is unacceptable. Defense counsel have a duty under Local Rule 3.01(g) to confer in good faith with all plaintiffs. They refuse to abide by that duty.

WHEREFORE, we request this Court issue an order compelling all defense counsel to confer in good faith with all 13 plaintiffs named in the Amended Complaint and in the caption of the R&R. Counsel should be warned that failure to confer in good faith may result in a sanction.

## Local Rule 3.01(g) Certification

We hereby certify that on Nov. 11, 12, and 15, we attempted to confer with Roy Goldberg and Roberto Torricella Jr., counsel for Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways. Mr. Goldberg and Mr. Torricella refused to state their clients' position on this motion, claiming they have no duty to confer with people who are not plaintiffs in this case. They also failed to state their clients' position to Mr. Wall. *See* discussion above.

We hereby certify that on Nov. 11, 12, and 15, we attempted to confer with Brian Maye, counsel for Defendants Allegiant Air and Frontier Airlines. Mr. Maye refused to state his clients' position on this motion, claiming he has no duty to confer with people who are not plaintiffs in this case. He also failed to state his clients' position to Mr. Wall. *See* discussion above.

We hereby certify that on Nov. 11, 12, and 15, we attempted to confer with Miguel Morel, counsel for Defendant Sprit Airlines. Mr. Morel refused to state his clients' position on this motion to 12 plaintiffs, claiming he has no duty to confer with people who are not plaintiffs in this case. He told Mr. Wall that Spirit objects to the relief sought herein. *See* discussion above.

Respectfully submitted this 16th day of November 2021.

*Lucas Wall*

Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

Aaron Abadi, plaintiff

Kleanthis Andreadakis, plaintiff

Eric Cila, plaintiff

Shannon Greer Cila, plaintiff

Anthony Eades, plaintiff

Uri Marcus, plaintiff

Yvonne Marcus, plaintiff

Leonardo McDonnell, plaintiff

Peter Menage, plaintiff

Connie Rarrick, plaintiff

Jared Rarrick, plaintiff

Jennifer Rarrick, plaintiff

12