# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| LUCAS WALL, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:21-cv-1008-PGB-DCI |
| ) | |
| v. ) | |
| ) | |
| SOUTHWEST AIRLINES, et. al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### RESPONSE OF DEFENDANTS SOUTHWEST AIRLINES, ALASKA AIRLINES, DELTA AIR LINES AND JET BLUE AIRWAYS TO: (A) OBJECTIONS OF PLAINTIFF LUCAS WALL TO MAGISTRATE'S REPORT AND RECOMMENDATION ON DENIAL OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND; (B) OBJECTIONS OF EACH OF THE NON-PARTY PUTATIVE PLAINTIFFS TO MAGISTRATE'S REPORT AND RECOMMENATION ON DENIAL OF MOTION <u>FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Pursuant to Rule 72 of the Federal Rule of Civil Procedure, Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc., and JetBlue Airways Corporation (collectively "Defendants"), hereby respectfully submit this response to each of the documents titled "Plaintiffs' Objections to Magistrate Judge's Report and Recommendation" that were filed on November 12, 2021 [Doc. Nos. 119-126] (collectively, "November 12 Objections"). Each of the November 12 Objections is directed to the October 28, 2021 Report and

Recommendation of Magistrate Judge Daniel C. Irick (the "Magistrate") [Doc. 86] ("October 28 R&R") recommending that the proposed Amended Complaint filed by Lucas Wall ("Wall") on behalf of himself and at least twelve (12) non-party putative plaintiffs ("Putative Plaintiffs")[Doc. 61], be stricken on the grounds that Wall may not represent the interest of any plaintiff other than himself.

Defendants respectfully submit that the October 28 R&R should be adopted by the Court for the reasons set forth therein. Defendants are submitting this response to the November 12 Objections primarily for the purpose of providing the Court with additional factual information regarding Wall's continued representation of the Putative Plaintiffs who seek to join this action as additional pro se plaintiffs, and regarding the lack of authority of each of the Putative Plaintiffs to electronically file their Objections to the October 28 R&R.

Despite the fact that by Order dated October 26, 2021 ("October 26 Order") [Doc. 85], the Magistrate "**prohibited**" Wall "from filing any document on behalf of any other person in this case," Mr. Wall has blatantly disregarded that Order by: (a) filing Objections on behalf of "Plaintiffs" (plural) [Doc. 119 p. 1]; (b) referring throughout his Objections to "we" (instead of "I"); (c) specifically stating at the end of his Objections that "[w]e request the Court enter an order rejecting the R&R and allowing all 13 plaintiffs to prosecute the Amended

2

Complaint" [Doc. 119, p. 9]; and (d) signing his Objections as "lead plaintiff and class representative." *Id*.

Moreover, it is clear that in blatant violation of the Magistrate's October 26 Order, Mr. Wall had Objections filed on behalf of each of the Putative Plaintiffs that are word for word **identical** to the Objections that Mr. Wall filed with his own electronic signature, including having each of the other Objections filed on behalf of "Plaintiffs" and referring to "we" throughout those Objections. The only difference between the Objections that Mr. Wall prepared and electronically signed and the Objections that Mr. Wall prepared and purportedly had electronically signed by the Putative Plaintiffs is that Wall deleted the words "lead plaintiff and class representative" from the signature blocks on the other Objections. Thus, Mr. Wall's claim in each of the November 12 Objections that " no plaintiff in this case is representing anyone else" [Doc. 119, p. 5] is contradicted by the November 12 Objections themselves.

Mr. Wall's denial that he is representing the Putative Plaintiffs is also belied by the fact that each of the Local Rule 3.01(g) Certifications that are included in 25 "Motion for Miscellaneous Relief" filings and "Motion to Compel Clerk to Correct Docket" filings [Doc. 94 to Doc. 118] – which supposedly were prepared and submitted independently by each of the Putative Plaintiffs – in fact

3

contains the same typographical error – specifically "Counsel have not respond [sic] to our consultation . . . ."   (Page 7)

Moreover, it is precisely because Mr. Wall has continued to represent other persons in this action in blatant disregard of the Magistrate's October 26 Order that just yesterday, November 16, 2021, the Magistrate issued a Report and Recommendation that Mr. Wall's own electronic filing privileges in this matter should be immediately revoked [Doc. 128, pp. 5-7]. Mr. Wall's preparing and filing of the November 12 Objections to the Oct. 28 R&R is simply more of the same unauthorized practice of law on his part.

