UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LUCAS WALL, | ) |
| | ) |
| Plaintiff, | )  Case No. 6:21-cv-1008-PGB-DCI |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST AIRLINES, et. al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**BRIEF OF DEFENDANTS SOUTHWEST AIRLINES,
ALASKA AIRLINES, DELTA AIR LINES AND JETBLUE AIRWAYS
IN OPPOSITION TO MOTION TO COMPEL ALL DEFENSE COUNSEL
TO CONFER WITH ALL PLAINTIFFS ON ALL MOTIONS**

Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc., and JetBlue Airways Corporation (collectively "Defendants"), hereby respectfully submit this brief in opposition to the "Motion to Compel All Defense Counsel to Confer with All Plaintiffs on All Motions" filed on November 16, 2021 (Doc. 129, 131) ("Motion to Compel"). The Motion to Compel should be denied because: (1) Magistrate Judge Daniel C. Irick has issued a Report and Recommendation on October 28, 2021 (Doc. 86), which recommends that the Amended Complaint -- which purports to add as plaintiffs twelve additional persons none of whom signed the Amended Complaint -- "is due to be stricken" (Doc. 86, at 2); and (2) Defendants do not want to aid or abet Plaintiff Lucas

Wall's continued efforts to act as an attorney on behalf of the twelve potential plaintiffs.

**STATEMENT OF FACTS**

Plaintiff Wall filed this case in June 2021 to challenge the decisions of the airline defendants to comply with the federal mask mandate that applies to commercial airline travel throughout the United States. Rather than respond to the motions to dismiss filed by the airline defendants in August 2021, Plaintiff Wall on September 13, 2021, filed an Amended Complaint (Doc. 61), which sought to add to this case the twelve additional potential plaintiffs. The twelve individuals identified in the Amended Complaint did not sign the pleading or formally seek leave of this Court to intervene in this action. Instead, Mr. Wall merely included them in the Amended Complaint and affixed their electronic signatures on the pleading, notwithstanding that the twelve individuals did not (and still do not) have leave of this Court to electronically sign and file documents.

The October 28, 2021 Report and Recommendation recommends that the Amended Complaint "is due to be stricken" (Doc. 86, at 2). In advising that the Amended Complaint should be stricken, the Magistrate Judge stated that the "law is clear: 28 U.S.C. § 1654 authorizes a person to proceed *pro se* in federal court, but it does not allow a *pro se* litigant to represent others." (Doc. 86, at 4)

Magistrate Judge Irick added that this "prohibition specifically applies in the context of class actions and extends to Plaintiff's attempt to act as a class representative without counsel. He may not do so." Doc. 86, at 5. The Magistrate Judge concluded:

> Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff Lucas Wall, who is proceeding *pro se*, cannot represent the interest of others – including neither the 12 named plaintiffs, nor the proposed classes – in this action and, as such, the Amended Complaint is due to be **STRICKEN** with leave of Court to file an amended pleading to cure the deficiencies within a set time period." Doc. 86, at 9.

In so ruling, Magistrate Judge Irick correctly found that Wall filed the Amended Complaint in a representative capacity for the twelve prospective plaintiffs and the proposed class.

On November 12, 2021, Plaintiff Wall filed an objection to the Report and Recommendation (Doc. 119) wherein Mr. Wall admitted that he is attempting to serve as the "captain" of the prospective plaintiffs' "prosecution" of their claims. *Id*. at 7.

On November 17, 2021, Defendants filed a Response to: (A) Objections of Plaintiff Lucas Wall to Magistrate's Report and Recommendation on Denial of Motion for Leave to File Amended Complaint, and (B) Objections of Each of the Non-Party Putative Plaintiffs to Magistrate's Report and Recommendation on Denial of Motion for Leave to File Amended Complaint (Doc. 130).

On November 16, 2021, Magistrate Judge Irick issued a second Report and Recommendation, which recommended that the Motions to Correct (Docs. 94-99, 105-107, 109. 111, 112, 18) be denied; Wall's electronic filing privileges be revoked, and the motions to electronically file through CM/ECF (Docs. 100-104, 108, 110, 113-117) be denied.  Doc. 12, at 1.  Among other things, Magistrate Judge Irick provided further examples of Mr. Wall's refusal to refrain from acting as the attorney for his prospective co-plaintiffs through his use of phrases like "*we* hereby certify" and "*we* attempted to confer," in his Motion to Correct (Doc. 94, at 5).

