# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 6:21-cv-1008-PGB-DCI |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **SOUTHWEST AIRLINES** *et al.*, : | Magistrate Judge Daniel Irick |
| : | |
| Defendants. : | |

## PLAINTIFFS' JOINT MOTION TO STRIKE DOCUMENT 130

COME NOW all plaintiffs, *pro se*, and jointly move for an order striking the purported response of Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways (Doc. 130) to our objections (Docs. 119-127) to the magistrate's Report & Recommendation ("R&R") (Doc. 86) regarding the Amended Complaint (Doc. 61). In the alternative, should the Court deny our motion to strike, we ask for leave to file a reply brief not exceeding eight pages (the length of the contested Doc. 130) within five days of the entry of such an order.

The four defendants' "response" to our objections to the R&R are actually objections themselves (plus extraneous material) and thus can't stand as filed under Fed.R.Civ.P. 72. That rule requires a response to objections to be directed solely at the other party's objections, not to raise different objections to the R&R. For this reason, Doc. 130 must be struck. The time to submit objections to the R&R, which

1

was filed Oct. 28, expired Nov. 12. Fed.R.Civ.P. 72(b)(2). If the four defendants wish to file objections out of time, they must seek leave of the Court and demonstrate "excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

In addition to violating Rule 72(b)(2), the Court has the authority to strike the defendants' "response" "as incident to its inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Wall v. Centers for Disease Control & Prevention*, No. 6:21-cv-975 (M.D. Fla. Nov. 4, 2021). Federal courts' "well-established" inherent powers "are not governed by rule or by statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009).

## ARGUMENT

**A. The four defendants raise objections to the R&R that are not in response to our objections. Such objections are out of time.**

Doc. 130 gets off to a bad start by falsely labeling what the R&R (Doc. 86) addresses. The four defendants' brief, signed by counsel Roy Goldberg and Maurice Baumgarten, claim the R&R recommends "denial of motion for leave to file amended complaint." Doc. 130 at 1. But plaintiffs never filed a motion for leave to filed amended complaint. The R&R addresses the magistrate's *sua sponte* motion to dismiss for, *inter alia*, proposing a class action by a group of *pro se* plaintiffs.

The title of Doc. 130 also falsely claims to respond to "non-party putative plaintiffs." But the 12 plaintiffs joined to this action in the Amended Complaint are actual real plaintiffs, not alleged plaintiffs. They all e-signed the Amended Complaint (Doc. 61) and their names are included in the case caption of the R&R issued by the magistrate (Doc. 86). The title of Doc. 130 again errs in claiming the 12 additional real plaintiffs filed a motion for leave to file amended complaint, but there is no such motion on the docket.

The four defendants improperly – and past the 14-day deadline – raise their own objections to the R&R, which are not appropriate in a document ***responding*** to plaintiffs' objections. These objections were due Nov. 12. Rule 72(b)(2). "Under Fed. R. Civ. Pro. 20, joinder of multiple plaintiffs in an action is **permissive** and only applies when all of the claims of the multiple plaintiffs "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." *Id*. at 5 (emphasis original).

If the four defendants wish to object to parts of the R&R, such as not recommending that joinder of the 13 plaintiffs is appropriate, they must do so in a document containing their own objections. But that time has passed. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). This then allows any party that disagrees with the objections to file a response within 14 days. Raising fresh objections to the R&R in

3

a response is not permitted as that deprives the other party of their right under Rule 72 to file their own response.

The four defendants go on to object to the R&R by writing "Moreover, '[i]n determining permissive joinder cases, courts consider multiple factors including judicial economy, case management, prejudice to parties, and fundamental fairness.'" Doc. 130 at 5-6. These comments do not respond to the objections we made to the R&R; they again are brand new objections that must be filed as such.

Continuing on this line of new objections, the four defendants argue:

> "Putting aside whether any of the claims of the [Additional] Plaintiffs could be joined in this matter, inasmuch as they involve claims by different individuals against different airlines regarding different flights and different purported medical conditions, given the intent of Wall and the [Additional] Plaintiffs to clog the docket with numerous individual filings instead of hiring an attorney to represent them, Defendants respectfully submit that the interest of judicial economy and case management would dictate that none of the [Additional] Plaintiffs should be permitted to join as plaintiffs in this matter, at least so long as they insist on proceeding without an attorney." *Id*. at 6.

These objections to the R&R's failure to recommend prohibiting joinder do not in any way respond to our objections. They must be raised separately. Moreover, Mr. Wall and the other 12 plaintiffs never desired "to clog the docket with numerous individual filings…" We filed one joint document until the magistrate began complaining about it. Individual filings by all plaintiffs began recently only in response to comments by the magistrate in the R&R and other orders. Plaintiffs in fact object to the requirement to file individually, which Mr. Goldberg and Mr. Baumgarten should have known from reading our objections – to which these comments do not respond to but raise new objections requiring a separate filing so we

4

may have a chance to respond to them per Rule 72. But again, the window for objections ended Nov. 12.

