Wall v. Southwest Airlines -- Consultation on Motion to Strike 4 Airlines' Purported Response to Objections

From:   Lucas Wall (lucas.wall@yahoo.com)

To:     Robert@torricellalaw.com; bmaye@amm-law.com; Roy.Goldberg@stinson.com; mamorel@littler.com

Bcc:    

Date:   Wednesday, November 17, 2021, 05:15 PM EST

Dear counsel:

I write to inform you that I will be filing a motion Thursday to strike Document 130 filed by Roy Goldberg, the purported response of four airlines to objections filed by plaintiffs to the magistrate's Report & Recommendation, for these reasons:

1. Failure to serve all plaintiffs as required by Fed.R.Civ.P. 5. The certificate of service notes Doc. 130 "was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record." However, Mr. Goldberg failed to certify that he served the 12 parties to this case who do not receive electronic service via CM/ECF. The mailing addresses of those 12 parties are clearly listed at the end of this Notice of Electronic Filing sent from the court (see below -- marked in bold, red font, and yellow highlight in case Mr. Goldberg missed them). Because Mr. Goldberg did not certify that he served these 12 parties by postal mail as required, Doc. 130 must be stricken for failure to comply with Rule 5.

2. Including numerous extraneous materials not related to the responses to the objections. Fed.R.Civ.P. 72(b)(2) permits "A party may respond to another party's objections within 14 days after being served with a copy." However, Mr. Goldberg's Doc. 130 doesn't "respond to another party's objections," it asserts numerous separate objections, including that no plaintiff should be able to join me in this case without an attorney.

Such a filing must be made under the other clause of Rule 72(b)(2): "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." This then allows the other parties an opportunity to file a response. Because Doc. 130 mostly contains objections to issues not raised in our objections, it is not a proper "response" but rather should be filed as "objections."

In the alternative, should the court decline to strike Doc. 130, my motion will ask the court for leave to file a reply of up to seven pages to argue against the objections raised by Mr. Goldberg that do not relate to plaintiffs' objections.

Per court rules, all defense counsel must respond to this consultation even though the document I seek to strike was only filed by four of the seven airline defendants. Please inform me of your clients' position on this motion by close of business Thursday, as I plan to submit it Thursday evening.

You can expect to hear from the other 12 plaintiffs regarding this matter as well. None of us will allow documents without a proper certificate of service and containing material not responsive to our objections to stand.

*Lucas Wall

**U.S. District Court**
**Middle District of Florida**

**Notice of Electronic Filing**

The following transaction was entered by Goldberg, Milton on 11/17/2021 at 10:53 AM EST and filed on 11/17/2021

| | |
|---|---|
| **Case Name:** | Wall v. Southwest Airlines et al |
| **Case Number:** | 6:21-cv-01008-PGB-DCI |
| **Filer:** | Alaska Airlines |
| | Delta Air Lines |
| | JetBlue Airways |
| | Southwest Airlines |

**Document Number:** 130

**Docket Text:**
**RESPONSE to objections to [86] Report and Recommendations filed by Alaska Airlines, Delta Air Lines, JetBlue Airways, Southwest Airlines. (Goldberg, Milton)**

**6:21-cv-01008-PGB-DCI Notice has been electronically mailed to:**

Brian T. Maye     bmaye@amm-law.com, kmacholan@AMM-LAW.com, mfontein@amm-law.com, rsiwinski@AMM-LAW.com

Kyle Dudek     kyle.dudek@henlaw.com, sarah.howie@henlaw.com

Lucas Wall     lucas.wall@yahoo.com

Maurice Jay Baumgarten     maurice@torricellalaw.com, mjbaumgarten@aol.com

Miguel Morel     mamorel@littler.com, #MiamiECFiling@littler.com, grivas@littler.com

Milton Roy Goldberg     roy.goldberg@stinson.com

Roberto A. Torricella , Jr     Robert@torricellalaw.com, Samantha@torricellalaw.com

