# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| **LUCAS WALL** *et al.*, | : | |
| Plaintiffs, | : | Case No. 6:21-cv-1008-PGB-DCI |
| v. | : | District Judge Paul Byron |
| **SOUTHWEST AIRLINES** *et al.*, | : | Magistrate Judge Daniel Irick |
| Defendants. | : | |

### PLAINTIFFS LEONARDO McDONNELL & LUCAS WALL'S TIME-SENSITIVE JOINT APPEAL OF MAGISTRATE JUDGE'S OCT. 21 & 26 ORDERS

COME NOW Plaintiffs Leonardo McDonnell and Lucas Wall, *pro se*, and jointly appeal the magistrate's Orders signed Oct. 21 (Doc. 82) and Oct. 26 (Doc. 85): A) striking Mr. McDonnell's first Unopposed Motion to Redact (Doc. 81) because he authorized Mr. Wall to file it using the Court's Electronic Case Filing ("ECF") system; B) denying Mr. McDonnell's second Unopposed Motion to Redact (Doc. 84) his phone number and e-mail address from Page 226 of the Amended Complaint (Doc. 61); C) denying the redaction of Mr. McDonnell's previous first name from Page 226 of the Amended Complaint as his name was changed to remove "Kevin" from his legal name (Doc. 80); and D) prohibiting Mr. Wall from filing any document on behalf of any other person in this case.

1

This appeal is marked time sensitive because the longer Mr. McDonnell's phone number and e-mail address remain in the public record, the more chances there are for his past abusers to obtain them. We request an immediate ruling by the district judge on this appeal.

Mr. McDonnell filed objections to the Oct. 21 and Oct. 26 Orders on Oct. 31. Doc. 87. The district judge overseeing this case has yet to rule on those objections and we are concerned they might not be considered a properly filed appeal of a magistrate judge's decision. Likewise Mr. Wall filed a response to the Order's instructions for him to show cause why his electronic filing privileges shouldn't be revoked, but we are concerned that response might also not be considered a properly filed appeal. Therefore, in an abundance of caution to ensure the district judge rules on our appeal of the Oct. 21 and Oct. 26 Orders, we submit this appeal.

> "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

Mr. McDonnell's appeal of the Oct. 21 and Oct. 26 Orders (Doc. 87)[1] is docketed as an "Objection" and thus should be considered a timely filed appeal of the magistrate's decision to the district judge. However, considering more than three weeks has passed since the Objection was filed – and Mr. McDonnell's e-mail address and

---

[1] The docket only links Mr. McDonnell's objections to the Oct. 26 Order (Doc. 85), however the text of the objections also notes his dissatisfaction with the Oct. 21 Order (Doc. 82)

phone number remain in the public record against his strong desire to have them redacted – we are concerned the district judge might not be considering it as a formal appeal of the magistrate's Order. Likewise Mr. Wall's objections to the Oct. 26 Order are contained in a document docketed as "Response to Order to Show Cause," which upon further review might also not be considered a proper appeal by the district judge. But Mr. Wall made clear he "join[s] in many objections to the Order (Doc. 85) that my coplaintiff Mr. McDonnell has raised." Doc. 91 at 1.

Both Mr. McDonnell and Mr. Wall's objections were filed within the 14-day time period allowed by Rule 72(a). However, should the district judge not consider them to have been properly docketed as an appeal, we urge the Court to apply Fed.R.Civ.P. 6(b), which allows the district judge to accept a document "after the time has expired if the party failed to act because of excusable neglect." Here the "excusable neglect" – if the Court determines Docs. 87 and 91 were not timely filed objections to the magistrate's Oct. 26 Order – would be our misunderstanding of how to properly docket an appeal of a magistrate's decision to the district judge. "A document filed *pro se* is to be liberally construed. All pleadings shall be so construed as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97) (cleaned up).

# ARGUMENT

**A. We object to the magistrate's striking (Doc. 82) Mr. McDonnell's first Motion to Redact (Doc. 81) because Mr. Wall filed it electronically on his behalf.**

Mr. McDonnell gave Mr. Wall explicit permission in the first motion (Doc. 81) to file it on his behalf. "Because I do not have access to the Court's CM/ECF system, I authorize Lead Plaintiff & Class Representative Lucas Wall to e-file this [motion] on my behalf." Doc. 81 at 2. Furthermore, Mr. McDonnell and all other plaintiffs appointed Mr. Wall on Sept. 14 to serve as lead plaintiff and class representative, including "authoriz[ing] Mr. Wall to submit documents on our behalf to the Court using the CM/ECF system once we have approved them." Doc. 64.

