**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | | |
|---|---|---|
| **LUCAS WALL *et al.*,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 6:21-cv-1008-PGB-DCI |
| | : | |
| v. | : | District Judge Paul Byron |
| | : | |
| **SOUTHWEST AIRLINES *et al.*,** | : | Magistrate Judge Daniel Irick |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' JOINT MOTION FOR THE DISTRICT JUDGE
TO RATIFY OUR APPOINTMENT OF A LEAD PLAINTIFF**

COME NOW all plaintiffs, *pro se*, and jointly ask the district judge supervising this case to ratify our appointment of a lead plaintiff. Doc. 64. The magistrate judge and all defense counsel refuse to acknowledge our selection, causing chaos and necessitating the need for an order from the district judge.

Lucas Wall filed this action against the seven Airline Defendants on June 14, 2021, alleging, *inter alia*, unlawful discrimination against passengers who can't wear face masks due to medical conditions. Doc. 1. All seven Airline Defendants filed Motions to Dismiss on Aug. 23. Docs. 41-42 & 45. Mr. Wall, joined by a dozen additional plaintiffs and adding "Numerous Unnamed Executives of the 7 Airlines" as new defendants, filed an Amended Complaint as of right Sept. 13. Doc. 61. The next day, all 13 plaintiffs filed a Notice of Appointment of Lead Plaintiff & Class Representative. Doc. 64.

"We understand Mr. Wall is not an attorney and therefore may not repre-
sent us. Proceeding *pro se*, we are responsible for representing ourselves.
However, for efficiency and judicial economy, we plan to work collectively
as a group and make decisions by majority vote. But as we are all represent-
ing ourselves, we reserve the right to make separate filings should our indi-
vidual interests diverge from that of the group." *Id*. at 1.

All plaintiffs advised the Court that our selection of a lead plaintiff means "For
all filings made by the group, we authorize Mr. Wall to submit documents on our
behalf to the Court using the CM/ECF system once we have approved them. For all
consultations with the Defendants' counsel, we authorize Mr. Wall to communicate
with the lawyers, then submit any preliminary decisions to the group for a vote.
Mr. Wall will then relay our determination to the lawyers." *Id*. at 1-2. However, the
magistrate has refused to allow Mr. Wall to file documents signed by all plaintiffs
(Docs. 67, 82, 85, 86, & 128) and defense counsel will not confer with Mr. Wall on
behalf of all plaintiffs nor will they confer with plaintiffs individually (Docs. 129 &
131), causing this case to devolve into disarray. The district judge must step in to
ratify our lead-plaintiff appointment and order the magistrate and defense counsel
to abide by this designation.

## ARGUMENT

### A. The 12 additional plaintiffs are properly joined.

As a threshold matter, all plaintiffs must be properly joined for there to be an
appointment of a lead plaintiff. We are. The Federal Rules of Civil Procedure lib-

erally permit a joinder of other parties. The purpose of these rules is to ensure fairness and judicial efficiency in the resolution of all claims arising from the same underlying events or subject matter.

An Amended Complaint filed pursuant to Fed.R.Civ.P. 15 clearly permits a plaintiff to add or drop parties. We complied with Fed.R.Civ.P. 15(a)(1) by amending our pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because the amendment was filed as of right, we did not need leave of the Court to add parties. Nothing in Fed.R.Civ.P. 15 prohibits adding plaintiffs with similar claims against the same defendants.

We have acted in good faith in joining similar claims against the same defendants. There is no undue prejudice to the defendants. In fact, the defendants benefit from joinder of parties so they face one lawsuit instead of 13 separate cases in numerous judicial districts across the nation. Joinder allows the Court to avoid wasting judicial time and resources.

In the absence of undue prejudice, denial to add plaintiffs "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Heyl & Patterson Int'l v. F.D. Rich Housing of the Virgin Islands,* 663 F.2d 419, 425 (3rd Cir. 1981).

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed.R.Civ.P. 20(a). Here plaintiffs are all asserting our rights to relief based on, *inter alia*, the illegal discrimination against us by the defendants because of our disabilities, the illegal actions of the defendants in forcing us under onerous and continuous threats and intimidation to wear medical devices (face coverings) that are not authorized by the U.S. Food & Drug Administration ("FDA") or approved only under an Emergency Use Authorization ("EUA"), the violation of our constitutional right to freedom of movement, and the defendants' breach of their contracts of carriage with the plaintiffs by forcing and coercing us to wear unauthorized or emergency-use-only medical devices that plaintiffs did not agree to when purchasing our airline tickets (and such contract requirements would be illegal even if they were included).

The best way "to secure the just, speedy, and inexpensive determination of every action and proceeding" is by allowing joinder. Fed.R.Civ.P. 1.

> Plaintiffs' claims "may be addressed more efficiently in one action rather than numerous individual cases. The investigation, discovery, and evidential proofs would apply to all plaintiffs. Furthermore, joinder of the parties and their ... claims promotes judicial economy. It is likely that the ... claims would have been consolidated if the plaintiffs had filed their claims separately in the first place, pursuant to Fed.R.Civ.P. 42(a), because the claims involve common questions of law and fact against the same defendants. Therefore, the 19 plaintiffs may join in this one action." *Hennessey v. Atlantic County Dept. of Public Safety*, No. 06-cv-143 (D.N.J. 2006).

"Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more

plaintiffs according to their rights, and against one or more defendants according to their liabilities." Fed.R.Civ.P. 20(a)(3). This rule promotes the Court's goal of judicial economy and spares the defendants from having to litigate 13 substantially similar cases in nine different federal judicial districts (plaintiffs' citizenship is in eight states and the District of Columbia).

Courts should generally not interfere with amendments as of right adding parties absent any evidence of bad faith, undue delay, or undue prejudice to the non-movant. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2nd Cir. 1995). *See also Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2nd Cir. 2000). A "party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action." 6 Charles Alan Wright & Arthur F. Miller, Federal Practice & Procedure § 1474 (3rd ed. 2008).

