**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **LUCAS WALL** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 6:21-cv-1008-PGB-DCI |
| | : | |
| v. | : | District Judge Paul Byron |
| | : | |
| **SOUTHWEST AIRLINES** *et al.*, | : | Magistrate Judge Daniel Irick |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' JOINT MOTION FOR THE DISTRICT JUDGE TO**
**REMOVE MAGISTRATE JUDGE DANIEL IRICK FROM THIS CASE**

COME NOW all plaintiffs, *pro se*, and jointly seek an order from the district judge supervising this case to disqualify Magistrate Judge Daniel Irick for bias shown against us as disabled *pro se* litigants. We ask the district judge to terminate the referral of this case to a magistrate (Doc. 11) and take full control of future proceedings himself. We also request the district judge order the Clerk to randomly assign another magistrate judge for any nondispositive matters the district judge might delegate for future determination.

The district judge must disqualify Magistrate Judge Irick for obstructing our prosecution, acting as an eighth adversary in addition to the seven airlines we are suing for illegally discriminating against the disabled who are medically unable to wear face masks. Mr. Irick has ruled against us on nearly every single motion, even

1

those that are not opposed by the defendants. Several of his rulings against us contradict other decisions issued in favor of the defendants. We have no hope of obtaining justice with Magistrate Judge Irick presiding over this lawsuit. He has failed to act impartially and therefore must be terminated from this case.

## I. PROCEDURAL HISTORY

Magistrate Judge Gregory Kelly was randomly selected to preside over this case along with District Judge Paul Byron. However, without explanation, Mr. Kelly transferred this case June 22 (without any party's consent) to Mr. Irick. Doc. 14. We can only assume this was done because Mr. Irick was assigned to preside over the related action *Wall v. Centers for Disease Control & Prevention*, No. 6:21-cv-975 (M.D. Fla.), which was filed one week before this case.

In early proceedings in *Wall v. CDC*, Plaintiff Lucas Wall quickly recognized Mr. Irick's bias against disabled *pro se* litigants challenging mask mandates. He filed a motion to disqualify Mr. Irick in that case and also submitted it in this lawsuit June 25, only nine days after the initial Complaint in this case was filed. Doc. 22. No defendant opposed the motion (although some had yet to appear), however Mr. Irick denied it July 22. Doc. 36.

Mr. Wall filed an Amended Complaint as of right Sept. 13 (Doc. 61) adding 12 new plaintiffs. On Sept. 14, all 13 plaintiffs filed a notice appointing Mr. Wall as lead plaintiff and class representative. Doc. 64. We also the same day filed a Notice of Waiver of Individual Service. Doc. 65.

Magistrate Judge Irick has delayed our prosecution by more than two months and counting, issuing a Report & Recommendations ("R&R") Oct. 28 suggesting the Amended Complaint be dismissed with leave to replead without the proposed class action or lead-plaintiff selection. Doc. 86. His R&R was issued without any defendant moving to dismiss the Amended Complaint. More than two months after we filed the Amended Complaint, the defendants have still not answered and we have not been able to proceed into discovery.

## II. SUMMARY OF MAGISTRATE JUDGE IRICK'S RULINGS

1. Plaintiffs' problems with Magistrate Judge Irick began only two days after we filed the Amended Complaint (Doc. 61). Mr. Irick issued an Order to Show Cause to plaintiffs Sept. 15 to argue, *inter alia*, why the Amended Complaint should not be stricken because it contains a putative class action filed by a group of *pro se* plaintiffs. Doc. 67. The Order also required plaintiffs to respond to Mr. Irick's concerns about appointing a lead plaintiff and class representative as well as waiving individual service. This Order halted our prosecution for more than two months, and we continue to be banned or severely restricted from flying on any of the seven airlines because we medically can't wear face coverings.

Mr. Irick overstepped his authority in issuing this Order to Show Cause and suspending the defendants' requirement to answer our Amended Complaint within 14 days. He cited no valid authority why the Amended Complaint should not be litigated. If the defendants believed there were defects with the pleading,

the proper course of action would have been for them to file motions to dismiss rather than an Answer. Instead, Mr. Irick stepped in to play defense counsel.

