# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 6:21-cv-1008-PGB-DCI |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **SOUTHWEST AIRLINES** *et al.*, : | Magistrate Judge Daniel Irick |
| : | |
| Defendants. : | |

## PLAINTIFFS' JOINT OBJECTIONS TO MAGISTRATE
## JUDGE'S REPORT & RECOMMENDATION

COME NOW plaintiffs, *pro se*, and jointly submit seven objections to the Report & Recommendation ("R&R") filed Nov. 16, 2021, by Magistrate Judge Daniel Irick recommending denial of our Motions to Compel Clerk to Correct Docket Entry 87 Plus Other Errors & Omissions (Docs. 94-99, 105-107, 109, 111-112, & 118) and our Motions for Leave to File Electronically (Docs. 100-104, 108, 110, & 113-177). Doc. 128. We also object to Mr. Irick's recommendation that Lead Plaintiff Lucas Wall's e-file access be revoked.

> "Within 14 days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 USC § 636(b)(1)(c).

1

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3).

## I. PROCEDURAL HISTORY

Mr. Wall filed a three-count Complaint (Doc. 1) on June 14, 2021, charging seven airlines with violating the Air Carrier Access Act ("ACAA") for their illegal procedures for passengers with disabilities to obtain mask exemptions as well as requiring passengers not known to have a communicable disease to wear a face covering, and for endangering the health and safety of their passengers by illegally mandating masks that cause harm to human health in violation of the terms of their operator certificate issued by the Federal Aviation Administration under 49 USC § 44702.

Mr. Wall filed an Amended Complaint as of right Sept. 13 (Doc. 61) adding 12 new plaintiffs, deleting the cause of action on 49 USC § 44702, adding 28 new charges, and proposing a class action on behalf of the Disabled and Nondisabled classes. On Sept. 14, all 13 plaintiffs filed a notice appointing Mr. Wall as lead plaintiff and class representative. Doc. 64. We also the same day filed a Notice of Waiver of Individual Service. Doc. 65.

Mr. Irick issued an Order to Show Cause to plaintiffs Sept. 15 to argue, *inter alia*, why the Amended Complaint should not be stricken because it contains a pu-

tative class action filed by a group of *pro se* plaintiffs. Doc. 67. The Order also required plaintiffs to respond to the magistrate's concerns about appointing a lead plaintiff and class representative as well as waiving individual service.

Plaintiffs filed a joint response to the Order on Sept. 24 arguing that the Amended Complaint should not be struck. Doc. 72. All seven defendants filed responses urging the Court to strike the Amended Complaint for the reasons raised by the magistrate. Docs. 74-76. Plaintiffs filed a reply Oct. 6 (Doc. 77), after which the magistrate issued the R&R Oct. 28 recommending the Amended Complaint be dismissed with leave to replead without the proposed class action or lead-plaintiff selection. Doc. 86. We timely filed objections Nov. 12 (Docs. 119-126), which Defendants Southwest, Alaska, Delta, and JetBlue responded to Nov. 17 by raising their own objections to that R&R. Doc. 130. Because objecting to an R&R in a response to another party's objections is not permitted by rule, we moved to have Doc. 130 struck. Docs. 137 & 140. Defendants Allegiant, Frontier, and Spirit did not file a response to our objections.[1]

In the meantime, this case has devolved into a procedural morass with the magistrate judge doing everything humanly possible to thwart our prosecution, causing us to move to have the district judge remove Mr. Irick from presiding over the re-

---

[1] Defendant Spirit filed a Notice on Nov. 18 in attempt to join Southwest, Alaska, Delta, and JetBlue's response to our objections (Doc. 135), but likely realizing such a Notice is not permitted by the Local Rules, Spirit withdrew it later the same day (Doc. 136). Spirit did not file its own response by the Nov. 26 deadline.

3

ferral of this lawsuit. Docs. 145-146. Defense counsel refuse to consult with plaintiffs on motions as required by Local Rule 3.01(g), prompting us to file a motion to compel them to do so. Docs. 129 & 131.

