# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LUCAS WALL,

     **Plaintiff,**

v.                             **Case No.: 6:21-cv-01008-PGB-DCI**

SOUTHWEST AIRLINES, et al.,

     **Defendants.**

_____

## DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFF'S AND THE MOVANTS' PENDING MOTIONS, AND <u>JOINT REQUEST FOR ADDITIONAL RELIEF</u>[1]

In order to help reduce the volume of filings on this docket, Defendants Alaska Airlines, Allegiant Air, Delta Air Lines, Frontier Airlines, JetBlue Airways, Southwest Airlines, and Spirit Airlines (collectively, "Defendants") jointly address the following pending motions filed by Plaintiff Lucas Wall or the other individuals seeking to become plaintiffs in this matter ("Movants"). [Docs. 137-139 and 141-148]. For the Court's convenience, these motions break down as

---

[1] Defendants are responding to the filings from Plaintiff Lucas Wall as well as non-parties Leonardo McDonnell, Peter Menage, Kleanthis Andreadakis, Uri Marcus, Yvonne Marcus, Aaron Abadi, Shannon Greer Cila, Eric L. Cila, Jennifer Rarrick, Connie Rarrick, Jared Rarrick, and Anthony Eades.  The Amended Complaint is not yet operative, and Movants never signed the Amended Complaint.  Instead, Plaintiff Wall electronically signed it on their behalf, which the Court already has determined is not proper or valid.  As such, none of them (other than Mr. Wall) are actual parties at this juncture.

follows:

| Docket number(s) | Date Filed | Brief Description |
|---|---|---|
| 137, 140 | 11/20/21 | "Plaintiffs'" Joint Motion to Strike Response [Doc. 130] to Objections [Docs. 119-27] to Magistrate's Report and Recommendation [Doc. 86] |
| 138, 141 | 11/20/21 | "Plaintiffs'" Joint Motion for Leave to File Reply Brief to Response [Doc. 132] to Motion to Compel Defense Counsel to Confer With All Plaintiffs [Docs. 129, 131] |
| 139, 142 | 11/22/21 | Plaintiff Wall's and Leonardo McDonnell's Appeals of Magistrate's Orders [Docs. 82, 85] |
| 143, 144 | 11/23/21 | "Plaintiffs'" Joint Motion for the District Judge to Ratify Our Appointment of a Lead Plaintiff |
| 145, 146 | 11/24/21 | "Plaintiffs'" Joint Motion for the District Judge to Remove Magistrate Judge Daniel Irick from this Case |
| 147, 148 | 11/30/21 and 12/1/21 | "Plaintiffs'" Joint Objections to Magistrate Judge's Report and Recommendations [Doc. 128] |

Defendants also respectfully request the entry of an order relieving them of any obligation to respond to subsequent motions, petitions, notices, or requests for relief that may be filed by Plaintiff Lucas Wall or the Movants absent an order from this Court. In support of their request, Defendants state:

On October 28, 2021, Magistrate Irick recommended that Plaintiff Lucas Wall's proposed Amended Complaint, which he filed on behalf of himself and the Movants, be stricken because Mr. Wall, who is proceeding *pro se*, may not represent the interest of any individual other than himself. [Doc. 86]. Magistrate

Irick raised concerns regarding Mr. Wall's potential unauthorized practice of law and days earlier had prohibited Mr. Wall "from filing any document on behalf of any other person in this case." [Doc. 85]. Mr. Wall, however, continued to engage in electronically filing papers on behalf of other individuals using his CM/ECF credentials. [Doc. 128 at 5]. As a result, it was further recommended that Mr. Wall's electronic filing privileges be immediately revoked. [Doc. 128, pp. 5-7].

