## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| **LUCAS WALL *et al.*,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 6:21-cv-1008-PGB-DCI |
| | : | |
| v. | : | District Judge Paul Byron |
| | : | |
| **SOUTHWEST AIRLINES *et al.*,** | : | Magistrate Judge Daniel Irick |
| | : | |
| Defendants. | : | |

## <u>PROPOSED ORDER</u>

Upon consideration of Plaintiff Peter Menage's Emergency Motion for Temporary Restraining Order Against Defendant Alaska Airlines, filed Dec. 6, 2021, the motion is GRANTED. Alaska Airlines and its officers, agents, employees, and contractors are hereby temporarily RESTRAINED from refusing to provide transportation to Mr. Menage.

IT IS FURTHER ORDERED that Alaska Airlines and its officers, agents, employees, and contractors are hereby temporarily RESTRAINED from requiring Mr. Menage to wear a face mask as a condition of transportation.

The Court has issued this TRO pursuant to Fed.R.Civ.P. 65. This Order is executed because Mr. Menage has demonstrated: A) a strong likelihood he will ultimately prevail on the merits of his claims; and B) absent this Order, he will suffer irreparable injury by being denied the ability to fly Alaska Airlines because he

brought this lawsuit to assert his legal rights under the Rehabilitation Act and Air Carrier Access Act, *inter alia*.

The Court finds the injuries to Mr. Menage are substantial whereas there would be no harm that would occur to the defendant as a result of this Order. Also, the entry of this Order serves the public interest of not discriminating against travelers with a qualifying disability who can't tolerate wearing a face mask. *See* Rehabilitation Act as well as Air Carrier Access Act (49 USC § 41705) and its accompanying regulations (14 CFR Part 382).

The Court issues this Order without notice to the adverse party because there is not time to conduct a full briefing and hearing prior to Mr. Menage's next flight on Alaska Airlines on Dec. 9.

The Court finds the specific facts presented by Mr. Menage clearly show that immediate and irreparable injury and loss will result to him before the adverse party could be heard in opposition. The Court will hear arguments from the defendant upon consideration of a Motion for Preliminary Injunction that Mr. Menage pledges he will file in the coming days.

The Court finds no security is required from Mr. Menage as a condition of obtaining this Order because the defendant will not suffer any costs or damages as a result.

SO ORDERED.

Entered this _____ day of December 2021 at _____ a.m./p.m. in Orlando, Florida. This Order expires 14 days from the date of entry pursuant to Fed.R.Civ.P. 65(b)(2).


_____
Paul Byron
United States District Judge