**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **LUCAS WALL *et al.*,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 6:21-cv-1008-PGB-DCI |
| | : | |
| v. | : | District Judge Paul Byron |
| | : | |
| **SOUTHWEST AIRLINES *et al.*,** | : | Magistrate Judge Daniel Irick |
| | : | |
| Defendants. | : | |

**PLAINTIFF PETER MENAGE'S MOTION**
**FOR LEAVE TO FILE REPLY BRIEF**

COMES NOW plaintiff Peter Menage, *pro se*, and moves for an order pursuant to Local Rule 3.01(d) granting me leave to file a brief, not to exceed seven pages, in reply to Defendant Alaska Airlines' response to my Motion for Preliminary Injunction. Doc. 158. The need for the reply is to rebut numerous false factual statements and irrelevant legal arguments raised by Alaska. The deadline should be three days after the Court grants leave. I wish to reply to issues including:

1. There is no federal law enacted by Congress requiring anyone to wear a mask.
2. Alaska has failed to comply with the Federal Transportation Mask Mandate and actual laws by refusing my numerous medical exemptions, a fact it does not mention anywhere in its brief.

3. Alaska may not enforce a policy that violates actual federal laws passed by Congress such as the Rehabilitation Act and Air Carrier Access Act as well as federal regulations issued by the Department of Transportation. Alaska's Contract of Carriage may not be used to enforce policies that violate laws and regulations.
4. Alaska is not allowed to enforce a mask mandate against disabled passengers in violation of these federal laws, regardless of its internal policies.
5. The Federal Transportation Mask Mandate (CDC and TSA orders, not laws passed by Congress and signed by the president) Alaska relies on is illegal and unconstitutional.
6. I am not obligated to follow crew-member instructions that are illegal (e.g. discriminatory and retaliatory).
7. No profanities were "thrown around" on or off the plane.
8. At no time whatsoever was the term "Nazi" used.
9. There certainly was no "abusive" and "intimidating" conduct. I did not engage in any "misconduct." I have never threatened to intimidate or harm any Alaska employee or passenger. I was harassed by the flight crew and CSA.
10. I am a party to this case and may seek relief from this Court. I am properly joined as a plaintiff in the Amended Complaint. Doc. 61.
11. My motion directly relates to the relief sought in this litigation. Counts 1-16 of the Amended Complaint allege violations of federal civil-rights and anti-

discrimination laws. Count 6 precisely alleges retaliation: "Violation of Federal Regulation: Banning Passengers for Asserting Their Rights Under the ACAA."

12. Alaska's reliance on Florida state law ("Long-Arm Statute") has no bearing on this motion because I am not asserting claims under state law. My claims arise under federal law, for which this Court clearly has jurisdiction.
13. This is a proper venue for my claims against Alaska because I am properly joined as a plaintiff under the Federal Rules of Civil Procedure and my claims arise under federal law.
14. I am not an employee of Alaska, so its argument citing the Equal Employment Opportunity Commission is far off base. The Department of Transportation regulates airlines, not the EEOC.
15. The Declaration of David Meyer and the statements of the flight attendants are full of inaccurate information. They also fail to mention that Alaska has denied my mask-exemption demands numerous times in violation of federal laws and regulations.
16. I was specifically targeted for retaliation because the flight crew was aware I'm suing Alaska and have complained numerous times about my medical exemption being denied plus the danger to my health masking causes.

WHEREFORE, I request this Court issue an order granting me leave to file a reply brief, maximum seven pages, within three days of the entry of such an order.

**Local Rule 3.01(g) Certification**

I hereby certify that on Dec. 28, I conferred with Roy Goldberg, counsel for Defendant Alaska Airlines. Mr. Goldberg said his client does not consent to this motion for leave to file a reply brief.

Peter Menage, plaintiff

3255 N. Mars Ave.
Palmer, AK 99645
Telephone: 907-715-1205
E-Mail: pmenage@googlemail.com