# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| **LUCAS WALL** *et al.*, | : | |
| Plaintiffs, | : | Case No. 6:21-cv-1008-PGB-DCI |
| v. | : | District Judge Paul Byron |
| **SOUTHWEST AIRLINES** *et al.*, | : | Magistrate Judge Daniel Irick |
| Defendants. | : | |

### PLAINTIFF PETER MENAGE'S REPLY TO DEFENDANT ALASKA AIRLINES' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Plaintiff Peter Menage, *pro se*, and offers these rebuttals and arguments in reply to Defendant Alaska Airlines' opposition (Doc. 158) to my Motion for Preliminary Injunction (Doc. 156).

### A. Alaska's brief and declaration include numerous falsehoods.

Alaska's opposition and the Declaration of David Beyer (with attached employee statements) contain numerous self-serving inaccurate statements and omissions. Doc. 158 at 13. Alaska's employees engaged in misconduct, not me. I was just trying to eat breakfast. Declaration attached as Ex. 15. It's a lie for Alaska to say that I "continue[] to refuse to wear a mask in violation of the federal mask mandate." Doc. 158 at 17. I medically ***can't*** wear a mask. It is not a choice. *See* doctor's note. Doc. 150-1 at Ex. 2. Also, the Federal Transportation Mask Mandate ("FTMM") exempts passenger such as myself who can't safely cover my face.

1

## B. There is no federal law enacted by Congress requiring anyone to wear a mask. And Alaska can't rely on the FTMM since it's unlawful.

Alaska "requests that [I] comply with the law and wear a mask," (Doc. 158 at 2) but no such law exists. Alaska cites no section of the U.S. Code. It is Alaska that has failed to comply with the FTMM – orders of CDC and TSA, not a law enacted by Congress and signed by the president – and real anti-discrimination laws by refusing my numerous medical exemptions, a fact it does not mention. In its opposition, Alaska continues its illegal practice[1] of fraudulently misrepresenting[2] that the FTMM is a law passed by the House and Senate.[3] Furthermore, it can't rely on the FTMM in defending banning me because A) the FTMM is illegal and unconstitutional and B) even if it's valid, it requires that airlines grant medical exemptions to passengers such as myself with medical conditions who can't safely wear masks.

For the Court to accept Alaska's FTMM defense, it must first determine whether the FTMM is lawful. It's not. I refer the Court to the arguments my coplaintiffs have recently raised in the Court of Appeals against TSA (Ex. 14) and in this Court against CDC and HHS (Ex. 13). I adopt these arguments.

---

[1] *See,* e.g., "Alaska's enforcement of federal law." Doc. 158 at 15. There is no mask law and Alaska is not a federal law-enforcement agency even if Congress had enacted one.

[2] *See* Count 24 of Amended Complaint, "Fraudulent Misrepresentation." Doc. 61 at 215-216.

[3] Congressional intent is clear: No airline passenger is required to wear a mask. "A federal agency cannot act absent Congressional authorization. It cannot confer power upon itself. To permit an agency to expand its power in the face of a congressional limitation on its jurisdiction would be to grant to the agency power to override Congress. … Congress could have spoken directly to the issue of vaccination, masking, or other precautions in the last year when passing other COVID-19-related legislation, but it did not and has not." *Texas v. Becerra*, No. 5:21-cv-300 (N.D. Tex. Dec. 31, 2021). *See also Alabama Ass'n of Realtors v. HHS*, No. 21A23 (U.S. Aug. 26, 2021).

**C. Alaska's mask enforcement violates actual federal laws.**

Alaska falsely contends I violated its Contract of Carriage and that it has "sole judgment" to refuse transport. Doc. 158 at 3. But provisions in an airline's contract are void if they conflict with laws and/or regulations. Doc. 61 at Exs. 509, 523, & 525. *See also* 14 CFR § 382.19(a) (airlines may not refuse to transport a disabled passenger except in compliance with Department of Transportation ("DOT") regulations). Alaska may not enforce a corporate policy that violates the Rehabilitation Act ("RA") and Air Carrier Access Act ("ACAA") as well as regulations issued by DOT. It's revealing that Alaska's brief doesn't mention the RA or ACAA once in an effort to hide its gross violations of these anti-discrimination and anti-retaliation laws. Alaska also violates the Food, Drug, & Cosmetic Act ("FDCA") by introducing experimental medical devices into interstate commerce (by providing EUA masks to passengers) without allowing us to refuse the device. 21 USC § 360bbb-3(e)(1)(A)(ii)(III). *See also* Doc. 61 at ¶¶ 596-666 & 844-849.

I am not an employee of Alaska, so its argument citing the Equal Employment Opportunity Commission's guidance is far off base (and not legally binding even if it did apply). Doc. 158 at 16. DOT regulates airlines' conduct toward the disabled, not the EEOC. 14 CFR Part 382.

Alaska presents zero evidence that its mask policy is effective in reducing COVID-19. In fact, Alaska and numerous other airlines canceled many thousands of flights during the winter holidays because so many of their employees – who

3

must wear masks every minute they are working – have contracted the virus, proving that masks don't stop the spread of coronavirus. Exs. 1-8. Meanwhile the evidence grows by the day that masks are worthless in stopping COVID-19 but harm our health. Exs. 9-12; *see also* 224 studies and articles. https://bit.ly/masksarebad.

