Plaintiff's Exhibit 15

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, | : |
| Plaintiffs, | : Case No. 6:21-cv-1008-PGB-DCI |
| v. | : District Judge Paul Byron |
| **SOUTHWEST AIRLINES** *et al.*, | : Magistrate Judge Daniel Irick |
| Defendants. | : |

## DECLARATION OF PLAINTIFF PETER MENAGE

I, Peter Menage, declare as follows:

1. I am over the age of majority.

2. I am a plaintiff in this case.

3. I could testify to the facts set out herein if called upon to do so.

4. I reside at 3255 N. Mars Ave., Palmer, AK 99645.

5. I submit this declaration in response to the Declaration of David Beyer and accompanying Alaska Airline employee "incident reports," filed Dec. 27, 2021. Doc. 158-1.

6. **ALLEGATION:** "[W]hile collecting trash in the main cabin, the 'A' flight attendant ('A/FA') noticed that the passenger seated in Seat 23A ("Passenger") was not wearing his mask between bites and sips of food and drink…"

1

*Id.* at ¶ 7. **TRUTH:** I was chewing food when the flight attendant approached me. **OMISSION:** The flight attendant did not harass any other passengers who were eating breakfast on the flight.

7. **ALLEGATION:** "The Passenger became defiant and aggressive, utilizing abusive language. He referred to the A/FA as a 'f---ing Nazi' and directed a Nazi salute at the A/FA. The A/FA felt intimidated and threatened." *Id.* at ¶ 8. **TRUTH:** No profanities were repeatedly thrown around on or off the plane.[1] At no time whatsoever was the term "Nazi" used. No name calling was done. There certainly was no "abusive" or "intimidating" conduct on my part. Rather the flight crew intimidated me by threatening to ban me from the airline – which Alaska later did because I'm suing it and have complained numerous times of discrimination. "Abusive and intimidating" are awfully subjective, especially when used by the aggressor. It is not uncommon for people to be intimidated by me and thereby, such as in this case, discriminate against me over my appearance. I am over 6' tall, weigh more than 250 pounds, and am a competitive weightlifter with a large beard. I gave a salute to the flight attendant to acknowledge her illegal command to put my mask back on despite my medical condition.

---

[1] I probably did swear at the flight attendant once or twice for harassing me on a 6 a.m. flight while I was trying to eat breakfast – as pretty much any passenger would do in such a situation when intimidated and abused by a crewmember.

8. **ALLEGATION:** "She explained the consequences of non-compliance and mentioned that, if the Passenger was working in Prudhoe Bay, he risked losing flight *benefits* by failing to comply with that policy." *Id.* at ¶ 9 (emphasis added). **TRUTH:** Flying is a statutory *right*, especially for disabled Americans, not a "benefit." *See* 49 USC §§ 40103 & 41705(a). **OMISSION:** Alaska fails to mention that upon the flight crew's harassment because of my medical condition, my mask was put back on and not removed again while on the aircraft despite its detriment to my health.

9. **ALLEGATION:** "The Passenger repeatedly utilized profanity during the exchange…" Doc. 158 at ¶ 9. **TRUTH:** As noted above, I did not repeatedly use profanity during the discussion with the flight attendants that disrupted my breakfast.

10. **ALLEGATION:** "[T]he Passenger pointed his cellular telephone in the direction of the A/FA, presumably recording the interaction and shining a light directly into the face of the A/FA, causing her to raise her hand to shield her eyes." *Id.* at ¶ 10. **TRUTH:** The flight attendant – knowing she was harassing, discriminating, and retaliating – deliberately prevented me from recording the interaction, knowing it would make her look bad. My effort to record the harassment was due to my involvement in this lawsuit and knowledge that this should be filmed for evidentiary purposes. Because the flight attendant refused to say anything when being recorded, it renders eve-

3

rything said by the flight crew as hearsay. Alaska refuses to identify the employees who allegedly made these reports, giving them no credibility. Also, it's interesting how these anonymous crewmembers supposedly recall all these verbal details so well given I could hardly hear them over the noise of the aircraft their voices being muffled by their face masks. It is not an aggressive action to attempt to document illegal conduct by Alaska's employees. Finally, I don't recall if the light on my phone camera was on. If so, this would have been done by the camera automatically due to the darkness in the plane cabin, not any deliberate act on my part to shine a light in the flight attendant's face.

