# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 6:21-cv-1008-PGB-DCI |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **SOUTHWEST AIRLINES** *et al.*, : | Magistrate Judge Daniel Irick |
| : | |
| Defendants. : | |

### LEAD PLAINTIFF LUCAS WALL'S RESPONSE
### TO DEFENDANTS' SUPPLEMENTAL FILING

COMES NOW Lead Plaintiff Lucas Wall, *pro se*, and responds to the Defendants' Omnibus Notice of Supplemental Filing in Response to Objections to Magistrate's Report & Recommendation. Doc. 162.

1. The Court should *sua sponte* strike Doc. 162 for failing to comply with the Local Rules. First, I'm not aware of any authority, absent leave of the Court, to submit a "Supplemental Filing." Local Rule 3.01(i) allows a party, after filing a legal memorandum, to file a supplemental "authority," e.g. a citation to a court decision issued after the original memorandum was submitted.

2. The defendants' Supplemental Filing relates to document properties of certain files submitted by Plaintiff Peter Menage. That hardly seems to qualify as a "supplemental authority" under Local Rule 3.01(i).

1

3. The Supplemental Filing, even if deemed by the Court to be a supplemental authority, does not comply with Local Rule 3.01(i)(2), which requires "a specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements" and Local Rule 3.01(i)(3), which requires "a succinct quotation from the authority."

4. The Court has the authority to *sua sponte* strike a supplemental notice that does not conform to the requirements of Local Rule 3.01(i). *Wall v. Centers for Disease Control & Prevention*, No. 6:21-cv-975 (M.D. Fla. Aug. 27, 2021); magistrate's order sustained by district judge (Oct. 19, 2021).

5. Should the Court decline to strike the defendants' Supplemental Filing, it should note the purpose of the filing – another attempt to defame me for working collectively with a group of *pro se* plaintiffs seeking to assert our legal rights not to be discriminated against by the defendants because of our medical conditions in the provision of air transportation – is meritless. The two documents at issue were filed by Mr. Menage using the Court's *pro se* webform, as noted by the Clerk's Office on the docket. They were not filed from my PACER ECF account.

6. The notice attaches the document properties of two filings by Mr. Menage (Docs. 161 and 161-15) in reply to Defendant Alaska Airlines' opposition to his Motion for Preliminary Injunction. The properties show the PDF "Author" as "Lucas Wall" and "lewnwdc77." The third exhibit shows I use the online handle "lewnwdc77," which is not disputed.

7. None of the exhibits show that Doc. 161 and its accompanying exhibits were filed from my PACER ECF account.

8. Instead, the defendants seem to insinuate that I authored the documents for Mr. Menage as part of their campaign to smear me for acting as lead plaintiff for a group of *pro se* litigants. But we've been through this issue already with regard to the defendants' response to Plaintiff Leonardo McDonnell's objections to magistrate's recommendations.[1] "[A]ccording to the metadata in the Objections, Mr. Wall is the 'Author' of the Objections." Doc. 88. To which I responded: "Mr. McDonnell doesn't have software to convert a Microsoft Word document into a PDF, which is required to submit a document for filing using the Court's *pro se* webform. Mr. McDonnell sent me the Word file and I created a PDF for him, thus resulting in my name listed in the 'Author' field of the PDF." Doc. 90.

9. In the matter of Mr. Menage's recent filing, he asked me to send a previous reply brief I had written that he could work from as a template. He returned that Word document and his declaration to me, and asked me to proofread them. I then converted the Word files to PDFs, hence the documents' properties listing my name and handle as the "Author."

---

[1] Mr. McDonnell's objections (Doc. 87) were actually directed to the Court's Order of Oct. 26 denying his Motion to Redact (Doc. 85), not to the magistrate's Report & Recommendation (Doc. 86).

3

10. I sent the PDFs to Mr. Menage, who filed them himself using the *pro se* webform located at https://apps.flmd.uscourts.gov/cmecf/filings.cfm, which defense counsel still appear not to know exists.

11. As previously argued, plaintiffs have a constitutional right to associate and work collectively in prosecuting this case. Doc. 72 at 10-12. That includes sharing files, proofreading drafts, offering comments and suggestions, and sharing resources including computer software needed to produce documents compatible with the Court's filing system.

12. A group of *pro se* litigants have the right to select a lead plaintiff, and my role as lead plaintiff does not constitute the unauthorized practice of law. *Id.* at 12-21.

Respectfully submitted this 6th day of January 2022.

*Lucas Wall*
Lucas Wall, lead plaintiff and class representative
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com