# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, | : |
| Plaintiffs, | : Case No. 6:21-cv-1008-PGB-DCI |
| v. | : District Judge Paul Byron |
| **SOUTHWEST AIRLINES** *et al.*, | : Magistrate Judge Daniel Irick |
| Defendants. | : |

## PLAINTIFF PETER MENAGE'S NOTICE OF SUPPLEMENTAL AUTHORITY: SUPREME COURT STAYS OSHA'S VACCINE OR MASK/TEST REQUIREMENT FOR EMPLOYERS WITH AT LEAST 100 WORKERS

COMES NOW Plaintiff Peter Menage, *pro se*, pursuant to Local Rule 3.01(i), and advises the Court to please TAKE NOTICE of supplemental authority in support of my Motion for Preliminary Injunction Against Defendant Alaska Airlines. Doc. 156.

1. A Citation of the Authority: *Nat'l Federation of Independent Business v. Dept. of Labor*, No. 21A244 (U.S. Jan. 13, 2022).

2. A Specification by Page of the Issue or Argument in the Earlier Paper that the Authority Supplements: Doc. 156 at 11; Doc. 161 at 2.

3. Agency Authority: "The only exception is for workers who … wear a mask each workday. OSHA has never before imposed such a mandate. Nor has Congress. Indeed, although Congress has enacted significant legislation addressing the COVID–19 pandemic, it has declined to enact any measure similar to what

1

OSHA has promulgated here. ... Administrative agencies are creatures of statute. They accordingly possess only the authority that Congress has provided. ... The question, then, is whether the Act plainly authorizes the Secretary's mandate. It does not. ... It is not our role to weigh such tradeoffs. In our system of government, that is the responsibility of those chosen by the people through democratic processes." (Per Curiam). "Congress has chosen not to afford OSHA – or any federal agency – the authority to issue a vaccine mandate. ... The Court rightly applies the major questions doctrine and concludes that this lone statutory subsection does not clearly authorize OSHA's mandate." (Gorsuch, Thomas, & Alito, JJ., concurring).

4. 10th Amendment: "[T]he emergency regulation purports to pre-empt state laws to the contrary." (Per Curiam). "This Court is not a public health authority. But it is charged with resolving disputes about which authorities possess the power to make the laws that govern us under the Constitution and the laws of the land. ... There is no question that state and local authorities possess considerable power to regulate public health. They enjoy the 'general power of governing,' including all sovereign powers envisioned by the Constitution and not specifically vested in the federal government. ... The federal government's powers, however, are not general but limited and divided. ... Historically, such matters have been regulated at the state level by authorities who enjoy broader and more general governmental powers." (Gorsuch, Thomas, & Alito, JJ., concurring).

Respectfully submitted this 13th day of January 2022.

_____
Peter Menage, plaintiff
3255 N. Mars Ave.
Palmer, AK 99645
Telephone: 907-715-1205
E-Mail: pmenage@googlemail.com