UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LUCAS WALL, | ) |
| | ) |
| Plaintiff, | ) Case No. 6:21-cv-1008-PGB-DCI |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST AIRLINES, et. al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT ALASKA AIRLINES, INC.S SUGGESTION OF MOOTNESS OF PENDING MOTION FOR PRELIMINARY INJUNCTION**

Defendant Alaska Airlines, Inc. ("Alaska") respectfully suggests that Peter Menage's pending motion for preliminary injunction against Alaska (ECF No. 157) has been rendered at least partially moot by the recent decision of Alaska to rescind its mask requirements following the decision of the U.S. Transportation Security Administration ("TSA") to rescind its Security Directives relating to the Federal Transportation Mask Mandate. Those Security Directives, when in effect, obligated Alaska and other airlines to subject Mr. Menage and other airline travelers in the United States to the Federal Transportation Mask Mandate. The Security Directives were withdrawn by TSA effective April 18, 2022. *See* TSA "Statement regarding face mask use on public transportation" https://www.tsa.gov/news/press/statements/2022/04/18/statement-

regarding-face-mask-use-public-transportation (April 18, 2022) ("Due to today's court ruling, effective immediately, TSA will no longer enforce its Security Directives and Emergency Amendment requiring mask use on public transportation and transportation hubs. TSA will also rescind the new Security Directives that were scheduled to take effect tomorrow. CDC continues to recommend that people wear masks in indoor public transportation settings at this time."). As a result, Alaska and other airlines have rescinded their mask requirements. *See* https://thehill.com/policy/healthcare/3272480-multiple-airlines-amtrak-to-drop-mask-requirements/ ("Multiple airlines along with Amtrak on Monday evening moved to make masks optional on their transit systems following a federal court decision that effectively ended the federal transportation mask mandate. United Airlines, Alaska Airlines, American Airlines, Southwest Airlines, Delta Air Lines and JetBlue Airways all announced that masks would be optional for both passengers and employees as well as in airports.")

The fact that Mr. Menage and other members of the traveling public are no longer subject to airline masking requirements renders at least partially moot Mr. Menage's motion for preliminary injunction against Alaska, which challenges

Alaska's implementation of the mask mandate (ECF No. 157).[1]

In addition to seeking to enjoin Alaska "from requiring Mr. Menage to wear a face mask as a condition of transportation," Proposed Order, ECF No. 157-7, Mr. Menage also wants Alaska enjoined "from refusing to provide transportation to Mr. Menage until a final judgment is entered in this case." *Id.* Mr. Menage's request to no longer be banned from flying on Alaska Airlines should be denied for the reasons set forth in Alaska's opposition brief, including the fact that Mr. Menage while onboard an Alaska Airlines flight "engaged in profanity-laced and abusive conduct toward Alaska crewmembers . . . ." ECF No. 158, at 13, ECF No. 158-1, at pages 1-11. Given such clear evidence of improper conduct by Mr. Menage during an Alaska flight, there is no genuine basis to consider Menage's motion for preliminary injunction against his being banned from traveling on Alaska Airlines aircraft.

Date: April 20, 2022                                    Respectfully submitted,

STINSON LLP                                             TORRICELLA LAW PLLC
1775 Pennsylvania Avenue, N.W.                          Town Center One, Suite 2217
Suite 800                                               8950 Southwest 74th Court
Washington, D.C. 20006                                  Miami, Florida 33156

---

[1] The motion for preliminary injunction also should be denied for the reasons set forth in Alaska Airlines' opposition filed December 27, 2021 – ECF No. 158 – as well as the fact that Mr. Menage's motion previously was rendered moot by Mr. Menage's termination of his employment, which was the basis for his seeking preliminary injunctive relief. *See* ECF No. 180.

| | |
|---|---|
| Telephone: (202) 728-3005 | Telephone: (305) 677-7644 |
| By: /s Roy Goldberg<br>M. Roy Goldberg<br>Roy.goldberg@stinson.com<br>Admitted *Pro Hac Vice* | By: /s Maurice J. Baumgarten<br>Roberto A. Torricella, Jr.<br>Florida Bar No. 907472<br>Robert@TorricellaLaw.com<br>Maurice J. Baumgarten<br>Florida Bar No. 25324<br>Maurice@TorricellaLaw.com |

Counsel for Defendant Alaska Airlines, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20, 2022, a true and correct copy of the foregoing SUGGESTION OF MOOTNESS was filed using CM-ECF, which will serve a notice of electronic filing to all parties of record, and that I caused a true and accurate copy of the foregoing to be sent via First Class U.S. mail to the following persons, by placing it in the post on April 20, 2022:

Aaron Abadi
Apt. 140 82 Nassau St.
New York, NY 10038

Anthony Eades
19499 Cedar Gate Dr.
Warsaw, MO 65355

Connie Rarrick
36 Lafayette St.
Saco, ME 04072

Eric L Cila
8807 Avondale Ct.
Louisville, KY 40299

Jared Rarrick
36 Lafayette St.
Saco, ME 04072

Jennifer Rarrick
36 Lafayette St.
Saco, ME 04072

Kleanthis Andreadakis
5108 Hunters Meadow Pl.
Henrico, VA 23231

Leonardo McDonnell
P.O. Box 1113
Melbourne, FL 32902

Peter Menage
3255 N. Mars Ave.
Palmer, AK 99645

Shannon Greer Cila
8807 Avondale Ct.
Louisville, KY 40299

Uri Marcus
P.O. Box 126
Ojai, CA 93024

Yvonne Marcus
P.O. Box 126
Ojai, CA 93024

                                                /s M. Roy Goldberg
                                                M. Roy Goldberg