# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, | : |
| Plaintiffs, | : Case No. 6:21-cv-1008-PGB-DCI |
| v. | : District Judge Paul Byron |
| **SOUTHWEST AIRLINES** *et al.*, | : Magistrate Judge Daniel Irick |
| Defendants. | : |

### PLAINTIFF PETER MENAGE'S RESPONSE TO [189] DEFENDANT ALASKA AIRLINES' SUGGESTION OF MOOTNESS OF PENDING MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Plaintiff Peter Menage, *pro se*, and responds to Defendant Alaska Airlines' Suggestion of Mootness of Pending Motion for Preliminary Injunction. Doc. 189. In no way does the Middle District of Florida's striking down of the Federal Transportation Mask Mandate ("FTMM") moot in any way my Motion for Preliminary Injunction – **WHICH HAS BEEN PENDING 4 MONTHS WITH NO DECISION BY THE COURT WHILE I AM SUFFERING FROM LOSING MY JOB AS A DIRECT RESULT OF ALASKA'S ILLEGAL ACTIONS. I urge the Court to actually decide my motion one way or the other. It should never take four months to get a decision a PI motion, which is by its very nature an emergency and time-sensitive matter.**

Alaska falsely "suggests that Peter Menage's pending motion for preliminary injunction against Alaska (ECF No. 157) has been rendered at least partially moot by

1

the recent decision of Alaska to rescind its mask requirements following the decision of the U.S. Transportation Security Administration ("TSA") to rescind its Security Directives relating to the Federal Transportation Mask Mandate." Doc. 189 at 1. Not so. The Centers for Disease Control & Administration has appealed the *vacatur* of the FTMM to the U.S. Court of Appeals for the 11th Circuit, creating a real danger that Judge Mizelle's wonderful, well-reasoned decision in *Health Freedom Defense Fund v. Biden*, No. 8:21-cv-1693 (M.D. Fla. April 18, 2022), could be stayed at any time, forcing Alaska to reimpose an unlawful mask mandate against disabled passengers such as myself who can't tolerate having our breathing blocked. Furthermore, the Transportation Security Administration *voluntarily* withdrew its Health Directives and Emergency Amendment requiring airlines to muzzle their passengers. TSA could attempt to reimpose those directives at any time. Also, although Alaska has made the wise choice of *voluntarily* ending its mask enforcement, there is no guarantee the airline will not try to reimpose it in the future. Nor has Alaska made any pledge to obey the Air Carrier Access Act.

    Alaska notes that "Those Security Directives, when in effect, obligated Alaska and other airlines to subject Mr. Menage and other airline travelers in the United States to the Federal Transportation Mask Mandate." Doc. 189 at 1. The airline fails to mention that CDC's FTMM, upon which the TSA Health Directives relied, were declared *ultra vires ab initio* by Judge Mizelle on Monday. Therefore, Alaska never had any authority to force masks upon passengers since the entire FTMM was never

2

lawful. Alaska must be restrained from ever putting back into place such illicit mandates. As I argued in my motion, since the FTMM is *ultra vires*, Alaska was never under any duty to enforce it. And it did so in violation of the Air Carrier Access Act and numerous other laws.

Because of the grave risk of mask mandates returning to Alaska's planes, it is totally false to contend that "The fact that Mr. Menage and other members of the traveling public are no longer subject to airline masking requirements renders at least partially moot Mr. Menage's motion for preliminary injunction against Alaska, which challenges Alaska's implementation of the mask mandate (ECF No. 157)." Doc. 189 at 2-3. It's also false to contend that my challenge is to Alaska's "implementation of the mask mandate." Wrong. The FTMM was never valid, therefore I never attacked how Alaska implemented it. I challenge Alaska requiring masks in the first place, on its own, banning the disabled and then offering a supposed exemption process that violates federal law.

Alaska then correctly notes my PI motion is not moot because

> "Mr. Menage also wants Alaska enjoined 'from refusing to provide transportation to Mr. Menage until a final judgment is entered in this case. *Id*. Mr. Menage's request to no longer be banned from flying on Alaska Airlines should be denied for the reasons set forth in Alaska's opposition brief, including the fact that Mr. Menage while onboard an Alaska Airlines flight 'engaged in profanity-laced and abusive conduct toward Alaska crewmembers…" ECF No. 158, at 13, ECF No. 158-1, at pages 1-11. Given such clear evidence of improper conduct by Mr. Menage during an Alaska flight, there is no genuine basis to consider Menage's motion for preliminary injunction against his being banned from traveling on Alaska Airlines aircraft." Doc. 189 at 3.

3

As I have argued in my previous papers, Alaska's efforts to defame me are self-serving lies in an attempt to hide its blatant retaliation against me as a disabled person who dared sue the airline to gain compliance with federal anti-discrimination laws. My conduct also did not violate the illegal FTMM because I was eating breakfast, an activity permitted under the *ultra vires* TSA Health Directive, as well as removing my mask to regain proper breathing, also permitted. This Court must direct Alaska to transport me when I buy a ticket.

Finally, Alaska continues to distort the truth by falsely claiming that "Mr. Menage's motion previously was rendered moot by Mr. Menage's termination of his employment, which was the basis for his seeking preliminary injunctive relief." Doc. 189 at 3, FN 3. I did not terminate my employment; my company (Worley) did, solely because Alaska banned me from flying due to my disability. Furthermore, I continue to suffer the harm of being out of work, which this Court could fix immediately by granting me a preliminary injunction, enabling me to resume work on the North Slope Oilfields with Worley, flying up there from Anchorage on the Alaska Airlines planes Worley buys its workers tickets on.

Respectfully submitted this 22nd day of April 2022.

Peter Menage, plaintiff

3060 N. Lazy Eight Ct. #356
Wasilla, AK 99654
Telephone: 907-715-1205
E-Mail: pmenage@googlemail.com