# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL** *et al.*, | : |
| Plaintiffs, | : Case No. 6:21-cv-1008-PGB-DCI |
| v. | : District Judge Paul Byron |
| **SOUTHWEST AIRLINES** *et al.*, | : Magistrate Judge Daniel Irick |
| Defendants. | : |

### PLAINTIFF PETER MENAGE'S RESPONSE TO [194] DEFENDANT ALASKA AIRLINES' NOTICE OF SUPPLEMENTAL AUTHORITY ON MOTION FOR PRELIMINARY INJUNCTION

COMES NOW plaintiff Peter Menage, *pro se*, and responds to the Notice of Supplemental Authority filed by Defendant Alaska Airlines (Doc. 194) against my Motion for Preliminary Injunction (Doc. 157). Alaska draws the Court's attention to a decision issued by the U.S. District Court for the Eastern District of Virginia denying a similar preliminary injunction motion. *Andreadakis v. CDC*, No. 3:22-cv-52 (E.D. Va. April 22, 2022). However, that case is easily distinguishable from mine.

The Airline Defendants note Judge David Novak found Plaintiff Kleanthis Andreadakis' motions for preliminary injunction against the federal government and several airlines "was rendered moot by: (1) the April 18, 2022 decision in *Health Freedom Defense Fund, Inc. v. Biden*, No. 8:21cv1693 (M.D. Fla.), ECF No. 53; and (2) the fact that the Federal Transportation Mask Mandate was due to expire on

1

May 3, 2022." Doc. 194 at 1-2. Alaska goes on to quote Judge Novak's decision that "Plaintiff has not made a clear showing that he faces actual and imminent irreparable harm in the absence of a preliminary injunction. Because Plaintiff has failed to meet his burden on this required prong, the Court need not address the other factors." *Id.* at 2.

But the circumstances faced by Mr. Andreadakis in that case are wholly different from those I face in this lawsuit. As Judge Novak noted,

> "the Airline Defendants have submitted evidence that Plaintiff [Andreadakis] has taken two trips to California by airplane – one in November of 2021 and another in February of 2022. For both, Plaintiff received an exemption from the requirement that passengers wear a facemask. By flying on an airplane without a mask on multiple occasions, Plaintiff has previously ameliorated the exact harms that he claims that he will suffer in the future absent an injunction. He can only speculate that he will not successfully ameliorate this harm again in the future. Plaintiff has submitted no evidence that he has been denied the ability to fly on a future flight or will be forced to fly on a plane with a mask." Doc. 194-1 at 14.

Whereas here, there is no dispute that Alaska has constantly – dozens of times – rejected my medical exemption to wearing a mask. This makes the irreparable harm analysis in my case completely different from that in *Andreadakis*.

The Airline Defendants attempt to use *Andreadakis* to their advantage, when the decision does no such thing.

> "As a threshold matter, the current state of the Mask Order likely renders Plaintiff incapable of demonstrating irreparable harm. The vacatur of the Mask Order by the United States District Court for the Middle District of Florida renders Plaintiff incapable of claiming any harm from the ongoing enforcement of the Mask Order. Even if the Vacatur Order is stayed or reversed, the Mask Order currently expires on May

    3, 2022, undercutting any claim to ongoing irreparable harm." Doc. 194-1 at 13.

Judge Novak's description of the state of the Federal Transportation Mask Mandate ("FTMM") is simply incorrect. *Vacatur* does not render me incapable of claiming harm from potential ongoing enforcement because Defendant Centers for Disease Control & Prevention ("CDC") has filed an appeal and could seek a stay at any time. CDC notably has not withdrawn its FTMM order but continues to assert is it necessary. Contrary to Judge Novak's false finding, the CDC order contains no expiration date and therefore is not set to lapse May 3:

> "This Order shall enter into effect on February 1, 2021, at 11:59 p.m. and will remain in effect unless modified or rescinded based on specific public health or other considerations, or until the Secretary of Health and Human Services rescinds the determination under section 319 of the Public Health Service Act (42 U.S.C. 247d) that a public health emergency exists." 86 Fed. Reg. 8,030.

Judge Novak got it wrong when he wrote that "The CDC recently extended the Mask Order to remain in place until May 3, 2022." Doc. 194-1 at 2. What Judge Novak meant to cite is that the sixth edition of the Transportation Security Administration ("TSA")'s Health Directives and Emergency Amendment enforcing CDC's mask order are currently set to expire May 3. But given they have been extended five times previously from their original May 11, 2021, end date, it would be foolish for the Court to believe that the government has any real intention of not seeking to extend them a sixth time if it can reverse the Middle District of Florida's decision vacating the FTMM worldwide. *Health Freedom Defense Fund*.

3

In fact, the government has made it clear it desperately wants to continue to muzzle all travelers nationwide. "It is CDC's continuing assessment that at this time an order requiring masking in the indoor transportation corridor remains necessary for the public health. CDC will continue to monitor public health conditions to determine whether such an order remains necessary. CDC believes this is a lawful order, well within CDC's legal authority to protect public health." CDC Statement of April 20, 2022.[1]

When TSA extended its Health Directives and Emergency Amendment from April 18 to May 3, it made clear this by no means would this likely be the final extension, nor did it announce May 3 as the definite date the directives would terminate:

> "At CDC's recommendation, TSA will extend the [Health] Directives and Emergency Amendment requiring mask use on public transportation and transportation hubs for 15 days through May 3, 2022. CDC continues to monitor the spread of the Omicron COVID-19 variant, especially the BA.2 subvariant that now makes up more than 85% of U.S. cases. Since early April 2022, there have been increases in the 7-day moving average of COVID-19 cases in the United States. During the 15-day extension period, CDC will assess the potential impact the recent rise of COVID-19 cases has on severe disease, including hospitalizations, deaths, and healthcare system capacity." TSA Statement of April 13, 2022.[2]

In response to the ruling in *Health Freedom Defense Fund*, TSA issued a statement April 18 noting it would temporarily voluntarily stop enforcing the FTMM

---

[1] https://www.cdc.gov/media/releases/2022/s0420-masks-public-transportation.html

[2] https://www.tsa.gov/news/press/statements/2022/04/13/tsa-extends-face-mask-requirement-through-may-3-2022

4

but "CDC continues to recommend that people wear masks in indoor public transportation settings at this time." TSA Statement of April 18, 2022.[3] This leads to a reasonable assumption that since the CDC mask order has no expiration date and TSA has claimed authority to require masks as part of its statutory mission to ensure transportation "security," the Biden Administration could order TSA to reimpose its mask mandate at any time regardless of what transpires with the appeal in *Health Freedom Defense Fund*. Also, Alaska, based on CDC's recommendation, could attempt to reimpose its own independent mask mandate at any time unless enjoined by this Court.

    For all these reasons, I remain at risk of having Alaska reinstitute a mask mandate that would harm my ability to fly. Also, another major difference in this case is that Alaska Airlines banned me because of my disability. That must be reversed by a preliminary injunction. Although we have won one battle with the decision in *Health Freedom Defense Fund*, this war is far from over.

Respectfully submitted this 26th day of April 2022.

*[signature]*

Peter Menage, plaintiff
3060 N. Lazy Eight Ct. #356
Wasilla, AK 99654
Telephone: 907-715-1205
E-Mail: pmenage@googlemail.com

---

[3] https://www.tsa.gov/news/press/statements/2022/04/18/statement-regarding-face-mask-use-public-transportation