## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LUCAS WALL,**

        **Plaintiff,**

**v.**                                        **Case No: 6:21-cv-1008-PGB-DCI**

**SOUTHWEST AIRLINES,
ALASKA AIRLINES,
ALLEGIANT AIR, FRONTIER
AIRLINES, JETBLUE
AIRWAYS, SPIRIT AIRLINES,
NUMEROUS UNNAMED
EXECUTIVES OF THE 7
AIRLINES and DELTA AIR
LINES,**

        **Defendants.**

_____/

## ORDER

In response to the COVID-19 pandemic, the federal government issued the federal transportation mask mandate ("**FTTM**"), which requires all individuals traveling via public transportation to wear a mask. Following the federal government's guidance, the Transportation Security Administration applied the FTTM to airport operators, domestic aircraft operators, surface transportation systems, and foreign air carriers, respectively, invoking its authority under 49 U.S.C. § 114 and Part A of that title as the statutory basis for these regulatory

actions.[1] TRANSP. SEC. ADMIN., SD 1542-21-01, SD 1544-21-02, SD 1582/84-21-01, SECURITY MEASURES—MASK REQUIREMENTS (2021); TRANSP. SEC. ADMIN., EA 1546-21-01, SECURITY MEASURES—MASK REQUIREMENTS (2021).

In June 2021, Plaintiff Lucas Wall, appearing *pro se*, initiated this action, suing Defendants Southwest Airlines, Allegiant Air, Frontier Airlines, JetBlue Airways, and Spirit Airlines (collectively, "**Defendants**"), asserting violations of the Air Carrier Access Act based on their enforcement of the FTTM. (Doc. 1). Subsequently, Wall filed an Amended Complaint, adding twelve individuals (collectively, "**Movants**"),[2] suing Defendants "on behalf of the named plaintiffs and all others similarly situated." (Doc. 61, p. 4). The Amended Complaint further asserts that "[t]his is now a putative class action, believed to be the first in the nation targeting the airlines' mask requirements," and purports to represent two proposed classes.[3] (*Id.*). In the now purported class action Amended Complaint,

---

[1]  *See Wall v. Ctrs. for Disease Control & Prevention*, No. 21-cv-975, slip op. at 187 (M.D. Fla. Dec. 18, 2021) (order granting in part and denying in part motions to dismiss).

[2]  The Movants are Aaron Abadi, Kleanthis Andreadakis, Eric Cila, Shannon Greer Cila, Anthony Eades, Uri Marcus, Yvonne Marcus, Leonardo McDonnell, Peter Menage, Connie Rarrick, Jared Rarrick, and Jennifer Rarrick. (Doc. 61, pp. 4, 10–13). However, as the Amended Complaint is due to be stricken as an impermissible *pro se* class action. The Court refers to these individuals as "Movants" throughout the Order because they are not properly joined in this case.

[3]  The Amended Complaint describes two proposed classes: "(1) the Disabled Class consisting of passengers who can't medically wear masks and have been discriminated against by the defendants; and (2) and the Nondisabled Class consisting of passengers who have been forced by the defendants to wear unauthorized and/or EUA masks in violation of federal law and in breach of the defendants' contracts of carriage. Both putative classes meet the prerequisites of [FED. R. CIV. P. 23]." (*Id.* at p. 15). It also lists additional individuals that Wall believes would be a member of either the Disabled or Nondisabled Class. (*Id.* at pp. 16–23).

Plaintiff Lucas Wall and Movants assert thirty (30) different causes of action.[4] However, the thirty different causes of action can be distilled into one grievance—Defendants are enforcing an "illegal" mask mandate that discriminates against disabled and non-disabled passengers.[5] (*See id.*).

Before the Court today, there are a total of six substantive issues: (1) Magistrate Judge Daniel Irick's Report and Recommendation *sua sponte* dismissing the Complaint (Doc. 86 (the "**First Report**"));[6] (2) Magistrate Judge Irick's Report and Recommendation denying Plaintiff and Movants' Motions to

---

[4]   The Amended Complaint asserts the following causes of actions: conspiracy to interfere with civil rights (Count 1); neglecting to prevent interference with civil rights (Count 2); violation of the Rehabilitation Act (Count 3); violation of federal law in refusing to provide mask exemptions (Count 4); various violations of federal regulation (Counts 5–16); breach of contract by forcing passengers to wear masks when they never agreed to do so in the contract of carriage (Count 17); reckless endangerment for forcing passengers to wear masks in violation of the Food, Drug & Cosmetic Act that are experimental medical devices proven to harm human health (Count 18); battery (Count 19); invasion of privacy (Count 20); practicing medicine without a license (Count 21); intentional infliction of emotional distress (Count 22); deceptive and misleading trade practices (Count 23); fraudulent misrepresentation (Count 24); false imprisonment (Count 25); nuisance (Count 26); infringement on the constitutional right to travel (Count 27); various violations of international law (Counts 28–30). (*Id.* at pp. 191–221).