In addition to continuing to disregard the Magistrate's October 26 Order through the filings that Mr. Wall continues to draft and submit on behalf of the Putative Plaintiffs, Mr. Wall has caused each of the Putative Plaintiffs to violate the Magistrate's October 26 Order, which prohibited the electronic filing of any document by any of the Putative Plaintiffs so long as they have not been approved to file documents electronically [Doc. 85, pp. 1-2].  None of the Putative Plaintiffs [is or] was an approved electronic filer at the time each of them had Wall file with their electronic signatures. In fact, in his November 16 Report and Recommendation the Magistrate recommends that the requests by each of the Putative Plaintiffs for authority to file documents electronically be denied [Doc. 128 p. 7].

In addition, Mr. Wall's deliberate clogging of the docket, as well as his threat to continue to do so, are not, contrary to Mr. Wall's claim, legitimate reasons why he should be permitted to continue to engage in the unauthorized practice of law. To the contrary, they are reasons why none of the Putative Plaintiffs should be permitted to be joined as plaintiffs in this matter altogether, at least if they intend to represent themselves. Contrary to Mr. Wall's unsupported claim that the Putative Plaintiffs have a "constitutional right to collectively prosecute their claims" [Doc. 119, p. 6], they have no such right, constitutional or otherwise.  Under Fed. R. Civ. Pro. 20, joinder of multiple plaintiffs in an action is **permissive** and only applies when all of the claims of the multiple plaintiffs "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." *Cox Television Jacksonville, LLC v. Florida Cable, Inc.*, 2016 WL 11578289 at *2 (M. D. Fla. July 13, 2016)(citing *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000); *Calloway v. Waste Pro USA, Inc.*, 2020 WL 9439358 (M.D. Fla. Sept. 29, 2020)(where Magistrate Irick, citing *Lasseter v. Rest. Delivery Developers, LLC*, 2018 WL 4091987 (M.D. Fla. Aug. 28, 2018), stated that "'Rule 20 refers to the *same* transaction or occurrence not to *similar* transactions or occurrences").

Moreover, "[i]n determining permissive joinder cases, courts consider multiple factors including judicial economy, case management, prejudice to

5

parties, and fundamental fairness." *Cox Television, 2016 WL 11578289* at *3. *See e.g. Lorenzo-Zamorano v. Overlook Harvesting Co.*, 2012 WL 682768 at *1 (M.D. Fla. March 2, 2012 (where the Court denied a motion to add eighty potential plaintiffs with claims that were identical to those of the original plaintiffs, noting that in view of the fact that the Court had determined that a class action could not be maintained, "joinder of many more plaintiffs would not serve to expedite the resolution of [the] case, as is the purpose of Federal Rule of Civil Procedure 20").

Putting aside whether any of the claims of the Putative Plaintiffs could be joined in this matter, inasmuch as they involve claims by different individuals against different airlines regarding different flights and different purported medical conditions, given the intent of Wall and the Putative Plaintiffs to clog the docket with numerous individual filings instead of hiring an attorney to represent them, Defendants respectfully submit that the interest of judicial economy and case management would dictate that none of the Putative Plaintiffs should be permitted to join as plaintiffs in this matter, at least so long as they insist on proceeding without an attorney.

For all of the above reasons, Defendants respectfully submit that the Court should reject all of the November 12 Objections in their entirety, adopt the October 28, 2021 Report and Recommendation of Magistrate Judge Daniel C.

Irick in its entirety, and award Defendants such other and further relief as the Court deems appropriate.

Date: November 17, 2021                              Respectfully submitted,

| | |
|---|---|
| STINSON LLP | TORRICELLA LAW PLLC |
| 1775 Pennsylvania Avenue, N.W. | Town Center One, Suite 2217 |
| Suite 800 | 8950 Southwest 74th Court |
| Washington, D.C. 20006 | Miami, Florida 33156 |
| Telephone: (202) 728-3005 | Telephone: (305) 677-7644 |
| | |
| By: /s Roy Goldberg | By: /s Maurice J. Baumgarten |
| M. Roy Goldberg | Roberto A. Torricella, Jr. |
| Roy.goldberg@stinson.com | Florida Bar No. 907472 |
| Admitted *Pro Hac Vice* | Robert@TorricellaLaw.com |
| | Maurice J. Baumgarten |
| | Florida Bar No. 25324 |
| | Maurice@TorricellaLaw.com |

Counsel for Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc. and JetBlue Airways Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2021, a true and correct copy of the foregoing RESPONSE OF DEFENDANTS SOUTHWEST AIRLINES, ALASKA AIRLINES, DELTA AIR LINES AND JET BLUE AIRWAYS TO: (A) OBJECTIONS OF PLAINTIFF LUCAS WALL TO MAGISTRATE'S REPORT AND RECOMMENDATION ON DENIAL OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND; (B) OBJECTIONS OF EACH OF THE PRO-SE MOVANTS TO MAGISTRATE'S REPORT AND RECOMMENATION ON DENIAL OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record.

/s M. Roy Goldberg
M. Roy Goldberg