## ARGUMENT

The Motion to Compel should be denied given the current status of this litigation, and in particular the fact that the Magistrate has recommended that the Amended Complaint be stricken (Doc. 86, at 2), and Plaintiff Wall is continuing to act as the attorney for twelve non-party prospective co-plaintiffs, despite the fact that Mr. Wall is not a licensed lawyer.

I.   **PLAINTIFF WALL IS IMPROPERLY IGNORING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION WHICH RECOMMENDS DISMISSAL OF THE AMENDED COMPLAINT.**

Plaintiff Wall states that he is free to act as if the Report and Recommendation (Doc. 86) does not exist because "an R&R is not a binding decision on the parties because a magistrate judge lacks statutory authority to

4

determine various motions, including one made *sua sponte* to dismiss a pleading." Doc. 129, at 2; Doc. 131, at 2. Plaintiff's assertion – that the Magistrate's Report and Recommendation may be ignored by the Plaintiff – is simply incorrect. Although a Magistrate's recommendation only becomes final once the district court makes it final, that does not mean that the recommendation should be ignored as if it does not exist. *See, e.g., Savoie v. Merchants Bank*, 84 F.3d 52, 59 (2d Cir. 1996) ("it is not the case, as the [defendant] apparently believes, that recommendations from a magistrate judge have no significance and can be ignored . . . . [I]t as long been clear that there are circumstances in which parties ignore recommendations of the magistrate judge at their own peril"); *Acheff v. Lazare*, No. 1:12-cv-00100-JCH-RHS, 2014 WL 12791232, *3 (D.N.M. May 2, 2014) ("the Court has jurisdiction to enforce its own preliminary injunction, by restoring the status quo that existed in this case before Lazare distributed the $7,031.00 remaining in the Edelman Trust in defiance of the Magistrate Judge's recommendation").

Until the Court acts on the Report and Recommendation, it is not appropriate for Plaintiff Wall to act as if the Report and Recommendation does not exist. The parties should wait for this Court to decide whether or not to adopt the Report and Recommendation before Plaintiff Wall is entitled to act as if the Report and Recommendation does not exist.

## II.   PLAINTIFF WALL CONTINUES TO ACT IMPROPERLY AS THE ATTORNEY FOR THE TWELVE PROSPECTIVE CO-PLAINTIFFS.

At this stage, requiring that Defendants confer not only with Plaintiff Wall (which Defendants are doing) but also the twelve non-party potential plaintiffs will only serve to exacerbate the continued efforts of Plaintiff Wall – a non-lawyer -- to act as counsel for those non-parties.  In response to a request by Plaintiff Wall that Defendants meet and confer with him and the non-parties regarding the Motion to Compel, Defendants on November 15, 2021 stated:

> [T]he position of Delta, Southwest, Alaska and JetBlue remains that we will meet and confer with you regarding motions that you plan to file solely on behalf of yourself.  We have consistently communicated with you regarding motions you plan to file only on your behalf and do so once again here.  However, since you are not an attorney we will not communicate with you – a non-lawyer – regarding other putative plaintiffs in this case or any relief that those other parties may seek to pursue.  As you know, the Magistrate has recommended that your Amended Complaint be stricken.  You have filed an objection to that Report and Recommendation and so far Judge Byron has not issued an order with regard to the Report and Recommendation.  However, that does not give you or your colleagues the right to proceed if the Report and Recommendation does not exist.  In any case, your attempting to add new parties via the Amended Complaint was not valid in the first instance.  We share the stated concern of the Magistrate that you are trying to act as the lawyer for the other putative plaintiffs – to use your words, you are acting as the "'captain' of [the] prosecution' of not only your claims but also those of your colleagues.  ECF 119, at 7.  We view this as an impermissible unauthorized practice of law that we cannot aid or abet. (Doc. 131, at 47 of 55)

Despite the fact that by Order dated October 26, 2021 ("October 26 Order") [Doc. 85], the Magistrate "**prohibited**" Mr. Wall "from filing any document on

behalf of any other person in this case," Mr. Wall has blatantly disregarded that Order by: (a) filing Objections on behalf of "Plaintiffs" (plural) (Doc. 119 p. 1); (b) referring throughout his Objections to "we" (instead of "I"); (c) specifically stating at the end of his Objections that "[w]e request the Court enter an order rejecting the R&R and allowing all 13 plaintiffs to prosecute the Amended Complaint" (Doc. 119, p. 9); and (d) signing his Objections as "lead plaintiff and class representative." *Id*.