Also, Mr. Goldberg and Mr. Baumgarten should be rebuked by the Court for trying to imply that plaintiffs must hire a lawyer to proceed with our joint claims against all the airline defendants for illegally discriminating against us because we have medical conditions that preclude us from wearing masks. We do not have money to hire an attorney, that is why we are proceeding *pro se*. And we have a right to do so. 28 USC § 1654. We do not "insist" on proceeding without an attorney. We do so because we are not wealthy enough to pay a lawyer. We are hardworking disabled Americans fighting for our civil rights. Mr. Goldberg, Mr. Baumgarten, nor anyone else has the right to stop us because we are not rich.

The four defendants' objections to the R&R are bewildering in that their purported response ends with asking the Court to "adopt the October 28, 2021 Report and Recommendation of Magistrate Judge Daniel C. Irick in its entirety…" Doc. 130 at 6-7. If they are asking for the R&R to be adopted by the district judge in its entirely, then they should not be raising objections to it in a response brief. Doc. 130 must be struck.

**B. Doc. 130 is full of lies that must be struck pursuant to Rule 11.**

While ostensibly responding to our objections to the R&R, Doc. 130 states numerous scandalous falsehoods that must be struck in accordance with Fed.R.Civ.P. 11, which requires that

5

> "By presenting to the court a ... paper ... an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ... (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed.R.Civ.P. 11(b).

When factual dishonesties are brought to the Court's attention, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1). An appropriate sanction is to strike the document.

Among Document 130's scandalous lies and harassments:

1. "Defendants are submitting this response to the November 12 Objections primarily for the purpose of providing the Court with additional factual information regarding Wall's continued representation of the [Additional] Plaintiffs who seek to join this action as additional *pro se* plaintiffs, and regarding the lack of authority of each of the [Additional] Plaintiffs to electronically file their Objections to the October 28 R&R." Doc. 130 at 2.

    In fact, Mr. Wall is NOT representing any of the real plaintiffs who have joined this action. All 13 plaintiffs are representing ourselves. Also, none of the 12 plaintiffs who don't have e-filing access via CM/ECF used that system to file their objections to the R&R. They all used the Court's webform portal at https://apps.flmd.uscourts.gov/cmecf/filings.cfm, which is available to

6

all litigants who don't have CM/ECF access to submit filings. All plaintiffs received e-mail receipts from the court's filing portal. Ex. 1.

2. "Despite the fact that by Order dated October 26, 2021 ('October 26 Order') (Doc. 85), the Magistrate '**prohibited**' Wall 'from filing any document on behalf of any other person in this case,' Mr. Wall has blatantly disregarded that Order by: (a) filing Objections on behalf of 'Plaintiffs' (plural) (Doc. 119 p. 1); (b) referring throughout his Objections to 'we' (instead of 'I'); (c) specifically stating at the end of his Objections that '[w]e request the Court enter an order rejecting the R&R and allowing all 13 plaintiffs to prosecute the Amended Complaint'" (Doc. 119, p. 9); and (d) signing his Objections as 'lead plaintiff and class representative.' *Id.*" Doc. 130 at 2-3 (emphasis original).

Mr. Wall did not file the objections "on behalf of any other person in this case." All 13 plaintiffs agreed to the same objections and filed them individually using the portal. Ex. 1.

Of course Mr. Wall (and all other plaintiffs) used the word "we" throughout our objections because we all worked on the document and agreed to it.

And there's nothing wrong with Mr. Wall signing the objections (and every other court paper since the Amended Complaint) as "lead plaintiff and class representative" because we unanimously designated him as such. Doc. 64.

3. "Moreover, it is clear that in blatant violation of the Magistrate's October 26 Order, Mr. Wall had Objections filed on behalf of each of the [Additional]

7

Plaintiffs that are word for word identical to the Objections that Mr. Wall filed with his own electronic signature, including having each of the other Objections filed on behalf of 'Plaintiffs' and referring to 'we' throughout those Objections." Doc. 130 at 3.

There was no "blatant violation" of any court order and Mr. Wall did not file objections "on behalf of each of the" additional 12 real plaintiffs. Ex. 1. And of course the objections "are word for word identical" because they were prepared jointly and agreed to unanimously.

4. "[T]he Objections that Mr. Wall prepared and purportedly had electronically signed by the [Additional] Plaintiffs…" Doc. 130 at 3.