William Boltrek , III     william.boltrek@henlaw.com, brenda.sitar@henlaw.com

**6:21-cv-01008-PGB-DCI Notice has been delivered by other means to:**

**Aaron Abadi**
**Apt. 140**
**82 Nassau St.**
**New York, NY 10038**

**Anthony Eades**
**19499 Cedar Gate Dr.**
**Warsaw, MO 65355**

**Connie Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Eric L Cila**
**8807 Avondale Ct**
**Louisville, KY 40299**

**Jared Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Jennifer Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Kleanthis Andreadakis**
**5108 Hunters Meadow Pl.**
**Henrico, VA 23231**

**Leonardo McDonnell**
**P.O. Box 1113**
**Melbourne, FL 32902**

**Peter Menage**
**3255 N. Mars Ave.**
**Palmer, AK 99645**

**Shannon Greer Cila**
**8807 Avondale Ct**
**Louisville, KY 40299**

**Uri Marcus**
**P.O. Box 126**
**Ojai, CA 93024**

**Yvonne Marcus**
**P.O. Box 126**
**Ojai, CA 93024**

## Wall v. Southwest Airlines -- Consultation on Motion to Strike 4 Airlines' Purported Response to Objections

From:   Jennifer Rarrick (jenniferrarrick@gmail.com)

To:     robert@torricellalaw.com; roy.goldberg@stinson.com; bmaye@amm-law.com; mamorel@littler.com

Bcc:    lucas.wall@yahoo.com

Date:   Wednesday, November 17, 2021, 08:12 PM EST

Dear Counsel:

As a plaintiffs in Wall v. Southwest Airlines, We write to inform you that we will be filing a motion Thursday to strike Document 130 filed by Roy Goldberg, the purported response of four airlines to objections filed by plaintiffs to the magistrate's Report & Recommendation, for these reasons:

1. Failure to serve all plaintiffs as required by Fed.R.Civ.P. 5. The certificate of service notes Doc. 130 "was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record." However, Mr. Goldberg failed to certify that he served the 12 parties to this case (including myself) who do not receive electronic service via CM/ECF. The mailing addresses of those 12 parties are clearly listed at the end of this Notice of Electronic Filing sent from the court (see below -- marked in bold, red font, and yellow highlight in case Mr. Goldberg missed them). Because Mr. Goldberg did not certify that he served these 12 parties by postal mail as required, Doc. 130 must be stricken for failure to comply with Rule 5.

2. Including numerous extraneous materials not related to the responses to the objections. Fed.R.Civ.P. 72(b)(2) permits "A party may respond to another party's objections within 14 days after being served with a copy." However, Mr. Goldberg's Doc. 130 doesn't "respond to another party's objections," it asserts numerous separate objections, including that no plaintiff should be able to join Mr. Wall in this case without an attorney.

Such a filing must be made under the other clause of Rule 72(b)(2): "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." This then allows the other parties an opportunity to file a response. Because Doc. 130 mostly contains objections to issues not raised in our objections, it is not a proper "response" but rather should be filed as "objections."

In the alternative, should the court decline to strike Doc. 130, our motion will ask the court for leave to file a reply of up to seven pages to argue against the objections raised by Mr. Goldberg that do not relate to plaintiffs' objections.

Per court rules, all defense counsel must respond to this consultation even though the document we seek to strike was only filed by four of the seven airline defendants. Please inform us of your clients' position on this motion by close of business Thursday, as we plan to submit it Thursday evening.