However, the magistrate ordered the motion (Doc. 81) stricken because "Mr. Wall – who is proceeding *pro se* – may not file documents electronically on behalf of any other person." Doc. 82. But the magistrate cited in Doc. 82 no statute, Federal Rule of Civil Procedure, Local Rule, or other authority allowing him to continue to play eighth adversary against plaintiffs in addition to the seven defendants in this case by overriding plaintiffs' Notice of Appointment of Lead Plaintiff & Class Representative. Doc. 64. Nor did he cite any authority allowing him to reject Mr. McDonnell's granting of permission to Mr. Wall to file the motion on his behalf since he doesn't have ECF access. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). Because the magistrate cited no

4

authority to support his order, it is "clearly erroneous" and Doc. 82 must be vacated.

Mr. Wall had Mr. McDonnell's express permission to e-file on his behalf. His decision on how to best file is not the Court's concern. He urges the magistrate to stop interfering in our prosecution of this case or excuse himself for bias toward *pro se* litigants, the disabled, and/or those who are fighting against mask mandates.

Mr. Wall joins in Mr. McDonnell's objection to the striking of his first Motion to Redact. "Mr. McDonnell filed Oct. 31 numerous objections to the Order at issue. Doc. 87. I write separately to support most of his objections and to continue to express my deep concern about the magistrate's behavior." Doc. 91 at 2.

The magistrate's Orders (Docs. 82 & 85) should be vacated and the Motion to Redact should be granted.

**B. We object to the magistrate's denial of Mr. McDonnell's second Motion to Redact.**

The magistrate complains that Mr. McDonnell's "motion contains no memorandum of legal authority supporting the requested relief." Doc. 85 at 2. But this is a straightforward, unopposed motion that doesn't require a memorandum of legal authority. Mr. McDonnell succinctly wrote in three paragraphs the relief he desired and why it should be granted. "The reason for this request to redact my phone number and e-mail address from the public record is for privacy concerns related to being the victim of an abusive relationship and fear of being stalked." Doc. 84 at

5

1. He consulted with counsel for all seven defendants, all of whom consented to the requested relief. He attached the redacted Page 226 he wants substituted in the Amended Complaint (Doc. 61). Doc. 84-1.

The magistrate's decision to deny the second Motion to Redact because it doesn't contain a legal memorandum is hypocritical and clearly erroneous because he's granted concise consent defense motions that don't elaborate on the basis for requesting relief with a memorandum of law. *See*, e.g., Doc. 24 (granted by Doc. 28), Doc. 37 (granted by Doc. 40), and Doc. 59 (granted by Doc. 60). It also contradicts this Court's insistence on brevity in motions and briefs to promote judicial economy. *See* Docs. 55, 159, & 168 in the companion case *Wall v. Centers for Disease Control & Prevention*, No. 6:21-cv-975 (M.D. Fla.) And insisting on a memorandum of law for the most simple and unopposed motion violates the requirement that the magistrate construe *pro se* filings liberally in the interest of justice. It's impossible to argue that it's in the interest of justice to prevent the redaction of Mr. McDonnell's phone number and e-mail address due to his error in including them in the signature block of the Amended Complaint. Mr. McDonnell explained in the motion he is a victim of a past abusive relationship and wants his phone number and e-mail address kept out of the public record to prevent his abuser from potentially finding them and harassing him.

Mr. McDonnell's privacy is super important for his mental health. He expresses an urgent need for the district judge to grant his request to redact his private contact information from the Amended Complaint – hence the reason for this appeal

since no ruling has been tendered on his Oct. 31 objections (Doc. 87) and concern they are not being reviewed by the district judge. Mr. McDonnell has survived a severely psychologically abusive relationship and is in the process of healing from complex Post-Traumatic Stress Disorder. He needs the redaction to provide security of knowing the chance of possibly receiving a message or call from a former family member with whom he had a toxic relationship is minimized. This knowledge would help to minimize his triggers and accelerate his healing process.