Adding plaintiffs promotes judicial economy because we would otherwise seek joinder, intervene in the instant case, or file our own complaints in several other judicial districts. "Under the [Federal] Rules [of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). If plaintiffs filed 13 separate suits in this Court, consolidation would be in order under Fed.R.Civ.P. 42(a), so there's no reason to not allow the joinder of parties now. "Consolidating the above cases at this early stage will result in judicial economy of resources, which will facilitate the expediency of discovery and resolution of the cases for all

parties." *Welch v. Cape May County Corr. Center*, No. 16-1351 (D.N.J. April 21, 2016).

There is a "strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Goggins v. Alliance Capital Mgmt.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003) (quoting *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2nd Cir. 1968)).

Plaintiffs (and millions similarly situated) are experiencing the most serious conspiracy to interfere with the civil rights of the disabled since the Americans with Disabilities Act was passed in 1990.  The clear advantage of joinder is that only one trial is needed for the claims of the 13 plaintiffs who are affected in a manner typical of each other. The Court should ratify our appointment of a lead plaintiff.

## B. A group of *pro se* plaintiffs has the right to determine how it will associate and organize to collectively prosecute its claims.

Plaintiffs have a statutory right to "conduct their own cases personally." 28 USC § 1654. There is nothing in the U.S. Code, the Federal Rules of Civil Procedure, or the Local Rules to sustain the magistrate's suggestion that the 13 plaintiffs may not band together to prosecute this case *pro se* when they all have individual standing and share common claims against the defendants. Both the right to proceed *pro se* and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts. Self-representation has firm roots in the notion that all

6

individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief. Access, then, must not be contingent upon retaining counsel, lest the entitlement become a mere privilege denied to certain segments of society. "Open access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded. The right of citizens to prosecute their own cases dates back to English common law.

A fundamental precept of American law is that financial status should neither determine access to courts nor substantially alter the outcomes of cases. Individuals who are unable to afford attorneys should not be denied a forum in which to air their grievances. Self-representation safeguards were not solely intended to protect the poor's access to courts; they also empowered citizens of all types to have their own voices heard, rather than speaking exclusively through their lawyers.

Unfortunately, as the magistrate's and defense lawyers' behavior demonstrates, there exists significant bias against *pro se* litigants in the court system. *Pro se* litigants are regularly perceived in a negative manner; they are often attacked for the judicial inefficiencies many judges, attorneys, and observers believe they create. As a result, they are thought to be pests responsible for clogging up the court system. And this is how the magistrate and defense counsel are treating us by refusing to allow our joint filings and violating the "duty to confer in good faith" requirements of Local Rule 3.01(g).

We have not just a statutory right, but also a constitutional right to assemble and collectively petition the government (here the Judicial Branch) for a redress of grievances.

> "It cannot be seriously doubted that the First Amendment's guarantees of free speech, petition, and assembly give railroad workers the right to gather together for the lawful purpose of helping and advising one another in asserting the rights Congress gave them … statutory rights which would be vain and futile if the workers could not talk together freely as to the best course to follow." *Brotherhood of Railroad Trainmen v. Virginia ex. rel. Virginia State Bar*, 377 U.S. 1 (1964).

In that case, the issue was the right of railroad workers to assist the prosecution of claims by injured laborers or by the families of workers killed on the job. Here the issue is the right of the disabled (plus the husband of a disabled plaintiff) to assist each other in the prosecution of claims of unlawful discrimination by the defendants as well as interference with our civil rights and constitutional right to travel among the states and abroad. "To be certain, the right to file a lawsuit *pro se* is one of the most important rights under our Constitution and laws. The Courts must maintain an open door to those downtrodden members of our society who cannot afford legal assistance." *Elmore v. McCammon*, 640 F. Supp. 905 (S.D. Tex. 1986).

"Our form of government is built on the premise that every citizen shall have the right to engage in political expression and association. This right was enshrined in the First Amendment of the Bill of Rights." *Sweezy v. New Hampshire*, 354 U.S. 234, 250-251 (1957), *cf. De Jonge v. Oregon*, 299 U.S. 353, 364-366 (1937).

The current social/political climate has made it toxic for many lawyers and law firms to take on highly controversial topics such as mask mandates that could subject them and their shareholders to undue scrutiny. The magistrate's and defense attorneys' interference with the disabled plaintiffs' right to associate by prosecuting this lawsuit together create "the gravest danger of smothering all discussion … of litigation on behalf of the rights of members of an unpopular minority." *NAACP v. Button,* 371 U.S. 415 (1963). The Court should ratify our appointment of a lead plaintiff.

## C. The rights of a group of *pro* se plaintiffs to prosecute a case together include the ability to select a lead plaintiff.

There is no authority to sustain the magistrate's and defense counsels' suggestion that we may not select a lead plaintiff.[1] By unanimously selecting a lead plaintiff, all plaintiffs do so in an effort to promote judicial economy and reduce the time the Court, defense attorneys, and the Clerk's Office must devote to this case versus having to deal individually with 13 separate litigants.

No plaintiff is a lawyer. We are all representing ourselves. However, the model of selecting one person to serve as the lead representative for a side is firmly established by this and other courts. This is typically done by parties represented by

---

[1] The Sept. 14 Notice (Doc. 64) appoints Mr. Wall lead plaintiff and class representative. We do not address the subject of class representative in this motion because that issue must be determined by the district judge in deciding the magistrate's Report & Recommendations on the Amended Complaint (Doc. 86).

numerous attorneys with the selection of one lead counsel. This Court's rules require such an appointment. Local Rules 1.01(d)(9) & 2.02(a). Furthermore, plaintiffs have a right to prosecute this case as we desire, so long as none of us engage in the illegal practice of law or run afoul of the rules.

Plaintiffs are all aware Mr. Wall is not an attorney and is not representing us in that manner. All our conference calls, e-mail correspondence, etc. are done as a joint effort. The purpose of joining this lawsuit is we all want to help and support each other, so as not to have to do this alone. All submissions and decisions have been worked on together as a team with everyone involved in some part including accumulating data, presenting and discussing documents and other evidence, and determining the next steps to be taken. It is mentioned in every discussion that for each and every step, if anyone wants to present something differently to the Court than the group, they may do so. Thus far all decisions have been unanimous.