2. Mr. Irick signed an order Oct. 21 to strike Plaintiff Leonardo McDonnell's Unopposed Motion to Redact, which was filed electronically by Mr. Wall with Mr. McDonnell's permission since he doesn't have Electronic Case Filing ("ECF") access. "Mr. Wall – who is proceeding *pro se* – may not file documents electronically on behalf of any other person." Doc. 82. Mr. Irick cited no authority for this order. He improperly overruled plaintiffs' Notice of Appointment of Lead Plaintiff & Class Representative, which included all dozen joined plaintiffs' permission for Mr. Wall to file electronically. Doc. 64. Notably neither Mr. Irick nor the district judge has struck the Notice, and it remains on the docket today.

3. Mr. Irick issued an order Oct. 26 denying Mr. McDonnell's Unopposed Motion to Redact, placing Mr. McDonnell in possible danger. Doc. 85. The same order stated that "Mr. Wall is prohibited from filing any document on behalf of any other person in this case. On or before November 8, 2021, Mr. Wall shall show cause in writing why his electronic filling privileges in all cases before this Court should not be revoked because he abused his permissions by electronically filing documents on behalf of other persons…" *Id.* Again, Mr. Irick failed to acknowledge Doc. 64, wherein all plaintiffs gave Mr. Wall permission to file electronically.

4. Two days later (Oct. 28), Mr. Irick issued an R&R recommending to the district judge "that Plaintiff Lucas Wall, who is proceeding *pro se*, cannot represent the

interest of others – including neither the 12 named plaintiffs, nor the proposed classes – in this action and, as such, the Amended Complaint is due to be STRICKEN with leave of Court to file an amended pleading to cure the deficiencies within a set time period." Doc. 86. But Mr. Wall has never represented any other plaintiff in this action. Serving as lead plaintiff does not meaning acting as an attorney. All plaintiffs are representing ourselves, but doing so jointly as a group since our claims against the defendants are nearly all the same.

5.  In the most egregious decision so far, Mr. Irick issued an R&R Nov. 16 recommending to the district judge that motions to compel the Clerk to place the 12 joined plaintiffs back on the docket after they were mysteriously removed be denied, continuing his disturbing pattern of pretending we do not exist. Doc. 128. He also perplexingly advised that our motions for leave to e-file using ECF be denied – motions we submitted ***specifically*** because of Mr. Irick's prior R&R (Doc. 86) suggesting that Mr. Wall shouldn't be the only plaintiff capable of using ECF and receiving electronic service.

In the R&R, Mr. Irick also recommended to the district judge that Lead "Plaintiff Wall's electronic filing privileges be immediately REVOKED in this case for violation of the Court's Order and abuse of the privilege." *Id.* This despite all plaintiffs' authorization for Mr. Wall to e-file remains standing. Doc. 64. And that Mr. Wall has never violated a court order nor abused the privilege of using ECF as a *pro se* litigant.

## III. ARGUMENT

### A. Magistrate Judge Irick is improperly thwarting our prosecution of this case by stepping in as eighth adversary in blocking the Amended Complaint before any defendant has answered.

Mr. Irick issued an Order to Show Cause objecting to how we decided to exercise our constitutional and statutory rights to collectively prosecute this case. Doc. 67. In our response, we noted Supreme Court cases and other authority confirming our ability to proceed as we determined. Doc. 72. Yet Mr. Irick continues to interfere with our prosecution, severely delaying adjudication of this case *sua sponte* without any defendant having answered the Amended Complaint. Doc. 61.

The decision to halt our prosecution for more than two months is not only clearly erroneous, it must be interpreted by any reasonable person as a showing of bias in favor of the defendants. Every individual has the right to a neutral and impartial judge so that he can present his case "with assurance that the arbiter is not predisposed to find against him." *Marshall v. Jerrico*, 446 U.S. 238, 242 (1980).

Mr. Irick's biased handling of this matter has created a massive delay in our efforts to obtain justice from the defendants, who have illegally conspired to deprive us as disabled Americans of our civil rights guaranteed by the Constitution, laws, regulations, and treaties. Just because we are representing ourselves does not mean we lack the same rights as plaintiffs wealthy enough to afford counsel.

Mr. Irick continues to inappropriately insert himself into this case as an advocate for the defendants, disparaging plaintiffs and throwing up roadblocks and

speedbumps at every possible opportunity – depriving us from litigating this case on the merits. Mr. Irick has essentially become another counsel for the defendants.

As a matter of due process, a judge who fails the "appearance of impartiality" test may not sit as the judge in the case. *Hurls v. Ryan*, 752 F.3d 768 (9th Cir. 2011). Mr. Irick must be removed from this case.