Mr. Wall and Plaintiff Leonardo McDonnell appealed two rulings by Mr. Irick related to Mr. McDonnell's motion to redact his e-mail address and phone number from the Amended Complaint (Doc. 61). Docs. 87, 91, 139 & 142. Due to Mr. Irick and defense counsels' antics, we have also had to submit a Motion for the District Judge to Ratify Our Appointment of a Lead Plaintiff. Docs. 143-144.

And at last, we come to the topics of these objections. Plaintiffs are trying to correct docket errors and respond to Mr. Irick's expressed concerns about Mr. Wall e-filing joint motions with the group of 13 plaintiffs, who are prosecuting this case *pro se* collectively – each representing ourselves but working as a unified group against the seven airline defendants who are breaking the law in numerous ways with their mask policies and exemption procedures. Despite creating most of the mess we are trying to clean up with the two motions at bar, Mr. Irick continues to throw up procedural roadblocks by improperly recommending their denial. He also lashes out at Mr. Wall, recommending his use of the Court's Electronic Case Filing ("ECF") system be revoked.

## II. OBJECTIONS TO THE R&R's FINDINGS & RECOMMENDED DISPOSITIONS

**1. We object to the R&R's determination that the motions to correct the docket are legally insufficient.**

4

We object to the R&R's finding that "the Motions to Correct be denied because they are legally insufficient." Doc. 128 at 3. Mr. Irick complains that the motion doesn't include a memorandum of legal authority supporting the requested relief. "Indeed, the Motions to Correct do not include a citation to a single case or rule of procedure that would warrant an order from the Court compelling the Clerk to make the corrections to the docket as requested." *Id*.

The R&R ignores that keeping a correct docket listing all plaintiffs and accurate information about the case is a basic, essential function of the clerk's office. There is no case or rule to cite because we are dealing with plain common sense. The Court doesn't need a Local Rule to state that the Clerk shall keep a correct docket. Nor need we cite caselaw confirming the obvious. Here we have the perfect example of what we complained about in our motion to remove Mr. Irick from this referral: "Magistrate Irick [is] obstructing our prosecution, acting as an eighth adversary in addition to the seven airlines we are suing for illegally discriminating against the disabled who are medically unable to wear face masks." Doc. 145 at 1.

Mr. Irick's determination that the motion is defective because it doesn't contain a legal memorandum is hypocritical, unethical, and clearly erroneous because he's granted concise consent defense motions that don't elaborate on the basis for requesting relief with a memorandum of law. *See*, e.g., Doc. 24 (granted by Doc. 28), Doc. 37 (granted by Doc. 40), and Doc. 59 (granted by Doc. 60). It also contradicts this Court's insistence on brevity in motions to promote judicial economy. And insisting on a memorandum of law for the most basic unopposed motion violates the

requirement that Mr. Irick construe *pro se* filings liberally in the interest of justice. "A document filed *pro se* is to be liberally construed. All pleadings shall be so construed as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97) (cleaned up).

## 2. We object to the R&R's failure to recommend sanctioning defense counsel for refusing to confer with plaintiffs on motions as required by Local Rule.

The R&R outrageously tries to place blame on us for not complying with Local Rule 3.01(g) when in fact it is defense counsel who should be sanctioned for violating this rule. Doc. 128 at 3. "The Motions to Correct each include a representation to the Court that the movants attempted to confer by e-mail with counsel for Defendants, ***but no response was received and "[a]ll defense counsel have completely ceased all communications with plaintiffs since Nov. 1.***" *Id*. (emphasis added). But rather than sanction defense counsel for failing to confer. Mr. Irick again shows his bias against *pro se* litigants by blaming us for not "supplement[ing] the Motions to Correct in accordance with Local Rule 3.01(g)(3) which states: Unavailability. If the opposing party is ***unavailable*** before the motion's filing, the movant after filing must try diligently for three days to contact the opposing party." *Id*. (emphasis added).