Mr. Wall and the Movants filed individual objections to the October 28 Report & Recommendations [Docs. 119-127]. And, although there is currently no operative pleading in this action, the Movants (who are not parties at this juncture) and Mr. Wall have embarked on a campaign to inundate the docket with baseless and repetitive filings in what can only be perceived as an effort to pressure the Court to appoint Mr. Wall as "Lead Plaintiff."[2] In so doing, Mr. Wall and the Movants have filed some 50 motions, notices, and papers with the Court in a five-week period. Through these redundant filings, Mr. Wall and the Movants purport to seek a wide range of relief to which they are not entitled, including that counsel for Defendants be compelled to meet and confer with the Movants (again, not parties) regarding court filings, that the presiding magistrate recuse himself from

---

[2] They have admitted to this agenda in stating that "[t]his docket clogging will continue if Mr. [sic] Irick's position that we may not appoint a lead plaintiff and authorize him to file electronically is allowed to stand. It will not only burden the Court and its clerks but also defense counsel, who have now each received 25 ECF filing alerts for these motions instead of two e-mails." [Doc. 148 at 14].

3

this action, and that the Clerk of the Court reorganize the docket, among other demands. Mr. Wall and the Movants are filing motions containing the same arguments and seeking the same relief in a transparent attempt to exasperate the Court and actual parties and force them to surrender to their demands. These tactics need to end.

## MEMORANDUM OF LAW

District courts have discretion to impose pre-filing screening restrictions on litigious plaintiffs. "[F]ederal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed." *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300 (11th Cir. 2021) (upholding injunction prohibiting plaintiff from filing any future ADA complaints without first obtaining written permission from the court); *Daker v. Head*, No. 6:14-cv-47, 2020 U.S. Dist. LEXIS 109871, at *2 (S.D. Ga. June 23, 2020) (granting motion for protective order and stating: "[T]he Court finds the requested relief in the form of Defendants being relieved from responding to Plaintiff's pending or subsequent motions and filings in this action, unless otherwise directed to do so by this Court, is appropriate in this circumstance."); *Cofield v. Ala. Public Serv. Comm.*, 936 F.2d 512, 517-18 (11th Cir. 1991) (upholding injunction requiring plaintiff "to send all pleadings to a judge for pre-filing approval"). "The pre-filing relief here is reasonably necessary and does not

4

impermissibly foreclose Plaintiff's access to the courts. It is limited to pro se filings and allows meritorious pro se filings to proceed in the ordinary course upon leave of court." *O'Neal v. Allstate Indem. Ins. Co. Inc.*, 20-14712, 2021 WL 4852222, at *4 (11th Cir. Oct. 19, 2021) (citing *Cofield*, 936 F.2d at 518).

## I.   The Court Should Enter an Order Temporarily Relieving Defendants From Responding to Any Subsequent Motions filed by Mr. Wall and the Movants.

Mr. Wall and the Movants have filed and continue to file dozens of baseless papers with the Court and are doing so in a vexatious manner. Mr. Wall and the Movants – who, Defendants maintain, do not have standing to present any motions in this matter -- have filed a barrage of papers that have no place in this Court, many of which were filed on the same date and are carbon copies of each other. In addition, Plaintiff and the Movants have renewed objections and "appeals" to rulings issued by Magistrate Irick, when their initial objections to the reports and recommendations have not yet been addressed by the Court. Further, many of these filings are repurposed versions of other filings, which are festooned with unsubstantiated and scandalous allegations directed at Defendants and their counsel, the presiding Magistrate, and anyone else who may not agree with Mr. Wall's views. The tactics being deployed by Mr. Wall and the Movants are abusive and vexatious and are clearly designed to somehow get the Court to capitulate to their request to have Mr. Wall appointed as "Lead Plaintiff." To require

Defendants to continue responding to Mr. Wall's and the Movant's filings without a screening mechanism is burdensome and results in a waste of resources, particularly since there is no currently operative pleading.

## II.   Defendants' Omnibus Response to The Pending Motions and Filings Currently Before The Court.

### A.   The Movants' Pending Motions Are Due To Be Stricken and/or Denied Because They Are Not Parties to This Action and Lack Standing.

The Movants are presently not parties to this action and, therefore, the pending Motions and Objections filed by the Movants, as opposed to Mr. Wall himself, are due to be stricken and/or denied. The Movants should wait for this Court to decide whether or not to adopt the Magistrate's Reports and Recommendations and for an operative pleading to be on file before filing any further motions with the Court.