**D. There is no obligation to obey illegal crewmember instructions.**

Alaska contends "the public interest and the safety of air travel are served by rulings that emphasize the obligation of passengers to comply with crewmember instructions." Doc. 158 at 18. It also quotes regulations and laws about interfering with a crewmember's performance of duties. *Id*. at 3-4. But I am not obligated to follow commands that are illegal (e.g. discriminatory and retaliatory), and I did not interfere with the flight attendant's duty of picking up the trash. She stopped at my seat, knowing I'm suing Alaska, and harassed me as I chewed food.

Alaska's devious argument would endorse passengers having to do anything a crewmember tells them. But a flight attendant can't "instruct" a passenger to rape or assault another traveler, or to steal money from his seatmate's wallet or purse. Likewise a passenger is under no legal duty to obey an illegal dictate from the flight crew such as one to a disabled person – who is known to have a medical exemption and is suing the airline for discrimination – to don a mask.

The public interest is actually served by enforcing real laws enacted by Congress such as those protecting disabled travelers from discrimination, harassment, and

4

retaliation, not by empowering flight attendants to become the mask police – which has nothing whatsoever to do with their job of ensuring safety in flight.

### E. I am a party, I have standing, my claims are in the Amended Complaint, venue is proper, and the Court has jurisdiction.

Alaska falsely argues that I am "not a party in this case and, therefore, may not seek relief from this Court." Doc. 158 at 5. But it cites no authority that the Amended Complaint (Doc. 61) is not the operative pleading and that I have not been properly joined. Although the magistrate has recommended repleading, that doesn't negate my party status. Even if the Court adopts the R&R, I will still be a plaintiff. I thus have standing to seek a preliminary injunction.

Alaska strangely asserts that "the Motion does not relate to any of the relief sought in the Litigation." Doc. 158 at 5. In reality, Counts 1-16 of the Amended Complaint allege violations of federal civil-rights laws. Count 6 precisely alleges retaliation. Yet Alaska perplexingly states my "complaint does not include a retaliation count…" Doc. 158 at 6. Count 6 was included in the Amended Complaint precisely because Alaska and the other defendants have illegal retaliated against thousands of disabled people for asserting our right not to wear a face mask under the RA, ACAA, FDCA, and other laws.

Alaska's reliance on Florida law ("Long-Arm Statute") is also befuddling because I am not asserting claims under Florida law. Doc. 158 at 7-11. My claims regarding the instant motion arise under federal and international law. Doc. 61 at ¶¶ 753-831, 844-849, & 889-911. Clearly the Court has jurisdiction. And venue is

proper because I'm joined to this proposed nationwide class-action lawsuit. Even if the putative class action is dismissed for not having a lawyer, I'm still properly joined because my claims are the same as my coplaintiffs. Fed.R.Civ.P. 20(a). I incorporate by reference prior argument on joinder. Doc. 72 at 2-10. Also, a substantial part of the events occurred in this judicial district because this is where the lawsuit is that prompted Alaska Airlines to retaliate against me by banning me.

**F. I would be irreparably harmed absent a PI; Alaska would not be.**

Alaska wrongly claims the imminent likelihood of losing my job isn't irreparable harm. Doc. 158 at 16-17. I can't rely on driving to my work location along the Arctic Ocean because the only road to Prudhoe Bay is often impassable in winter with heavy snow and temperatures exceeding minus-40°. It is not "fatally speculative" that my job is in danger. I received a call Jan. 3 from the jobsite superintendent inquiring if the Court had made any decision on my Motion for PI. I told him no. The boss said he'd be calling back Jan. 6 to further discuss my employment status (one week before my scheduled Jan. 13 return-to-work date).

Alaska would not be harmed by an injunction because there is no injury to a company by a court forcing it to obey federal law – especially in a situation such as this where the corporation violates the RA and ACAA specifically because I am using the legal system to assert my rights to be free from discrimination in the use of the public airspace by an entity receiving federal financial assistance. 29 USC §

6

794; 49 USC §§ 40103 & 41705(a); 14 CFR Part 382. Furthermore, Alaska's contentions are wrong that I "was highly abusive to Alaska's flight attendants" and "There is a genuine concern that Alaska and its employees and passengers will experience intimidation or even physical harm if Menage is permitted to once again abuse flight attendants merely because they ask him to comply with the federal mask mandate and Alaska's masking policy…" Doc. 158 at 17-18.

These are all scandalous assertions designed to inflame the Court. The truth is explained my rebuttal declaration. Ex. 15. I have flown Alaska dozens of times without incident until I joined this lawsuit. Also, I ask for a preliminary injunction forbidding Alaska from requiring me to wear a mask, so the "genuine concern" that I would "abuse flight attendants" (which never happened) over masking doesn't exist because the airline would be enjoined from refusing my medical exemption. There thus would be no tension between the flight crew and I because Alaska's employees would violate the injunction order if they told me to don a mask.

WHEREFORE, I request this Court issue the proposed order granting me a preliminary injunction forcing Alaska Airlines to transport me without a mask. I originally requested a decision by Jan. 3. That date has passed. I kindly remind the Court my return-to-work date is **Jan. 13** and I would appreciate a decision immediately so that if the Court rules against me, I have time to seek an emergency injunction pending appeal at the 11th Circuit to save my job.

Respectfully submitted this 5th day of January 2022.

*[signature]*

Peter Menage, plaintiff
3255 N. Mars Ave.
Palmer, AK 99645
Telephone: 907-715-1205
E-Mail: pmenage@googlemail.com