11. **ALLEGATION:** "The C/FA agreed, noting that he needed to wear his mask while he was not actively eating or drinking. Due to the aggressiveness of the Passenger's body language, the C/FA felt unsafe and joined the other flight attendants at the front of the aircraft." *Id.* at ¶ 11. **TRUTH:** The flight crew refused to recognize my medical exemption and that I am therefore not required under the Federal Transportation Mask Mandate to wear a mask at any time. I've flown Alaska Airlines numerous times and have never threatened to intimidate or harm any employee or passenger, including on the flight at issue. My only trouble with Alaska has been over its refusal to recognize my medical exemption (an exemption, I will note, that my employer has recognized. It has not required me to wear a mask in recognition of my doctor's note). I did not show any aggressiveness. Again I note it was Alaska

4

staff who threatened me, saying they would call the police and notify my employer in a blatantly retaliatory act to get me fired for suing it in this lawsuit.

12. **ALLEGATION:** "The flight attendants agreed that, based on Passenger's aggressive behavior and non-compliance, issuance of a yellow card was appropriate…" *Id.* at ¶ 12. **TRUTH:** I was not aggressive and I put my mask back on after the initial harassment by the flight crew after I finished chewing food.

13. **ALLEGATION:** "The A/FA provided the yellow card to the Passenger, who threw the card onto the floor of the aircraft." *Id.* at ¶ 12. **TRUTH:** I placed the card on the seat next to me.

14. **ALLEGATION:** "After arrival, the Passenger deplaned and was not wearing a mask. An Alaska Airlines Customer Service Agent ("CSA") who met the flight notified the Passenger that federal law required him to wear a mask in the airport and on the aircraft…" *Id.* at ¶ 13. **TRUTH:** I removed my mask so I could breathe. This is explicitly permitted under CDC's FTMM. "Persons who are experiencing difficulty breathing or shortness of breath or are feeling winded may remove the mask temporarily until able to resume normal breathing with the mask." 86 Fed. Reg. 8,027 at FN 7. I always remove my mask immediately upon deplaning at Deadhorse airport. This is the first time anyone ever harassed me at the airport because I removed my mask due to experiencing difficulty breathing or shortness of breath. Also, it

5

is a fraudulent misrepresentation for Alaska to say that "federal law" requires maskwearing. Congress has never enacted any such law and Alaska cites no such provision in the U.S. Code.

15. **STATEMENT:** "On December 1, 2021, after internal evaluation of the incident and in accordance with corporate policy, Alaska Airlines imposed a permanent ban on Menage." Doc. 158-1 at ¶ 16. **OMISSION:** Alaska's "evaluation" did not include interviewing any parties besides their biased anonymous employees. Alaska did not speak to me nor any other passenger seated near me in an unbiased effort to determine the truth.

16. **ALLEGATION:** "The determination made by Alaska Airlines in connection with Menage was not related to the claims he has … raise[d] in the Litigation and, instead, were based upon the events and conduct described in this Declaration." *Id*. at ¶ 16. **TRUTH:** As I've stated before, the flight crew knew who I am, that I've complained numerous times about my medical exemption being unlawfully refused and that masking causes a danger to my health, and that I'm suing Alaska Airlines as a result. I was specifically retaliated and discriminated against because of my medical condition and involvement as a plaintiff in this case.

17. **OMISSION:** Mr. Beyer totally failed to mention that Alaska has denied my mask-exemption demands numerous times in violation of federal laws and regulations.

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on Jan. 5, 2022.

_____
Peter Menage, plaintiff