[5]   On April 18, 2022, a court in this district vacated the FTMM. *Health Freedom Def. Fund, Inc. et al. v. Biden*, No. 8:21-cv-1693, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022). However, a "district court cannot be said to be bound by a decision of one of its brother or sister judges." *Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd.*, 240 F.3d 956, 965 (11th Cir. 2001).

Further, "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (internal quotations omitted). That is, a case does not necessarily become moot simply because intervening events may make it impossible for a federal court to issue the exact form of relief that Plaintiff requests. *Church of Scientology of Cal. v United States*, 506 U.S. 9, 13 (1992) (Stevens, J.).

[6]   Plaintiffs moved to strike Defendants' Response to Plaintiffs' Objections (Docs. 137, 140 (the "**Motions to Strike Defendants' Response to the First Report**")), and Defendants' responded in opposition in their Omnibus Response (Doc. 149).

Correct and Motions to Electronically File (Doc. 128 (the "**Second Report**")); (3) Plaintiff and Movants' Motion to Compel Defense Counsel to Confer (Docs. 129, 131 (the "**Motions to Confer**")); (4) Plaintiff and Movant Leonardo McDonnell's "Time Sensitive Joint Appeal of Magistrate Judge's Oct. 21 & 26 Orders" (Docs. 139, 142 (the "**Appeals of Magistrate Judge's Orders**")); (5) Plaintiff and Movants' Motion to Ratify Lead Plaintiff (Docs. 143, 144 (the "**Motions to Ratify**")); and (6) Plaintiff and Movants' Motion to Remove Magistrate Judge Irick (Docs. 145, 146 (the "**Motions to Remove**")). Defendants then filed an Omnibus Response to Plaintiff and Movants' Pending Motions and Joint Request for Additional Relief, responding to all the matters listed above (Doc. 149 (the "**Omnibus Response**")). Plaintiff and Movants then moved to strike Defendants' Omnibus Response (Docs. 151, 152 ("**Motions to Strike Omnibus Response**")), and Defendants have responded in opposition (Doc. 155). The above-listed matters are now ripe for review.

Upon consideration, the First Report and Second Report are adopted in full, and accordingly, the Amended Complaint is due to be dismissed, Plaintiff and Movants' Motions to Correct and Movants' Motions to Electronically File are due to be denied, and Plaintiff's electronic privileges are due to be revoked. The Motion to Strike Defendants' Response to the First Report is due to be denied. The Motions to Confer are due to be denied as moot. The Appeals of Magistrate Judge's Orders are due to be denied. The Motion to Ratify is due to be denied as moot. Finally, the

Motion to Remove and the Motion to Strike Omnibus Response are due to be denied.

The parties' filings are more similar to nesting dolls, with motions embedded within the briefing for other motions, than organized requests for relief. Thus, it is difficult to resolve the various motions in an orderly fashion, particularly as Defendants responded to all the relevant issues in a 12-page Omnibus Response, forcing the Court to address all the pending motions in this Omnibus Order.

## I.    MOTION TO STRIKE OMNIBUS RESPONSE

The Court believes that resolution of the Motion to Strike Defendants' Omnibus Response before turning to the six substantive issues is the best course of action. Embedded in Defendants' Omnibus Response, Defendants request the Court to "enter an Order temporarily relieving Defendants from responding to any subsequent motions filed by Mr. Wall and the Movants." (Doc. 149, pp. 5–6). Plaintiff and Movants move to strike Defendants' Omnibus Response as improperly presenting a motion for relief in a response brief in violation of the Court's Local Rules 3.01(a) and 3.01(b). (Docs. 151, 152). Defendants, in response, somewhat disingenuously argue that the request embedded within their Omnibus Response was not meant to "be an independent request for altogether unrelated relief." (Doc. 155).

It is nonsensical to say that Defendants were not requesting relief from the Court. A request for the Court to use its inherent authority to manage its own docket is still a request. If a party seeks relief, that party must file a motion in

accordance with the Local Rules of this Court. To the extent that Defendants have requested relief from responding to any subsequent motions filed by Plaintiffs, the request is denied. Defendants' grumblings about the repetitive and vexatious filings in the instant case do not change this Court's procedure. (Doc. 149, pp. 1–3, 5–6, 9–10). Defendants' request for relief from responding to any subsequent motions filed by Plaintiff and Movants is denied.

If Defendants do not wish to contest a motion presented to the Court, it is their prerogative to allow the Court to treat the motion as unopposed. *See* Local Rule 3.01(c). But there is a proper process for how the Court conducts motion practice, and Defendants are not exempt from said process.[7]

While Defendants did improperly include a request for relief embedded in its Omnibus Response, the Court will still consider it as Defendants' response to the relevant motions in the interests of judicial efficiency. Thus, to the extent Plaintiff and Movants request the Court to strike the Omnibus Response, the Motion to Strike Omnibus Response is denied.