Moreover, it is clear that in blatant violation of the Magistrate's October 26 Order, Mr. Wall had Objections filed on behalf of each of the prospective plaintiffs that are word for word **identical** to the Objections that Mr. Wall filed with his own electronic signature, including having each of the other Objections filed on behalf of "Plaintiffs" and referring to "we" throughout those Objections. The only difference between the Objections that Mr. Wall prepared and electronically signed and the Objections that Mr. Wall prepared and purportedly had electronically signed by the Putative Plaintiffs is that Wall deleted the words "lead plaintiff and class representative" from the signature blocks on the other Objections. Thus, Mr. Wall's claim in each of the November 12 Objections that " no plaintiff in this case is representing anyone else" (Doc. 119, p. 5) is contradicted by the November 12 Objections themselves.

Mr. Wall's denial that he is representing the prospective plaintiffs is also belied by the fact that each of the Local Rule 3.01(g) Certifications that are included in 25 "Motion for Miscellaneous Relief" filings and "Motion to Compel Clerk to Correct Docket" filings (Doc. 94 to Doc. 118) – which supposedly were prepared and submitted independently by each of the prospective plaintiffs – in fact contains the same typographical error – specifically "Counsel have not respond [sic] to our consultation . . . ."  (Page 7)

Furthermore, it is precisely because Mr. Wall has continued to represent other persons in this action in blatant disregard of the Magistrate's October 26 Order that on November 16, 2021, the Magistrate issued the Report and Recommendation that Mr. Wall's own electronic filing privileges in this matter should be immediately revoked (Doc. 128, pp. 5-7). Mr. Wall's preparing and filing of the November 12 Objections to the October 28 R&R was simply more of the same unauthorized practice of law on his part.

In addition to continuing to disregard the Magistrate's October 26 Order through the filings that Mr. Wall continues to draft and submit on behalf of the non-party prospective plaintiffs, Mr. Wall has caused each of them to violate the Magistrate's October 26 Order, which prohibited the electronic filing of any document by any of them as long as they have not been approved to file documents electronically (Doc. 85, pp. 1-2).  None of the non-party prospective

plaintiffs is or was an approved electronic filer at the time each of them had Wall file with their electronic signatures. In fact, in his November 16 Report and Recommendation the Magistrate recommends that the requests by each of them for authority to file documents electronically be denied (Doc. 128 p. 7).

## CONCLUSION

For all of the above reasons, Defendants respectfully submit that the Court should deny the Motion to Compel All Defense Counsel to Confer with All Plaintiffs on all Motions (Doc. 129, 131).

Date: November 17, 2021              Respectfully submitted,

STINSON LLP                          TORRICELLA LAW PLLC
1775 Pennsylvania Avenue, N.W.       Town Center One, Suite 2217
Suite 800                            8950 Southwest 74th Court
Washington, D.C. 20006               Miami, Florida 33156
Telephone: (202) 728-3005            Telephone: (305) 677-7644


By: /s Roy Goldberg                  By: /s Maurice J. Baumgarten
M. Roy Goldberg                      Roberto A. Torricella, Jr.
Roy.goldberg@stinson.com             Florida Bar No. 907472
Admitted *Pro Hac Vice*              Robert@TorricellaLaw.com
                                     Maurice J. Baumgarten
                                     Florida Bar No. 25324
                                     Maurice@TorricellaLaw.com

Counsel for Defendants Southwest Airlines Co., Alaska Airlines, Inc., Delta Air Lines, Inc. and JetBlue Airways Corporation

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 17, 2021, a true and correct copy of the foregoing BRIEF OF DEFENDANTS SOUTHWEST AIRLINES, ALASKA AIRLINES, DELTA AIR LINES AND JETBLUE AIRWAYS IN OPPOSITION TO MOTION TO COMPEL ALL DEFENSE COUNSEL TO CONFER WITH ALL PLAINTIFFS ON ALL MOTIONS was filed using CM-ECF system.

/s M. Roy Goldberg
M. Roy Goldberg