All plaintiffs prepared and signed the objections (the 12 without ECF access signed with ink, not electronically). Plaintiffs have worked as a united group in this prosecution since the Amended Complaint was filed Sept. 13. This should come as no surprise to Mr. Goldberg and Mr. Baumgarten, yet they continue to libel Mr. Wall in an effort to defame him for supposedly representing others without a law license (an effort the magistrate has tragically contributed to).

5. "Mr. Wall's claim in each of the November 12 Objections that 'no plaintiff in this case is representing anyone else' (Doc. 119, p. 5) is contradicted by the November 12 Objections themselves." Doc. 130 at 3.

Nothing is contradicted by the objections. All 13 plaintiffs participated in drafting them, offered their suggestions, and unanimously approved them.

8

Each then signed and submitted individually as the magistrate has demanded (a process plaintiffs have objected to). No plaintiff is representing anyone else.

6. "Mr. Wall's preparing and filing of the November 12 Objections to the Oct. 28 R&R is simply more of the same unauthorized practice of law on his part." Doc. 130 at 4.

   Mr. Wall has never engaged in "unauthorized practice of law." He prepared the objections with all dozen other plaintiffs and each filed individually. Ex. 1.

7. "In addition to continuing to disregard the Magistrate's October 26 Order through the filings that Mr. Wall continues to draft and submit on behalf of the [Additional] Plaintiffs, Mr. Wall has caused each of the [Additional] Plaintiffs to violate the Magistrate's October 26 Order, which prohibited the electronic filing of any document by any of the [Additional] Plaintiffs so long as they have not been approved to file documents electronically (Doc. 85, pp. 1-2). None of the [Additional] Plaintiffs (is or) was an approved electronic filer at the time each of them had Wall file with their electronic signatures." Doc. 130 at 4.

   This statement is so full of lies it's hard to know where to begin. No plaintiff has disregarded the magistrate's Oct. 26 order. Mr. Wall drafts documents in conjunction with the other 12 plaintiffs. Mr. Wall did not file any

9

objections for any other plaintiff. Ex. 1. Nothing in the Oct. 26 order prohibits the dozen plaintiffs who don't have ECF access from filing using the court's web portal, which is specifically designed for litigants who don't have ECF. Mr. Goldberg and Mr. Baumgarten show an immense degree of ignorance about the web portal. It appears they are not even aware it exists. The 12 plaintiffs without ECF access signed their objections in ink as requested by the magistrate; they did not have "Wall file with their electronic signatures." Docs. 120-127. This is another example of why Doc. 130 must be struck in its entirety.

## C. Document 130 contains material that does not respond to the plaintiffs' objections to the R&R.

Fed.R.Civ.P. 72(b)(2) allows "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." A response is limited to addressing "another party's objections." But the four defendants' purported response includes material that does not speak to the R&R itself or the objections we filed.

1. "Mr. Wall's denial that he is representing the [Additional] Plaintiffs is also belied by the fact that each of the Local Rule 3.01(g) Certifications that are included in 25 'Motion for Miscellaneous Relief' filings and 'Motion to Compel Clerk to Correct Docket' filings (Doc. 94 to Doc. 118) – which supposedly

were prepared and submitted independently by each of the [Additional] Plaintiffs – in fact contains the same typographical error – specifically 'Counsel have not respond [sic] to our consultation…' (Page 7)." Doc. 130 at 3-4.

Plaintiffs' motions for leave to e-file and our Motion to Compel Clerk to Correct Docket have nothing to do with the R&R, therefore these four defendants' baseless attacks on them must be struck because they may not be included in a purported response to objections. Also, the statement that Mr. Wall is representing anyone is again a fabrication. Plaintiffs prepare and file the same documents because we are working together as a group. This should come as no surprise to Mr. Goldberg and Mr. Baumgarten. The fact that the same documents contained the same typo is thus not interesting or relevant. Again, each plaintiff without e-file access submitted these two motions using the court's web portal. Exs. 2-3.

2. "Moreover, it is precisely because Mr. Wall has continued to represent other persons in this action in blatant disregard of the Magistrate's October 26 Order that just yesterday, November 16, 2021, the Magistrate issued a Report and Recommendation that Mr. Wall's own electronic filing privileges in this matter should be immediately revoked (Doc. 128, pp. 5-7)."

First, Mr. Wall has never and is not representing any other person in this prosecution. Second, the magistrate's Nov. 16 R&R erroneously suggesting Mr. Wall's e-file privileges be rescinded does not relate to the Oct. 28 R&R

11

(Doc. 86) or plaintiffs' objections thereto (Docs. 119-127) that the four defendants are limited to addressing in a response under Rule 72. Therefore, Doc. 130 must be struck.