U.S. District Court
Middle District of Florida

## Notice of Electronic Filing

The following transaction was entered by Goldberg, Milton on 11/17/2021 at 10:53 AM EST and filed on 11/17/2021

**Case Name:** Wall v. Southwest Airlines et al
**Case Number:** 6:21-cv-01008-PGB-DCI
**Filer:** Alaska Airlines
Delta Air Lines
JetBlue Airways
Southwest Airlines
**Document Number:** 130

**Docket Text:**
**RESPONSE to objections to [86] Report and Recommendations filed by Alaska Airlines, Delta Air Lines, JetBlue Airways, Southwest Airlines. (Goldberg, Milton)**

**6:21-cv-01008-PGB-DCI Notice has been electronically mailed to:**

Brian T. Maye     bmaye@amm-law.com, kmacholan@AMM-LAW.com, mfontein@amm-law.com, rsiwinski@AMM-LAW.com

Kyle Dudek     kyle.dudek@henlaw.com, sarah.howie@henlaw.com

Lucas Wall     lucas.wall@yahoo.com

Maurice Jay Baumgarten     maurice@torricellalaw.com, mjbaumgarten@aol.com

Miguel Morel     mamorel@littler.com, #MiamiECFiling@littler.com, grivas@littler.com

Milton Roy Goldberg     roy.goldberg@stinson.com

Roberto A. Torricella , Jr     Robert@torricellalaw.com, Samantha@torricellalaw.com

William Boltrek , III     william.boltrek@henlaw.com, brenda.sitar@henlaw.com

**6:21-cv-01008-PGB-DCI Notice has been delivered by other means to:**

**Aaron Abadi
Apt. 140
82 Nassau St.
New York, NY 10038**

**Anthony Eades
19499 Cedar Gate Dr.**

**Warsaw, MO 65355**

**Connie Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Eric L Cila**
**8807 Avondale Ct**
**Louisville, KY 40299**

**Jared Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Jennifer Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Kleanthis Andreadakis**
**5108 Hunters Meadow Pl.**
**Henrico, VA 23231**

**Leonardo McDonnell**
**P.O. Box 1113**
**Melbourne, FL 32902**

**Peter Menage**
**3255 N. Mars Ave.**
**Palmer, AK 99645**

**Shannon Greer Cila**
**8807 Avondale Ct**
**Louisville, KY 40299**

**Uri Marcus**
**P.O. Box 126**
**Ojai, CA 93024**

**Yvonne Marcus**
**P.O. Box 126**
**Ojai, CA 93024**

**Signed,**
**Jennifer Rarrick, Jared Rarrick, Connie Rarrick**

Wall v. Southwest Airlines -- Consultation on Motion to Strike 4 Airlines' Purported Response to Objections

From:  Leonardo McDonnell

To:  robert@torricellalaw.com; bmaye@amm-law.com; roy.goldberg@stinson.com; mamorel@littler.com

Date:  Wednesday, November 17, 2021, 10:59 PM EST

Dear counsel:

As a plaintiff in Wall v. Southwest Airlines, I write to inform you that I will be filing a motion Thursday to strike Document 130 filed by Roy Goldberg, the purported response of four airlines to objections filed by plaintiffs to the magistrate's Report & Recommendation, for these reasons:

1. Failure to serve all plaintiffs as required by Fed.R.Civ.P. 5. The certificate of service notes Doc. 130 "was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record." However, Mr. Goldberg failed to certify that he served the 12 parties to this case (including myself) who do not receive electronic service via CM/ECF. The mailing addresses of those 12 parties are clearly listed at the end of this Notice of Electronic Filing sent from the court (see below -- marked in bold, red font, and yellow highlight in case Mr. Goldberg missed them). Because Mr. Goldberg did not certify that he served these 12 parties by postal mail as required, Doc. 130 must be stricken for failure to comply with Rule 5.

2. Including numerous extraneous materials not related to the responses to the objections. Fed.R.Civ.P. 72(b)(2) permits "A party may respond to another party's objections within 14 days after being served with a copy." However, Mr. Goldberg's Doc. 130 doesn't "respond to another party's objections," it asserts numerous separate objections, including that no plaintiff should be able to join Mr. Wall in this case without an attorney.