The prior relationship caused him so much damage that he engaged in self-harm. He relocated away from the city he loved to escape this relationship. Mr. McDonnell is a human trying to heal. He made a mistake including his phone number and e-mail address in the signature block of the Amended Complaint, not thinking about how it would be entered into the Court's public record, available for anyone to access online via PACER.

It should suffice that Mr. McDonnell told the magistrate in his motion that he's the victim of an abusive relationship, recently changed his phone number and e-mail address, and wants those redacted from the public record. By insisting on a legal memorandum to support this simple request, the magistrate neglects his duty to protect litigants from stalking and shows zero empathy for Mr. McDonnell's situation.

"Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." Local Rule 1.11(a). Here

the compelling justification to redact Mr. McDonnell's phone number and e-mail address from Page 226 of the Amended Complaint is clearly his concerns about the contact information being obtained by his prior abuser and used to harass and/or stalk him. And Mr. McDonnell is not asking for any section of the Amended Complaint to be sealed, only that his phone number and e-mail address be redacted from his signature block. This conforms with Local Rule 1.11(c)'s preference for redaction versus sealing.

The magistrate is putting Mr. McDonnell in danger by refusing to redact his phone number and e-mail address from the public record in this case, without citing any rationale for not doing so.

Mr. McDonnell further objects to the magistrate's direction that he needs to file a notarized affidavit with an original signature stating his legal name and the date it was changed. Mr. McDonnell has not done so because he previously filed a Notice of Name Change, which the magistrate totally ignored. Doc. 80. The court order stating his name change and that it took effect Oct. 15 is also already in the record. Doc. 80-1. There is no reason to file this information in duplicate.

The magistrate's Orders (Docs. 82 & 85) should be vacated and the Motion to Redact should be granted.

## C. We object to the magistrate's constant use of the derogatory/accusatory term "purported."

The district judge should order the magistrate to refrain from the never-ending use of the term "purported" to describe the 12 joined plaintiffs in this case, e.g.

"Plaintiff Lucas Wall electronically filed an Amended Complaint (Doc. 61) that was ***purportedly*** brought by several named plaintiffs (including Mr. McDonnell) and on behalf of a ***purported*** class." Doc. 85 (emphasis added). According to Oxford Languages, "purported" means "appearing or stated to be true, though not necessarily so; alleged." We do not appreciate the magistrate's constant attacks on Mr. Wall, Mr. McDonnell, and the other 11 Named Plaintiffs with this constant barrage of accusing us of lying.

The Amended Complaint ***was*** brought by Mr. Wall and a dozen additional Named Plaintiffs including Mr. McDonnell. The Amended Complaint was on behalf of a ***proposed*** or ***putative*** class, not a "purported class." The magistrate's choice of language continues to essentially libel all 13 plaintiffs in this case by accusing us of submitting false papers to the Court with no evidence to back up this scandalous assertion.

Pages 225, 226, and 227 of the Amended Complaint do not "purport" to contain e-signatures and signature blocks of the Named Plaintiffs. They ARE the e-signatures and signature blocks of the Named Plaintiffs. Mr. Wall has taken great pains to ensure all plaintiffs review and approve court filings before our e-signatures and signature blocks are attached. Again, the magistrate makes assumptions that this is all being cooked out of thin air, but fails to provide any evidence to support these libelous charges that Mr. Wall and/or the rest of us plaintiffs are somehow lying to the Court.

9

It would be the equivalent, for example, of us writing insultingly that "Daniel Irick is purportedly a magistrate judge in the Middle District of Florida," "Brian Maye purportedly represents Allegiant Air and Frontier Airlines in this proceeding," or "Southwest Airlines purportedly has pilots that are trained to fly airplanes."

The magistrate notes "None of these named plaintiffs had permission to file electronically except Mr. Wall." Doc. 85 at 1. But the Court ignores the Notice we all submitted Sept. 14. "[W]e authorize Mr. Wall to submit documents on our behalf to the Court using the CM/ECF system once we have approved them." Doc. 64 at 1. Neither the magistrate nor the district judge overseeing this case has struck the Notice, and therefore our approval for Mr. Wall to submit documents on our behalf using ECF remains in effect.