By choosing a lead plaintiff, we are not retaining a lawyer. The purpose of this selection is to simplify the process for the plaintiffs, the Court, and even for the defendants. Litigating these claims is so important for each of us, but it's a difficult job to do alone. We reach out to each other for help and support. There's no doubt 13 minds are better than one. At any point, we reserve the right to diverge from the group and pursue our claims separately. Thus far, no one has seen the need to do that as our group cohesion is strong.

All plaintiffs have chosen Mr. Wall as our lead with mature consideration and full, informed consent. Mr. Wall, despite the libel against him by the magistrate

and defense attorneys, has acted in the highest of propriety in his service as lead plaintiff not only to us, but also to the Court. We are fully confident in his commitment to us and his competence – including complying with Court rules.

Plaintiffs have a constitutionally guaranteed right to assist and advise each other, including appointment of a lead plaintiff. "The right of members to consult with each other … necessarily includes the right to select a spokesman from their number who could be expected to give the wisest counsel." *Brotherhood of Railroad Trainmen*.

"Free trade in ideas means free trade in the opportunity to persuade to action, not merely to describe facts." *Thomas v. Collins*, 323 U.S. 516, 537 (1945). The Court should ratify our appointment of a lead plaintiff.

### D. Ratifying our lead plaintiff selection does not mean endorsing the unauthorized practice of law.

Mr. Wall's role as lead plaintiff does not constitute the unauthorized practice of law as the magistrate and defense counsel continue to insinuate. Mr. Wall did not solicit his coplaintiffs to join this case nor ever say that he could represent them as counsel. The dozen joined plaintiffs sought out Mr. Wall – as have hundreds of other disabled and nondisabled Americans – after reading media reports of his lawsuits against both the defendants and the federal government concerning illegal mask requirements in the transportation sector. Mr. Wall made clear to all interested coplaintiffs in initial and follow-up correspondence that he is not a lawyer

and may not represent them. Each of us understands our legal responsibility to represent ourselves since we are proceeding without an attorney.

Plaintiffs made this clear to the Court in our Sept. 14 Notice:

> "We understand Mr. Wall is not an attorney and therefore may not represent us. Proceeding *pro se*, we are responsible for representing ourselves. However, for efficiency and judicial economy, we plan to work collectively as a group and make decisions by majority vote. But as we are all representing ourselves, we reserve the right to make separate filings should our individual interests diverge from that of the group." Doc. 64.

Furthermore, Mr. Wall is a plaintiff in this case (the original plaintiff), not prosecuting a lawsuit on behalf of others. Motions the magistrate claims he filed "on behalf of others" have actually been jointly signed by Mr. Wall and the other dozen plaintiffs. He has never filed a document with this Court arguing a claim he is not a part of.[2] He has not sought or received any compensation for his work on this case from his coplaintiffs.[3] In "regulating the practice of law, a State cannot ignore the rights of individuals secured by the Constitution." *Brotherhood of Railroad Trainmen*.

> "A State could not, by invoking the power to regulate the professional conduct of attorneys, infringe in any way the right of individuals and the public to be fairly represented in lawsuits authorized by Congress to effectuate a basic public interest. Laymen cannot be expected to know how to protect their rights when dealing with practiced and carefully counseled adversaries, *cf. Gideon v. Wainwright*, 372 U.S. 335 ... and for them to associate

---

[2] As discussed in Mr. Wall and Plaintiff Leonardo McDonnell's appeal of two magistrate orders (Docs. 139 & 142), Mr. McDonnell authorized Mr. Wall to file Mr. McDonnell's Unopposed Motion to Redact (Doc. 81) since Mr. McDonnell doesn't have e-file access. As a friend and coplaintiff, Mr. Wall helped Mr. McDonnell draft the Motion to Redact, but in no way did Mr. McDonnell believe he was receiving representation of an attorney and only he signed the motion.

[3] Each plaintiff, per our group agreement, has contributed an equal amount of money into a shared legal fund to pay for costs such as the filing fee, service of process, subscriptions to PACER and other electronic research databases, discovery, etc. None of this money represents payment to Mr. Wall.

together to help one another to preserve and enforce rights granted them under federal laws cannot be condemned as a threat to legal ethics. The State can no more keep these workers from using their cooperative plan to advise one another than it could use more direct means to bar them from resorting to the courts to vindicate their legal rights. The right to petition the courts cannot be so handicapped." *Id.*

The Supreme Court later ruled that, in the context of prisons, a knowledgeable nonlawyer has the right to assist others in the preparation of legal documents – even in cases where the nonlawyer is not a plaintiff.

"In the case of all except those who are able to help themselves – usually a few old hands or exceptionally gifted prisoners – the prisoner is, in effect, denied access to the courts unless such help is available. ... in depriving prisoners of the assistance of fellow inmates, Tennessee has [], in substance, deprived those unable themselves, with reasonable adequacy, to prepare their petitions, of access to the constitutionally and statutorily protected availability of" legal action to defend their rights. *Johnson v. Avery*, 393 U.S. 483 (1969).

Here Mr. Wall functions not as a person practicing law without a license but as a chosen, capable lead plaintiff to help guide the group through the challenges of federal litigation against giant corporations with enormous legal and financial resources.

"Without the assistance of fellow prisoners, some meritorious claims would never see the light of a courtroom. ... Laymen – ***in and out of prison*** – should be allowed to act as 'next friend' to any person in the preparation of any paper or document or claim, so long as he does not hold himself out as practicing law or as being a member of the Bar. The cooperation and help of laymen, as well as of lawyers, is necessary if the right of '[r]easonable access to the courts' is to be available to the indigents among us." *Id.* (emphasis added).

The magistrate has cited Florida's prohibition on the unauthorized practice of law. "Any person not licensed or otherwise authorized to practice law in this state

who practices law in this state or holds himself or herself out to the public as qualified to practice law in this state, or who willfully pretends to be, or willfully takes or uses any name, title, addition, or description implying that he or she is qualified, or recognized by law as qualified, to practice law in this state, commits a felony of the third degree..." Fla. Stat. § 454.23. But he, nor defense counsel, have offered any evidence that Mr. Wall, by serving as lead plaintiff, is practicing law. Mr. Wall is prosecuting this case *with* 12 coplaintiffs, not on their behalf. Mr. Wall has never pretended to be a lawyer nor has he ever implied to any coplaintiff (nor any other person) that he is qualified to practice law in Florida (nor any other state).