**B. Magistrate Judge Irick's Order striking Plaintiff Leonardo McDonnell's first Unopposed Motion to Redact because Mr. Wall filed it using ECF at Mr. McDonnell's behest improperly overrules our Notice granting our lead plaintiff permission to e-file.**

In another unethical effort to derail our case – and in this instance, the safety of a plaintiff – Mr. Irick struck Mr. McDonnell's original Unopposed Motion to Redact (Doc. 81) because Mr. Wall filed it electronically on his behalf. But Mr. McDonnell gave Mr. Wall explicit permission in the motion itself to file it since he doesn't have access to the Court's ECF system. It is not a magistrate's business to continue to play adversary against plaintiffs in addition to the defendants in this case. Mr. McDonnell's decision on how to best file is not the Court's concern.

Mr. Irick cited in Doc. 82 no statute, Federal Rule of Civil Procedure, Local Rule, or other authority allowing him to override plaintiffs' Notice of Appointment of Lead Plaintiff. "For all filings made by the group, we authorize Mr. Wall to submit documents on our behalf to the Court using the CM/ECF system once we have approved them." Doc. 64 at 1. Nor did he cite any authority allowing him to reject Mr. McDonnell's granting of permission to Mr. Wall to file the motion on his behalf

since he doesn't have ECF access. Neither Mr. Irick nor the district judge overseeing this case has struck the Notice, therefore our approval for Mr. Wall to submit documents on our behalf using ECF remains in effect. Mr. Irick must be removed from this case.

### C. Magistrate Judge Irick's Order denying Plaintiff Leonardo McDonnell's second Unopposed Motion to Redact his phone number and e-mail address shows a reckless disregard for his safety.

Mr. Irick is putting Mr. McDonnell in potential danger by refusing to redact his e-mail address and phone number from the public record, without citing any rationale. Mr. Irick apparently wants Mr. McDonnell to become a victim of stalking by denying his Motion to Redact without providing any good cause for his decision, more interested in harassing plaintiffs than protecting the legitimate safety concerns of a litigant. This appears to be a gross dereliction of his official duties, showing no empathy for Mr. McDonnell's situation of being the victim of abuse. The longer Mr. McDonnell's phone number and e-mail address remain in the public record, the more chances there are for his past abusers to obtain them.

Instead of granting this simple, unopposed request to protect Mr. McDonnell, Mr. Irick complained that his "motion contains no memorandum of legal authority supporting the requested relief." Doc. 85 at 2. But this is a straightforward, unopposed motion that shouldn't require a memorandum of legal authority. Mr. McDonnell succinctly wrote in three paragraphs the relief he desired and why it

should be granted. He consulted with counsel for all seven defendants, all of whom consented to the requested relief.

Mr. Irick's decision to deny the second Unopposed Motion to Redact because it doesn't contain a legal memorandum is hypocritical, unethical, and clearly erroneous because he's granted concise consent defense motions that don't elaborate on the basis for requesting relief with a memorandum of law. *See*, e.g., Doc. 24 (granted by Doc. 28), Doc. 37 (granted by Doc. 40), and Doc. 59 (granted by Doc. 60). It also contradicts this Court's insistence on brevity in motions to promote judicial economy. And insisting on a memorandum of law for the most basic unopposed motion violates the requirement that Mr. Irick construe *pro se* filings liberally in the interest of justice. Mr. McDonnell explained in the motion he is a victim of a past abusive relationship and wants his phone number and e-mail address kept out of the public record to prevent his abuser from potentially finding them and harassing him. Mr. McDonnell made a mistake including his phone number and e-mail address in the signature block of the Amended Complaint, not thinking about how it would be entered into the Court's public record, available for anyone to access online via PACER.

In addition to bias, we are concerned about Mr. Irick's possible incompetence. For example, he wrote in a footnote that "The Motion also notes that Mr. McDonnell's name has changed, such that his name in his electronic signature block [on the Amended Complaint] is not accurate. But there is no indication as to whether his name changed before or after the amended complaint was filed." Doc. 85 at 2.

But Mr. McDonnell filed a Notice of Name Change on Oct. 20. Doc. 80. The court order changing his name is attached as an exhibit. Doc. 80-1. Mr. Irick does not mention this Notice anywhere in his Order (Doc. 85). If he had actually read the Notice, he would know that the court order changing Mr. McDonnell's legal name took effect Oct. 15, one month after the Amended Complaint was filed Sept. 14.