Despite our clear explanation that defense counsel "completely ceased all communication with plaintiffs since Nov. 1," Mr. Irick tries to assert that means the attorneys were "unavailable," thus a supplemental statement certifying whether

6

the parties have resolved all or part of the motion is required. But the fact here is clear: Defense counsel weren't "unavailable," they ***refused*** to confer, which should subject them to the magistrate's wrath, not us: "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g).

Mr. Irick ignores our conferral statement in the motion to compel clerk to correct that we attempted to confer with counsel for all seven defendants by e-mail Nov. 4 and 5 but none of the lawyers responded. Doc. 94 at 5. We explicitly noted that "All defense counsel have completely ceased all communication with plaintiffs since Nov. 1. Plaintiffs suggest the Court may need to impose sanctions to remedy this problem." *Id*. Notably, we waited four days after the second message to defense counsel before we filed the motion to compel clerk Nov. 9, yet still received no response. This was not an issue of defense counsel being "unavailable" for consultation because we filed a motion an hour after first attempting to reach them. The motion was filed ***five days*** after the first conferral e-mail was sent. Therefore we did not violate Local Rule 3.01(g)(3) because an updated conferral statement is not required unless counsel for the opposing parties were "unavailable."

The proper response to this problem would have been for Mr. Irick to sanction defense counsel for ceasing all communications with plaintiffs in violation of their duty to confer. Since the magistrate failed to do so *sua sponte* despite our suggestion, we had to file a motion to force defense counsel to confer. Docs. 129 & 131. At minimum, Mr. Irick should have waited to see if the defendants would file an opposition to our motion to compel clerk, which would have been due Nov. 23. But

7

he issued the R&R on Nov. 16, a full week before oppositions were due. Mr. Irick never allowed defense counsel the opportunity to inform the Court as to their clients' position on what should have been a simple consent motion to fix errors on the docket.

Defense counsel have a duty under Local Rule 3.01(g) to confer in good faith with all plaintiffs. They refuse to abide by that duty, yet Mr. Irick is doing nothing about it.

### 3. We object to the R&R's determination that plaintiffs' ability to ensure the docket is accurate relate only to the Court's internal administration.

We object to Mr. Irick's finding that "the portions of the docket that [Lead] Plaintiff Wall and the 12 [other plaintiffs] take issue with do not concern the substance of this action and instead relate to the Court's internal administration." Doc. 128 at 3. First, we shouldn't have had to file the motion to compel clerk at all. As the R&R notes, "three notices have been filed and multiple calls to the Clerk's office have been made but no correction to the docket has resulted." *Id*. at 2. Second, the finding that the portions of the docket we seek to correct "do not concern the substance of this action" is grossly erroneous.

In the motion to compel clerk, we asked for these corrections:

A. Docket Entry 87 still indicates that Lead Plaintiff & Class Representative Lucas Wall filed the objections. Incorrect. Plaintiff Leonardo McDonnell filed the objections using the Court's *pro se* webform. This error was corrected

8

with a notation "Modified on 11/9/2021 (RDO)." Therefore the Court's action on this issue is no longer required.

B. The "Demand" field hasn't been updated since the Amended Complaint was filed Sept. 14. This is admittedly a minor issue, but nonetheless it goes without saying the clerk's office is obligated to ensure the information presented on the Court's public docket is accurate. The "Demand" field is not. It does not require citing caselaw or a specific rule to request this information be listed accurately.

C. The "Cause" field contains the wrong statute under which the first count of the Amended Complaint is based. This error is even more perplexing because neither the original Complaint (Doc. 1) nor the Amended Complaint (Doc. 61) ever asserted 42 USC § 1983 as a cause of action since that statute applies only to state officials. Again, we are dealing with an issue of common sense. If a party's name were misspelled on the docket, surely the Court would not require a memorandum of law and citation to a specific rule to argue that the Clerk should spell people's names correctly. The same applies here.