### B.   Response to Joint Motions to Strike [Docs. 137 & 140].

The Joint Motions to Strike Document 130 should be denied, as it was entirely appropriate for Defendants -- on November 17, 2021 [Doc. 130] and within 14 days -- to respond to the Objections filed by Mr. Wall [Doc. 119] on November 12, 2021 with respect to the Magistrate's Report and Recommendation dated October 29, 2021 [Doc. 86]. Defendants had 14 days to respond and chose to respond early (within 5 days) to the Wall objections. The Joint Motion to Strike is also a thinly-veiled rehash of Mr. Wall's rationalization that he has not engaged in

the unauthorized practice of law.

**C. The Joint Motions For Leave To File Reply Brief [Docs. 138 & 141] Should Be Denied and/or Stricken.**

The documents titled "Plaintiffs' Joint Motion For Leave to File Reply Brief" should be denied. As previously stated, the Movants are not parties to this action and lack standing to file any papers, let alone reply briefs that will do nothing more than add to an already clogged docket.

**D. The Filings Titled "Plaintiffs Leonardo McDonnell & Lucas Wall's Time-Sensitive Joint Appeal of Magistrate Judge's Oct. 21 & 26 Orders" [Docs. 139 & 142] Should Be Stricken.**

The documents titled "Movant Leonardo McDonnell & Lucas Wall's Time-Sensitive Joint Appeal of Magistrate Judge's Oct. 21 & 26 Orders" should be denied and/or stricken. An "appeal" of a magistrate's report and recommendation is not procedurally proper. In addition, the purported "appeal" is also yet another example of the redundant and duplicitous filings, which have clogged the docket in this action.

**E. The Motions to "Ratify" Mr. Wall's Appointment as "Lead Plaintiff" [Docs. 143 & 144] Must Be Denied.**

The Motions seeking to "ratify" Mr. Wall as Lead Plaintiff should be denied. The Magistrate already issued a report and recommendation that Mr. Wall, who is proceeding *pro se*, cannot serve as a Lead Plaintiff. Mr. Wall and the Movants' objections to the Magistrate's Report and Recommendation have not yet been

addressed. These are, again, redundant filings.

**F.  The Motions Seeking Magistrate Irick's Disqualification [Docs. 145 & 146] Must Be Denied.**

The Motions seeking Magistrate Irick's Disqualification and Removal from this action should also be denied. Mr. Wall's numerous requests to have Magistrate Irick disqualified have been addressed and denied, in this action and also in Mr. Wall's second action entitled: *Wall v. Centers for Disease Control and Prevention, et al.*, Case No. 6:21-cv-00975-PGB-DCI, at Doc. 98. Notwithstanding, there is no legally cognizable basis to have the Magistrate removed from this action beyond Mr. Wall's personal disagreement with his rulings and efforts to run an orderly proceeding consistent with the rules of procedure.  The judicial removal statute, 28 U.S.C. § 455 is not intended "to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise." *Berger v. United States*, 255 U.S. 22, 31 (1921). Mr. Wall has argued nothing more than that the Magistrate has made rulings with which he is dissatisfied. As such, he fails to set forth a valid argument for disqualification of the Magistrate. *See, e.g., In re Frottier*, 130 B.R. 616, 617 (Bkrtcy. S.D. Fla. 1991) (denying motion to disqualify where motion was based exclusively on judicial decisions and proceedings).

**G. The Objections to the Magistrate's Report and Recommendation Revoking Mr. Wall's Filing Privileges [Docs. 147 & 148] Should be Rejected.**

The Magistrate's Report and Recommendations dated November 16, 2021 [Doc. 128], should be adopted in its entirety. For the reasons stated in the Report and Recommendations, the Magistrate was justified in recommending that Mr. Wall's electronic filing privileges be revoked.  Mr. Wall was granted CM/ECF filing privileges provided he did not abuse that privilege. [Doc. 12 at 2]. On October 26, 2021, the Magistrate reminded Mr. Wall that "Federal Rule of Civil Procedure 11(a) requires that all pleadings either be signed by an attorney or the party personally if they are proceeding without an attorney." [Doc. 86 ("Because [Mr. Wall] is not an attorney, he may only sign for himself, and cannot submit pleadings electronically for any other person in this case.")]. Notwithstanding, on November 9, 2021, Mr. Wall filed a motion that violated the Court's previous order. Accordingly, the Magistrate's Report and Recommendations [Doc. 128] should be adopted.