## II.   THE FIRST REPORT

The first substantive issue before the Court arises from the First Report, which recommends that the Amended Complaint should be *sua sponte* stricken from the record because a *pro se* litigant "cannot represent the interests of others—

---

[7]   In the Omnibus Response, Defendants argue "[t]he tactics being deployed by Mr. Wall and the Movants are abusive and vexatious and are *clearly designed to somehow get the Court to capitulate* to their request to have Mr. Wall appointed as 'Lead Plaintiff.'" (*Id.* at p. 5 (emphasis added)). The Court rejects any suggestion that it is ruling on anything but the merits.

including neither the [twelve] named plaintiffs, nor the proposed classes." (Doc. 86, p. 9).

Upon filing the Amended Complaint, purporting to be a class action on behalf of the "Disabled" and "Nondisabled" classes, Magistrate Judge Irick ordered Plaintiff to show why the Amended Complaint should not be stricken because: "(1) it purports to bring class action claims by a *pro se* plaintiff; and (2) it purports to allow a *pro se* plaintiff to act as 'lead plaintiff' for a group of other *pro se* plaintiffs." (Doc. 67, p. 3). Failing to properly respond to the questions in the Magistrate Judge's Order, Plaintiff and Movants, in response, argued that the twelve additional individuals were properly joined in the Amended Complaint under Federal Rules of Civil Procedure 15(a) and 20(a), they have a constitutional right to determine how they will associate and organize to collectively prosecute their claims, and nonprisoner *pro se* plaintiffs may file a putative class action as counsel is not needed until the class certification stage. (Doc. 72). In three separate responses, Defendants, in sum, argue that Plaintiff failed to address the Court's Order to Show Cause, and thus, the Amended Complaint should be stricken. (Docs. 74, 75, 76). In turn, Plaintiff filed a reply, which argued that the Court should ignore Defendants' responses as they contain "numerous false statements and unsubstantiated arguments in their opposition responses that must be corrected." (Doc. 79).

After reviewing the initial briefing, the First Report recommended that Plaintiff may proceed *pro se* in this Court, but that does not allow a *pro se* litigant

to represent others, specifically in the context of class actions. (Doc. 86, pp. 4–5). Further, Plaintiff's notice of intention to work as a group do not circumvent the restriction of *pro se* litigants. (Doc. 64; Doc. 86, pp. 5–6). Finally, the First Report concludes that the Court may strike a *pro se* class action before the certification stage because, as a threshold issue, *pro se* litigants do not have standing to bring a class action. (*Id.* at pp. 6–9).

Plaintiff and Movants individually filed identical Objections to the First Report (Docs. 119–127 (collectively, the "**Objections to the First Report**")). Plaintiff and Movants object to the First Report on six different grounds: (1) "[t]he magistrate's constant use of the word 'purported' is insulting and wrong"; (2) "[n]one of the plaintiffs are representing another"; (3) *pro se* plaintiffs "may file a putative class action" as a "lawyer is only required at the class certification stage"; (4) "[t]he rights of a group of *pro se* plaintiffs to prosecute a case together include the ability to select a class representative and lead plaintiff"; (5) "[p]laintiffs have the right to waive individual service"; and (6) "[w]e have the right to authorize our lead plaintiff to file once on behalf of the entire group a document that everyone has approved." (Doc. 119). Defendants then responded to the Objections to the First Report (Doc. 130).[8]

---

[8] Plaintiffs then moved to strike Defendants' response arguing that it is untimely, raises new issues, and is "full of lies that must be struck pursuant to Rule 11." (Docs. 137, 140). Defendants responded to the motion to strike in its Omnibus Response. (Doc. 149). Defendants timely filed their response to Plaintiff's Objections to the First Report to "provid[e] the Court with additional factual information regarding Wall's continued representation of the Putative Plaintiffs who seek to join this action as additional *pro se* plaintiffs, and regarding the lack of authority of each of the putative plaintiffs to electronically file their Objections to the October 28 R&R." (Doc. 130, p. 2). Defendants were not objecting to the First Report, but rather were

## A.  *Pro Se* Class Action Complaint

Normally, litigation must be conducted by the named parties only. However, Federal Rule of Civil Procedure 23 created an exception through a class action suit. A class action is designed to "to promote judicial economy and efficiency by avoiding multiple adjudications of the same issues." 5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 23.02 (3d ed. 2021). Thus, a class action suit allows litigation to proceed *on behalf of* individuals that are not present for the litigation. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982). This is the downfall to Plaintiff's Amended Complaint.