3. "In fact, in his November 16 Report and Recommendation the Magistrate recommends that the requests by each of the [Additional] Plaintiffs for authority to file documents electronically be denied (Doc. 128 p. 7)."

Plaintiffs' motions to e-file and the magistrate's R&R recommending they be denied are wholly outside the scope of responding to objections we filed concerning the R&R recommending the Amended Complaint be dismissed with leave to replead. They must be struck.

4. "Mr. Wall's deliberate clogging of the docket, as well as his threat to continue to do so, are not, contrary to Mr. Wall's claim, legitimate reasons why he should be permitted to continue to engage in the unauthorized practice of law. To the contrary, they are reasons why none of the [Additional] Plaintiffs should be permitted to be joined as plaintiffs in this matter altogether, at least if they intend to represent themselves." Doc. 130 at 5.

Again the four defendants write about material having nothing whatsoever to do with plaintiffs' objections to the R&R. There is no "deliberate clogging of the docket." Plaintiffs' individual filings of the objections and various motions are in fact a direct response to the R&R's recommendation that plaintiffs should not be allowed to appoint a lead plaintiff who can file all joint documents once. Plaintiffs do not desire to file every document 13

12

times; that is the direction the Court has given us. Mr. Goldberg and Mr. Baumgarten's complaints about "clogging of the docket" should be addressed to the magistrate, but they are outside the scope of responding to the objections and must be struck.

Furthermore, the Court should consider sanctioning Mr. Goldberg and Mr. Baumgarten for their never-ending libel that Mr. Wall is "engage[d] in the unauthorized practice of law." How exactly does all dozen additional plaintiffs following the magistrate's instructions to file individually equate to Mr. Wall supposedly practicing law?

Lastly, the four defendants raise another issue not responsive to our objections to the R&R. The magistrate does not address in the R&R that all plaintiffs "should [not] be permitted to be joined as plaintiffs in this matter altogether." Because all of these statements do not respond to our objections, they must be struck.

**D. The four defendants may not ask for unspecified relief in a purported response to objections to an R&R.**

The supposed response to our objections ends with a bizarre, vague demand that the Court should "award Defendants such other and further relief as the Court deems appropriate." Doc. 130 at 7. But this must be struck because the rules require any demand for relief be made in a motion. "A motion must include … a concise statement of ***the precise relief requested***, a statement of the basis for the

13

request, and a legal memorandum supporting the request." Local Rule 3.01(a) (emphasis added). The Court may not entertain vague demands for unspecified relief in a purported response to objections to an R&R. "If a party seeks relief, that party must file a motion in accordance with the Local Rules of this Court including Local Rules 3.01(a) and 3.01(g)." *Wall v. CDC* (M.D. Fla. July 14, 2021).

## CONCLUSION

The four airlines' purported response to our objections to the R&R raises fresh objections to the R&R that are not in response to our objections and are untimely, is full of lies that must be struck pursuant to Rule 11, contains material that does not respond to the plaintiffs' objections to the R&R, and asks for unspecified relief without making a motion.

WHEREFORE, we request this Court issue an order striking Doc. 130 in its entirety. In the alternative, should the Court deny our motion to strike, we ask for leave to file a reply brief not exceeding eight pages to respond to the scandalous assertions made by the four defendants in purporting to respond to our objections to the R&R, to be filed within five days of entry of such an order.

**Local Rule 3.01(g) Certification**
We hereby certify that on Nov. 17, we conferred with Roy Goldberg, counsel for Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways. Mr. Goldberg said his clients oppose our request to strike Doc. 130.

We hereby certify that on Nov. 17, 18, 19, and 20, we attempted to confer by e-mail with Brian Maye, counsel for Defendants Allegiant Air and Frontier Airlines. In what has become a disturbing pattern over the past several weeks, Mr. Maye has

not responded to our consultations. Ex. 4. Plaintiffs suggest the Court may need to impose sanctions to remedy this problem. "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g)(3).

We hereby certify that on Nov. 18, we conferred with Miguel Morel, counsel for Defendant Sprit Airlines. Mr. Morel said his client opposes our request to strike Doc. 130.

Respectfully submitted this 20th day of November 2021.

*Lucas Wall*

Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

_____
Aaron Abadi, plaintiff

_____
Kleanthis Andreadakis, plaintiff

_____
Eric Cila, plaintiff

_____
Shannon Greer-Cila, plaintiff

_____
Anthony Eades, plaintiff

_____
Uri Marcus, plaintiff

_____
Yvonne Marcus, plaintiff

_____
Leonardo McDonnell, plaintiff

_____
Peter Menage, plaintiff

_____
Connie Rarrick, plaintiff

_____
Jared Rarrick, plaintiff

_____
Jennifer Rarrick, plaintiff