Such a filing must be made under the other clause of Rule 72(b)(2): "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." This then allows the other parties an opportunity to file a response. Because Doc. 130 mostly contains objections to issues not raised in our objections, it is not a proper "response" but rather should be filed as "objections."

In the alternative, should the court decline to strike Doc. 130, my motion will ask the court for leave to file a reply of up to seven pages to argue against the objections raised by Mr. Goldberg that do not relate to plaintiffs' objections.

Per court rules, all defense counsel must respond to this consultation even though the document I seek to strike was only filed by four of the seven airline defendants. Please inform me of your clients' position on this motion by close of business Thursday, as I plan to submit it Thursday evening.

Leonardo McDonnell
Sent from my iPhone

Wall v. Southwest Airlines -- Consultation on Motion to Strike 4 Airlines' Purported Response to Objections

From: Uriel ben-Mordechai (uri@ntcf.org)

To: robert@torricellalaw.com; bmaye@amm-law.com; roy.goldberg@stinson.com; mamorel@littler.com

Cc: adi@ntcf.org

Date: Thursday, November 18, 2021, 12:46 AM EST

Shalom Counsellors,

As a Plaintiff in Wall v. Southwest Airlines, we are writing to inform you that we will be filing a motion **Thursday, 18 Nov 2021,** to strike Document 130 filed by Roy Goldberg, **the purported response** of four airlines to objections filed by Plaintiffs to the magistrate's Report & Recommendation, for these reasons:

**1.** Failure to serve **ALL Plaintiffs** as required by **Fed.R.Civ.P. 5.** The certificate of service notes Doc. 130 *"was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record."* However, **Mr. Goldberg failed to certify that he served the 12 parties to this case** *(including THE TWO OF US, URI MARCUS and my wife YVONNE MARCUS)* who did not receive electronic service via CM/ECF. The mailing addresses of **ALL** 12 parties are clearly listed at the end of this Notice of Electronic Filing sent from the court **(see below -- marked in bold, red font, and yellow highlight** in case Mr. Goldberg missed them)**. Because Mr. Goldberg did not certify that he served these 12 parties by postal mail as required, Doc. 130 must be stricken for failure to comply with Rule 5.

**2.** Including numerous extraneous materials not related to the responses to the objections. **Fed.R.Civ.P. 72(b)(2)** permits *"A party may respond to another party's objections within 14 days after being served with a copy."* However, Mr. Goldberg's Doc. 130 doesn't *"respond to another party's objections,"* it asserts numerous separate objections, including that "no plaintiff should be able to join Mr. Wall in this case without an attorney." How is it that all of you went to law school and know or should have knowledge of these rules, but don't? We did NOT attend law school, and yet WE DO KNOW how to follow court rules. How is this possible?

Such a filing must be made under the other clause of **Rule 72(b)(2)**: *"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."* This then allows the other parties an opportunity to file a response. Because Doc. 130 mostly contains objections to issues not raised in our objections, it is not a proper "response" but rather should be filed as "objections."

In the alternative, should the court decline to strike Doc. 130, our motion will ask the court for leave to file a reply of up to seven pages to argue against the objections raised by Mr. Goldberg that do not relate to Plaintiffs' objections.

Per court rules, **all defense counsel must respond to this consultation** even though the document I seek to strike was only filed by four of the seven airline defendants. Please inform us of your clients' position on this motion by close of business **Thursday 18 Nov 2021**, as we plan to submit it **Thursday evening**.

Thank you.