The magistrate's Orders (Docs. 82 & 85) should be vacated and the Motion to Redact should be granted.

**D. The magistrate's concerns over how plaintiffs are prosecuting this case have no foundation and should be vacated.**

We object to the magistrate's false allegation that "This incident raises serious concerns about Mr. Wall's activities in relation to attempting to represent other people before this Court." Doc. 85 at 2. Mr. Wall is NOT attempting to represent Mr. McDonnell or anyone else before this Court. He has told all plaintiffs (and the Court) dozens of times he is not a lawyer and may not represent anyone. All 13

10

plaintiffs made a unanimous decision to work collectively to prosecute our common claims of illegal discrimination against the seven airline defendants. The magistrate's constant attacks on Mr. Wall are not well taken.

The magistrate ignorantly writes that "taking the statements in the Motion as true, Mr. Wall may have placed Mr. McDonnell at physical or other risk by publicly exposing his telephone number, and email address in the Amended Complaint." Doc. 85 at 2. Yet again we have the magistrate libeling Mr. Wall and calling into question his good character as an advocate for disabled Americans banned from using public transportation because of the Federal Transportation Mask Mandate and the airlines' discriminatory policies on face coverings. The truth is that Mr. McDonnell reviewed and approved the Amended Complaint, giving Mr. Wall his written permission to affix his e-signature and signature block. He knew at the time that his phone number and email address were listed. It was not until later that Mr. McDonnell realized that information would be available in the public record after he ran into problems trying to conceal his new phone number and e-mail address from the state court proceeding getting his legal name changed. He then told Mr. Wall that he wants his information redacted. Mr. Wall suggested Mr. McDonnell compose a motion to redact explaining why he fears his information being in the public record.

We object to the magistrate's contention that "Yet this is just one of the myriad of unanticipated risks that may result from a *pro se* person (such as Mr. Wall) attempting to represent others (such as Mr. McDonnell) in court" Doc. 85 at 2. We

don't know how many times we have to say this, but Mr. Wall is NOT attempting to represent Mr. McDonnell (nor any other coplaintiff). Mr. McDonnell and all other plaintiffs have been an active part in prosecuting this case. We selected Mr. Wall as our lead plaintiff and class representative, but that in no ways mean that is "representing" us and/or pretending to be a lawyer.

The magistrate demonstrates his constant ignorance of the issues in this case by writing in a footnote "The Motion also notes that Mr. McDonnell's name has changed, such that his name in his electronic signature block [on the Amended Complaint] is not accurate. But there is no indication as to whether his name changed before or after the amended complaint was filed." Doc. 85 at 2. This is strange because Mr. McDonnell filed a Notice of Name Change on Oct. 20. Doc. 80. The court order changing his name is attached as an exhibit. Doc. 80-1. The magistrate does not mention this Notice anywhere in his Order (Doc. 85). If he had actually read the Notice, he would know that the court order changing Mr. McDonnell's legal name took effect Oct. 15, one month after the Amended Complaint was filed Sept. 14. Therefore, his name was correct on his e-signature and signature block on the Amended Complaint and subsequent documents until Mr. McDonnell filed the Notice of Name Change on Oct. 20 after receiving the order from state court.

The magistrate goes on to disparage Mr. McDonnell and Mr. Wall by writing "The Court cannot simply take the Motion at face value, as it contains am improper signature – the same improper signature used on the document filed by Mr. Wall.

12

Thus, the Court has no confidence that his Motion is from Mr. McDonnell." Doc. 85 at 2. Court rules permit the use of electronic signatures for documents submitted electronically. Mr. McDonnel's Motions to Redact (Docs. 81 & 84) were submitted electronically, first by Mr. Wall using ECF and then by Mr. McDonnell using the *pro se* form on the Court's website. Therefore, an ink signature is not needed as the paper documents were not mailed to the Court.