Florida law in fact recognizes the right of plaintiffs to prosecute our case together: "any person, whether an attorney or not ... may conduct his or her own cause in any court of this state..." Fla. Stat. § 454.18. No provision of Florida law, the U.S. Code, the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, or any other authority prohibits a group of *pro se* plaintiffs from appointing one person to serve as a lead plaintiff or "captain" of the prosecution to coordinate all joint filings and consultations with defense counsel. It's important to point out the magistrate nor any defense lawyer have cited any such authority precluding selection of a lead plaintiff. The district judge must therefore ratify our selection. Doc. 64.

All plaintiffs are energetically participating in this litigation. We have exchanged hundreds, perhaps thousands, of e-mails about the case, held several videoconferences lasting at least two hours each to discuss our strategy and share

ideas, and have created a private Facebook group for further collaboration. We have developed agreed-upon procedures for ensuring every plaintiff has a voice in every filing. This reflects our strong desire to work together to defeat a common enemy: the unlawful mask mandates imposed upon us and tens of millions of other flyers by the defendants. We have been transparent with the Court about our procedures. Docs. 64 & 65.

"[A] State may not, under the guise of prohibiting professional misconduct, ignore constitutional rights. ... here the entire arrangement employs constitutionally privileged means of expression to secure constitutionally guaranteed civil rights." *NAACP*.

State law regulating the practice of law may not ban the ability of similarly situated litigants "to associate for the purpose of assisting persons who seek legal redress for infringements of their constitutionally guaranteed and other rights." Such activities "are modes of expression and association protected by the First and 14th Amendments which Virginia may not prohibit, under its power to regulate the legal profession..." *NAACP*.

The Supreme Court has spoken clearly numerous times on the issues this motion presents:

> "[T]he First Amendment also protects vigorous advocacy, certainly of lawful ends, against governmental intrusion. *Thomas v. Collins*, 323 U.S. 516, 537 ...; *Herndon v. Lowry*, 301 U.S. 242, 259-264 ... Cf. *Cantwell v. Connecticut*, 310 U.S. 296 ...; *Stromberg v. California*, 283 U.S. 359, 369 ...; *Terminiello v. Chicago*, 337 U.S. 1, 4 ... In the context of NAACP objectives, litigation is not a technique of resolving private differences; it is a means for achieving the lawful objectives of equality of treatment by all government, federal, state and local, for the members of the Negro community in this country. It

is thus a form of political expression. Groups which find themselves unable to achieve their objectives through the ballot frequently turn to the courts. … And under the conditions of modern government, litigation may well be the sole practicable avenue open to a minority to petition for redress of grievances." *Id.*

Just as the NAACP advocates in the judicial system for equality of blacks under the law, here plaintiffs do so in a quest for equality of the disabled, another minority group protected by federal and international law. The Court should ratify our appointment of a lead plaintiff.

## CONCLUSION

Plaintiffs unanimously selected a lead. Doc. 64. The magistrate and defense counsel refuse to acknowledge this. We thus require the district judge's ratification of this appointment to force the magistrate and defense lawyers to validate our lead plaintiff choice.

WHEREFORE, plaintiffs request the district judge enter an order ratifying our notice appointing lead plaintiff. Doc. 64. The order should specify that:

1. For all joint filings made by the group, Mr. Wall is authorized to submit documents signed by all plaintiffs to the Court using the ECF system. Plaintiffs need not submit the same document 13 times.

2. Until all plaintiffs are granted ECF access, Mr. Wall is authorized to submit documents on any plaintiff's behalf to the Court using the ECF system when authorized by that plaintiff.

16

3. For all consultations on plaintiffs' joint motions required under Local Rule 3.01, Mr. Wall is authorized to confer with opposing  counsel on behalf of the group to ascertain their clients' positions.

4. For all consultations on defendants' motions required under Local Rule 3.01, defense lawyers are authorized to confer with Mr. Wall, who will then discuss the pending motion with all plaintiffs. Upon determination by the group of a position, Mr. Wall will then relay plaintiffs' consent or opposition to the lawyers.

## Local Rule 3.01(g) Certification

We hereby certify that on Nov. 16, 17, 18, and 22, we conferred by e-mail with Roy Goldberg and Roberto Torricella, counsel for Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways. "For the reasons set forth in the 'Brief of Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways in Opposition to Motion to Compel All Defense Counsel to Confer with All Plaintiffs on all Motions' (filed November 17, 2021), ECF 132, at the current time Mr. Lucas Wall is the only plaintiff in this case, and we will consult with him only on issues that involve his individual claims," Mr. Goldberg wrote to Plaintiffs Shannon Cila, Eric Cila, and Uri Marcus on Nov. 18. Ex. 1. Plaintiffs suggest the Court might need to impose sanctions to remedy this ongoing problem of counsel refusing to confer on motions. "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g)(3).

Despite stating his false belief that Mr. Wall is the only plaintiff in this case, Mr. Goldberg nor Mr. Torricella responded to Mr. Wall's first attempts to confer on this motion. Mr. Goldberg then informed Mr. Wall on Nov. 22 that his four clients oppose the relief sought in this motion.

We hereby certify that on Nov. 16, 17, 18, and 22, we attempted to confer by e-mail with Brian Maye, counsel for Defendants Allegiant Air and Frontier Airlines. Mr. Maye did not respond to our numerous attempts to confer. Ex. 1. Plaintiffs suggest the Court might need to impose sanctions to remedy this ongoing problem. "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g)(3).

We hereby certify that on Nov. 18, we conferred with Miguel Morel, counsel for Defendant Sprit Airlines. Mr. Morel said his client objects to the requested relief.

Respectfully submitted this 23rd day of November 2021.