Mr. Irick's Order denying the second Unopposed Motion to Redact zig-zags into numerous unrelated issues that continue to show his animus toward plaintiffs. Mr. Irick likes to attack plaintiffs, especially Mr. Wall. In denying the second Unopposed Motion to Redact, he ignorantly wrote that "taking the statements in the Motion as true, Mr. Wall may have placed Mr. McDonnell at physical or other risk by publicly exposing his telephone number, and email address in the Amended Complaint." Doc. 85 at 2. This is yet one example of Mr. Irick libeling Mr. Wall, calling into question his good character – which very well could be grounds for a civil suit if it weren't for the possibility Mr. Irick could be shielded by judicial immunity. All 13 of us reviewed and approved the Amended Complaint, giving Mr. Wall our written permission to affix our e-signature and signature block. Mr. Wall did not place anyone in danger. Mr. McDonnell simply didn't think at the time about excluding his e-mail address and phone number.

Yet again, Mr. Wall did nothing wrong despite Mr. Irick's erroneous, unsupported claims. The only person who has placed Mr. McDonnell at physical or other risk is Mr. Irick by refusing without cause or explanation to grant his Unopposed Motion to Redact. This suggestion that Mr. Wall concocted a motion for another

plaintiff, without any evidence to substantiate the allegation, is grounds in and of itself for having Mr. Irick removed from this case.

The Order (Doc. 85) goes on to state that "Mr. McDonnell is cautioned that even if the Court were to redact the Amended Complaint, his personal information (and the personal information of all the named plaintiffs) remains on the public docket of this case. Again, to the extent that the named plaintiffs did not intend this, it is another unintended consequence of allowing a *pro se* party to file a document in court on their behalf." Doc. 85 at 3. But the case docket doesn't contain Mr. McDonnell's phone number or e-mail address, so again Mr. Irick makes allegations that lack foundation.

We see once more Mr. Irick showing his contempt for *pro se* parties who can't afford lawyers and are fighting discrimination by representing ourselves in court. We again object to Mr. Irick's disgracefully rude treatment of all plaintiffs by making up false information that Mr. McDonnell's phone number and e-mail address appears on the public docket when it clearly does not. It's clear we can never hope to obtain a fair, just decision from Mr. Irick. He must be removed from this case.

**D. Magistrate Judge Irick's Order prohibiting our lead plaintiff from filing any document for another person in this case, including joint motions, inappropriately ignores our Notice granting such permission.**

The magistrate's blockade of our prosecution includes his efforts to stop our selection of a lead plaintiff. We have a constitutional right to determine how we

will associate and organize to collectively prosecute our claims, including the decision to select a lead plaintiff to coordinate consultations with defense counsel and electronically file all joint documents for the group. Serving as lead plaintiff means Mr. Wall is the "captain" of our prosecution. But it does not mean he is representing anyone without a law license. All plaintiffs are well aware Mr. Wall is not an attorney and may not represent anyone. We are all representing ourselves and have spent numerous hours working on this case together. It is not Mr. Irick's place to interfere with our designation. He cites no statute, Federal Rule of Civil Procedure, Local Rule, or any other authority to sustain his Order disregarding our Notice of Appointment of Lead Plaintiff & Class Representative. Doc. 64.

Mr. Irick's orders have led to the absurd result that all 13 plaintiffs must file every document individually, even when all 13 of us approve the paper and authorize its filing once by the lead plaintiff. Although we have objected to this ridiculous requirement to file the same joint document 13 times, we have already started this practice to show the Court how wasteful and unproductive this is. Recently the Clerk docketed 24 documents filed by the 12 additional plaintiffs. Docs. 95-118. But these are the exact same copies of two motions signed by all plaintiffs. Mr. Wall also submitted the Motion to Compel the Clerk to Correct Docket. Doc. 94. So instead of having two docket entries for these two motions, there are 25.

This docket clogging will continue if Mr. Irick's position that we may not appoint a lead plaintiff and authorize him to file electronically is allowed to stand. It will not only burden the Court and its clerks but also defense counsel, who have

now each received 25 ECF filing alerts for these motions instead of two e-mails. We are concerned this requirement for each plaintiff to file the same document individually will result in chaos on the docket and a massive slowdown of our prosecution as the Court wades through all the filings. This burden to the Court, its clerks, and defense counsel is completely self-inflicted and unnecessary. This is hardly the model of judicial efficiency the Court has stressed in other orders. We are perplexed as to what benefit Mr. Irick believes the Court or the defendants gain from having every motion, brief, notice, etc. filed 13 times. Mr. Irick must be removed from this case.