D. Most importantly, the motion noted "The other 12 plaintiffs in this case have not been restored to the docket after mysteriously disappearing..." Doc. 94 at 2. It's hardly true that not listing all 13 plaintiffs in this case on the public docket "do[es] not concern the substance of this action." Since the motion was filed, the dozen additional plaintiffs have magically reappeared on the

9

docket but are incorrectly listed as "movants" rather than "plaintiffs." The Court's action is still required to correct this inaccuracy. And again, no legal memo or rule citation is required because it goes without saying that all plaintiffs in a case should be listed on the docket. The fact we have to waste our time and the Court's time arguing this is ridiculous.

The magistrate cites this Court's ruling in a related action involving Mr. Wall that it has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Doc. 128 at 4. We agree with this assertion. But if the Court has an inherent power to control its docket, how does it make sense for Mr. Irick to assert that we have to cite caselaw and rules that the docket should be accurate? This completely goes against the Court's desire for "economy of time." Instead of arguing the merits of this case. Mr. Irick has put us in a deep swamp of procedural chaos, wasting the time of not only ourselves but the Court and opposing counsel, continuing his disturbing pattern of pretending that the dozen joined plaintiffs do not exist.

### 4. We object to the R&R's determination that Mr. Wall abused his electronic filing privilege because he purportedly filed documents on behalf of other plaintiffs.

We object to the R&R's finding that Mr. Wall "abused his permission by electronically filing documents on behalf of other persons," specifically the motion to compel clerk (Doc. 94). Doc. 128 at 4. Doc. 94 is a JOINT motion signed by all 13 plaintiffs (electronically by Mr. Wall and, at Mr. Irick's behest, with ink by the

10

dozen additional plaintiffs). A joint motion is not filed "on behalf of other persons," it is filed by each plaintiff collectively. Mr. Irick's view of procedure would prohibit Mr. Wall – or any other plaintiff – from ever filing a joint motion in cooperation with other plaintiffs. But Mr. Irick cites no Federal Rule of Civil Procedure or Local Rule that prohibits parties from filing motions jointly. Mr. Wall submitting a motion ***with*** his coplaintiffs is in no way "filing documents ***on behalf of*** other persons."

Mr. Irick notes that "the Court has only granted [Lead] Plaintiff Wall's request to register for and use CM/ECF for the prosecution of his case and has prohibited him from filing on behalf of any other person, including the 12 [other plaintiffs]." *Id*. at 5. Notably the order prohibiting Mr. Wall from filing "on behalf of any other person" (Doc. 85) is currently under appeal to the district judge. Docs. 87, 91, 139 & 142. That said, it doesn't mean Mr. Wall has disobeyed the appealed order. In the appealed order, Mr. Irick advised Mr. Wall he could not "include electronic signatures by persons who are not authorized to file electronically." Doc. 85. For joint motions and other filings made since that order was issued, the 12 joined plaintiffs have signed by ink as directed.

But that still has not placated Mr. Irick's ire, as in the R&R he complains about the joint motion using the word "we" multiple times. This is bizarre because of course a document drafted and filed by 13 people is going to use the term "we." The word itself means Mr. Wall was a participant in the joint motion, for he is part of the collective "we."

11

Mr. Irick errs when concluding that "[Lead] Plaintiff Wall's Motion to Correct violates the Court's prohibition against filing ***on behalf of others*** in this case and the undersigned finds that the filing is an abuse of that privilege." Doc. 128 at 5 (emphasis added). But again, signing a motion ***with*** others is not the same as submitting a motion "on behalf" of another plaintiff. The only document Mr. Wall has ever filed in this case that he himself did not sign was Mr. McDonnell's motion to redact (Doc. 81), which Mr. McDonnell in the motion itself specifically authorized Mr. Wall to e-file since he doesn't have ECF access. Mr. McDonnell and all other plaintiffs also authorized Mr. Wall to e-file in the Notice of Appointment of Lead Plaintiff & Class Representative. Doc. 64. That Notice has not been struck and remains valid and in effect today. Mr. Irick struck Mr. McDonnell's motion (Doc. 81) and ordered him to refile it himself (Doc. 82), which accomplished nothing but extra work for the clerk's office in processing the motion a second time (Doc. 84). Mr. Wall and Mr. McDonnell are appealing Mr. Irick's order striking Doc. 81. Docs. 139 & 142. Mr. Irick cited no authority for this order. He improperly overruled plaintiffs' Notice of Appointment of Lead Plaintiff & Class Representative, which included all dozen joined plaintiffs' permission for Mr. Wall to file electronically. Doc. 64.