## CONCLUSION

Wherefore, Defendants respectfully request that the motions set forth above [Docs. 137-148] be denied or stricken, and that Defendants be relieved from responding to any of Mr. Wall's and the Movant's subsequent filings, unless otherwise directed to do so by this Court. With this proposed limitation, Defendants will be relieved of the substantial undue burden of ongoing litigation

where there is still no operative pleading, and the Court will likewise be relieved

of the need to address excessive and redundant motions.

 **Dated**: December 6, 2021                                   Respectfully submitted,

**TORRICELLA LAW PLLC**                    **LITTLER MENDELSON, P.C**.
Town Center One, Suite 2217                Wells Fargo Center
8950 Southwest 74th Court                  333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33156                       Miami, Florida 33131
Telephone: (305) 677-7644                  Telephone: (305) 400-7500

By: */s Maurice J. Baumgarten*             By: */s Miguel A. Morel*
Roberto A. Torricella, Jr.                 Miguel A. Morel
Florida Bar No. 907472                     Florida Bar No. 89163
Robert@TorricellaLaw.com                   mamorel@littler.com
Maurice J. Baumgarten
Florida Bar No. 25324                      *Counsel for*
Maurice@TorricellaLaw.com                  *Spirit Airlines, Inc.*

- And –                                    **ADLER MURPHY &**
                                           **MCQUILLEN LLP**
**STINSON LLP**                            20 S Clark St,  Ste 2500
1775 Pennsylvania Avenue, N.W.             Chicago, Illinois 60603
Suite 800                                  Telephone (312) 422-5713
Washington, D.C. 20006
Telephone: (202) 728-3005
                                           By: */s Brian T. Maye*
By: */s Roy Goldberg*                      Brian T. Maye
M. Roy Goldberg                            Bmaye@Amm-Law.Com
Roy.goldberg@stinson.com                   Admitted *Pro Hac Vice*
Admitted *Pro Hac Vice*
                                           -And –
*Counsel for Southwest Airlines Co.,*
*Alaska Airlines, Inc.,*
*Delta Air Lines, Inc. and*
*JetBlue Airways Corporation*

10

**HENDERSON, FRANKLIN,
STARNES & HOLT, PA**

By: */s Kyle C. Dudek*
Kyle C. Dudek
Florida Bar No. 122752
Kyle.Dudek@henlaw.com
William Boltrek, III
Florida Bar No. 100901
William.Boltrekiii@henlaw.com
1715 Monroe Street
PO BOX 280
Ft Myers, Florida 33902
Telephone (239) 344-1494

*Counsel for Frontier Airlines, Inc.
and Allegiant Air, LLC*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for the moving Defendants conferred with Plaintiff Lucas Wall by e-mail on December 4, 2021 regarding the additional relief requested in this Omnibus Motion. Mr. Wall advise that he opposes the relief requested in this Motion. The undersigned was contacted by the individuals seeking to become plaintiffs via e-mail on December 4 and 5 and each advised that they also objected to Defendants' requested relief.

By: */s Miguel A. Morel*
Miguel A. Morel

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of December 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a notice of electronic filing to all parties of record and by email to pro se Plaintiff Lucas Wall [Lucas.Wall@yahoo.com]. On December 6, 2021, I also caused a true and correct copy of the foregoing document to be furnished via first class mail to the following persons:

Aaron Abadi
82 Nassau St., Apt. 140
New York, NY 10038

Anthony Eades
19499 Cedar Gate Dr.
Warsaw, MO 65355

Connie Rarrick
36 Lafayette St.
Saco, ME 04072

Eric L Cila
8807 Avondale Ct
Louisville, KY 40299

Jared Rarrick
36 Lafayette St.
Saco, ME 04072

Jennifer Rarrick
36 Lafayette St.
Saco, ME 04072

Kleanthis Andreadakis
5108 Hunters Meadow Pl.
Henrico, VA 23231

Leonardo McDonnell
P.O. Box 1113
Melbourne, FL 32902

Peter Menage
3255 N. Mars Ave.
Palmer, AK 99645

Shannon Greer Cila
8807 Avondale Ct
Louisville, KY 40299

/s/ *Miguel A. Morel*
Miguel A. Morel