Plaintiff and Movants argue that "none of the plaintiffs are representing one another" and "can prosecute a case together," but again, this misses the point. It is inapposite whether Plaintiff and Movants are representing their own interests in this litigation.[9] When a purported[10] class action is filed, Plaintiff is necessarily representing individuals that are not present in the litigation because it is being filed "on behalf of" individuals that fall within the proposed classes, which is barred as a matter of federal law. 28 U.S.C. § 1654; *see Timson v. Samson*, 518 F.3d 870,

---

responding to Plaintiff's continual disregard of the First Report and why the twelve additional movants cannot be joined under Rule 20. (*Id.* at pp. 3–7). Therefore, Plaintiff and Movants' Motions to Strike Defendants' Response to the First Report are denied. (Docs. 137, 140).

[9]   To clarify, the question of whether Plaintiff can act as lead plaintiff on behalf of himself and Movants is different from whether he can bring a class action.

[10]   The word "purported" is not insulting, nor is it used insultingly by this Court or Magistrate Judge Irick. *Purport*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("1. The idea or meaning that is conveyed or expressed, esp. by a formal document; 2. The general meaning of what someone says.")

873–74 (11th Cir. 2008) (the right to proceed *pro se* in federal court under § 1654 is "a personal right that does not extend to the representation of the interest of others").

In response, Plaintiff argues that a *pro se* litigant may file a class action complaint, as counsel is only required at the class certification stage. (Docs. 119-127). However, "[w]here the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to filing of a motion for class certification." *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010). Given that a *pro se* litigant is barred from representing anyone's interests but his own, the purported class action fails on its face.

Therefore, the Amended Complaint is dismissed without prejudice and Plaintiff will be given leave to replead.

## B. Directives for Repleader

As Plaintiff will be afforded the opportunity to replead, the Court finds it necessary to explain other deficiencies in the Amended Complaint to streamline the pleading process.

First, the Amended Complaint is a shotgun pleading. Federal Rules of Civil Procedure 8 and 10 require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 8(a)(2), 10(b). Shotgun pleadings violate these

established pleading principles.[11] *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "When presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam).[12]

Here, the Amended Complaint spans 227 pages, and the 525 attached exhibits comprise 3,528 pages. The unwieldy Amended Complaint begins with a list of eight questions of law alleged to be of "first impression" before launching into a novel-like exposition of Plaintiff's experience at the Orlando International Airport while trying to board a Southwest flight without a mask.[13] After 190 pages of factual allegations that range from detailing the alleged conspiracy between Defendants to discriminate against disabled passengers through their enforcement

---

[11]   There are four types of shotgun pleadings: "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1321–23.

[12]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[13]   In the Second Amended Complaint, Plaintiff should not include novel-like descriptions such as, "The situation definitely makes Mr. Wall anxious being put through all this just to board his flight he paid for," and "a female TSA supervisor in a flowery red-and-pink blouse just came over to talk to Mr. Wall." (Doc. 61, pp. 33, 36).

of the FTTM to how masks are so ineffective and cruel that it amounts to child abuse, Plaintiff finally turns to his thirty different causes of action.[14] Far from a "short and plain statement," the Complaint falls squarely into the second category of shotgun pleading. Upon repleader, Plaintiff should remember that a complaint is not a vehicle to publish his manifesto but, instead, should focus on the relevant facts that show he is entitled to his requested relief.

Second, the Movants are not properly joined under Rule 20(a).[15] For plaintiffs to be properly joined, the claims must arise out of the same transaction or occurrence *and* there must be a common question of fact or law. FED. R. CIV. P. 20(a)(1)(A), (B); *see Moore v. Comfed Sav. Bank*, 908 F.2d 834, 839 (11th Cir. 1990) (holding that both requirements of joinder must be satisfied). While it is clear that Plaintiff and Movants are challenging the Defendants application of the FTMM, it is also clear that the claims do not arise out of the same transaction or occurrence. The airline, airport, flight, and the individual's medical reason for not being able to wear a mask differ widely from person to person.[16] Further, the

---

[14]  In Count 14, Plaintiff likens "[s]ome of the Airline Defendants'" policies to have non-mask wearing individuals sit in the rear of the airplane to "forcing colored people to sit in the back of the bus before passage of the Civil Rights Act of 1964." (*Id.* at p. 205). Upon repleader, the Court will not tolerate this asinine and highly offensive comparison in the pleadings and will strike the applicable count without further notice.

[15]  Properly amending a complaint under Rule 15 does not equate to properly joining additional plaintiffs under Rule 20.