URI MARCUS • PLAINTIFF
YVONNE MARCUS • PLAINTIFF

Jerusalem

_____

**U.S. District Court**
**Middle District of Florida**

**Notice of Electronic Filing**

The following transaction was entered by Goldberg, Milton on 11/17/2021 at 10:53 AM EST and filed on 11/17/2021

**Case Name:**     Wall v. Southwest Airlines et al
**Case Number:**   6:21-cv-01008-PGB-DCI
**Filer:**         Alaska Airlines

        Delta Air Lines
        JetBlue Airways
        Southwest Airlines

**Document Number:** 130

**Docket Text:**
**RESPONSE to objections to [86] Report and Recommendations filed by Alaska Airlines, Delta Air Lines, JetBlue Airways, Southwest Airlines. (Goldberg, Milton)**

**6:21-cv-01008-PGB-DCI Notice has been electronically mailed to:**

Brian T. Maye    bmaye@amm-law.com, kmacholan@AMM-LAW.com, mfontein@amm-law.com, rsiwinski@AMM-LAW.com

Kyle Dudek    kyle.dudek@henlaw.com, sarah.howie@henlaw.com

Lucas Wall    lucas.wall@yahoo.com

Maurice Jay Baumgarten    maurice@torricellalaw.com, mjbaumgarten@aol.com

Miguel Morel    mamorel@littler.com, #MiamiECFiling@littler.com, grivas@littler.com

Milton Roy Goldberg    roy.goldberg@stinson.com

Roberto A. Torricella , Jr    Robert@torricellalaw.com, Samantha@torricellalaw.com

William Boltrek , III    william.boltrek@henlaw.com, brenda.sitar@henlaw.com

**6:21-cv-01008-PGB-DCI Notice has been delivered by other means to:**

**Aaron Abadi**
**Apt. 140**
**82 Nassau St.**
**New York, NY 10038**

**Anthony Eades**
**19499 Cedar Gate Dr.**
**Warsaw, MO 65355**

**Connie Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Eric L Cila**
**8807 Avondale Ct**
**Louisville, KY 40299**

**Jared Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Jennifer Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Kleanthis Andreadakis**
**5108 Hunters Meadow Pl.**
**Henrico, VA 23231**

**Leonardo McDonnell**
**P.O. Box 1113**
**Melbourne, FL 32902**

**Peter Menage**
**3255 N. Mars Ave.**
**Palmer, AK 99645**

**Shannon Greer Cila**
**8807 Avondale Ct**
**Louisville, KY 40299**

**Uri Marcus**
**P.O. Box 126**
**Ojai, CA 93024**

**Yvonne Marcus**
**P.O. Box 126**
**Ojai, CA 93024**

### Day 2, Attempt #2- Request for consult on proposed motions

| | |
|---|---|
| From: | shannonrgreer@yahoo.com (shannonrgreer@yahoo.com) |
| To: | robert@torricellalaw.com; bmaye@amm-law.com; roy.goldberg@stinson.com; mamorel@littler.com |
| Cc: | ericlcila@yahoo.com |
| Date: | Thursday, November 18, 2021, 09:10 AM EST |

Dear Counsel:

Greetings & shalom!

I am writing respectfully, for a second day in a row to follow the magistrate's directive in the last R & R that Rule 3 requires 3 attempts in a row. Three shall it be. No more, no less. Three shall be the number thou shalt count, and the number of the counting shall be three. Four shalt thou not count, nor the number two, excepting that thou proceed directly to three. Five is right out! Therefore, then, shall we now proceed directly to day three.

As plaintiffs in Wall v. Southwest Airlines, Eric Cila and I now write you a second time.  We hereby inform you:
that we will be filing a motion Thursday to strike Document 130 filed by Roy Goldberg, the purported response of four airlines to objections filed by plaintiffs to the magistrate's Report & Recommendation, for these reasons:

1. Failure to serve all plaintiffs as required by Fed.R.Civ.P. 5. The certificate of service notes Doc. 130 "was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record." However, Mr. Goldberg failed to certify that he served the 12 parties (that would include us)
to this case (including us) who do not receive electronic service via CM/ECF. The mailing addresses of those 12 parties are clearly listed at the end of this Notice of Electronic Filing sent from the court (see below -- marked in bold, red font, and yellow highlight in case Mr. Goldberg missed them). Because Mr. Goldberg did not certify that he served us
and all 12 parties by postal mail as required, Doc. 130 must be stricken for failure to comply with Rule 5.