It is bizarre and offensive for the magistrate to say he has no confidence that the motion is from Mr. McDonnell. He filed the motion. Period. What reason would Mr. Wall – or anyone else – have to invent that Mr. McDonnell is the victim of an abusive relationship and wants his phone number and e-mail address redacted? This again shows the magistrate's extreme animus toward *pro se* litigants who can't afford an attorney, disabled people, and/or those fighting for our right to be free of discrimination because we medically can't wear masks. This is grounds for having the magistrate removed from this case, which all plaintiffs will soon file a motion to do. The magistrate cannot continue to preside over this case given his nonstop insults at the plaintiffs and levying false allegations against us. It's clear we can never hope to obtain a fair, just decision from this magistrate.

The magistrate's Orders (Docs. 82 & 85) should be vacated and the Motion to Redact should be granted.

**E. The case docket doesn't contain Mr. McDonnell's phone number or e-mail address.**

The Order (Doc. 85) goes on to state that "Mr. McDonnell is cautioned that even if the Court were to redact the Amended Complaint, his personal information (and the personal information of all the named plaintiffs) remains on the pubic docket of this case. Again, to the extent that the named plaintiffs did not intend this, it is another unintended consequence of allowing a *pro se* party to file a document in court on their behalf." Doc. 85 at 3. But the case docket doesn't contain Mr. McDonnell's phone number or e-mail address, so again the magistrate makes allegations that lack foundation. Ex. 1 at 4.

We see once more the magistrate showing his contempt for *pro se* parties who can't afford lawyers and are fighting discrimination by representing ourselves in court. We again object to the magistrate's disgracefully rude treatment of all plaintiffs by making up false information that Mr. McDonnell's phone number and e-mail address appears on the public docket when it clearly does not.

The magistrate's Orders (Docs. 82 & 85) should be vacated and the Motion to Redact should be granted.

**F. Mr. Wall should not be prohibited from filing any document on behalf of any other person in this case.**

As noted above, all 13 plaintiffs filed a Notice on Sept. 14 authorizing Mr. Wall, as lead plaintiff and class representative, to e-file on our behalf. Doc. 64. It is not the magistrate's place to interfere with our designation. He cites no statute, Federal

14

Rule of Civil Procedure, Local Rule, or any other authority to sustain his Order disregarding our Notice of Appointment of Lead Plaintiff & Class Representative. *Id.*

As we will explore in greater depth in our upcoming objections to the magistrate's Report & Recommendations (Doc. 128), Mr. Wall's electronic filing privileges should not be revoked because he "abused" his permissions by electronically filing documents on behalf of other persons. We again direct the district judge to Doc. 64, where we authorized Mr. Wall to e-file on our behalf. Mr. Wall has not abused anything. It is the magistrate who is constantly abusing us as *pro se* disabled Americans fighting for our fights to be free of discrimination in air travel.

Strangely – and again demonstrating his bias against us – all plaintiffs made an effort to satisfy the magistrate's concern about allowing Mr. Wall to e-file on our behalf and forward all court papers to us by e-mail by filing motions for leave to file electronically. Docs. 100-104, 108, 110, & 113-117. Despite our efforts to placate the magistrate's concerns, he recommends the district judge deny these motions (Doc. 128), citing no rationale except that we didn't include a legal memorandum. But Mr. Wall's motion to e-file (Doc. 3) was granted June 17 without a memo of law. Doc. 12. And just like with Mr. McDonnell's Motion to Redact, there is no authority that needs to be discussed at length in a legal memorandum in a simple motion (at the magistrate's own behest) for us to all have access to ECF. We cited the rule allowing *pro se* use of ECF and explained our capability to use the system. There is no caselaw or other authority to argue in a memorandum.

As Mr. Wall explained in his Response to Order to Show Cause (Doc. 91):

> "I have checked with all 12 additional plaintiffs. All confirmed they continue to authorize me to file on their behalf rather than the absurdity of all 13 of us registering for PACER accounts, filing motions for e-filing status, and then e-filing the same documents 13 times. This is hardly the model of judicial efficiency the Court has stressed in other orders. We are perplexed as to what benefit the magistrate believes the Court or the defendants would gain from having every motion, brief, notice, etc. filed 13 times." Doc. 91 at 11.

The magistrate offers zero evidence that Mr. Wall has ever filed any document without every signatory's approval or otherwise "abused" use of his ECF account. No plaintiff has ever complained to the Court about Mr. Wall having improperly filed any document. Plaintiffs have a comprehensive system in place for drafting court filings, distributing them for everyone to review, making edits, and then obtaining approvals to sign and file.