*Lucas Wall*

Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

Aaron Abadi, plaintiff

Kleanthis Andreadakis, plaintiff

Eric Cila, plaintiff

Shannon Greer Cila, plaintiff

Anthony Eades, plaintiff

Uri Marcus, plaintiff

Yvonne Marcus, plaintiff

Leonardo McDonnell, plaintiff

Peter Menage, plaintiff

Connie Rarrick, plaintiff

Jared Rarrick, plaintiff

Jennifer Rarrick, plaintiff

18

```
Plaintiffs' Exhibit 1
```

## Wall v. Southwest Airlines -- Consultation on 3 Planned Motions

From:   Lucas Wall (lucas.wall@yahoo.com)

To:     Robert@torricellalaw.com; bmaye@amm-law.com; Roy.Goldberg@stinson.com; mamorel@littler.com

Bcc:    ███████████████████

Date:   Tuesday, November 16, 2021, 08:06 PM EST

Dear counsel:

Plaintiffs plan to file three motions later this week as described below. I send this message to confer ON BEHALF OF MYSELF regarding your clients' position on these motions. You can expect the other 12 plaintiffs to contact you separately.

1. We will file a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b) to appeal the magistrate's Oct. 26 order denying Leo McDonnell's motion to redact his phone number and e-mail address as well as ordering that I can't file on behalf of any other party in this case. The 14-day deadline to appeal this lapsed Nov. 9. I didn't think we needed to appeal before, but now with the most recent Report & Recommendation, I've changed my mind.

2. We will file a motion to the district judge asking him to remove the magistrate from this case for his extreme animus toward us. We can not expect to receive a fair adjudication of this case given his massive bias against pro-se litigants. We'll ask for the case to be transferred back to the district judge or, in the alternative, for the district judge to compel the clerk's office to randomly assign another magistrate for the referral.

3. We will file a motion to the district judge to allow us to appoint a lead plaintiff to streamline joint consultations and filings as the current situation has gotten completely out of hand. We will argue we have a constitutional right to associate and prosecute this case together, including selecting a lead plaintiff. The lead will NOT represent any other person but will, as noted in our last objections to an R&R, serve as "captain" of the prosecution and a conduit between all plaintiffs, the court, and the defense counsel. The lead plaintiff will not file documents solely on behalf of any individual plaintiff but we will seek the court's approval for him to file all JOINT motions, oppositions, replies, etc. This will be done, as has been the practice, only with approval of all plaintiffs. We will also seek the court's approval for the lead to consult with all defense attorneys on all joint motions and to receive consultations on defense motions, consult with all plaintiffs to determine a position on defense motions, and to report back to defense counsel with such position(s).

I would appreciate if you could provide your clients' position by close of business Wednesday as we expect to file these motions by the end of this week. Thank you.

*Lucas Wall

## Wall v southwest

From:  Aaron Abadi (aa@neg.com)

To:    robert@torricellalaw.com; bmaye@amm-law.com; roy.goldberg@stinson.com;
       mamorel@littler.com

Date:  Tuesday, November 16, 2021, 11:23 PM EST

Dear counsel:

Plaintiffs plan to file three motions later this week as described below. I send this message to confer regarding your clients' position on these motions.

1. We will file a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b) to appeal the magistrate's Oct. 26 order denying Leo McDonnell's motion to redact his phone number and e-mail address as well as ordering that Lucas Wall can't file joint documents for our group. The 14-day deadline to appeal this lapsed Nov. 9. We didn't think we needed to appeal before, but now with the most recent Report & Recommendation, we've changed our mind.

2. We will file a motion to the district judge asking him to remove the magistrate from this case for his extreme animus toward us. We can not expect to receive a fair adjudication of this case given his massive bias against pro-se litigants. We'll ask for the case to be transferred back to the district judge or, in the alternative, for the district judge to compel the clerk's office to randomly assign another magistrate for the referral.

3. We will file a motion to the district judge to allow us to appoint a lead plaintiff to streamline joint consultations and filings as the current situation has gotten completely out of hand. We will argue we have a constitutional right to associate and prosecute this case together, including selecting a lead plaintiff. The lead will NOT represent any other person but will, as noted in our last objections to an R&R, serve as "captain" of the prosecution and a conduit between all plaintiffs, the court, and the defense counsel. The lead plaintiff will not file documents solely on behalf of any individual plaintiff but we will seek the court's approval for him to file all JOINT motions, oppositions, replies, etc. This will be done, as has been the practice, only with approval of all plaintiffs. We will also seek the court's approval for the lead to consult with all defense attorneys on all joint motions and to receive consultations on defense motions, consult with all plaintiffs to determine a position, and to report back to defense counsel with such position(s).

I would appreciate if you could provide your clients' position by close of business Wednesday as we expect to file these motions by the end of this week. Thank you.

Aaron Abadi
Cell # 516-639-4100

## Wall v. Southwest Airlines

From:   Tony Eades (teades2603@live.com)

To:        robert@torricellalaw.com; roy.goldberg@stinson.com; bmaye@amm-law.com; mamorel@littler.com

Date:    Wednesday, November 17, 2021, 04:26 AM EST

Dear counsel:

Plaintiffs plan to file three motions later this week as described below. I send this message to confer regarding your clients' position on these motions. You can expect the other plaintiffs to contact you separately.

1. We will file a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b) to appeal the magistrate's Oct. 26 order denying Leo McDonnell's motion to redact his phone number and e-mail address as well as ordering that Lucas Wall can't file joint documents for our group. The 14-day deadline to appeal this lapsed Nov. 9. We didn't think we needed to appeal before, but now with the most recent Report & Recommendation, we've changed our mind.

2. We will file a motion to the district judge asking him to remove the magistrate from this case for his extreme animus toward us. We can not expect to receive a fair adjudication of this case given his massive bias against pro-se litigants. We'll ask for the case to be transferred back to the district judge or, in the alternative, for the district judge to compel the clerk's office to randomly assign another magistrate for the referral.