## E. Magistrate Judge Irick's conduct interferes with our constitutional rights to associate and determine how we want to prosecute this case.

Plaintiffs have a constitutional right to freely associate and collectively petition the government (here the Judicial Branch) for a redress of grievances.

> "It cannot be seriously doubted that the First Amendment's guarantees of free speech, petition, and assembly give railroad workers the right to gather together for the lawful purpose of helping and advising one another in asserting the rights Congress gave them … statutory rights which would be vain and futile if the workers could not talk together freely as to the best course to follow." *Brotherhood of Railroad Trainmen v. Virginia ex. rel. Virginia State Bar*, 377 U.S. 1 (1964).

Mr. Irick's interference with the disabled plaintiffs' right to associate by prosecuting this lawsuit together – including selecting a lead plaintiff to coordinate filings – creates "the gravest danger of smothering all discussion … of litigation on behalf of the rights of members of an unpopular minority." *NAACP v. Button*, 371 U.S. 415 (1963). "The right of members to consult with each other … necessarily

includes the right to select a spokesman from their number who could be expected to give the wisest counsel." *Brotherhood of Railroad Trainmen*. Mr. Irick must be removed from this case.

### F. Magistrate Judge Irick constantly libels Mr. Wall by accusing him of practicing law without a license but offers no evidence.

We take great offense at the numerous disparaging comments Mr. Irick has made against Mr. Wall. For instance, Mr. Irick falsely alleged that "This incident raises serious concerns about Mr. Wall's activities in relation to attempting to represent other people before this Court." Doc. 85 at 2. But we've said over and over to deaf ears that Mr. Wall is NOT attempting to represent anyone Mr. Wall has made it clear on numerous occasions that he is not a lawyer and may not represent anyone. But that does not mean he can't work in tandem with us to sue for unlawful discrimination and now retaliation by the defendants. Mr. Irick's constant attacks on Mr. Wall are extremely unprofessional and continue to raise serious questions about his ability to try this case impartially.

The R&R states that "The law is clear: ... it does not allow a *pro se* litigant to represent others." Doc. 86 at 4. But no plaintiff in this case is representing anyone else. We are working collectively as a group in our prosecution because we share the common interest of obtaining a judgment ordering the defendants to obey the law and stop refusing mask exemptions to the disabled. There is nothing in any statute that prevents multiple *pro se* plaintiffs from suing common defendants over common claims in the same lawsuit.

Mr. Irick cites several cases finding that the right to proceed *pro se* in federal court is "a personal right that does not extend to the representation of the interest of others." *Id*. at 4. But his point misses the mark. Nowhere does the R&R point to any evidence that any plaintiff is representing anyone other than him- or herself. As we have explained to Mr. Irick in our filings, each plaintiff reviews and approves every document before they are submitted to the Court. His allegation that any plaintiff is representing others, insinuating that some plaintiffs are not actually participating in the case, lacks foundation and demonstrates prejudice.

Another false allegation levied by Mr. Irick is that "This incident raises serious concerns about Mr. Wall's activities in relation to attempting to represent other people before this Court." Doc. 85 at 2. However, Mr. Wall is NOT attempting to represent anyone.  We cry foul at Mr. Irick's contention that "Yet this is just one of the myriad of unanticipated risks that may result from a *pro se* person (such as Mr. Wall) attempting to represent others (such as Mr. McDonnell) in court." *Id*. at 2. We don't know how many times we have to say this, but Mr. Wall is NOT attempting to represent anyone. We have all been active participants in this case.

Mr. Irick in that Order went on to sneer Mr. McDonnell and Mr. Wall by writing "The Court cannot simply take the Motion at face value, as it contains am improper signature – the same improper signature used on the document filed by Mr. Wall. Thus, the Court has no confidence that his Motion is from Mr. McDonnell." *Id*. at 2. Court rules permit the use of electronic signatures for documents submitted

electronically. Mr. McDonnell's second Unopposed Motion to Redact was submitted electronically using the *pro se* form on the Court's website.

It is bizarre and offensive for Mr. Irick to say it has no confidence that the motion is not from Mr. McDonnell. What reason would Mr. Wall – or anyone else – have to invent that Mr. McDonnell is the victim of an abusive relationship and wants his phone number and e-mail address redacted? This again shows Mr. Irick's animus toward *pro se* litigants who can't afford an attorney, disabled people, and/or those fighting for our right to be free of discrimination because we medically can't wear masks. Mr. Irick must be removed from this case.