Mr. Irick cited in Doc. 82 no statute, Federal Rule of Civil Procedure, Local Rule, or other authority allowing him to override plaintiffs' Notice of Appointment of Lead Plaintiff & Class Representative. "For all filings made by the group, we authorize Mr. Wall to submit documents on our behalf to the Court using the

12

CM/ECF system once we have approved them." Doc. 64 at 1. Nor did he cite any authority allowing him to reject Mr. McDonnell's granting of permission to Mr. Wall to file the motion on his behalf since he doesn't have ECF access. It is not a magistrate's business to continue to play adversary against plaintiffs in addition to the defendants in this case. Mr. McDonnell's decision on how to best file is not the Court's concern.

What's strange about Mr. Irick's constant attacks on Mr. Wall is that all other 12 plaintiffs also filed the joint motion to compel clerk containing the signatures of all plaintiffs, yet Mr. Irick has not expressed any beef about them filing "on behalf of others."

We've said over and over to deaf ears that Mr. Wall is NOT attempting to represent anyone. Mr. Wall has made it clear on numerous occasions that he is not a lawyer and may not represent anyone. But that does not mean he can't work in tandem with others to sue for unlawful discrimination and now retaliation by the defendants. Mr. Irick's constant attacks on Mr. Wall are extremely unprofessional and continue to raise serious questions about his ability to try this case impartially.

The 13 of us are working collectively as a group in our prosecution because we share the common interest of obtaining a judgment ordering the defendants to obey the law and stop refusing mask exemptions to the disabled. There is nothing in any statute that prevents multiple *pro se* plaintiffs from suing common defendants over common claims in the same lawsuit, nor banning us from writing and filing joint motions, oppositions, replies, objections, etc.

## 5. We object to the R&R's recommendation that Mr. Wall's e-file status be revoked.

We object to the R&R's recommendation that "[Lead] Plaintiff Wall's electronic filing privileges through CM/ECF be revoked in this case because his Motion to Correct (Doc. 94) violates the Court's previous Order." Doc. 128 at 4. As discussed above, the joint motion does not violate the Order at Doc. 85 because Mr. Wall filed the motion *with* the 12 other plaintiffs, not on their behalf. To remedy this ongoing problem, we moved Nov. 23 for the district judge to ratify our appointment of a lead plaintiff. Docs. 143-144. Rather than repeat our arguments, we incorporate that motion into this objection.

Mr. Irick's orders have led to the absurd result that all 13 plaintiffs must file every document individually, even when all 13 of us approve the paper and authorize its filing once by the lead plaintiff. Although we have objected to this ridiculous requirement to file the same joint document 13 times, we have already started this practice to show the Court how wasteful and unproductive this is. Recently the Clerk docketed 24 documents filed by the 12 additional plaintiffs. Docs. 95-118. But these are the exact same copies of two motions signed by all plaintiffs. Mr. Wall also submitted the Motion to Compel the Clerk to Correct Docket. Doc. 94. So instead of having two docket entries for these two motions, there are 25.

This docket clogging will continue if Mr. Irick's position that we may not appoint a lead plaintiff and authorize him to file electronically is allowed to stand. It will not only burden the Court and its clerks but also defense counsel, who have

14

now each received 25 ECF filing alerts for these motions instead of two e-mails. We are concerned this requirement for each plaintiff to file the same document individually will result in chaos on the docket and a massive slowdown of our prosecution as the Court wades through all the filings. This burden to the Court, its clerks, and defense counsel is completely self-inflicted and unnecessary. This is hardly the model of judicial efficiency the Court has stressed in other orders. We are perplexed as to what benefit Mr. Irick believes the Court or the defendants gain from having every motion, brief, notice, etc. filed 13 times.