[16]  For the medical reasons alone, the Amended Complaint asserts over fourteen different conditions that prevent Plaintiff and the twelve Movants from being able to comfortably wear a mask. (*See* Doc. 62-1, pp. 76, 86–90, 136–37, 142, 159–61, 162–69, 174–79, 181–86, 188–90, 192–99, 213–14, 215–18 (Anxiety, sensory integration disorder (Aaron Abadi); "first-definition Americans with disabilities act classified disability" (Kleanthis Andreadakis); "uncomfortable wearing a face mask due to the restriction on my breathing. I am a healthy

bloated state of the docket, due to Plaintiff and Movants' modus operandi of filing identical motions, notices, or objections, demonstrates the logistical nightmare that would arise from a court trying to evaluate their claims together. (Docs. 94–127, 129, 131, 137–46, 151–52, 166–69, 171–72, 174, 176). If the Court were to allow joinder in this case, it would undermine the purpose of joinder: to aid in the efficient and consistent resolution of related cases. 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 20.02 (3d ed. 2021). Therefore, the Movants are not proper parties to the instant litigation and should not be joined in the Second Amended Complaint.[17]

## III.   THE SECOND REPORT

The next issue arises from the Second Report, recommending that Plaintiff and Movants' Motions to Compel Clerk to Correct Docket Entry 87 Plus Other Errors & Omissions (Docs. 94–99, 105–07, 109, 111, 112, 118 (collectively, the "**Motions to Correct**")) and Movants' Motions to Electronically File Through

---

person, but breathing while muzzled is burdensome and restrictive" (Eric Cila); "due to my qualified and medically documented health conditions, which I am happy to show in-camera (I do not want my private medical records in the public domain), I can't tolerate wearing a mask" (Shannon Greer Cila); "military injury of a gunshot wound to the chest" (Anthony Eades); "Due to my difficulty breathing (documented in my medical records) as well as anxiety issues, PTSD, tingling in my fingers, shortness of breath, and other impairments stemming from my six years of military service in the United States Navy (1974-1980), as well as my 21 years of military service in the Israel Defense Forces (1983-2004) I can't tolerate wearing a face mask" (Uri Marcus); "severe migraines and chronic pain" (Yvonne Marcus); "complex post-traumatic stress disorder, I can't tolerate wearing a face mask" and "deviated septum and asthma" (Leonardo McDonnell); "respiratory issues" (Peter Menage); "heart condition" (Connie Rarrick); "brain bleed and age" (Jared Rarrick); and "migraines" (Jennifer Rarrick).

[17]   Movants Kleanthis Andreadakis, Uri Marcus, and Yvonne Marcus have filed Notices of Voluntary Dismissal. (Docs. 183, 188). However, as they were not properly joined in this case, there is nothing to dismiss.

CM/ECF (Docs. 100–04, 108, 110, 113–17 (collectively, the "**Motions to Electronically File**")) should both be denied, and Plaintiff's electronic filing privileges should be revoked. (Doc. 128). The Court will address each in turn.

### A.    Motions to Correct

Following Movant Leonardo McDonnell's filing of his Objections to the First Report, Plaintiff and Movants filed their respective Motions to Compel Docket Correction, citing to four deficiencies in the docket: (1) Movant Leonardo McDonnell's Objection mistakenly was labeled as filed by Plaintiff Lucas Wall; (2) the "demand" field on the docket was not updated to match the Amended Complaint; (3) the "cause" field contained the wrong statute; and (4) the twelve movants "mysteriously disappear[ed]" from the docket. (Docs. 94–99, 105–07, 109, 111, 112, 118).

The Second Report holds that the Motions to Correct should be denied for several reasons. First, the Motions to Correct are legally insufficient as they all failed to include a memorandum of legal authority supporting the requested relief. (Doc. 128, pp. 2–3). Second, the Motions to Correct fail to properly comply with the Court's Local Rule 3.01(g), which states that movants must confer in good faith regarding a motion before filing, and if the opposing party remains unavailable for three days after filing, the movant must "supplement the motion with a statement certifying whether the parties have resolved all or part of the motion." (*Id.* at p. 3). Finally, the issues raised by Plaintiff and Movants relate to the Court's internal administration and not the substance of this action. (*Id.* at pp. 3–4).

Plaintiff and Movants again filed identical Objections to the Second Report (Docs. 147, 148 (collectively, the "**Objections to the Second Report**")).[18] Plaintiff and Movants object to the Second Report's denying their Motions to Correct on several grounds. First, Plaintiff and Movants argue that the Motions to Correct were legally sufficient because their listed corrections were matters of "common sense." (*Id.* at pp. 5–6). Second, they "object to the [Second Report's] failure to recommend sanctioning defense counsel for refusing to confer with plaintiffs on motions as required by Local Rule." (*Id.* at pp. 6–8). Finally, they disagree that the Second Report's "determination that plaintiffs' [sic] ability to ensure the docket is accurate relate only to the Court's internal administration." (*Id.* at pp. 8–10). In the relevant half page of Defendants' Omnibus Response, Defendants do not respond to these Objections and, instead, just state that the Second Report "should be adopted in its entirety" without any further elaboration in regard to the Motions to Correct.[19] (Doc. 149, p. 9).