2. Including numerous extraneous materials not related to the responses to the objections. Fed.R.Civ.P. 72(b)(2) permits "A party may respond to another party's objections within 14 days after being served with a copy." However, Mr. Goldberg's Doc. 130 doesn't "respond to another party's objections;" it asserts numerous separate objections, including that no plaintiff should be able to join Mr. Wall in this case without an attorney.

Such a filing must be made under the other clause of Rule 72(b)(2): "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." This then allows the other parties an opportunity to file a response. Because Doc. 130 mostly contains objections to issues not raised in our objections, it is not a proper "response" but rather should be filed as "objections."

In the alternative, should the court decline to strike Doc. 130, our motion will ask the court for leave to file a reply of up to seven pages to argue against the objections raised by Mr. Goldberg that do not relate to plaintiffs' objections.

Per court rules, all defense counsel must respond to this consultation even though the document we seek to strike was only filed by four of the seven airline defendants. Please inform us of your clients' position on this motion by close of business Thursday, as we plan to submit it Thursday evening.

Thank you for your attention to this matter and we look forward to your required response within the time of the counting.

Regards,

Shannon and Eric Cila
Plaintiffs, Louisville

Fw: Day 2, Attempt #2- Request for consult on proposed motions

From: shannonrgreer@yahoo.com (shannonrgreer@yahoo.com)
To: roy.goldberg@stinson.com; robert@torricellalaw.com; bmaye@amm-law.com; maurice@torricellalaw.com
Date: Friday, November 19, 2021, 07:43 PM EST

Dear Counsel,

Shalom and greetings.

Though a little late in the third day, yet still the 3rd day in a row, we respectfully request your ascent to confer with us, in the matters entailed below, regarding Wall v. Southwest Airlines motions.

Therefore, Eric Cila and I now write you a third day and third time in a row- the magic number invoked according to the rules dictated by Magi-strate Irick.

We hereby inform you: that we will be soon filing a motion to strike the Document 130 filed by Roy Goldberg, the purported response of four airlines to objections filed by plaintiffs to the Magi-strate's Report & Recommendation (refer below for details):

Regards,

Shannon and Eric Cila
Plaintiffs, Louisville
319-795-5552

----- Forwarded Message -----
**From:** Goldberg, Roy <roy.goldberg@stinson.com>
**To:** shannonrgreer@yahoo.com <shannonrgreer@yahoo.com>
**Cc:** ericlcila@yahoo.com <ericlcila@yahoo.com>; robert@torricellalaw.com <robert@torricellalaw.com>; bmaye@amm-law.com <bmaye@amm-law.com>; mamorel@littler.com <mamorel@littler.com>; Maurice@torricellalaw.com <maurice@torricellalaw.com>
**Sent:** Thursday, November 18, 2021, 09:45:48 AM EST
**Subject:** RE: Day 2, Attempt #2- Request for consult on proposed motions

For the reasons set forth in the "Brief of Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines and JetBlue Airways in Opposition to Motion to Compel All Defense Counsel to Confer with All Plaintiffs on all Motions" (filed November 17, 2021), ECF 132, at the current time Mr. Lucas Wall is the only plaintiff in this case, and we will consult with him only on issues that involve his individual claims.

Roy Goldberg
Partner

STINSON LLP
1775 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-4605
Direct: 202.728.3005 \ Mobile: 301.908.3268 \ https://www.stinson.com/people-RoyGoldberg

As plaintiffs in Wall v. Southwest Airlines, Eric Cila and I now write you a second time.  We hereby inform you: that we will be filing a motion Thursday to strike Document 130 filed by Roy Goldberg, the purported response of four airlines to objections filed by plaintiffs to the magistrate's Report & Recommendation, for these reasons:

1. Failure to serve all plaintiffs as required by Fed.R.Civ.P. 5. The certificate of service notes Doc. 130 "was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record." However, Mr. Goldberg failed to certify that he served the 12 parties (that would include us) to this case (including us) who do not receive electronic service via CM/ECF. The mailing addresses of those 12 parties are clearly listed at the end of this Notice of Electronic Filing sent from the court (see below -- marked in bold, red font, and yellow highlight in case Mr. Goldberg missed them). Because Mr. Goldberg did not certify that he served us and all 12 parties by postal mail as required, Doc. 130 must be stricken for failure to comply with Rule 5.