The magistrate's decision prohibiting Mr. Wall from e-filing all of plaintiffs' joint motions, oppositions, notices, etc. has already resulted in chaos. Defense counsel are complaining about "clogging of the docket" (Doc. 130 at 5) and being encumbered by receiving each plaintiffs' filing 13 times via ECF alerts. The Court and its law clerks are likely becoming confused with having every motion, response, reply, notice, etc. appear on the docket 13 times. In fact, the clerk's office already consolidated one motion filed by all 12 plaintiffs who lack ECF access rather than docket them one by one, raising the question of what purpose individual filing is serving. Doc. 131.

16

The magistrate's Orders ignore that plaintiffs have a constitutional right to freely associate and collectively petition the government (here the Judicial Branch) for a redress of grievances.

> "It cannot be seriously doubted that the First Amendment's guarantees of free speech, petition, and assembly give railroad workers the right to gather together for the lawful purpose of helping and advising one another in asserting the rights Congress gave them … statutory rights which would be vain and futile if the workers could not talk together freely as to the best course to follow." *Brotherhood of Railroad Trainmen v. Virginia ex. rel. Virginia State Bar*, 377 U.S. 1 (1964).

The magistrate's interference with the disabled plaintiffs' right to associate by prosecuting this lawsuit together – including selecting a lead plaintiff to coordinate filings – creates "the gravest danger of smothering all discussion … of litigation on behalf of the rights of members of an unpopular minority." *NAACP v. Button*, 371 U.S. 415 (1963).

Plaintiffs have a constitutionally guaranteed right to assist and advise each other, including voluntary appointment of a lead plaintiff to consolidate filings for the efficiency of the Court and opposing parties. "The right of members to consult with each other … necessarily includes the right to select a spokesman from their number who could be expected to give the wisest counsel." *Brotherhood of Railroad Trainmen*.

> "Laymen cannot be expected to know how to protect their rights when dealing with practiced and carefully counseled adversaries, *cf. Gideon v. Wainwright*, 372 U.S. 335 … and for them to associate together to help one another to preserve and enforce rights granted them under federal laws cannot be condemned as a threat to legal ethics. The State can no more keep these workers from using their cooperative plan to advise one another than it could use more direct means to bar them from resorting to the courts to vindicate their legal rights. The right to petition the courts cannot be so handicapped." *Id*.

The Supreme Court later ruled that, in the context of prisons, a knowledgeable nonlawyer has the right to assist others in the preparation of legal documents – even in cases where the nonlawyer is not a plaintiff.

> "In the case of all except those who are able to help themselves – usually a few old hands or exceptionally gifted prisoners – the prisoner is, in effect, denied access to the courts unless such help is available. … in depriving prisoners of the assistance of fellow inmates, Tennessee has [], in substance, deprived those unable themselves, with reasonable adequacy, to prepare their petitions, of access to the constitutionally and statutorily protected availability of" legal action to defend their rights. *Johnson v. Avery*, 393 U.S. 483 (1969).

Here Mr. Wall functions not as a person "abusing" any e-file capability but as a chosen, capable lead plaintiff to help guide the group through the challenges of federal litigation against giant corporations with enormous legal and financial resources.

> "Without the assistance of fellow prisoners, some meritorious claims would never see the light of a courtroom. … Laymen – ***in and out of prison*** – should be allowed to act as 'next friend' to any person in the preparation of any paper or document or claim, so long as he does not hold himself out as practicing law or as being a member of the Bar. The cooperation and help of laymen, as well as of lawyers, is necessary if the right of '[r]easonable access to the courts' is to be available to the indigents among us." *Id.* (emphasis added).

In conclusion, the magistrate's Order prohibiting Mr. Wall from filing on behalf of other plaintiffs and his recommended revocation of Mr. Wall's e-file account is accomplishing nothing but additional labor for everyone involved in this case.

WHEREFORE we ask the district judge to vacate the magistrate's Orders (Docs. 82 & 85) and grant Mr. McDonnell's Motion to Redact (Doc. 84).

Respectfully submitted this 22nd day of November 2021.

*Lucas Wall*

Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

_____
Leonardo McDonnell, plaintiff
P.O. Box 1113
Melbourne, FL 32902