3. We will file a motion to the district judge to allow us to appoint a lead plaintiff to streamline joint consultations and filings as the current situation has gotten completely out of hand. We will argue we have a constitutional right to associate and prosecute this case together, including selecting a lead plaintiff. The lead will NOT represent any other person but will, as noted in our last objections to an R&R, serve as "captain" of the prosecution and a conduit between all plaintiffs, the court, and the defense counsel. The lead plaintiff will not file documents solely on behalf of any individual plaintiff but we will seek the court's approval for him to file all JOINT motions, oppositions, replies, etc. This will be done, as has been the practice, only with approval of all plaintiffs. We will also seek the court's approval for the lead to consult with all defense attorneys on all joint motions and to receive consultations on defense motions, consult with all plaintiffs to determine a position, and to report back to defense counsel with such position(s).

I would appreciate if you could provide your clients' position by close of business Wednesday as we expect to file these motions by the end of this week. Thank you.

Tony Eades

19499 Cedar Gate Dr

Warsaw, MO 65355

# Purple Heart Veteran

Request to Confer and Contact attempt #1, Day 1

From: Shannon Greer (shannonrgreer@yahoo.com)

To: robert@torricellalaw.com; bmaye@amm-law.com; roy.goldberg@stinson.com; mamorel@littler.com

Cc: ericlcila@yahoo.com

Date: Wednesday, November 17, 2021, 02:59 PM EST

Dear Counsel:

SHALOM AND GREETINGS!

Eric Cila and I, as named Plaintiffs on this docket, plan to file three motions later this week, as you may already know from our lead plaintiff of choice, Mr. Wall.  The motions we all plan to send are described below. I send this personalized message to you all as a matter of order by Magistrate Judge Irick detailed in his most recent R & R release, to follow Court Rules to the letter and tittle, though we are pro se.  Therefore, this will be our first attempt to confer with you, and Day 1, regarding your clients' position on our motions. You can expect the other plaintiffs to contact you individually of course.

1. We will file a motion for an EXTENSION OF TIME pursuant to Fed.R.Civ.P. 6(b) to appeal the magistrate's Oct. 26 order denying Mr. Leo McDonnell's motion to redact his phone number and e-mail address, as well as ordering that Lucas Wall can't file joint documents for our group. The 14-day deadline to appeal this lapsed Nov. 9. We didn't think we needed to appeal before, but now with the most recent Report & Recommendation, we've changed our mind.

2. We will file a motion to the District Judge asking him to REMOVE MAGISTRATE from this case for his extreme animus toward us (it feels like bias - perhaps there are some personal conflicts of interest afoot? We can not expect to receive a fair adjudication of this case given his massive bias against pro-se litigants (or perhaps mask cases)? We'll ask for the case to be transferred back to the District Judge or, in the alternative, for the District Judge to compel the clerk's office to randomly assign another magistrate for the referral.

3. We will file a motion to the District Judge to allow us to APPOINT

LEAD PLAINTIFF to streamline joint consultations and filings as the current situation has gotten completely out of hand. We will argue we have a constitutional right to associate and prosecute this case together, including selecting a lead plaintiff. The lead will NOT represent any other person but will, as noted in our last objections to an R & R, serve as "Captain" of the prosecution and a conduit between all plaintiffs, the Court, and the defense counsel. The lead plaintiff will not file documents solely on behalf of any individual plaintiff but we will seek the Court's approval for him to file all JOINT motions, oppositions, replies, etc. This will be done, as has been the practice, only with approval of all plaintiffs. We will also seek the Court's approval for the lead to consult with all defense attorneys on all joint motions and to receive consultations on defense motions, consult with all plaintiffs to determine a position, and to report back to defense counsel with such position(s).

I would appreciate if you could provide your clients' position by close of business Wednesday as we expect to file these motions by the end of this week. Thank you.

Regards,

Shannon and Eric Cila
Plaintiffs, Louisville, KY

Fw: Request to Confer and Contact attempt #1, Day 1

From: shannonrgreer@yahoo.com (shannonrgreer@yahoo.com)

To: aa@neg.com; adi@ntcf.org; ████████████████; lucas.wall@yahoo.com; pmenage@googlemail.com; teades2603@live.com; michael.faris@blueskycopters.com; jenniferrarrick@gmail.com; uri@ntcf.org; mrradioactive@protonmail.com

Date: Thursday, November 18, 2021, 09:59 AM EST

████████████████████

----- Forwarded Message -----
**From:** Goldberg, Roy <roy.goldberg@stinson.com>
**To:** Shannon Greer <shannonrgreer@yahoo.com>
**Cc:** Eric Cila <ericlcila@yahoo.com>; Robert@torricellalaw.com <robert@torricellalaw.com>; bmaye@amm-law.com <bmaye@amm-law.com>; mamorel@littler.com <mamorel@littler.com>; Maurice@torricellalaw.com <maurice@torricellalaw.com>
**Sent:** Wednesday, November 17, 2021, 08:45:31 PM EST
**Subject:** RE: Request to Confer and Contact attempt #1, Day 1

<mark>For the reasons set forth in the "Brief of Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines and JetBlue Airways in Opposition to Motion to Compel All Defense Counsel to Confer with All Plaintiffs on all Motions" (filed November 17, 2021), ECF 132, at the current time Mr. Lucas Wall is the only plaintiff in this case, and we will consult with him only on issues that involve his individual claims.</mark>

**Roy Goldberg**
Partner

STINSON LLP
1775 Pennsylvania Avenue NW, Suite 800
Washington,DC20006-4605
Direct: 202.728.3005  \  Mobile:301.908.3268  \  Bio

Assistant: Casey O'Keefe  \  202.346.6911  \  casey.okeefe@stinson.com

**STINSON.COM**

This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information.  If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**From:** Shannon Greer <shannonrgreer@yahoo.com>
**Sent:** Wednesday, November 17, 2021 2:59 PM
**To:** Robert@torricellalaw.com; bmaye@amm-law.com; Goldberg, Roy <roy.goldberg@stinson.com>; mamorel@littler.com
**Cc:** Eric Cila <ericlcila@yahoo.com>
**Subject:** Request to Confer and Contact attempt #1, Day 1

**External Email – Use Caution**

Dear Counsel:

SHALOM AND GREETINGS!