**G. Magistrate Judge Irick insults and demeans the dozen joined plaintiffs by pretending we don't exist and refusing to restore us to the docket as plaintiffs when no court order ever authorized our removal.**

Throughout the R&R (Doc. 86), Mr. Irick endlessly uses the word "purported" to describe the 12 additional plaintiffs who joined the Amended Complaint and have been active participants in this prosecution ever since. This terminology is offensive and uncalled for. We feel insulted and degraded by this never-ending reference to us as "purported," as if we are not real human beings who have suffered legal wrongs by the defendants. Throughout this proceeding, Mr. Irick has acted with animosity toward all of us. The 12 joined plaintiffs were mysteriously removed from the docket in late October without any order or explanation, and then (as of last week) put back on the docket as "movants," not as "plaintiffs."

Mr. Irick's continual reference to the dozen added plaintiffs as "purported" humans is also bizarre because – in addition to not issuing any recommendation that the 13 plaintiffs are not properly joined – in the caption of the R&R (Doc. 86) itself, he lists all 13 of us as plaintiffs. Mr. Irick is not treating us with dignity and respect the way he treats lawyers.

Likewise in the Order at Doc. 85 Mr. Irick constantly used the derogatory/accusatory term "purported," e.g. "Plaintiff Lucas Wall electronically filed an Amended Complaint (Doc. 61) that was ***purportedly*** brought by several named plaintiffs (including Mr. McDonnell) and on behalf of a ***purported*** class." Doc. 85 (emphasis added). According to Oxford Languages, "purported" means "appearing or stated to be true, though not necessarily so; alleged."

In reality, the Amended Complaint ***was*** brought by Mr. Wall and a dozen additional Named Plaintiffs. The Amended Complaint was on behalf of a ***proposed*** or ***putative*** class, not a "purported class." Mr. Irick's language continues to libel all 13 plaintiffs by accusing us of submitting false papers to the Court with no evidence to back up this scandalous assertion. He must be removed from this case.

**H. Magistrate Judge Irick denied our motions to e-file without even waiting for the defendants to advise the Court if they consent or oppose. This determination will result in wasted time and resources.**

Mr. Irick criticizes Mr. Wall for e-filing "on behalf of others" (as opposed to the reality of him filing joint documents ***with*** other plaintiffs), but when we try to re-

spond to these concerns by all asking for ECF access, we are denied with no authority cited. Mr. Irick falsely accuses Mr. Wall of "abusing" ECF, but it is himself who is constantly abusing us as *pro se* disabled Americans fighting for our rights to be free of discrimination in air travel. Mr. Irick offers zero evidence that Mr. Wall ever filed any document without every signatory's approval or otherwise "abused" use of his ECF account.

Mr. Irick's attempt to revoke Mr. Wall's e-file status would produce nothing more than additional, unnecessary work for the clerks, law clerks, the Court, and the defendants' counsel. Each document we submit to the Court would be filed 13 times. The clerk's office would have to manually docket each filing received via the webform. The Court would have to send by postal mail all orders to the 13 of us; likewise defense counsel would have to waste time, paper, envelopes, and postage doing the same. This would accomplish nothing but avoidable garbage.

Strangely – and again demonstrating his bias – all plaintiffs made an effort to satisfy Mr. Irick's concern about allowing Mr. Wall to e-file for us and forward all court papers to us via e-mail by filing motions for leave to file electronically. Docs. 100-104, 108, 110, & 113-117. Despite our efforts to placate Mr. Irick's distresses, he recommends the district judge deny these motions (Doc. 128), citing no rationale except that we didn't include a legal memorandum. But Mr. Wall's motion to e-file (Doc. 3) was granted June 17 without a memo of law. Doc. 12. And just like with Mr. McDonnell's Unopposed Motion to Redact, there is no authority that needs to be discussed at length in a simple motion (at Mr. Irick's own behest) for

us to all have access to ECF. We cited the rule allowing *pro se* use of ECF and explained our capability to use the system. That's all that's necessary.

Again Mr. Irick disregards longstanding precedent that "A document filed *pro se* is to be liberally construed. All pleadings shall be so construed as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97) (cleaned up).

Mr. Irick's recommendations to prohibit Mr. Wall from e-filing all of plaintiffs' joint motions, oppositions, notices, etc. and to deny ECF access for the rest of us has already resulted in chaos. Defense counsel are complaining about "clogging of the docket" (Doc. 130 at 5) and being encumbered by receiving each plaintiffs' filing 13 times via ECF alerts. The Court and its law clerks are likely becoming confused with having every motion, response, reply, notice, etc. appear on the docket 13 times. In fact, the clerk's office is already consolidating motions filed by all 12 plaintiffs who lack ECF access rather than docket them one by one, raising the question of what purpose individual filing is serving. Docs. 131 & 140-141. Mr. Irick must be removed from this case.