Mr. Irick's conduct interferes with our constitutional rights to associate and determine how we want to prosecute this case. Plaintiffs have a First Amendment right to freely associate and collectively petition the government (here the Judicial Branch) for a redress of grievances.

> "It cannot be seriously doubted that the First Amendment's guarantees of free speech, petition, and assembly give railroad workers the right to gather together for the lawful purpose of helping and advising one another in asserting the rights Congress gave them … statutory rights which would be vain and futile if the workers could not talk together freely as to the best course to follow." *Brotherhood of Railroad Trainmen v. Virginia ex. rel. Virginia State Bar*, 377 U.S. 1 (1964).

Mr. Irick's interference with the disabled plaintiffs' right to associate by prosecuting this lawsuit together – including selecting a lead plaintiff to coordinate filings – creates "the gravest danger of smothering all discussion … of litigation on behalf of the rights of members of an unpopular minority." *NAACP v. Button*, 371 U.S. 415 (1963). "The right of members to consult with each other … necessarily

15

includes the right to select a spokesman from their number who could be expected to give the wisest counsel." *Brotherhood of Railroad Trainmen*.

Mr. Irick's attempt to revoke Mr. Wall's e-file status would produce nothing more than additional, unnecessary work for the clerks, law clerks, the Court, and the defendants' counsel. Each document we submit to the Court would be filed 13 times. The clerk's office would have to manually docket each filing received via the webform. The Court would have to send by postal mail all orders to the 13 of us; likewise defense counsel would have to waste time, paper, envelopes, and postage doing the same. This would accomplish nothing but avoidable garbage.

**6. We object to the R&R's determination that the motions to e-file are legally insufficient.**

For the same reasons argued *supra* in Objection #1, we object to the R&R's finding "that the Motions to Electronically File also fail to comply with local Rule 3.01(a) and Local Rule 3.01(g)(3) as they do not include memoranda of authority in support of the requested relief and the certificates regarding conferral have not been timely supplemented." Doc. 128 at 6. There's no need for a legal memorandum to argue why all 13 plaintiffs should have e-file permission. Mr. Wall did not include such a memo in his motion to e-file (Doc. 3), which was granted. Doc. 12. We described the situation Mr. Irick created that prompted our requests to e-file and receive e-service. We explained that many of us already have PACER accounts and ECF permissions in other courts, that we all have access to the Internet, and we have the capability to use ECF. There is no more to say.

16

Also, we had the same problem conferring with defense counsel as we did on the motion to compel clerk. Mr. Irick is again outside the lines by blaming us for not filing a supplemental conferral statement when defense attorneys were available, but refused to respond to our consultation messages.

### 7. We object to the R&R's recommendation that the motions to e-file be denied.

Lastly, we object to Mr. Irick's perplexing recommendation that the 12 joined plaintiffs' motions for leave to e-file using ECF be denied – motions we submitted ***specifically*** because of Mr. Irick's prior R&R (Doc. 86) suggesting that Mr. Wall shouldn't be the only plaintiff capable of using ECF and receiving electronic service. Mr. Irick writes that "A *pro se* party seeking access to CM/ECF must demonstrate that access thereto is necessary to avoid unreasonable burdens and to promote access to information." Doc. 128 at 6. We demonstrated exactly that in our motion to e-file. Access to ECF is necessary specifically because of Mr. Irick's prior orders and recommendations.

Mr. Irick denied our motion to e-file without even waiting for the defendants to advise the Court if they consent or oppose. This recommendation, if adopted, would result in wasted time and resources.