First, the Second Report is correct that Plaintiff and Movants violated both Local Rules 3.01(a) and 3.01(g) in their Motions to Correct. The Motions to Correct read more like the list of grievances than a proper motion with a legal justification for the relief requested. (Docs. 94–99, 105–07, 109, 111, 112, 118). While the Court

---

[18]  Instead of following the usual pattern, Movants jointly filed one Objection to the Second Report rather than twelve individual and identical Objections. (Doc. 148).

[19]  In their Omnibus Response and their following Notice of Supplemental Filing, Defendants only submit a response in support of the revocation of Plaintiff Lucas Wall's electronic filing privileges and fail to properly respond to any of Plaintiff's substantive Objections to the Second Report. (Doc. 149, p. 9; Doc. 162).

understands Plaintiff and Movants have had difficulty, as Defense counsel refused to confer with Movants, Plaintiff and Movants can still comply with this Court's Local Rules by timely filing a supplement indicating Defendants would not confer and the motion has not been resolved. *See* Local Rule 3.01(g)(3). Even considering their *pro se* status, the Second Report was correct to deny the Motions to Correct without *any* legal support or the proper Rule 3.01(g) certification.

Second, and more importantly, as the Court has repeatedly told Plaintiff Lucas Wall, "the administration of the Court is not Plaintiff's concern." *See Wall*, No. 21-cv-975, slip op. at 47 (M.D. Fla. June 21, 2021). "A district court has the inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Fundamentally, this includes how the Court labels the cause and demand value on its docket.

Therefore, the Motions to Correct are denied.

### B.    Motions to Electronically File

Plaintiff and Movants filed thirteen Motions to Correct, and, during the same period, Movants individually filed twelve additional motions requesting permission to electronically file. (Docs. 100–04, 108, 110, 113–17). In the identical Motions to Electronically File, Movants request electronic filing access, stating that the Court's requirement that *pro se* litigants cannot file pleadings on behalf of other individuals created the "absurd" and "misguided" result that they now must

request electronic filing privileges since a "submission of a paper from a party's CM/ECF account constitutes that person's signature." (*Id.*).

The Second Report recommends denying the Movants' Motions to Electronically File for also failing to comply with this Court's Local Rules 3.01(a) and 3.01(g). (Doc. 128, p. 6). Additionally, on the merits of the request, the Second Report holds it is unnecessary to grant electronic filing privileges as the Movants are not proper parties in the action as the Amended Complaint is due to be stricken. (*Id*). In Plaintiff and Movants' Objections to the Second Report, they object to the determination that the Motions to Electronically file are legally insufficient, fail to comply with Local Rule 3.01(g), and are not meritorious. (Doc. 147, pp. 16–19; Doc. 148, pp. 16–19). Again, Defendants failed to respond to this objection in their scant response. (Doc. 149, p. 9).

Just as with the Motions to Correct, the Second Report was correct in denying the Motions to Electronically File for failing to include a supporting legal memorandum and for failing to properly certify that the movant had attempted to confer with the opposing party. Filing a threadbare motion with no legal support is not enough to allow this Court to grant any relief. *See supra* III. A.; Local Rule 3.01(a). When a *pro se* party is requesting electronic filing access, they must demonstrate that electronic access is necessary to avoid unreasonable burdens and to promote access to information. *Ogilvie v. Millsaps*, No. 8:15-cv-2477, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015). However, Movants failed to do anything more than complain about Judge Irick's First Report and state how they have been

granted filing permission in other courts. (Docs. 100–04, 108, 110, 113–17). Finally, as the Amended Complaint is due to be dismissed and the Movants are not properly joined, the Second Report correctly finds that it is "unnecessary to grant the desired access at this time." (Doc. 128, p. 6).

Accordingly, the Motions to Electronically File are denied.

### C.   Revoking Plaintiff Lucas Wall's Electronic Filing Privileges

Finally, Magistrate Judge Irick ordered Plaintiff to show cause as to why his electronic filing privileges should not be revoked for filing documents on behalf of other individuals. (Doc. 85 (the "**Order to Show Cause**")). Plaintiff responded that the twelve Movants agreed to allow him to act as "Lead Plaintiff" to file on behalf of the group, citing to Plaintiff's Notice of Appointment of Lead Plaintiff and Class Representative. (Doc. 91). Even after being warned not to file on behalf of other individuals in the Order to Show Cause, Plaintiff filed the Motion to Correct that was signed by him and the twelve other Movants. (Doc. 94). Accordingly, the Second Report recommends revoking Plaintiff's electronic filing privileges for violating the Order to Show Cause. (Doc. 128, pp. 4–5).

Plaintiff and Movants' object that Plaintiff should not lose his electronic filing privileges as he was not filing on behalf of the other Movants, but instead, Plaintiff and Movants were collectively filing together. (Doc. 147, pp. 10–16; Doc. 148, pp. 10–16). Defendants, in fact, responded to this objection, saying that Plaintiff violated the Court's Order and should have his electronic filing privileges revoked. (Doc. 149, p. 9). Subsequently, Defendants filed a Notice of Supplemental

Filing in Response to Objections to the Second Report, listing three other electronic filing violations committed by Plaintiff. (Doc. 162, p. 2).