2. Including numerous extraneous materials not related to the responses to the objections. Fed.R.Civ.P. 72(b)(2) permits "A party may respond to another party's objections within 14 days after being served with a copy." However, Mr. Goldberg's Doc. 130 doesn't "respond to another party's objections;" it asserts numerous separate objections, including that no plaintiff should be able to join Mr. Wall in this case without an attorney.

Such a filing must be made under the other clause of Rule 72(b)(2): "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." This then allows the other parties an opportunity to file a response. Because Doc. 130 mostly contains objections to issues not raised in our objections, it is not a proper "response" but rather should be filed as "objections."

In the alternative, should the court decline to strike Doc. 130, our motion will ask the court for leave to file a reply of up to seven pages to argue against the objections raised by Mr. Goldberg that do not relate to plaintiffs' objections.

Per court rules, all defense counsel must respond to this consultation even though the document we seek to strike was only filed by four of the seven airline defendants. Please inform us of your clients' position on this motion by close of business Thursday, as we plan to submit it Thursday evening.

Thank you for your attention to this matter and we look forward to your required response within the time of the counting.

Regards,

Shannon and Eric Cila
Plaintiffs, Louisville

FOLLOW UP: Wall v. Southwest Airlines -- Consultation on Motion to Strike 4 Airlines' Purported Response to Objections

From:  Lucas Wall (lucas.wall@yahoo.com)

To:  bmaye@amm-law.com

Date:  Saturday, November 20, 2021, 01:58 AM EST

Mr. Maye:

I have not heard from you regarding this consultation sent Wednesday concerning the Motion to Strike Doc. 130 filed by Southwest, Alaska, Delta, and JetBlue, nor have any other plaintiff.

The only response I received from you this week concerns my consultation on Motion to Dismiss Objections to R&R & for Leave to File Second Amended Complaint.

I plan to file this motion to strike Saturday evening. If I do not hear from you, I will report to the court as follows:

"We hereby certify that on Nov. 17 and 20, we attempted to confer by e-mail with Brian Maye, counsel for Defendants Allegiant Air and Frontier Airlines. In what has become a disturbing pattern over the past several weeks, Mr. Maye has not responded to our consultations. Plaintiffs suggest the Court may need to impose sanctions to remedy this problem. 'The purposeful evasion of a communication under this rule can result in a sanction.' Local Rule 3.01(g)(3)."

*Lucas Wall

>>>>>>>>>>>>>>>>>>>>>>

On Wednesday, November 17, 2021, 05:15:39 PM EST, Lucas Wall <lucas.wall@yahoo.com> wrote:

Dear counsel:

I write to inform you that I will be filing a motion Thursday to strike Document 130 filed by Roy Goldberg, the purported response of four airlines to objections filed by plaintiffs to the magistrate's Report & Recommendation, for these reasons:

1. Failure to serve all plaintiffs as required by Fed.R.Civ.P. 5. The certificate of service notes Doc. 130 "was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record." However, Mr. Goldberg failed to certify that he served the 12 parties to this case who do not receive electronic service via CM/ECF. The mailing addresses of those 12 parties are clearly listed at the end of this Notice of Electronic Filing sent from the court (see below -- marked in bold, red font, and yellow highlight in case Mr. Goldberg missed them). Because Mr. Goldberg did not certify that he served these 12 parties by postal mail as required, Doc. 130 must be stricken for failure to comply with Rule 5.