Eric Cila and I, as named Plaintiffs on this docket, plan to file three motions later this week, as you may already know from our lead plaintiff of choice, Mr. Wall.  The motions we all plan to send to send are described below. I send this personalized message to you all as a matter of order by Magistrate Judge Irick detailed in his most recent R & R release, to follow Court Rules to the letter and tittle, though we are pro se.  Therefore, this will be our first attempt to confer with you, and Day 1, regarding your clients' position on our motions. You can expect the other plaintiffs to contact you individually of course.

1. We will file a motion for an EXTENSION OF TIME pursuant to Fed.R.Civ.P. 6(b) to appeal the magistrate's Oct. 26 order denying Mr. Leo McDonnell's motion to redact his phone number and e-mail address, as well as ordering that Lucas Wall can't file joint documents for our group. The 14-day deadline to appeal this lapsed Nov. 9. We didn't think we needed to appeal before, but now with the most recent Report & Recommendation, we've changed our mind.

2. We will file a motion to the District Judge asking him to REMOVE MAGISTRATE from this case for his extreme animus toward us (it feels like bias - perhaps there are some personal conflicts of interest afoot? We can not expect to receive a fair adjudication of this case given his massive bias against pro-se litigants (or perhaps mask cases)? We'll ask for the case to be transferred back to theDistrict Judge or, in the alternative, for the District Judge to compel the clerk's office to randomly assign another magistrate for the referral.

Wall v Southwest Airlines

From:   Leonardo McDonnell ███████████████████

To:     robert@torricellalaw.com; bmaye@amm-law.com; roy.goldberg@stinson.com; mamorel@littler.com

Date:   Wednesday, November 17, 2021, 11:22 PM EST

Dear counsel:

Plaintiffs plan to file three motions later this week as described below. I send this message to confer regarding your clients' position on these motions. You can expect the other plaintiffs to contact you separately.

1. We will file a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b) to appeal the magistrate's Oct. 26 order denying Leo McDonnell's motion to redact his phone number and e-mail address as well as ordering that Lucas Wall can't file joint documents for our group. The 14-day deadline to appeal this lapsed Nov. 9. We didn't think we needed to appeal before, but now with the most recent Report & Recommendation, we've changed our mind.

2. We will file a motion to the district judge asking him to remove the magistrate from this case for his extreme animus toward us. We can not expect to receive a fair adjudication of this case given his massive bias against pro-se litigants. We'll ask for the case to be transferred back to the district judge or, in the alternative, for the district judge to compel the clerk's office to randomly assign another magistrate for the referral.

3. We will file a motion to the district judge to allow us to appoint a lead plaintiff to streamline joint consultations and filings as the current situation has gotten completely out of hand. We will argue we have a constitutional right to associate and prosecute this case together, including selecting a lead plaintiff. The lead will NOT represent any other person but will, as noted in our last objections to an R&R, serve as "captain" of the prosecution and a conduit between all plaintiffs, the court, and the defense counsel. The lead plaintiff will not file documents solely on behalf of any individual plaintiff but we will seek the court's approval for him to file all JOINT motions, oppositions, replies, etc. This will be done, as has been the practice, only with approval of all plaintiffs. We will also seek the court's approval for the lead to consult with all defense attorneys on all joint motions and to receive consultations on defense motions, consult with all plaintiffs to determine a position, and to report back to defense counsel with such position(s).

I would appreciate if you could provide your clients' position by close of business Wednesday as we expect to file these motions by the end of this week. Thank you.

Leonardo McDonnell

Sent from my iPhone

Fwd: Wall v. Southwest Airlines -- Consultation on 3 Planned Motions

From: Uriel ben-Mordechai (uri@ntcf.org)

To: lucas.wall@yahoo.com

Date: Thursday, November 18, 2021, 12:10 AM EST

███████████████

███

**From:** "Goldberg, Roy" <roy.goldberg@stinson.com>
**Subject: RE: Wall v. Southwest Airlines -- Consultation on 3 Planned Motions**
**Date:** 18 November 2021 at 3:47:31 GMT+2
**To:** Uriel ben-Mordechai <uri@ntcf.org>
**Cc:** Adi Marcus <adi@ntcf.org>, "Robert@torricellalaw.com" <Robert@torricellalaw.com>, "bmaye@amm-law.com"
<bmaye@amm-law.com>, "mamorel@littler.com" <mamorel@littler.com>, "Maurice@torricellalaw.com"
<Maurice@torricellalaw.com>

==For the reasons set forth in the "Brief of Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines and
JetBlue Airways in Opposition to Motion to Compel All Defense Counsel to Confer with All Plaintiffs on all
Motions" (filed November 17, 2021), ECF 132, at the current time Mr. Lucas Wall is the only plaintiff in this
case, and we will consult with him only on issues that involve his individual claims.==

**Roy Goldberg**
Partner

STINSON LLP
1775 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-4605
Direct: 202.728.3005 \ Mobile: 301.908.3268 \ Bio

Assistant: Casey O'Keefe \ 202.346.6911 \ casey.okeefe@stinson.com

**STINSON.COM**

This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information. If it
has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose
the contents to others.

**From:** Uriel ben-Mordechai <uri@ntcf.org>
**Sent:** Wednesday, November 17, 2021 1:24 AM
**To:** Robert@torricellalaw.com; bmaye@amm-law.com; Goldberg, Roy
<roy.goldberg@stinson.com>; mamorel@littler.com
**Cc:** Adi Marcus <adi@ntcf.org>
**Subject:** Wall v. Southwest Airlines -- Consultation on 3 Planned Motions

**External Email – Use Caution**

Shalom Counsellors,

**ALL 13 Plaintiffs** plan to file three motions later this week as described below. We are sending this message
to confer regarding your clients' position on these motions. You can expect the other plaintiffs, apart from us
to contact you separately.

**1.** We will file a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b) to appeal the magistrate's Oct. 26 order denying Leo McDonnell's motion to redact his phone number and e-mail address as well as ordering that Lucas Wall can't file joint documents for our group. The 14-day deadline to appeal this lapsed Nov. 9. We didn't think we needed to appeal before, but now with the most recent Report & Recommendation filed on 16 Nov 2021, we've changed our mind.