## I. Magistrate Judge Irick is assigning us blame for defense counsel's refusal to confer with us on motions, which should subject them to sanctions, not us.

In recommending denial of our motions to compel the clerk to correct the docket and to e-file, Mr. Irick faults us for failing to confer with defense counsel. But we've had to move for an order compelling all defense attorneys to confer with

all 13 named plaintiffs concerning all motions pursuant to Local Rule 3.01(g) be-

cause they ***refuse*** to confer with us. Docs. 129 & 131. Mr. Irick blames us when in

fact we attempted multiple times in early November to confer with the lead counsel

designated by the defendants (Roy Goldberg, Robert Torricella, Brian Maye, and

Miguel Morel) regarding multiple motions.

"All defense counsel have completely ceased all communication with plaintiffs

since Nov. 1. Plaintiffs suggest the Court may need to impose sanctions to remedy

this problem. 'The purposeful evasion of a communication under this rule can re-

sult in a sanction.' Local Rule 3.01(g)(3)." Docs. 100-104, 108, 110, & 113-117. In-

stead of sanctioning defense counsel for purposefully evading our consultations,

Mr. Irick penalizes us by recommending denial of our motions, showing clear bias.

Defense counsel have a duty under Local Rule 3.01(g) to confer in good faith

with all plaintiffs. They refuse to abide by that duty, yet Mr. Irick is doing nothing

about it. He must be removed from this case.

## J. Magistrate Judge Irick's misconduct meets the legal standards for disqualification.

"Any … magistrate judge of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned." 28 USC §

455(a). Federal judges must abide by the Code of Conduct for United States Judges

("CCUSJ"), a set of ethical principles and guidelines adopted by the Judicial Con-

ference of the United States.

"A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party..." CCUSJ Canon 3(C)(1)(a). It is imperative that judges make decisions according to that law, unclouded by personal bias or conflicts of interest. Moreover, the Due Process Clause has been construed to guarantee litigants the right to a "neutral and detached" judge. *Ward v. Village of Monroeville*, 409 U.S. 57 (1972).

It is not enough that judges be impartial; the public must **perceive** them to be so. The CCUSJ therefore admonishes judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety in all activities."

When the impartiality of a judge is in doubt, the appropriate remedy is to disqualify him from hearing further proceedings. In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the Supreme Court reaffirmed that litigants have a due-process right to an impartial judge, and that under circumstances in which judicial bias is probable, due process requires disqualification. No judge may decide a case if he is biased for or against any party. *Tunney v. Ohio*, 273 U.S. 510, 523 (1927); *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970).

A judge shall not hear a case if "the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). In such cases, "the inquiry is an objective one. The Court asks not whether the judge is actually, subjectively biased, but whether the

average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Caperton*.

28 USC § 455 deals not only with actual bias and other forms of partiality but also with the ***appearance*** of partiality. Any reasonable American would perceive Mr. Irick's conduct toward us to be biased, even if actual proof of his bias is lacking.

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). And "the standard for recusal under § 455(a) is whether an objective, disinterested, lay observer, fully informed of the facts underlying the grounds on which recusal was sought, would entertain a significant doubt about the judge's impartiality." *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989). (internal quotations omitted); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988) (emphasizing that the test is whether a "lay observer," and not one "trained in the law," would reasonably question the judge's impartiality).

Under this standard, all doubts must be "resolved in favor of recusal." *Id.* Further, "objective standards may also require recusal whether or not actual bias exists or can be proved." *Caperton* at 886 (citing *In re Murchison*, 349 U.S. 133, 136 (1955) for the proposition that "[d]ue process 'may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.'"). Thus, 455(a) "clearly mandates ... a

judge err on the side of caution and disqualify himself in a questionable case." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1112 (5th Cir. 1980).

The CCUSJ instructs judges to "avoid impropriety and the appearance of impropriety in all activities," Canon 2, and specifically to "respect and comply with the law and [to] act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 2(A).

"An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances ... would conclude that the judge's honesty, impartiality, temperament, or fitness to serve as a judge is impaired." Commentary to Canon 2(A). The impartiality of judges, and the appearance of impartiality, are important for ensuring public confidence in our federal courts. A group of *pro se* litigants going up against the might of wealthy defendant corporations can't have any confidence in the Court's impartiality when Mr. Irick behaves as he has. *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002); *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

"The critical question presented by this statute 'is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995)).