Mr. Irick criticizes Mr. Wall for e-filing "on behalf of others" (as opposed to the reality of him filing joint documents ***with*** other plaintiffs), but when we try to respond to these concerns by all asking for ECF access, we are denied with no authority cited. This is a Catch-22, "damned if you do, damned if you don't" situation

17

he has ensnared us in. Mr. Irick falsely accuses Mr. Wall of "abusing" ECF, but it is he who is constantly abusing us as *pro se* disabled Americans fighting for our rights to be free of discrimination in air travel. This has the appearance of personal animus against us based on our disabilities and/or class (perhaps because we are not lawyers and/or wealthy?).

Strangely – and again demonstrating his bias – all plaintiffs made an effort to satisfy Mr. Irick's concern about allowing Mr. Wall to e-file for us and forward all court papers to us via e-mail by filing motions for leave to file electronically. Docs. 100-104, 108, 110, & 113-117. Despite our efforts to placate Mr. Irick's demands, he recommends the district judge deny these motions, citing no rationale except that we didn't include a legal memorandum or supplemental conferral statement. Just like with Mr. McDonnell's Unopposed Motion to Redact, there is no authority that needs to be discussed at length in a simple motion (at Mr. Irick's own behest) for us to all have access to ECF. We cited the rule allowing *pro se* use of ECF and explained our capability to use the system. That's all that's necessary.

Mr. Irick's recommendations to prohibit Mr. Wall from e-filing all of plaintiffs' joint motions, oppositions, notices, etc. and to deny ECF access for the rest of us has already resulted in chaos. Defense counsel are complaining about "clogging of the docket" (Doc. 130 at 5) and being encumbered by receiving each plaintiffs' filing 13 times via ECF alerts. The Court and its law clerks are likely becoming confused with having every motion, response, reply, notice, etc. appear on the docket 13 times. In fact, the clerk's office is already consolidating motions filed by all 12

18

plaintiffs who lack ECF access rather than docket them one by one, raising the question of what purpose individual filing is serving. Docs. 131 & 140-141.

Mr. Irick's recommended denial is based on "Given that the undersigned has recommended that the Amended Complaint naming the 12 [plaintiffs] be stricken, the undersigned finds it unnecessary to grant the desired access at this time." Doc. 128 at 6. But there's multiple problems with this finding. First, Mr. Irick's recommendation that the Amended Complaint be struck has not been adopted by the district judge and is therefore not binding. Second, even if the district judge were to endorse the recommendation, the 12 of us aren't going anywhere. We will still be plaintiffs if the Court requires us to file a Second Amended Complaint. It's in the best interest of all parties to permit us to use ECF, especially if the district judge declines to grant our motion to ratify appointment of lead plaintiff. Docs. 143-144.

Mr. Irick also erroneously states that the 12 plaintiffs who are requesting ECF access "have demonstrated that even without CM/ECF filing privileges, they can adequately file motions, make objections, and seek relief." Doc. 128 at 6. But this ignores the fact that using the Court's *pro se* webform to file is tedious and requires manual docketing of each submission by the clerk's office. Again, this recommendation hardly complies with the Court's goal of "economy of time." Without e-file privileges, we are also denied receiving service of Court and defendant filings via e-mail. The clerk's office and defense counsel have to send us documents via postal mail, which is extremely slow these days and creates unneeded wasted paper and postage.

19

### III. CONCLUSION

WHEREFORE, we request the Court enter an order rejecting the R&R, granting our motion to compel clerk to correct docket, granting our motions to e-file, and allowing Mr. Wall to continue using ECF for the efficiency of all parties and the Court itself.

Respectfully submitted this 30th day of November 2021.

*Lucas Wall*

Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

Aaron Abadi, plaintiff

Kleanthis Andreadakis, plaintiff

Eric Cila, plaintiff

Shannon Greer-Cila, plaintiff

Anthony Eades, plaintiff

Uri Marcus, plaintiff

Yvonne Marcus, plaintiff

Leonardo McDonnell, plaintiff

Peter Menage, plaintiff

Connie Rarrick, plaintiff

Jared Rarrick, plaintiff

Jennifer Rarrick, plaintiff

20