As explained earlier, the right to proceed *pro se* in litigation is "a *personal* right that does not extend to the representation of the interest of others." *Timson*, 518 F.3d at 873 (emphasis added). When "a filing [is] made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, [it] constitutes the person's signature." FED. R. CIV. P. 5(d)(3)(C). Thus, every time Plaintiff filed documents that were not only signed by him, but also the twelve Movants, he was representing to the Court that he was acting on behalf of the other Movants, just as a lawyer does with clients. (*See* Docs. 61, 63–65, 72–73, 77, 79, 94, 129, 137–38, 143, 145, 147, 151). Plaintiff attempts to circumvent this representation by saying that he was not filing on behalf of the Movants, but rather, they were collectively filing together. (Doc. 147, pp. 10–16; *see also* Docs. 64, 65). While *pro se* plaintiffs are free to jointly pursue a case, by law, they cannot represent anyone but themselves, and Plaintiff's "collective" filings are the archetype of representing others. 28 U.S.C. § 1654; *see Timson*, 518 F.3d at 873–74. Accordingly, Plaintiff's electronic filing privileges are due to be revoked.

Therefore, the Second Report is adopted and confirmed in its entirety, and Plaintiff and Movants' Objections to the Second Report are overruled.

## IV.   MOTIONS TO CONFER

The next issue before the Court arises from Plaintiff and Movants' Motions to Confer. (Docs. 129, 131). Defendants responded in opposition. (Doc. 132). Plaintiff and Movants then filed Motions for Leave to File a Reply (Docs. 138, 141). However, as the Court does not require a reply from Plaintiff and Movants, the Motions for Leave to File a Reply are denied, and the matter is now ripe for review.

In the Motions to Confer, Plaintiff and Movants state that Defendants' counsel refuses to confer with either Plaintiff or Movants and describes the attempted communication between the parties. (Docs. 129, 131). Defendants respond stating that Plaintiff is continuing to try to represent interests outside of his own in connection with this case. (Doc. 132, pp. 6–9). Further, Defendants argue that Movants are not proper parties to the litigation due to the pending First Report. (*Id.* at pp. 4–5).

The Court would first like to remind Defendants' counsel that they are members of the bar and should treat the opposing party with respect in their communications. However, as the Movants are due to be dismissed from this case, the Motions to Confer are denied as moot.

## V.   APPEALS OF MAGISTRATE JUDGE'S ORDERS

The next issue before the Court arises from Plaintiff and Movant Leonardo McDonnell's Appeals of Magistrate Judge's Orders. (Docs. 139, 142). Defendants responded in opposition incorrectly stating that an "appeal" is not procedurally proper. (Doc. 149, p. 7).

Rule 72(a) authorizes a district court reviewing a litigant's objection to a magistrate judge's non-dispositive order to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tempay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, neither Order is clearly erroneous or contrary to law. First, the Court properly struck the first Motion to Redact as Plaintiff was improperly acting as a representative for Movant Leonardo McDonnell, which is barred under federal law. 28 U.S.C. § 1654; *see Timson*, 518 F.3d at 873–74. Next, the Magistrate Judge was well within his authority to deny the Second Motion to Redact for failing to follow our Local Rules and file a legal memorandum in support of the requested relief. *Irish v. Reynolds*, No. 13-Civ-10063, 2018 WL 1863765, at *3 (S.D. Fla. Jan. 9, 2018) ("Plaintiffs' failure to follow the Local Rules is a sufficient reason alone to deny their motion.").

Therefore, the Appeals of the Magistrate Judge's Orders are denied.

## VI.   MOTIONS TO RATIFY

The next issue before the Court arises from Plaintiff and Movants' Joint Motion to Ratify Lucas Wall as Lead Plaintiff (Docs. 143, 144), and Defendants responded in opposition in their Omnibus Response (Doc. 149). These motions are due to be denied for several reasons.

As repeated throughout this Order, Plaintiff is proceeding *pro se* and cannot represent anyone else's interests outside of his own. 28 U.S.C. § 1654; *see Timson*, 518 F.3d at 873–74. While it is notable that all individuals are active participants in this case, it does not remedy the fact Plaintiff is representing other individuals' interests. As explained earlier, he is filing and acting on behalf of all Movants as a group, and thus, is necessarily representing their interests which is barred under federal law. 28 U.S.C. § 1654. Further, the Movants are improperly joined in this case and are due to be terminated from the file. *See supra* II. Therefore, the Court cannot ratify a lead plaintiff as only Plaintiff Lucas Wall will remain in this case.

Accordingly, the Motions to Ratify are denied as moot.