2. Including numerous extraneous materials not related to the responses to the objections. Fed.R.Civ.P. 72(b)(2) permits "A party may respond to another party's objections within 14 days after being served with a copy." However, Mr. Goldberg's Doc. 130 doesn't "respond to another party's objections," it asserts numerous separate objections, including that no plaintiff should be able to join me in this case without an attorney.

Such a filing must be made under the other clause of Rule 72(b)(2): "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." This then allows the other parties an opportunity to file a response. Because Doc. 130 mostly contains objections to issues not raised in our objections, it is not a proper "response" but rather should be filed as "objections."

In the alternative, should the court decline to strike Doc. 130, my motion will ask the court for leave to file a reply of up to seven pages to argue against the objections raised by Mr. Goldberg that do not relate to plaintiffs' objections.

Per court rules, all defense counsel must respond to this consultation even though the document I seek to strike was only filed by four of the seven airline defendants. Please inform me of your clients' position on this motion by close of business Thursday, as I plan to submit it Thursday evening.

You can expect to hear from the other 12 plaintiffs regarding this matter as well. None of us will allow documents without a proper certificate of service and containing material not responsive to our objections to stand.

*Lucas Wall

U.S. District Court
Middle District of Florida

### Notice of Electronic Filing

The following transaction was entered by Goldberg, Milton on 11/17/2021 at 10:53 AM EST and filed on 11/17/2021

**Case Name:**   Wall v. Southwest Airlines et al
**Case Number:**   6:21-cv-01008-PGB-DCI
**Filer:**   Alaska Airlines
Delta Air Lines
JetBlue Airways
Southwest Airlines
**Document Number:** 130

**Docket Text:**
**RESPONSE to objections to [86] Report and Recommendations filed by Alaska Airlines, Delta Air Lines, JetBlue Airways, Southwest Airlines. (Goldberg, Milton)**

**6:21-cv-01008-PGB-DCI Notice has been electronically mailed to:**

Brian T. Maye     bmaye@amm-law.com, kmacholan@AMM-LAW.com, mfontein@amm-law.com, rsiwinski@AMM-LAW.com

Kyle Dudek     kyle.dudek@henlaw.com, sarah.howie@henlaw.com

Lucas Wall     lucas.wall@yahoo.com

Maurice Jay Baumgarten     maurice@torricellalaw.com, mjbaumgarten@aol.com

Miguel Morel     mamorel@littler.com, #MiamiECFiling@littler.com, grivas@littler.com

Milton Roy Goldberg     roy.goldberg@stinson.com

Roberto A. Torricella , Jr     Robert@torricellalaw.com, Samantha@torricellalaw.com

William Boltrek , III     william.boltrek@henlaw.com, brenda.sitar@henlaw.com

**6:21-cv-01008-PGB-DCI Notice has been delivered by other means to:**

**Aaron Abadi
Apt. 140
82 Nassau St.
New York, NY 10038**

**Anthony Eades
19499 Cedar Gate Dr.
Warsaw, MO 65355**

**Connie Rarrick
36 Lafayette St.
Saco, ME 04072**

**Eric L Cila
8807 Avondale Ct
Louisville, KY 40299**

**Jared Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Jennifer Rarrick**
**36 Lafayette St.**
**Saco, ME 04072**

**Kleanthis Andreadakis**
**5108 Hunters Meadow Pl.**
**Henrico, VA 23231**

**Leonardo McDonnell**
**P.O. Box 1113**
**Melbourne, FL 32902**

**Peter Menage**
**3255 N. Mars Ave.**
**Palmer, AK 99645**

**Shannon Greer Cila**
**8807 Avondale Ct**
**Louisville, KY 40299**

**Uri Marcus**
**P.O. Box 126**
**Ojai, CA 93024**

**Yvonne Marcus**
**P.O. Box 126**
**Ojai, CA 93024**