**2.** We will file a motion to the district judge asking him to remove the magistrate from this case for his extreme animus toward ALL of us. We can not expect to receive a fair adjudication of this case given his massive bias against pro-se litigants. We'll ask for the case to be transferred back to the district judge or, in the alternative, for the district judge to compel the clerk's office to randomly assign another magistrate for the referral.

**3.** We will file a motion to the district judge to allow us to appoint a lead plaintiff to streamline joint consultations and filings as the current situation has gotten completely out of hand. We will argue we have a constitutional right to associate and prosecute this case together, including selecting a lead plaintiff. The lead will NOT represent any other person but will, as noted in our last objections to an R&R, serve as "captain" of the prosecution and a conduit between all plaintiffs, the Court, and the defense counsel. The lead plaintiff will not file documents solely on behalf of any individual plaintiff but we will seek the Court's approval for him to file all JOINT motions, oppositions, replies, etc. This will be done, as has been the practice, only with approval of all Plaintiffs. We will also seek the court's approval for the lead to consult with all defense attorneys on all joint motions and to receive consultations on defense motions, consult with all Plaintiffs to determine a position, and to report back to defense counsel with such position(s).

We would appreciate if you could provide your clients' position by close of business Wednesday as we expect to file these motions by the end of this week.

Thank you.


URI MARCUS • PLAINTIFF
YVONNE MARCUS • PLAINTIFF

Jerusalem

Fwd: Wall v Southwest Airlines

From:   Leonardo McDonnell ████████████

To:      lucas.wall@yahoo.com

Date:   Thursday, November 18, 2021, 12:33 PM EST

Sent from my iPhone

Begin forwarded message:

> **From:** "Morel, Miguel" <MAMorel@littler.com>
> **Date:** November 18, 2021 at 1:18:14 AM EST
> **To:** Leonardo McDonnell <leo_mcdonnell@icloud.com>
> **Subject: RE: Wall v Southwest Airlines**

Good evening,

Spirit Airlines objects to the requested relief. Please note we respectfully disagree with your interpretation of the rules given the current procedural posture of this case.

-Miguel

**Miguel Morel**
Attorney at Law
305.400.7535 direct, 561.504.8761 mobile, 305.675.0353 fax
MAMorel@littler.com



<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL 33131

**From:** Leonardo McDonnell <leo_mcdonnell@icloud.com>
**Sent:** Wednesday, November 17, 2021 11:22 PM
**To:** Robert@torricellalaw.com; bmaye@amm-law.com; Roy.Goldberg@stinson.com; Morel, Miguel <MAMorel@littler.com>
**Subject:** Wall v Southwest Airlines

[EXTERNAL E-MAIL]

Dear counsel:

Plaintiffs plan to file three motions later this week as described below. I send this message to confer regarding your clients' position on these motions. You can expect the other plaintiffs to contact you separately.

FOLLOW UP: Wall v. Southwest Airlines -- Consultation on 3 Planned Motions

From:   Lucas Wall (lucas.wall@yahoo.com)

To:      robert@torricellalaw.com; bmaye@amm-law.com; roy.goldberg@stinson.com

Date:   Monday, November 22, 2021, 04:14 AM EST

Dear counsel:

I write to follow up on a consultation on three (now two) upcoming motions sent by me to you Tuesday, Nov. 16, to which none of you have responded to me.

Several other plaintiffs have also attempted to confer with you concerning these motions Nov. 16, 17, and 18. Mr. Goldberg responded to a few of these plaintiffs that he was refusing to confer in violation of Local Rule 3.01(g).

I write one final time to ascertain your clients' positions on these two motions, which I plan to file Monday night. Therefore I would appreciate a response by close of business Monday.

As an update, there are now two motions that I expect to file Monday night: motion to the district judge asking him to remove the magistrate (#2 below) and motion to the district judge to allow us to appoint a lead plaintiff (#3 below).

Plaintiffs decided not to file the proposed Motion #1 as described below. Plaintiff Leo McDonnell and I instead are filing an appeal rather than a motion for extension of time.

*Lucas Wall


>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

On Tuesday, November 16, 2021, 08:06:54 PM EST, Lucas Wall <lucas.wall@yahoo.com> wrote:


Dear counsel:

Plaintiffs plan to file three motions later this week as described below. I send this message to confer ON BEHALF OF MYSELF regarding your clients' position on these motions. You can expect the other 12 plaintiffs to contact you separately.

1. We will file a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b) to appeal the magistrate's Oct. 26 order denying Leo McDonnell's motion to redact his phone number and e-mail address as well as ordering that I can't file on behalf of any other party in this case. The 14-day deadline to appeal this lapsed Nov. 9. I didn't think we needed to appeal before, but now with the most recent Report & Recommendation, I've changed my mind.

2. We will file a motion to the district judge asking him to remove the magistrate from this case for his extreme animus toward us. We can not expect to receive a fair adjudication of this case given his massive bias against pro-se litigants. We'll ask for the case to be transferred back to the district judge or, in the alternative, for the district judge to compel the clerk's office to randomly assign another magistrate for the referral.

3. We will file a motion to the district judge to allow us to appoint a lead plaintiff to streamline joint consultations and filings as the current situation has gotten completely out of hand. We will argue we have a constitutional right to associate and prosecute this case together, including selecting a lead plaintiff. The lead will NOT represent any other person but will, as noted in our last objections to an R&R, serve as "captain" of the prosecution and a conduit between all plaintiffs, the court, and the defense counsel. The lead plaintiff will not file documents solely on behalf of any individual plaintiff but we will seek the court's approval for him to file all JOINT motions, oppositions, replies, etc. This will be done, as has been the practice, only with approval of all plaintiffs. We will also seek the court's approval for the lead to consult with all defense attorneys on all joint motions and to receive consultations on defense motions, consult with all plaintiffs to determine a position on defense motions, and to report back to defense counsel with such position(s).

I would appreciate if you could provide your clients' position by close of business Wednesday as we expect to file these motions by the end of this week. Thank you.

*Lucas Wall