An essential component of equal justice under the law is a neutral and detached judge to preside over court proceedings. Accordingly, it's not the judge's own beliefs, nor even the presence of actual bias that matters, but instead, the "objective risk of actual bias that required … recusal." *Caperton* at 886.

The law "focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice; a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. Use of the word 'might' in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980).

"Once a judge whose impartiality toward a particular case may reasonably be questioned presides over that case, the damage to the integrity of the system is done." *Durhan v. Neopolitan*, 875 F.2d 91, 97 (7th Cir. 1989).

"[A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). Mr. Irick must be removed.

## K. Magistrate Judge Irick's conduct fails to meet District Judge Byron's judicial standards.

In written responses to the Senate Judiciary Committee, Mr. Byron stressed that "a judge must be patient, considerate to the parties and litigants, demonstrate

thoughtfulness, diligence, intellectual honesty, and a firm commitment to the principle of *stare decisis*. ... I would avoid any action which could convey even the ***appearance*** that all parties and their counsel are not receiving equal and impartial consideration from the court." (emphasis added). Because Mr. Irick fails to meet the standards Mr. Byron expects of himself and the magistrates who work under him, he must be removed from this case.

## IV. CONCLUSION

For all the reasons detailed above, plaintiffs can never hope to receive a fair hearing of our claims against the defendants if Magistrate Judge Irick is allowed by the district judge to continue presiding over this case. His demeaning behavior toward us violates judicial ethics and meets the law's requirements for disqualification. All parties will be better served if the district judge terminates the referral of this case to a magistrate and/or orders the Clerk to randomly select a different magistrate to preside over this case. Justice demands it.

WHEREFORE, we request the district judge issue an order disqualifying Magistrate Judge Irick from this case and ceasing the referral of this proceeding to a magistrate for an R&R. The Clerk should be directed to reassign another magistrate judge to this case for handling of any nondispositive matters the district judge might in the future delegate.

**Local Rule 3.01(g) Certification**

We hereby certify that on Nov. 16, 17, 18, and 22, we conferred by e-mail with Roy Goldberg and Roberto Torricella, counsel for Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways. "For the reasons set forth in the 'Brief of Defendants Southwest Airlines, Alaska Airlines, Delta Air Lines, and JetBlue Airways in Opposition to Motion to Compel All Defense Counsel to Confer with All Plaintiffs on all Motions' (filed November 17, 2021), ECF 132, at the current time Mr. Lucas Wall is the only plaintiff in this case, and we will consult with him only on issues that involve his individual claims," Mr. Goldberg wrote to Plaintiffs Shannon Cila, Eric Cila, and Uri Marcus on Nov. 18. Ex. 1. Plaintiffs suggest the Court might need to impose sanctions to remedy this ongoing problem of counsel refusing to confer on motions. "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g)(3).

Despite stating his false belief that Mr. Wall is the only plaintiff in this case, Mr. Goldberg nor Mr. Torricella responded to Mr. Wall's first attempts to confer on this motion. Mr. Goldberg then informed Mr. Wall on Nov. 22 that his four clients oppose the relief sought in this motion.

We hereby certify that on Nov. 16, 17, 18, and 22, we attempted to confer by e-mail with Brian Maye, counsel for Defendants Allegiant Air and Frontier Airlines. Mr. Maye did not respond to our numerous attempts to confer. Ex. 1. Plaintiffs suggest the Court might need to impose sanctions to remedy this ongoing problem. "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g)(3).

We hereby certify that on Nov. 18, we conferred with Miguel Morel, counsel for Defendant Sprit Airlines. Mr. Morel said his client objects to the requested relief.

Respectfully submitted this 24th day of November 2021.

*Lucas Wall*

Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

_____
Aaron Abadi, plaintiff

_____
Kleanthis Andreadakis, plaintiff

_____
Eric Cila, plaintiff

_____
Shannon Greer Cila, plaintiff

_____
Anthony Eades, plaintiff

_____
Uri Marcus, plaintiff

_____
Yvonne Marcus, plaintiff

_____
Leonardo McDonnell, plaintiff

_____
Peter Menage, plaintiff

_____
Connie Rarrick, plaintiff

_____
Jared Rarrick, plaintiff

_____
Jennifer Rarrick, plaintiff