## VII.  MOTIONS TO REMOVE

The final substantive issue before the Court arises from Plaintiff and Movants' Joint Motions to Remove Magistrate Judge Irick (Docs. 145, 146), and Defendants responded in opposition in their Omnibus Response (Doc. 149). Upon consideration, the Motions to Remove are denied.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality

might reasonably be questioned." In addition, 28 U.S.C. § 455(b) requires disqualification in any case "(1) [w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." When considering removal, the test under the statute "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Yeyille v. Miami Dade Cty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). The Court will not consider "the perceptions of idiosyncratic, hypersensitive, and cynical observers." *In re Horne*, 630 F. App'x 908, 910 (11th Cir. 2015). Further, a "judge is equally obligated to preside over a case when there is no legitimate reason to recuse as she is to recuse when the law and facts require it." *Paylan v. Bondi*, No. 8:15-cv-1366, 2017 WL 11553079, at *2 (M.D. Fla. Apr. 6, 2017) (citing *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002).

Plaintiff and Movants seek removal of Judge Irick for "inappropriately insert[ing] himself into this cases as an advocate for the defendants, disparaging plaintiffs[,] and throwing up roadblocks and speedbumps at every possible opportunity." (Doc. 145, pp. 6–7; Doc. 146, pp. 6–7). In support of their belief, they cite to the Court's Order striking Movant Leonardo McDonnell's First Unopposed Motion to Redact (Doc. 82), the Court's Order denying Movant Leonardo McDonnell's Second Unopposed Motion to Redact (Doc. 85), the Court's Order

prohibiting Plaintiff Lucas Wall to file on behalf of all Movants (Docs. 86, 128), and the Court's Order denying Movants permission to electronically file (Doc. 128). (Doc. 146, pp. 1–14). Finally, Plaintiff and Movants also argue that Judge Irick "libels Mr. Wall by accusing him of practicing law without a license" and "demeans the dozen [Movants]" through use of the word "purported." (*Id*. at pp. 14–17).

All four of Judge Irick's Orders described above have been extensively reviewed in this Order and found to be well-grounded within the law. *See surpa* II, III, & V. Therefore, in essence, Plaintiff and Movants are merely disgruntled with the Court's rulings, which is not an appropriate basis for removal. *See Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924, 927 (11th Cir. 2015) ("Moore moved for recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal.").

Additionally, Plaintiff and Movants' other arguments are without merit. Again, as explained ad nauseum in this Order, a *pro se* plaintiff may not represent any other interests outside of his own. 28 U.S.C. § 1654; *see Timson*, 518 F.3d at 873–74. To represent other individuals, lawyers go through extensive schooling, testing, and comprehensive review of their character and fitness before being able to practice law. Further, the use of "purported class" is the same thing as saying, "proposed class." It is purely another way to signal that the class has not been confirmed and certified.

As no bases for disqualification exist, the Motions to Remove are denied.

## VIII. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The First Report (Doc. 86) is **ADOPTED AND CONFIRMED**.

2.  Plaintiff and Movants' Objections to the First Report (Docs. 119-127) are **OVERRULED**.

3.  Plaintiff and Movants' Motions to Strike Defendants' Response to the First Report (Docs. 137, 140) are **DENIED**.

4.  The Amended Complaint (Doc. 61) is **DISMISSED WITHOUT PREJUDICE**.

5.  The Clerk is **DIRECTED** to terminate Movants Aaron Abadi, Kleanthis Andreadakis, Eric Cila, Shannon Greer Cila, Anthony Eades, Uri Marcus, Yvonne Marcus, Leonardo McDonnell, Peter Menage, Connie Rarrick, Jared Rarrick, and Jennifer Rarrick from the file.

6.  The Second Report (Doc. 128) is **ADOPTED AND CONFIRMED**.

7.  Plaintiff and Movants' Objections to the Second Report (Docs. 147, 148) are **OVERRULED**.

8.  Plaintiff and Movants' Motions to Strike Defendants' Omnibus Response (Docs. 151, 152) are **DENIED**.

9.  The Motions to Correct (Docs. 94–99, 105–07, 109, 111, 112, 118) are **DENIED**.

10.    The Motions to Electronically File (Docs. 100–04, 108, 110, 113–17) are **DENIED**.

11.    Plaintiff Lucas Wall's electronic filing privileges are **REVOKED**.

12.    The Motions to Confer (Docs. 129, 131) are **DENIED** as moot.

13.    The Motions for Leave to File a Reply (Docs. 138, 141) are **DENIED**.

14.    The Appeals of the Magistrate Judge's Orders (Docs. 139, 142) are **DENIED**.

15.    The Motions to Ratify (Docs. 143, 144) are **DENIED** as moot.

16.    The Motions to Remove Judge Irick (Docs. 145, 146) are **DENIED**.

17.    On or before May 13, 2022, Plaintiff may file a Second Amended Complaint consistent with the directives of this Order.

**DONE AND ORDERED** in Orlando, Florida on April 29, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

26